

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
U.S. COURTHOUSE
402 E. STATE STREET
TRENTON, NEW JERSEY 08608**

**Hon. Michael B. Kaplan**                                                                     **609-858-9360**
**Chief Judge, United States Bankruptcy Court**

July 31, 2023

      Re:    Whittaker, Clark & Daniels, Inc., et al.
                Case No. 23-13575 (MBK) (Jointly Administered)
                <u>Joint Motion for Certification of Direct Appeal to Third Circuit</u>

All Counsel of Record:

      Before this Court is the Joint Motion of the Official Committee of Talc Claimants ("Committee") and Peter Protopapas, the Court Appointed Receiver ("Receiver"), seeking Certification of Direct Appeal to the United States Court of Appeals for the Third Circuit ("Motion"). *ECF No. 248*. By way of this Motion the Committee and the Receiver request this Court certify a direct appeal of the June 20, 2023 Order Denying Motion to Dismiss to the United States Court of Appeals for the Third Circuit. *ECF No. 211* ("Denial Order") and attendant Opinion. *ECF No. 210* ("Opinion"). Whittaker, Clark & Daniels, Inc. ("Debtor") objected to this Motion, *ECF No. 289*, and in response, the Committee and the Receiver filed a Reply. *No. 314*. This Court took the matter under advisement after hearing oral arguments on July 27, 2023.

      Motions for direct appeal to the court of appeals are governed by 28 U.S.C. § 158(d)(2), which provides that a district court may certify a final order for immediate appeal to the court of appeals. In accordance with section 158(d)(2)(A) and (B), certification is mandatory if the Court determines that any of the following exist:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A). Subsection 158(d)(2)(B) provides that certification to the Third Circuit Court of Appeals is mandatory if the Court determines that circumstances specified in (i), (ii), or (iii) of subparagraph (A) exists. 28 U.S.C. § 158(d)(2)(B); *In re Tribune Co.*, 477 B.R. 465, 470 (Bankr. D. Del. 2012) (construing § 158(d)(2)(B)). "While the section contains three subparts, there are actually four disjunctive criteria as subpart (i) sets forth two separate benchmarks for certification." *In re Millennium Lab Holdings, II, LLC*, 543 B.R 703, 708 (Bankr. D. Del. Jan. 12, 2016). The Committee and Receiver argue that three of the four factors have been met; hence direct certification is warranted. *Motion* 2, ECF No. 248.

The direct-appeal pathway for a bankruptcy court order under 28 U.S.C. § 158(d)(2) was enacted to "foster the development of coherent bankruptcy-law precedent" by facilitating "guidance on pure questions of law" from the circuit courts of appeals. *Weber v. United States*, 484 F.3d 154, 158–59 (2d Cir. 2007). It is generally reserved for gaps or conflicts in bankruptcy-law precedent—when the order "involves a question of law as to which there is no controlling decision" or "involves a question of law requiring resolution of conflicting decisions." § 158(d)(2)(A)(i), (ii). Certification may also be granted for an order that "involves a matter of public importance" or for which immediate appeal "may materially advance the progress of the case," § 158(d)(2)(A)(i), (iii), but courts construe these secondary provisions "narrowly." *Polk 33 Lending LLC v. THL Corp. Fin., Inc.* (*In re Aerogroup Int'l, Inc.*), 2020 WL 757892, at *5 (D. Del. Feb. 14, 2020).

Courts in this circuit have consistently recognized that certifying "pure" legal questions accords with the precedent-building purpose of § 158(d)(2). *See, e.g., IRS v. Davis*, 2016 WL 3567039, at *2 (D.N.J. June 29, 2016) ("the question on appeal—whether there is a timeliness requirement to the term 'return' under the BAPCA—is a legal one"); *Troisio v. Erickson* (*In re IMMC Corp.*), 2016 WL 356026, at *5 (D. Del. Jan. 28, 2016) ("whether bankruptcy courts are included in the definition of 'courts' under § 610 for purposes of § 1631 is a pure question of law"). In contrast, certification ordinarily is inappropriate when there is an opportunity to build additional precedent because the lower court's order involves questions of fact, mixed questions of fact and law, or the application of well-settled law to a particular set of facts. *See Weber v. U.S. Tr.*, 484 F.3d 154, 158 (2d Cir. 2007) ("Congress believed direct appeal would be most appropriate … to resolve a question of law not heavily dependent on the particular facts of a case"). Courts in this circuit have rejected requests to certify fact-bound orders. *See In re Tribune Co.*, 477 B.R. 465, 472 (Bankr. D. Del. 2012) ("[H]ow this Court measured materiality is not a pure legal issue; it is not appropriate for direct appeal."); *Bepco LP v. Globalsantafe Corp.* (*In re 15375 Mem'l Corp.*), 2008 WL 2698678, at *1 (D. Del. July 3, 2008) (Under § 1112(b) of the Bankruptcy Code, "whether such 'unusual circumstances' exist on the record … is necessarily fact-intensive, as is a review of that court's determination that no lack of good faith exists on the part of the debtors. Such factual issues preclude a direct appeal."). Similarly, because § 158(d)(2) was enacted to promote the creation of *bankruptcy* precedent, courts have similarly refused to certify cases intertwined with the application of *non*-bankruptcy law. *See, e.g., In re Tribune Co.*, 477 B.R. at 472 ("Interpretation of the PHONES Indenture requires application of state law and is not appropriate for direct appeal to the Third Circuit."); *Am. Home Mortg. Inv. Corp. v. Lehman Bros. Inc.* (*In re Am. Home Mortg. Inv. Corp.*), 408 B.R. 42, 44 (D. Del. 2009) (similar); *Bepco LP*, 2008 WL 2698678, at *1 (similar).

Understandably, the Committee's and Receiver have framed the issues on appeal in quite a broad fashion:

> (1) Does a federal bankruptcy court owe deference to a state court's interpretation of its own order?; (2) Does a federal bankruptcy court's

> interpretation of the validity of a receivership order's divestment of a board's authority to authorize a bankruptcy petition implicate the *Rooker-Feldman* doctrine?; and (3) When, if ever, may a federal court make an exception to the general rule that state law dictates who may authorize a bankruptcy petition on behalf of a corporate debtor?

ECF No. 248 at 3.

While Movants are free to frame the issues and challenge the Denial Order in any fashion they so wish, this Court is not constrained to view the substance of its ruling and the applicable law in the same broad manner. Indeed, it is unclear to this Court how the *Rooker-Feldman* doctrine is relevant given that at no time has this Court acted in an appellate capacity in reviewing Justice Toal's Order. Indeed, it is palpably evident that this Court did not weigh in on the merits of Justice Toal's ruling. *See Opinion* at 3 ("[T]he Court does not intend to examine the merits of the South Carolina Court's ruling with respect to the appointment of the Receiver. Likewise, the Court is not revisiting whether the South Carolina Court had jurisdiction to enter the Receivership Order."). Similarly, this Court does not see where Justice Toal issued either a written or oral ruling, clarifying, or interpreting her appointment order, to which this Court would owe deference. As pointed out by the Debtor, neither the plaintiff that obtained the Receiver's appointment nor the Receiver had any motion pending to modify, expand, enforce, or "interpret" the Receivership Order.
*Debtors' Response to the Official Committee of Talc Claimants' Joinder to Motion to Dismiss the Chapter 11 Case of Whittaker, Clark & Daniels, Inc.* ¶ 12, ECF No. 163.

The Court's prior ruling raises two relatively straightforward and unremarkable issues: (1) whether Justice Toal's March 10, 2023, Order appointing the Receiver was sufficiently broad to displace the Debtor's corporate board or it's ability to file a chapter 11 bankruptcy case; and (2) whether Justice Toal clarified or expanded the scope of the Receiver's authority or limited the corporate board's authority to file a chapter 11 bankruptcy case during or after the April 18, 2023 hearing. Inasmuch as both issues raise mixed questions of law and fact, with resolution also dependent upon application of South Carolina statutory and common law, these issues do not warrant direct review by the Circuit under the standards set forth above.

As to the Court's discussion and musings with respect to whether there are important federal policy-driven bases to support an exception to the general rule that state law dictates who has authority for an entity to file a bankruptcy, there can be no appellate review (directly by the Circuit or by the district court) since there was no underlying ruling. As the Court clearly stated "[f]or the reasons previously discussed, this Court finds that the Board in the present case possessed the authority to file for bankruptcy under state law; therefore, an inquiry into whether an exception to the general rule applies is unnecessary." *Opinion* at 16. That the Court continues by speculating how it would rule if otherwise, is pure *dicta*[1] for which direct appeal is unwarranted and inappropriate.

As discussed at the outset, certification may be granted for an order that "involves a matter of public importance," 28 U.S.C. § 158(d)(2)(A)(i), but courts read this basis "narrowly," and to have a specific meaning. *See, e.g.*, *Polk 33 Lending*, 2020 WL 757892, at *5; *In re Nortel Networks Corp.*, 2010 WL 1172642, at *2 (Bankr. D. Del. Mar. 18, 2010). In particular, they emphasize that an order

---

[1] Unfortunately, the Court must have been otherwise occupied 17 years ago in baby judge school where we were instructed to limit our opinions to the facts and issues necessary for a ruling.

3

must "*transcend the litigants **and** involve a legal question*, the resolution of which will advance the cause of jurisprudence to a degree that is usually not the case." *Polk 33 Lending*, 2020 WL 757892, at *5 (emphasis added) (quoting *Am. Home Mortg.*, 408 B.R. at 44). Even if it implicates "public policy concerns," those concerns must be "broad," and it still must raise a "question of law." *Troisio*, 2016 WL 356026, at *6; *see Nortel*, 2010 WL 1172642, at *2 (should affect "the public at large"); *In re MPF Holdings U.S. LLC*, 444 B.R. 719, 726 (Bankr. S.D. Tex. 2011) (contrasting mere "matter of statutory interpretation and common law analysis," not warranting certification on this ground, with "complex constitutional issues that affect the public as a whole"). Thus, that an issue is hotly contested and "unqualifiedly important to the parties" is not sufficient. *See In re Millennium Lab*, 543 B.R. at 716 (declining to certify dispute over third-party releases). Similarly, "an issue involving a mixed question of law and fact generally does not constitute a matter of public importance," because such issues "generally do not 'transcend' the parties and advance the cause of jurisprudence to an unusual degree." *Polk 33 Lending*, 2020 WL 757892, at *5 (collecting cases). This case presents no such issue which will transcend the litigants. As the Court noted during oral argument, the unusual facts of this case are unlikely to be replicated elsewhere, as both parties and courts in the future will take the appropriate steps to ensure that the scope of a receiver's authority, as well as limitations on the existing corporate fiduciaries, are set forth in a crystal-clear fashion.

Finally, this Court disagrees with Movants that an immediate appeal would "materially advance the progress of the case," as required under 28 U.S.C. § 158(d)(2)(A)(iii). Movants must demonstrate some reason *beyond* the mere time saved by skipping the district court, because that argument proves too much: "Any litigant could maintain that skipping district court review in the appeal process may expedite final resolution." *Polk 33 Lending*, 2020 WL 757892, at *4 (collecting cases). If the mere "desire to skip one appellate level" could satisfy the material-advancement prong whenever further appeal to the circuit court seems likely, the exception would swallow the rule, "effectively eliminat[ing] the district court from the bankruptcy review process altogether." *Id.* (quoting *Carval Investors UK Ltd. v. Giddens (In re Lehman Bros. Inc.)*, 2013 WL 5272937, at *5 (S.D.N.Y. Sept. 18, 2013)). Movants must show why there is something "*extraordinary or urgent* about this situation that recommends departing from the standard appellate process." *Stanziale v. Car-Ber Testing, Inc. (In re Conex Holdings, LLC)*, 534 B.R. 606, 611 (D. Del. 2015) 1 (emphasis added). Movants have not and can not make such a showing given that an asbestos case as presented here requires significant attention which cannot be placed on hold for the months required to pursue appeals. Counsel for the TCC acknowledged as much during oral argument. There are related cases which will move forward in any event. Put simply, the work will need to be done by estate fiduciaries to protect the interests of hundreds of claimants and the only savings in administration and time will be an additional briefing and oral argument before the Circuit—an avoidable result if a settlement were to be reached in an effort to preserve value for the claimants.

For the reasons expressed herein, the Court denies the Joint Motion. Debtor is to submit a proposed form of order.

Honorable Michael B. Kaplan
United States Bankruptcy Judge