UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Order Filed on December 29, 2023
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

Case No.:         _____

Chapter:          _____

Hearing Date:     _____

Judge:            _____

**AMENDED ORDER (I) APPOINTING HONORBERGER (RET.) AS MEDIATOR TO MEDIATE ADVERSARY PROCEEDING, PLAN, AND CONFIRMATION-RELATED MATTERS; (II) REFERRING SUCH MATTERS TO MEDIATION; (III) DIRECTING THE MEDIATION PARTIES TO PARTICIPATE IN THE MEDIATION; AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through _____ is **ORDERED**.

DATED: December 29, 2023

Honorable Michael B. Kaplan
United States Bankruptcy Judge

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Joshua A. Sussberg, P.C. (admitted *pro hac vice*)<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br>joshua.sussberg@kirkland.com<br><br>-and -<br><br>**KIRKLAND & ELLIS LLP**<br>**KIRKLAND & ELLIS INTERNATIONAL LLP**<br>Chad J. Husnick, P.C. (admitted *pro hac vice*)<br>300 North LaSalle Street<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2400<br>chad.husnick@kirkland.com<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>*Co-Counsel for Debtors and*<br>*Debtors in Possession* | |
| In re:<br><br>WHITTAKER, CLARK & DANIELS, INC., *et al.*,<br><br>     Debtors.[1] | Chapter 11<br><br>Case No. 23-13575 (MBK)<br><br>(Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400). The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

**AMENDED ORDER (I) APPOINTING
HON. ROBERT E. GERBER (RET.) AS MEDIATOR
TO MEDIATE ADVERSARY PROCEEDING-, PLAN-, AND
CONFIRMATION-RELATED MATTERS; (II) REFERRING SUCH
MATTERS TO MEDIATION; (III) DIRECTING THE MEDIATION PARTIES TO
PARTICIPATE IN THE MEDIATION; AND (IV) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered four (4) through seventeen (17), is **ORDERED.**

(Page | 3)

| | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | Amended Order (I) Appointing Hon. Robert E. Gerber (Ret.) as Mediator to Mediate Adversary Proceeding-, Plan-, and Confirmation-Related Matters; (II) Referring Such Matters to Mediation; (III) Directing the Mediation Parties to Participate in the Mediation; and (IV) Granting Related Relief |

This matter coming before the Court in accordance with the Court's *Case Management Order* [Adversary Proceeding Case No. 23-01245, Docket No. 52] (the "Adversary Proceeding Case Management Order") directing the parties to the adversary proceeding to, among other things, meet and confer with respect to a consensual selection of a mediator and a proposed mediation order identifying the mediation parties, the scope of the mediation, and other warranted terms (this "Order"), so that the Mediation Parties (as defined below) may engage in good faith settlement discussions through mediation; and the Court having jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and entry of this Order being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Mediation Parties having consented to entry of a final order by this Court under Article III of the United States Constitution; and this Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief ordered herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that notice of this proceeding was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the terms of the order agreed to among the Mediation Parties; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

(Page | 4)
Debtors:           WHITTAKER, CLARK & DANIELS, INC., *et al*.
Case No.           23-13575 (MBK)
Caption of Order:  Amended Order (I) Appointing Hon. Robert E. Gerber (Ret.) as Mediator to Mediate Adversary Proceeding-, Plan-, and Confirmation-Related Matters; (II) Referring Such Matters to Mediation; (III) Directing the Mediation Parties to Participate in the Mediation; and (IV) Granting Related Relief

---

1. Hon. Robert E. Gerber (Ret.) is appointed as mediator (the "<u>Mediator</u>") to mediate the Mediation Matters (as defined below) pursuant to section 105(a) of the Bankruptcy Code and Local Rule 9019-2.

2. The Mediator shall, after reasonable consultation with the Mediation Parties:

   a. set dates, times, and places for conducting sessions of the mediation in these chapter 11 cases (the "<u>Mediation</u>");

   b. require the submission of mediation statements, which the Mediator may require to be submitted on a confidential basis, in the Mediator's sole discretion; and

   c. conduct the Mediation sessions, and require the attendance of representatives of any Mediation Party (as defined below) with sufficient authority to negotiate and settle the disputed issues, and any amounts, if applicable, relevant to the applicable Mediation session, subject to paragraph 3 below.

3. For the avoidance of doubt, the Mediator shall determine which Mediation Parties are necessary to participate in any particular Mediation session, in the Mediator's sole discretion; *provided* that any Mediation Party shall be permitted to attend such Mediation sessions either in-person or remotely, in such Mediation Party's sole discretion, except that the Mediator may require in-person attendance by a Mediation Party with sufficient authority to negotiate and settle the disputed issues, and any amounts, if applicable, relevant to the applicable Mediation session, at a certain Mediation session; *provided further* that each Mediation Party may determine, in its discretion, which of its representatives with such authority will attend such Mediation session.

(Page | 5)

| | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | Amended Order (I) Appointing Hon. Robert E. Gerber (Ret.) as Mediator to Mediate Adversary Proceeding-, Plan-, and Confirmation-Related Matters; (II) Referring Such Matters to Mediation; (III) Directing the Mediation Parties to Participate in the Mediation; and (IV) Granting Related Relief |

4. Except as otherwise provided herein, the following parties (collectively, the "Mediation Parties") shall participate in good faith in the Mediation: (a) the Debtors; (b) the Official Committee of Talc Claimants (the "Committee"); (c) the Honorable Shelley C. Chapman, Ret., as Future Claimants' Representative (the "FCR"); (d) Brenntag Canada, Inc.; Brenntag Great Lakes, LLC; Brenntag Mid-South, Inc.; Brenntag North America, Inc.; Brenntag Northeast, LLC; Brenntag Pacific, Inc.; Brenntag Southwest, Inc.; Brenntag Specialties, LLC (f/k/a Brenntag Specialties, Inc., and as Mineral and Pigment Solutions, Inc.); and Coastal Chemical Co., LLC (collectively, "Brenntag"); (e) Berkshire Hathaway Inc., BH Columbia Inc., Columbia Insurance Company, National Indemnity Company, Resolute Management, Inc., Ringwalt & Liesche Co., and National Liability & Fire Insurance Company; (f) DB US Holding Corporation; and, upon its designation as such, (g) any other person or entity, including any additional insurer, that (i) the Mediator determines is necessary for Mediation, or (ii) is ordered to participate in the Mediation by further order of the Court.

5. The Mediator is authorized and directed to conduct a Mediation to attempt to reach a comprehensive resolution of any and all issues, including, but not limited to, in conjunction with a potential section 524(g) plan, including: (a) environmental claims against the Debtors, including any contribution, indemnification, guarantee, subrogation claims, or other related claims; (b) claims related to personal injury in any way related to asbestos, talc, or other compounds or substances in connection with the Debtors' historical business operations or products, including any contribution, indemnification, guarantee, subrogation claims, or other related claims;

| | |
|---|---|
| (Page \| 6) | |
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | Amended Order (I) Appointing Hon. Robert E. Gerber (Ret.) as Mediator to Mediate Adversary Proceeding-, Plan-, and Confirmation-Related Matters; (II) Referring Such Matters to Mediation; (III) Directing the Mediation Parties to Participate in the Mediation; and (IV) Granting Related Relief |

(c) successor liability or alter ego claims in connection with the Debtors' historical business operations or products; (d) the resolution of disputes over the obligations of certain insurers that issued insurance policies that cover or arguably cover the above claims; and (e) any other matters agreed to among the Mediation Parties or as otherwise directed by further order of the Court (collectively, the "Mediation Matters").

6. Confidentiality is necessary to the mediation process, and the Mediation under this Order shall be confidential. All communications, information, and evidence, written or oral, exchanged within the Mediation, including: (a) discussions among the Mediation Parties, including discussions with or in the presence of the Mediator before or after the entry of this Order; (b) any mediation statements or any other documents or information provided to the Mediator or exchanged among the Mediation Parties in connection with the Mediation; (c) any proprietary information provided to the Mediator or exchanged among the Mediation Parties in the course of the Mediation; and (d) any correspondence, draft resolutions, offers, and counteroffers produced for, in connection with, or as a result of, or during the Mediation; (e) views expressed or suggestions made by a Mediation Party with respect to a possible settlement of the dispute, including whether another Mediation Party had or had not indicated a willingness to accept a proposal for settlement; (f) proposals made or views expressed by the Mediator (except as set forth in Paragraph 7 of this Order); (g) admissions made by a Mediation Party in the course of the Mediation; or (h) settlement proposals, counterproposals, and offers of compromise made during the Mediation (collectively the "Mediation Communications"), shall be treated confidentially by

(Page | 7)

| | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al.* |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | Amended Order (I) Appointing Hon. Robert E. Gerber (Ret.) as Mediator to Mediate Adversary Proceeding-, Plan-, and Confirmation-Related Matters; (II) Referring Such Matters to Mediation; (III) Directing the Mediation Parties to Participate in the Mediation; and (IV) Granting Related Relief |

all Mediation Parties and shall remain confidential following the Mediation's conclusion unless the Mediation Party making or providing the particular disclosure, statement, information, admission, or settlement proposal agrees in writing otherwise, and shall not be used for any purpose, including impeachment, in any arbitral, judicial or other proceeding, including these chapter 11 cases, and may not be disclosed to any non-party to the Mediation, whether orally or in writing, including this Court, other than as expressly permitted herein.  The Mediation Communications shall not be subject to discovery and shall be inadmissible in any arbitral, judicial, or other proceeding, including these chapter 11 cases.  To the fullest extent applicable, Rule 408 of the Federal Rules of Evidence (and any applicable federal or state statute, rule, common law, or judicial precedent relating to the protection of settlement communications) shall apply to the Mediation and any communications among the Mediation Parties and/or with the Mediator related thereto.  For the avoidance of doubt, no provisions in this Order compel any Mediation Party or the Mediator to share any Mediation Communications with any other Mediation Party or the Mediator, nor do they entitle any Mediation Party to access any other Mediation Party's or the Mediator's Mediation Communications.  For the avoidance of doubt, this paragraph 6 shall not limit the Mediator's ability to express its views regarding the Mediation Matters to the Mediation Parties.

   7.  Notwithstanding the preceding paragraph 6 or any other terms of this Order:  (a) the Mediator is authorized to submit general statements to this Court as to the status of the Mediation, including:  (i) which Mediation Parties have attended; (ii) whether Mediation Parties are engaging

| | |
|---|---|
| (Page \| 8) | |
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | Amended Order (I) Appointing Hon. Robert E. Gerber (Ret.) as Mediator to Mediate Adversary Proceeding-, Plan-, and Confirmation-Related Matters; (II) Referring Such Matters to Mediation; (III) Directing the Mediation Parties to Participate in the Mediation; and (IV) Granting Related Relief |

in good faith; and (iii) whether Mediation has reached an impasse; and (b) the Mediator may testify in any proceeding to enforce the terms of any written agreement reached by the Mediation Parties resulting from the Mediation wherein the meaning or content of such agreement is put in issue or that the Mediation resulted in no written agreements and has concluded.

8.  Each Mediation Party, to the extent they are not already bound, shall be bound by the Confidentiality Stipulation and Protective Order, entered on September 28, 2023 (the "Protective Order") [Docket No. 524], with respect to any information provided or received by it in connection with the Mediation and designated in accordance with the Protective Order. To the extent that any Mediation Party is in possession of confidential information provided pursuant to the terms and conditions of the Protective Order, the Protective Order shall not prohibit disclosure of such information to the Mediator, nor shall the Protective Order prohibit the Mediator's disclosure (if authorized by the originally-disclosing Mediation Party) of such information to any other Mediation Party bound by the Protective Order. Any confidential information disclosed pursuant to this provision shall continue to be governed by the terms and conditions of this Order and the Protective Order. To the extent of any conflict between the Protective Order and this Order, this Order shall govern.

9.  No stenographic or official written record, transcript, or notes of any discussion during the Mediation shall be kept by any Mediation Party or the Mediator, absent express written agreement by all the Mediation Parties; *provided* that Mediation Parties are authorized and not

(Page | 9)
Debtors:    WHITTAKER, CLARK & DANIELS, INC., *et al*.
Case No.    23-13575 (MBK)
Caption of Order:    Amended Order (I) Appointing Hon. Robert E. Gerber (Ret.) as Mediator to Mediate Adversary Proceeding-, Plan-, and Confirmation-Related Matters; (II) Referring Such Matters to Mediation; (III) Directing the Mediation Parties to Participate in the Mediation; and (IV) Granting Related Relief

prohibited in any manner from taking and maintaining notes of the Mediation for its own use or as otherwise permitted by this Order.

10. Except as otherwise permitted or directed by this Order: (a) the Mediator shall not be compelled to disclose to the Court or to any person or entity that is not a Mediation Party, any information received or distributed by the Mediator while acting in such capacity; (b) the Mediator shall not testify or be compelled to testify concerning the Mediation or any Mediation Communications in any arbitral, judicial, or other proceeding, including these chapter 11 cases, except as expressly provided-for in paragraph 7(b); and (c) the Mediator shall not be a necessary party in any proceeding relating to the Mediation. If the Mediator receives any legal process seeking to compel such testimony, the Mediator will promptly notify the Mediation Parties and the Court, and the Mediator and/or the Mediation Parties may seek appropriate relief related thereto.

11. Any Mediation Party may provide documents and/or information to the Mediator that are subject to a privilege or other protection from discovery, including, without limitation, the attorney-client privilege, the work product doctrine, or any other privilege, right, or immunity the Mediation Parties may be entitled to claim or invoke (the "<u>Privileged Information</u>"). The Mediation Party producing such documents and/or information to the Mediator (the "<u>Producing Party</u>") must designate such documents and/or information as "Privileged Information." By providing Privileged Information solely to the Mediator and no other Mediation Party, no Mediation Party nor its respective professionals intend to, or shall, waive, in whole or in part, the

| | |
|---|---|
| (Page \| 10) | |
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | Amended Order (I) Appointing Hon. Robert E. Gerber (Ret.) as Mediator to Mediate Adversary Proceeding-, Plan-, and Confirmation-Related Matters; (II) Referring Such Matters to Mediation; (III) Directing the Mediation Parties to Participate in the Mediation; and (IV) Granting Related Relief |

attorney-client privilege, the work-product doctrine, the mediation privilege or any other privilege, right or immunity they may be entitled to claim or invoke with respect to such Privileged Information. The Mediator shall not provide Privileged Information or disclose the contents thereof to any other person, entity, or Mediation Party without the consent of the Producing Party (except that the Mediator may disclose Privileged Information to any person assisting the Mediator in the performance of his Mediation duties, in which event such assistant shall be subject to the same restrictions as the Mediator with respect to such Privileged Information). No Mediation Party is obligated to provide Privileged Information to the Mediator.

12. To the extent that any Mediation Party is in possession of privileged or confidential information provided to such Mediation Party pursuant to the terms and conditions of the Protective Order, any confidentiality agreement, or other similar agreement, executed (or agreed to via email) in these chapter 11 cases, or another order of this Court entered in connection with these chapter 11 cases, such information may be disclosed to the Mediator, but shall otherwise remain privileged and/or confidential and shall not be disclosed to any other Mediation Party; *provided*, *however*, that confidential, but not privileged, information may be disclosed to another Mediation Party that is also subject to the Protective Order, a confidentiality agreement, other similar agreement, or subject to such Court order, as applicable. The Protective Order, any confidentiality agreement, or other similar agreement, executed (or agreed to via email) in these chapter 11 cases, or another order of this Court entered in connection with these chapter 11 cases

(Page | 11)
Debtors: WHITTAKER, CLARK & DANIELS, INC., *et al*.
Case No. 23-13575 (MBK)
Caption of Order: Amended Order (I) Appointing Hon. Robert E. Gerber (Ret.) as Mediator to Mediate Adversary Proceeding-, Plan-, and Confirmation-Related Matters; (II) Referring Such Matters to Mediation; (III) Directing the Mediation Parties to Participate in the Mediation; and (IV) Granting Related Relief

shall govern the Mediation Parties' production, review, disclosure, and handling of privileged or confidential information in connection with the Mediation.

13. The rights and arguments of all Mediation Parties and other parties-in-interest with respect to the discoverability or admissibility of documents exchanged in connection with the Mediation are expressly preserved and nothing in this Order precludes any party from obtaining discovery of documents that would otherwise be discoverable, after considering any applicable privileges or protections, regardless of the sharing of such documents in the Mediation. Information previously disclosed or known to a Mediation Party or otherwise developed by a Mediation Party prior to the Mediation shall not be rendered confidential, inadmissible, or not discoverable solely as a result of its use in the Mediation, and nothing herein shall prevent a Mediation Party from disclosing or otherwise: (a) presenting its own arguments or positions (independent of what was shared by or with that Mediation Party in the Mediation) with respect to any issue; (b) using its own documents and work product developed independently by it without reliance on information shared with such Mediation Party in the Mediation; or (c) using documents that were not prepared by another Mediation Party or the Mediator for the purposes of Mediation in any proceeding solely because such documents were also used in whole or in part or such issues were discussed during the Mediation.

14. The Mediator's fees shall not exceed an hourly fee of $1,950.00 for work associated with the Mediation Matters (the "Mediator Fee"). In addition to the Mediator Fee, the Mediator is authorized, but not directed, to utilize attorneys and other employees of Joseph Hage Aaronson

(Page | 12)

| | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | Amended Order (I) Appointing Hon. Robert E. Gerber (Ret.) as Mediator to Mediate Adversary Proceeding-, Plan-, and Confirmation-Related Matters; (II) Referring Such Matters to Mediation; (III) Directing the Mediation Parties to Participate in the Mediation; and (IV) Granting Related Relief |

LLC in connection with the Mediation, which will be compensated at their respective hourly rates and reimbursed for their reasonable and documented expenses (together with the Mediator Fee, the "Mediation Fee"), in accordance with the terms set forth in the mediation agreement by and between the Mediation Parties and the Mediator (the "Mediation Agreement"). Any additional Mediator's fees will be subject to further approval of the Court.

15. The Debtors are authorized to engage the Mediator consistent with the terms of this Order. In addition:

    a. the professionals of the Debtors, the Committee, and the FCR will seek approval of fees and expenses consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of this Court; and

    b. the bankruptcy estates will promptly reimburse all expenses related to the Mediation incurred by the Mediator and the Mediator's staff.

16. Each of the Mediation Parties shall share equally the Mediation Fee and related Mediation expenses incurred during such Mediation Party's participation in the Mediation in accordance with Local Rule 9019-1(g) (provided that the Debtors shall be allocated one collective share and the bankruptcy estates shall fund the shares allocable to (a) the collective Debtors, (b) the Committee and (c) the FCR), or as otherwise agreed upon in any comprehensive resolution of the Mediation Matters; *provided* that, in accordance with the terms of the Mediation Agreement, the Debtors shall pay to the Mediator the full amount of any Mediation Fee and related Mediation expenses that are due and owing to the Mediator; *provided further* that, in accordance with the terms of the Mediation Agreement, the Mediation Parties, other than the Committee and the FCR,

(Page | 13)

| | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | Amended Order (I) Appointing Hon. Robert E. Gerber (Ret.) as Mediator to Mediate Adversary Proceeding-, Plan-, and Confirmation-Related Matters; (II) Referring Such Matters to Mediation; (III) Directing the Mediation Parties to Participate in the Mediation; and (IV) Granting Related Relief |

shall reimburse the Debtors for each such Mediation Party's proportional share of the Mediation Fee and such Mediation expenses incurred by the Mediator; *provided further* that upon such request for reimbursement from the Debtors, any Mediation Party shall promptly remit the applicable amount.

17. Each Party shall bear its own costs and expenses incurred in connection with the Mediation, such as attorneys' fees, travel, lodging, and meals; *provided*, *however*, that the Debtors' estates will bear the expenses of the Debtors, the Committee, and the FCR in accordance with the applicable provisions of the Bankruptcy Code and the Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses, entered on June 6, 2023 [Docket No. 176]. In addition, when members of the Committee and/or their tort counsel's attendance at a Mediation session or sessions is requested by the Mediator, the Debtors' estates will reimburse the reasonable, documented travel, lodging, and meal costs and expenses of such attendees incurred in connection with the Mediation; *provided* that in no event shall the Debtors be required to reimburse attorneys' fees for such Committee members incurred by counsel that are not expressly retained by the Committee pursuant to Court order. Costs and expenses of members of the Committee and their tort counsel shall comply with 11 U.S.C. § 330(a)(1)(B) and section B.3 of the Appendix B–Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases. Moreover, such reimbursement of the costs and expenses of members of the Committee and their tort counsel incurred in connection with the Mediation is

(Page | 14)

| | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | Amended Order (I) Appointing Hon. Robert E. Gerber (Ret.) as Mediator to Mediate Adversary Proceeding-, Plan-, and Confirmation-Related Matters; (II) Referring Such Matters to Mediation; (III) Directing the Mediation Parties to Participate in the Mediation; and (IV) Granting Related Relief |

authorized notwithstanding any conflicting provisions in the Administrative Fee Order Establishing Procedures for the Allowance and Payment of Interim Compensation and Reimbursement of Expenses, entered on June 6, 2023 [ECF No. 176].

18. The Debtors are authorized to pay the portion of the Mediation Fee allocable to the Debtors, Committee, and FCR without further application to the Court.

19. The Mediation shall commence on a date to be determined by the Mediator.

20. The Mediator is permitted, in his discretion, to speak individually with any Mediation Party and/or its counsel or representatives about the Mediation Matters at any time during the Mediation. Any Mediation Party may engage in *ex parte* communications with any other Mediation Party and shall not be obligated to disclose the substance of any such communications to any other Mediation Party or the Mediator.

21. Notwithstanding anything to the contrary in this Order, communications between counsel to and/or corporate representatives of any Mediation Party and their board of directors, including the disinterested directors and their counsel, and/or upper management, including, for the avoidance of doubt with respect to the Debtors, the Debtors' chief restructuring officer and the Debtors' shared service providers, shall be permitted and not violate the Mediation confidentiality and privilege provisions; *provided* that any such representatives are bound by or otherwise agree to comply with the terms of the Protective Order.

22. Notwithstanding the foregoing, this Order does not require any Mediation Party to submit a dispute as to any matter to the Mediator before filing a pleading with the Court.

(Page | 15)
Debtors:         WHITTAKER, CLARK & DANIELS, INC., *et al*.
Case No.         23-13575 (MBK)
Caption of Order:    Amended Order (I) Appointing Hon. Robert E. Gerber (Ret.) as Mediator to Mediate Adversary Proceeding-, Plan-, and Confirmation-Related Matters; (II) Referring Such Matters to Mediation; (III) Directing the Mediation Parties to Participate in the Mediation; and (IV) Granting Related Relief

23. All rights of the Mediation Parties are preserved and shall not be prejudiced by participation in the Mediation, including, without limitation, any rights to: (a) have final orders in non-core matters entered only after a *de novo* review by a District Court Judge; (b) seek withdrawal of the reference of any matter subject to mandatory or discretionary withdrawal; (c) seek removal of any matter; (d) seek remand of any removed matter; (e) seek a transfer of venue of any removed matter; (f) oppose venue transfer of any removed matter; (g) demand arbitration or a jury trial in any proceeding; and (h) contest the jurisdiction of the Court to enter any order concerning any matter, including alleged insurance coverage that is the subject of the Mediation.

24. Notwithstanding any provision of this Order to the contrary, nothing contained in this Order shall in any way operate to, or have the effect of, impairing, altering, supplementing, changing, expanding, decreasing, or modifying the Mediation Parties' rights or obligations under any alleged insurance coverage or contract providing indemnification that is the subject of the Mediation or otherwise.

25. Notwithstanding anything to the contrary in the Local Rules, the Mediator may conduct the Mediation as he sees fit, establish rules of the Mediation, and consider and take appropriate action with respect to any matters the Mediator deems appropriate to conduct the Mediation, subject to the terms of this Order. For the avoidance of doubt, to the extent any part of this Order shall conflict with Local Rules 9019-1, 9019-2, or 9019-3, the terms and provisions of this Order shall govern.

| | |
|---|---|
| (Page \| 16) | |
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | Amended Order (I) Appointing Hon. Robert E. Gerber (Ret.) as Mediator to Mediate Adversary Proceeding-, Plan-, and Confirmation-Related Matters; (II) Referring Such Matters to Mediation; (III) Directing the Mediation Parties to Participate in the Mediation; and (IV) Granting Related Relief |

26. No agreement to settle or resolve any Mediation Matter shall be binding on any Party unless and until such agreement is in writing and signed by such Party. Any resolution that is reached at the Mediation and that involves the Debtors or their estates, as the case may be, will be subject to Court approval after notice and opportunity for hearing, to the extent required under Bankruptcy Rule 9019. Nothing in this Order shall affect the requirements for obtaining confirmation of a plan of reorganization.

27. Unless the Court orders otherwise or the Mediation Parties otherwise agree, the Mediator shall not be eligible for post-confirmation employment by any Trust or other similar organization formed pursuant to a plan of reorganization in these chapter 11 cases for the purpose of resolving and/or liquidating claims.

28. The Mediation Parties are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, including executing a retention agreement with the Mediator.

29. Notwithstanding the possible applicability of Rules 6004(h), 7062, or 9014 of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon entry of this Order.

30. Any of the terms of this Order may be modified either by (a) a signed writing among all of the Mediation Parties or (b) further order of the Court after appropriate notice to the Mediation Parties and opportunity for a hearing. Any agreement of the Mediation Parties to modify any of the terms of this Order shall be documented by a stipulation describing the modifications signed by each of the Mediation Parties and filed with the Court.

(Page | 17)
| | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | Amended Order (I) Appointing Hon. Robert E. Gerber (Ret.) as Mediator to Mediate Adversary Proceeding-, Plan-, and Confirmation-Related Matters; (II) Referring Such Matters to Mediation; (III) Directing the Mediation Parties to Participate in the Mediation; and (IV) Granting Related Relief |

31. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.