**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com

-and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2400
chad.husnick@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>WHITTAKER, CLARK & DANIELS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13575 (MBK)<br><br>(Jointly Administered) |

**NOTICE OF HEARING ON DEBTORS'**
**THIRD MOTION TO EXTEND THEIR EXCLUSIVE PERIODS**
**TO FILE AND SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN**

**PLEASE TAKE NOTICE** that on **February 13, 2024, at 11:00 a.m. (ET)**, or as soon

thereafter as counsel may be heard, the above-captioned debtors and debtors in possession

(the "Debtors"), by and through their undersigned counsel, shall move (the "Motion") before the

Honorable Chief Judge Michael B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification number, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

State Street, Second Floor, Courtroom 8, Trenton, New Jersey 08608 (the "Bankruptcy Court"),

for entry of an order (the "Order"), pursuant to 11 U.S.C. § 1121(d) and substantially in the form

submitted herewith:  (a) extending the period during which the Debtors have (i) the exclusive right

to file a chapter 11 plan by 90 days, through and including May 20, 2024  (the "Filing Exclusivity

Period") and (ii) the exclusive right to solicit a chapter 11 plan filed during the Filing Exclusivity

Period by 90 days, through and including July 22, 2024 (together with the Filing Exclusivity

Period, collectively, the "Exclusivity Periods"), without prejudice to the Debtors' right to seek

further extensions to the Exclusivity Periods; and (b) granting related relief.

 **PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall

rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which

the relief requested should be granted.  A proposed order granting the relief requested in the Motion

is also submitted herewith.

 **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in

the Motion shall:  (a) be in writing; (b) state with particularity the basis of the objection; and (c) be

filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice

before the Bankruptcy Court in accordance with the (a) *Order (I) Establishing Certain Notice,*

*Case Management, and Administrative Procedures and (II) Granting Related Relief*

[Docket No. 67] (the "Case Management Order") and (b) *General Order Regarding Electronic*

*Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General

Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004

(the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the

User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the

official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in

Portable Document Format (PDF), and shall be served in accordance with the Case Management

Order, the General Order and the Supplemental Commentary, so as to be received no later than

seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these

chapter 11 cases may be obtained free of charge by visiting the website of Stretto, Inc. at

https://cases.stretto.com/whittaker.  You may also obtain copies of any pleadings by visiting the

Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set

forth therein.

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly

filed and served, the Motion shall be decided on the papers in accordance with D.N.J.

LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.


[*Remainder of page intentionally left blank*]

Dated: January 14, 2024

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com

-and-

Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:      chad.husnick@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com

-and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2400
chad.husnick@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>WHITTAKER, CLARK & DANIELS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13575 (MBK)<br><br>(Jointly Administered) |

## DEBTORS' THIRD MOTION TO EXTEND
## THEIR EXCLUSIVE PERIODS TO FILE AND
## SOLICIT ACCEPTANCES OF A CHAPTER 11 PLAN

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this motion (the "Motion"):[2]

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

[2]    Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the *Declaration of Mohsin Y. Meghji, Chief Restructuring Officer of Whittaker, Clark & Daniels, Inc., in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 5] (the "First Day Declaration").  A detailed description of the Debtors, their businesses, and the facts and circumstances supporting the Debtors' chapter 11 cases is set forth in greater detail in the First Day Declaration and incorporated by reference herein.

## Relief Requested

1.     The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Order"):  (a) extending the period during which the Debtors have (i) the exclusive

right to file a chapter 11 plan (the "Filing Exclusivity Period") by 90 days, through and including

May 20, 2024, and (ii) the exclusive right to solicit a chapter 11 plan filed during the Filing

Exclusivity Period (the "Solicitation Exclusivity Period," and together with the Filing Exclusivity

Period, collectively, the "Exclusivity Periods") by 90 days, through and including July 22, 2024,[3]

without prejudice to the Debtors' right to seek further extensions of the Exclusivity Periods; and

(b) granting related relief.

## Preliminary Statement

2.     The Debtors are now approximately nine months into these chapter 11 cases, and

no one can seriously question that progress has been made in these cases to date.  The Debtors

have spent those months transitioning into chapter 11, responding to and litigating the motions to

dismiss (and related appeals) and positioning the Debtors to engage in global settlement

negotiations.  In preparation for such negotiations, the Debtors have worked tirelessly to provide

their key stakeholders with over 100,000 documents—many of which are more than a decade old

and previously existed only in hard copy—which the Debtors believe will allow their stakeholders

to proceed on an informed basis.  The Debtors have responded to and are continuing to actively

respond to numerous discovery requests from the Committee and engage in weekly meet and

confers regarding the same with the Committee.  The Debtors now are participating in mediation

---

[3]     The Solicitation Exclusivity Period currently expires on April 22, 2024.  90 days after April 22, 2024 is July 21, 2024, which falls on a Sunday.  Pursuant to Bankruptcy Rule 9006(a)(1)(C), "if the last day [of a period stated in days] is a . . . Sunday . . . the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."  Fed. Bankr. R. P. 9006(a)(1), (a)(1)(C).  Accordingly, the requested 90-day extension here would expire on July 22, 2024.

with the FCR, the Committee, and other parties in interest.  The mediator—Judge Robert E. Gerber (Ret.)—may ultimately broaden the mediation to include additional parties to the extent helpful to facilitate a comprehensive resolution of the Debtors' liabilities.  While the Debtors are hopeful that the Mediation Parties[4] will ultimately reach a workable resolution for the benefit of present and future claimants, given the complexity of the issues presented by these chapter 11 cases and the competing interests among the parties, consensus on the terms of a chapter 11 plan will take additional time.  The Exclusivity Periods should be extended to facilitate this process.

3.      The Debtors satisfy the factors courts consider in granting exclusivity extensions.  These cases are large and complex, as they involve far-reaching mass tort claims, environmental liabilities, and certain other unsecured constituencies.  The Debtors are progressing the chapter 11 cases and negotiations with their stakeholders—in particular, in the ongoing mediation process— and are prepared to continue those efforts.  And the Debtors' prospects for filing a confirmable chapter 11 plan are as good as any mass tort debtor before them.  Moreover, both the Committee (as defined below) and the FCR have represented to the Debtors that they do not object to the relief requested in this Motion and do not object to the proposed form of the Order.  For these and all the reasons set forth in this Motion, the Debtors respectfully request that the Court grant the Motion.

**Jurisdiction and Venue**

4.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on

---

[4]     As defined in the *Order (I) Appointing Hon. Robert E. Gerber (Ret.) As Mediator to Mediate Adversary Proceeding-, Plan-, and Confirmation-Related Matters; (II) Referring Such Matters to Mediation; (III) Directing the Mediation Parties to Participate in the Mediation; and (IV) Granting Related Relief* [Docket No. 654] (the "Mediation Order").

September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.       Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.       The bases for the relief requested herein are sections 1121 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

7.       On April 26, 2023 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On May 8, 2023, the Court entered an order [Docket No. 72] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  On May 24, 2023, the United States Trustee for the District of New Jersey (the "U.S. Trustee") appointed an official committee of talc claimants pursuant to section 1102(a)(1) of the Bankruptcy Code (the "Committee") [Docket No. 121].

8.       On June 26, 2023, the Court entered an *Order (I) Appointing the Honorable Shelley C. Chapman (Ret.) as Future Claimants' Representative, Effective as of the Petition Date and (II) Granting Related Relief* [Docket No. 231], pursuant to which the Honorable Shelley C. Chapman (Ret.) was appointed to serve as FCR in these chapter 11 cases.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

**Basis for Relief**

9.      Section 1121(b) of the Bankruptcy Code establishes an initial period of 120 days after the commencement of a chapter 11 case during which only a debtor may file a plan and an additional 60-day period during which only the debtor may solicit votes for a plan, both of which are subject to extension through motion practice.  11 U.S.C. § 1121(d).

10.     On August 14, 2023, the Court extended the Exclusivity Periods through November 22, 2023 and January 22, 2024, respectively [Docket No. 396].  On November 7, 2023, the Court entered an order extending the Filing Exclusivity Period through its current expiration of February 20, 2024, and the Solicitation Exclusivity Period through its current expiration of April 22, 2024 [Docket No. 620].  The Debtors believe it is appropriate to seek a further extension of the Exclusivity Periods in order to preserve their exclusive ability to file and solicit a chapter 11 plan while the parties focus on engaging in the mediation process, continuing the appeal of the Court's order denying the motions to dismiss, and using chapter 11's tools to prepare a comprehensive and consensual chapter 11 plan.  These efforts should not be derailed by the shadow of competing chapter 11 plans.

11.     Section 1121(d)(1) of the Bankruptcy Code permits a court to extend a debtor's exclusivity "for cause."  Although "cause" is not defined in the Bankruptcy Code, certain courts and the congressional record indicate that it is intended to be a flexible standard to promote an orderly and consensual plan of reorganization.  *See, e.g.*, *203 N. LaSalle St. P'ship v. Bank of Am. Nat'l Ass'n¸* 1999 WL 1206619 at *4 (N.D. Ill. Dec. 13, 1999); *In re Energy Conversion Devices, Inc.*, 474 B.R. 503, 507 (Bankr. E.D. Mich. 2012) ("In enacting 11 U.S.C. § 1121, Congress intended to allow the debtor a reasonable time to obtain confirmation of a plan without the threat of a competing plan.  It was intended that . . . a debtor should be given the unqualified opportunity to negotiate a settlement and propose a plan of reorganization without interference from creditors

and other interests.") (citation and internal quotation marks omitted); H.R. Rep. No. 95-595, at 231–32 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 (noting that Congress intended to give bankruptcy courts great flexibility to protect a debtor's interests by allowing a debtor an unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest); 140 Cong. Rec. H. 10764 (Oct. 4, 1994); H.R.Rep. No. 103-835, at 36 (1994), *as reprinted in* 1994 U.S.C.C.A.N. 3340, 3344 ("Exclusivity is intended to promote an environment in which the debtor's business may be rehabilitated and a consensual plan may be negotiated.").

12.    Courts within the Third Circuit and in other jurisdictions have held that the decision to extend the Exclusivity Periods is left to the sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case.[5]  Courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus whether there is "cause" for extension of the Exclusivity Periods.  These factors include the following:

(a)    the size and complexity of the case;

(b)    the need for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

(c)    whether the debtor has made progress in negotiations with its creditors;

(d)    the existence of good faith progress toward reorganization;

(e)    whether the debtor is seeking to extend exclusivity to pressure creditors to accede to the debtor's reorganization demands;

(f)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(g)    the fact that the debtor is paying its bills as they become due;

---

[5]    *See, e.g.*, *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176 at 184; *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986) (holding that section 1121(d) of the Bankruptcy Code provides the bankruptcy court "with flexibility to either reduce or increase that period of exclusivity within its discretion").

(h)     the amount of time which has elapsed in the case; and/or

(i)     whether an unresolved contingency exists.[6]

13.     Not all factors are relevant to every case, and the existence of even one of the above-listed factors may be sufficient to extend a debtor's exclusivity periods.[7]

14.     The Debtors submit that sufficient "cause" exists pursuant to section 1121(d) of the Bankruptcy Code to extend the Exclusivity Periods as provided herein.  As set forth below, each of the relevant factors weighs in favor of an extension of the Exclusivity Periods:

- *The Debtors' Chapter 11 Cases Are Large and Complex.*  As of the Petition Date, the Debtors were (a) engulfed in litigation related to allegations of exposure to asbestos-, talc-, and other chemical-containing compounds and related liabilities dating back approximately forty years and (b) subject to certain environmental remediation costs and obligations of the Debtors or their predecessors-in-interest.  These claims have been brought in various forums across the United States.  Accordingly, the size and complexity of these chapter 11 cases weigh in favor of extending the Exclusivity Periods.

- *Need for Time to Negotiate*.  The Debtors need sufficient time to progress these chapter 11 cases.  Against the backdrop of the adversary proceeding regarding, among other things, ownership of certain successor liability claims (the "Adversary Proceeding") and the Mediation Order, parties in interest in these chapter 11 cases have been brought to the table and have begun negotiating the terms of a global resolution of these chapter 11 cases.  Sections 105(a) and 524(g) of the Bankruptcy Code provide a mechanism for debtors to resolve the complexities accompanying asbestos and other mass tort

---

[6]    *See, e.g.*, *In re Adelphia Commc'ns Corp.*, 336 B.R. at 674–77 (listing factors relevant to whether "cause" exists to extend exclusivity periods and denying motion to terminate exclusivity based on factors for cause); *In re Mo*, 650 B.R. 193, 227–28 (Bankr. D.N.J. 2023) (listing *Adelphia* factors).

[7]    *See, e.g.*, *In re Mo*, 650 B.R. at 227–28 (Bankr. D.N.J. 2023) (determining "cause" to extend exclusivity existed without finding that every factor was met); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176 at 184 (finding cause to extend where only one factor—sufficient progress in the case in reaching negotiations with its creditors—was satisfied); *see also In the Matter of Excel Maritime Carriers Ltd.*, 2013 WL 5155040, at *2 (Bankr. S.D.N.Y. Sept. 13, 2013) (noting in an exclusivity termination context that the ultimate consideration for the court is what will best move the case forward in the best interests of all parties); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100–01 (Bankr. E.D. Tex. 1996) (listing all nine factors later set forth in *Adelphia* but determining "cause" to extend exclusivity existed without finding that every factor was met); *In re Corus Bankshares, Inc.*, No. 10-26881-PSH-11 [Docket No. 184], at 34–35 (N.D. Ill. 2010) (extending the exclusivity period solely due to unresolved contingencies); *see also In re Hoffinger Indus., Inc.*, 292 B.R. 639 (B.A.P. 8th Cir. 2003) ("[W]e emphasize that these are only factors, not all of which are relevant in every case . . . . It is within the discretion of the bankruptcy court to decide which factors are relevant and give the appropriate weight to each."); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (noting that two previous extensions of exclusivity had been granted based on the size and complexity of the cases alone).

liabilities in the bankruptcy court. But section 524(g) requires a debtor to satisfy a rigorous set of requirements to achieve the finality it offers. In an effort to satisfy these standards, the Debtors must negotiate with their core creditor constituencies, including the Mediation Parties. The Debtors hope the major case issues can be resolved through these negotiations but, if not, the Debtors will be prepared to move forward with the tools available under the Bankruptcy Code and the attendant adversarial processes. Not extending the Exclusivity Periods would be contrary to the collaborative mediation process and frustrate the Debtors efforts to reach a consensual and comprehensive resolution of these cases. Accordingly, the Debtors submit that the time required to prepare adequate information to aid negotiations with the Mediation Parties weighs in favor of extending the Exclusivity Periods.

- *The Debtors Have Made Good-Faith Progress Toward Exiting Chapter 11.* The Debtors have made good-faith progress in administering these chapter 11 cases. Specifically, the Debtors have: (a) obtained limited first-day relief to allow the Debtors to transition into chapter 11; (b) responded to and litigated the motions to dismiss, and are continuing to litigate the related appeal; (c) filed retention applications and obtained orders retaining their professionals; (d) provided voluminous documents in response to requests for information from the Committee; (e) filed their schedules of assets and liabilities and statements of financial affairs; (f) held their section 341 meeting of creditors; (g) sought and litigated appointment of the FCR; (h) facilitated further diligence requests to both the Committee and the FCR; (i) litigated—and continue to litigate—the Adversary Proceeding; and (j) begun mediation efforts with the Mediation Parties. The Debtors' good faith effort progressing these chapter 11 cases also weighs in favor of extending the Exclusivity Periods.

- *An Extension of the Exclusivity Periods Will Not Prejudice Creditors.* Continued exclusivity will avoid competing plans that could derail potential settlement discussions and the Debtors' chapter 11 process. Due to the complexity of the Debtors' chapter 11 cases and the issues that must necessarily be resolved before a plan can be formulated, neither the Debtors' creditors nor any other party in interest would be in a position to propose and solicit acceptances of a chapter 11 plan prior to the extended Exclusivity Periods. Moreover, even if the Court approves an extension of the Exclusivity Periods, nothing prevents parties in interest from later arguing to the Court that cause supports termination of the Debtors' exclusivity and/or raising any potential objections at the confirmation hearing. Extending the Exclusivity Periods will benefit the Debtors' estates, their creditors, and all other key parties in interest by giving them time to explore the framework of a viable plan and avoiding the inevitable litigation and distraction that competing plans would cause in these chapter 11 cases.

- *The Debtors Are Paying Their Bills as They Come Due.* The Debtors continue to pay their bills as they come due in the ordinary course, and no party has asserted otherwise.

- *The Debtors Have Reasonable Prospects for Filing a Viable Plan.*  The ongoing information sharing evidences the mutual goal of finding a successful resolution of the tort claims and environmental claims.  The Debtors' mediation efforts— which have only just begun—further demonstrate that the Debtors are taking seriously their responsibility to coalesce stakeholder support around a chapter 11 plan.  These mediation efforts would be significantly undermined if the Exclusivity Periods were not extended.  The scale and complexity of these chapter 11 cases mean that efforts to reach consensus will take time, but the Debtors are progressing these chapter 11 cases in good faith and have reasonable prospects for filing a viable plan.

- *These Cases Are Not Yet Ten Months Old.*  As discussed above, in approximately nine months and in the midst of litigation, including the appeal of the motions to dismiss, the Debtors have accomplished a great deal and continue to work diligently towards a resolution.  The relatively short time that the Debtors have spent in chapter 11 to date weighs in favor of extending the Exclusivity Periods.

- *An Extension Will Not Pressure Creditors.*  The Debtors are proposing an extension of exclusivity to engage with creditors in the ongoing, multilateral mediation process, without the distraction and confusion that could be created by multiple competing plans.  All major creditor groups will have an opportunity to actively participate in these substantive discussions with the Debtors regarding a consensual chapter 11 plan.  Moreover, both the Committee and the FCR have represented to the Debtors that they do not object to the 90-day extension of the Exclusivity Periods requested in this Motion.  This approach does not pressure or prejudice any stakeholder.  This factor also weighs in favor of extending the Exclusivity Periods.

- *The Debtors' Tort Liabilities, Appeal of the Motions to Dismiss, and Adversary Proceeding Reflect Unresolved Contingencies.*  While the Debtors believe the appeal of whether Debtor Whittaker, Clark & Daniels, Inc. had the authority to file its chapter 11 case is without merit, it remains an unresolved contingency that will certainly have an impact on the contours of any chapter 11 plan filed in these cases.  Additionally, the tort claims remain outsized contingent, unliquidated, and disputed liabilities of the Debtors, which the Debtors seek to evaluate and, with respect to validly asserted claims, resolve with finality through these chapter 11 cases.  Further, the extent of the Debtors' estates— which the Debtors believe include the Successor Liability Claims—remains unresolved and a matter for negotiation in the ongoing mediation.  These unresolved contingencies also weigh in favor of extending the Exclusivity Periods.

15.     A three-month extension of exclusivity is reasonable under the circumstances. Indeed, in other mass tort cases, the debtors have received comparable extensions—and in fact ultimately received extensions to the maximum allowable under the Bankruptcy Code:

| Third Exclusivity Period Extensions | |
| --- | --- |
| **Case** | **Extension** |
| *In re Boy Scouts of America*, No. 20-10343 (LSS) (Bankr. D. Del) | 152 days |
| *In re Bestwall LLC*, No. 17-31795 (LTB) (Bankr. W.D.N.C.) | 120 days |
| *In re Archbishop of Agaña*, No. 19-00010 (FMT) (Bankr. D. Guam) | 121 days |
| *In re the Roman Catholic Church of the Archdiocese of New Orleans*, No. 20-10846 (MSG) (Bankr. E.D. La.) | 125 days |
| *In re Mallinckrodt PLC*, No. 20-12522 (JTD) (Bankr. D. Del.) | 120 days |
| *In re Aldrich Pump LLC*, No. 20-30608 (JCW) (Bankr. W.D.N.C.) | 90 days |
| *In re DBMP LLC*, No. 20-30080 (JCW) (Bankr. W.D.N.C.) | 90 days |
| *In re Paddock Enterprises LLC*, No. 20-10028 (LSS) (Bankr. D. Del.) | 91 days |
| *In re Cyprus Mines Corp.*, No. 21-10398 (Bankr. D. Del.) | 90 days |

16.     More specifically, courts in mass tort cases have extended debtors' exclusivity periods where the debtors were litigating appeals and adversary proceedings and employing similar chapter 11 tools as the Debtors in these chapter 11 cases, including mediation and estimation. *See, e.g.*, *In re LTL Mgmt. LLC*, No. 21-30589 (MBK) (Bankr. D. Del. May 9, 2022) (granting an extension of the exclusivity periods while the parties litigated, among other things, the Court's denial of a motion to dismiss); *In re USA Gymnastics*, No. 18-09108-RLM-11 (Bankr. S.D. Ind. Jul. 25, 2019) (granting an extension of the exclusivity periods while mediation was in process); *In re Bestwall LLC*, No. 17-31795 (LTB) (Bankr. W.D.N.C. Aug. 1, 2018) (granting an exclusivity extension motion where the parties were actively retaining professionals for purposes of estimation).   Courts around the country and under a variety of circumstances have also recognized that pending appeals favor an extension of the exclusivity periods. *See, e.g.*, *In re Aearo Techs. LLC*, No. 22-02890 (Bankr. S.D. Ind.), 1/25/2023 Hr'g Tr. at 136:14–15 (stating that appeals pending in the Seventh Circuit and Eleventh Circuit may be "the hornbook

law of unresolved contingencies"); *In re Hoffinger Industries, Inc.*, 292 B.R. 639, 644 (8th Cir.

B.A.P. 2007) (finding that the pendency of an appeal to resolve a substantial judgment was a factor

in favor of exclusivity extension); *In re Gabriel Techs. Corp.*, 2013 WL 5550391 at *3 (Bankr.

N.D. Cal. 2013) (finding that resolution of a threshold issue on appeal warranted an extension);

*In re R&G Properties, Inc.*, 2009 WL 269696 at *1 (Bankr. D. Vt. 2009) (finding that the pendency

of an appeal, in conjunction with other factors, supports an extension of the exclusivity periods);

*In re UNR Industries, Inc.*, 72 B.R. 789, 792 (Bankr. N.D. Ill. 1987) (same); *In re Texaco Inc.*,

76 B.R. 322, 326–27 (Bankr. S.D.N.Y. 1987) (finding that the appeal of a threshold issue was a

major factor warranting exclusivity extension); *In re United Press Intern., Inc.*, 60 B.R. 265, 270

(Bankr. D. D.C. 1986) (granting an extension of the exclusivity periods because the debtor was

subject to an "avalanche" of litigation); *In re Swatara Coal Co.*, 49 B.R. 898, 899 (Bankr. E.D.

Pa. 1985) (granting an extension of the exclusivity periods where threshold matters such as the

debtor's lack of legal right to file a reorganization plan and stipulated negotiation periods stalled

the bankruptcy proceedings).

17.    An extension of the Exclusivity Periods will provide the Debtors with additional

time to engage in mediation and negotiate a chapter 11 plan, with the goal of reaching a fair,

equitable, and final settlement, including the opportunity to use the chapter 11 tools of establishing

a claims bar date and aggregate claims estimation, if necessary, to facilitate plan confirmation.

The Debtors have made progress to date and are participating in good faith with all parties in

interest.  But there is much more to be done.  The Debtors will use the additional time provided by

the requested extension of the Exclusivity Periods to mediate, progress their defense of the appeal

of the Court's order denying the motions to dismiss, take advantage of the chapter 11 tools

available to them, and ultimately develop a confirmable chapter 11 plan.  This road to formulating

a consensual plan is in the best interests of the Debtors and all of the Debtors' stakeholders. Extending the Exclusivity Periods allows these processes to progress and allows the Debtors and their stakeholders the opportunity to engage constructively in the ongoing mediation without the distraction of competing plans.

## Waiver of Memorandum of Law

18.     The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

## No Prior Request

19.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

## Notice

20.     The Debtors have provided notice of this Motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the District of New Jersey; (b) the Committee; (c) the Top Counsel List;[8] (d) Berkshire Hathaway Inc. and counsel thereto; (e) the Office of the United States Attorney for the District of New Jersey; (f) the Internal Revenue Service; (g) the Securities Exchange Commission; (h) the Environmental Protection Agency; (i) the offices of the attorneys general in states where the Debtors conduct their business operations; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, no other or further notice is required.

---

[8]     As defined in the *Debtors' Motion for Entry of an Order (A) Authorizing the Debtors to (I) File a List of the Top Law Firms and Use the Addresses of Counsel in Lieu of Claimants' Addresses and (II) Redact Personally Identifiable Information, (B) Approving Certain Notice Procedures, and (C) Granting Related Relief* [Docket No. 8].

## Conclusion

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated: January 14, 2024

*/s/ Michael D. Sirota*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:    msirota@coleschotz.com
          wusatine@coleschotz.com
          fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:    joshua.sussberg@kirkland.com

-and-

Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:    chad.husnick@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com

-and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2400
chad.husnick@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al.*, | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification number, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

**ORDER (I) EXTENDING
THE EXCLUSIVITY PERIODS TO FILE A CHAPTER 11 PLAN
<u>AND SOLICIT ACCEPTANCES THEREOF AND (II) GRANTING RELATED RELIEF</u>**

The relief set forth on the following pages, numbered three (3) through five (5), is

**ORDERED**.

(Page | 3)

| | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | Order (I) Extending the Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and (II) Granting Related Relief |

Upon the *Debtors' Third Motion to Extend Their Exclusive Periods to File and Solicit Acceptances of a Chapter 11 Plan* (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order"):  (a) extending the period during which the Debtors have (i) the exclusive right to file a chapter 11 plan (the "Filing Exclusivity Period") by 90 days, through and including May 20, 2024 and (ii) the exclusive right to solicit a chapter 11 plan filed during the Filing Exclusivity Period (the "Solicitation Exclusivity Period" and, together with the Filing Exclusivity Period, collectively, the "Exclusivity Periods") by 90 days, through and including July 22, 2024, without prejudice to the Debtors' right to seek further extensions to the Exclusivity Periods; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Committee and the FCR having not objected to the relief requested in the Motion; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

(Page | 4)

| | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | Order (I) Extending the Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and (II) Granting Related Relief |

forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted as set forth in this Order.

2.      The Debtors' exclusive period to file a chapter 11 plan is extended by 90 days, through and including May 20, 2024.

3.      The Debtors' exclusive period to solicit acceptances of a chapter 11 plan is extended by 90 days, through and including July 22, 2024.

4.      Entry of this Order is without prejudice to the Debtors' right to seek from this Court such additional and further extensions of the Exclusivity Periods within which to file and solicit acceptance of a chapter 11 plan as may be necessary or appropriate and is without prejudice to any other party's right to (a) object to any such further requested extension or (b) seek to terminate any Exclusivity Period (other than the Exclusivity Periods extended pursuant to this Order).

5.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the local bankruptcy rules for the District of New Jersey (the "D.N.J. LBR") are satisfied by such notice.

6.      The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

(Page | 5)

| | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | Order (I) Extending the Exclusivity Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof and (II) Granting Related Relief |

8.      This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.