# Exhibit A

## Settlement Agreement Summary of Proposed Terms

As set forth more fully in <u>Exhibit 1</u> to the Order, the key provisions of the Settlement Agreement are summarized below:[1]

| Settlement Agreement Summary of Terms | |
|---|---|
| **Effective Date** | The first date by which both the following have occurred: (a) the Settlement Order has become a Final Order and (b) the Summary Judgment Order has become a Final Order. |
| **Settlement Payment** | The Settlement Payment is comprised of: (a) an initial contribution of a first priority secured debtor-in-possession delayed draw term loan facility of up to $50 million (the "<u>DIP Facility</u>," and loans thereunder, the "<u>DIP Loans</u>"), available upon the Court's entry of an order approving the DIP Motion (the "<u>Initial Settlement Contribution</u>"); and (b) an amount equal to $535 million *less* the aggregate principal amount of DIP Loans funded in Cash by NICO or its designee, within five business days of the Debtors giving NICO notice of the occurrence of the Effective Date and provided the Effective Date has occurred (the "<u>Settlement Contribution</u>, and together with the Initial Settlement Contribution, the "<u>Settlement Payment</u>"). |
| **Estate Causes of Action** | Any and all actions, Claims, rights, remedies, defenses, counterclaims, suits, and Causes of Action (a) owned or held, or assertable by or on behalf of any Debtor or its Estate (including, without limitation, claims assertable by the Tort Claimants' Committee or FCR, or by any other creditors, on behalf of any Debtor or its Estate), (b) that constitute property of the Estates under section 541 of the Bankruptcy Code, (c) that are or may be commenced or pursued by a representative of the Debtors or the Estates, including pursuant to sections 323 or 362 of the Bankruptcy Code or chapter 5 of the Bankruptcy Code, (d) to avoid, invalidate or recover any transfer of any kind made by any Debtor, or any obligation of any Debtor, including under chapter 5 of the Bankruptcy Code or other applicable law, (e) that constitute Successor Liability Claims, or (f) otherwise assertable by any Debtor or its Estate under any federal, state, or other applicable law seeking to establish a non-Debtor's liability for existing or future Tort Claims, Environmental Claims, Indirect Environmental Claims, or other Claims against the Debtors; in all cases, however denominated and whether or not asserted, whether known or unknown, in law, at equity or otherwise, whenever and wherever arising under the laws of any jurisdiction. |
| **Chapter 11 Plan** | The Contributing Parties shall support confirmation of a chapter 11 plan, including all exhibits, supplements, and amendments thereto (collectively, |

---

[1] To the extent there is any inconsistency between the terms set forth in the Settlement Agreement and the terms described herein, the Settlement Agreement shall control in all respects.

| Settlement Agreement Summary of Terms ||
|---|---|
| | as may be amended from time to time, the "Plan") that is consistent in all respects with the terms in the Plan Term Sheet attached as Exhibit B to the Settlement Agreement and is otherwise consistent with the Settlement Agreement and reasonably acceptable to NICO. |
| **Mutual Releases** | Without limitation, the Contributing Parties and the Debtors release each other, as well as their respective Related Parties, of and from any and all Causes of Action and Estate Causes of Action, as applicable, arising out of, in connection with, or relating to any matters occurring before the Effective Date, all as more fully set forth in the Settlement Agreement. |
| **Conditions Precedent** | The terms of the Settlement Agreement shall be dependent upon entry of the Settlement Order containing terms and provisions acceptable to the Parties, as well as certain other conditions set forth therein. |
| **Retention of Jurisdiction** | The Court shall retain exclusive jurisdiction to enforce the Order, including to determine, without limitation, whether (a) any claim brought against any Non-Debtor Released Party constitutes a Debtor Estate Cause of Action and is subject to the prohibition against prosecution of such claim and (b) any claims brought against any of the Debtor Releasees constitute Brenntag Released Claims, NICO Released Claims, and/or DB US Released Claims, as applicable, and are subject to the prohibition against prosecution of such claims. |
| **Termination Events** | NICO may terminate this Settlement Agreement, effective upon five business-days' notice to the Debtors, if any of the following occur: (1) entry of an order by any court denying the Settlement Motion; (2) entry of an order by any court reversing or vacating an order approving the Settlement Motion; (3) entry of an order by any court reversing, modifying, or vacating the Summary Judgment Order; (4) entry of an order by any court appointing a chapter 11 trustee in the Chapter 11 Cases; (5) entry of an order by any court dismissing any of the Chapter 11 Cases or converting any of the Chapter 11 Cases to chapter 7; (6) entry of an order by any court granting any person other than the Debtors standing to assert the Estate Causes of Action; or (7) an uncured default or Event of Default under the DIP Order and DIP Term Loan Facility pursuant to the terms of the DIP Order and the DIP Credit Agreement. NICO shall not be required to seek relief from the automatic stay in order to serve notice of termination, and to terminate, the Settlement Agreement pursuant to this paragraph. |