| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>**COLE SCHOTZ P.C.**<br>Michael D. Sirota, Esq.<br>Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Court Plaza North, 25 Main Street<br>Hackensack, New Jersey 07601<br>Telephone: (201) 489-3000<br>msirota@coleschotz.com<br>wusatine@coleschotz.com<br>fyudkin@coleschotz.com<br><br>-and-<br><br>**COLE SCHOTZ P.C.**<br>Seth Van Aalten, Esq. (admitted *pro hac vice*)<br>Anthony De Leo, Esq.<br>1325 Avenue of the Americas, 19th Floor<br>New York, NY 10019<br>Telephone: (212) 752-8000<br>Facsimile: (212) 752-8393<br>svanaalten@coleschotz.com<br>adeleo@coleschotz.com<br><br>-and-<br><br>**COLE SCHOTZ P.C.**<br>G. David Dean, Esq. (admitted *pro hac vice*)<br>500 Delaware Avenue, Suite 1410<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-3131<br>Facsimile: (302) 652-3117<br>ddean@coleschotz.com<br><br>*Counsel for Debtors and*<br>*Debtors-in-Possession* | <br><br>**Order Filed on October 9, 2024**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In re:<br><br>WHITTAKER, CLARK & DANIELS, INC., *et al.*,<br><br>Debtors.[1] | Adv. Proc. No. 23-1245<br><br>Chapter 11<br><br>Case No. 23-13575 (MBK)<br><br>(Jointly Administered) |

**ORDER ENFORCING AUTOMATIC STAY AND TEMPORARILY RESTRAINING CERTAIN ACTIONS AGAINST NON-DEBTORS**

**DATED: October 9, 2024**

*[Signed]*
Honorable Michael B. Kaplan
United States Bankruptcy Judge

| | |
|---|---|
| WHITTAKER, CLARK & DANIELS, INC., BRILLIANT NATIONAL SERVICES, INC., L.A. TERMINALS, INC., and SOCO WEST, INC., <br><br>   Plaintiffs, <br><br> v. <br><br> BRENNTAG AG, BRENNTAG CANADA INC., BRENNTAG GREAT LAKES, LLC, BRENNTAG MID-SOUTH, INC., BRENNTAG NORTH AMERICA, INC., BRENNTAG NORTHEAST, INC., BRENNTAG PACIFIC, INC., BRENNTAG SOUTHEAST, INC., BRENNTAG SOUTHWEST, INC., BRENNTAG SPECIALTIES, INC., BRENNTAG SPECIALTIES LLC, COASTAL CHEMICAL CO., LLC, MINERAL AND PIGMENT SOLUTIONS, INC., THOSE PARTIES LISTED ON APPENDIX A TO THE COMPLAINT and JOHN AND JANE DOES 1-1,000, <br><br>   Defendants. | Adv. Proc. No. 23-01245 (MBK) |

**ORDER ENFORCING AUTOMATIC STAY AND TEMPORARILY RESTRAINING CERTAIN ACTIONS AGAINST NON-DEBTORS**

The relief set forth on the following pages, numbered three (3) through eight (8), is

**ORDERED**.

This matter coming before the Court on the *Debtors' Motion for (I) an Order Extending the Automatic Stay to and/or Preliminarily Enjoining Certain Actions Against Non-Debtors Pending Entry of a Final, Non-Appealable Order Regarding the Debtors' Proposed Settlement and (II) a Temporary Restraining Order Enjoining Such Claims Pending the Court's Decision on the Debtors' Request for Injunctive Relief* [Adv. Proc. Docket No. 299] (the "**Motion**"); and the Court having previously entered an opinion dated August 13, 2024 [Adv. Proc. Docket No. 268] (the "**Opinion**") and Order dated August 28, 2024 [Adv. Proc. Docket No. 292] (the "**Summary Judgment Order**")[2] declaring that Successor Liability Claims are property of the Debtors' estates pursuant to section 541(a) of the Bankruptcy Code; and the Court having found and determined that (i) the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334(b), (ii) this matter is a core proceeding under 28 U.S.C. § 157(b), (iii) venue is proper in this district pursuant to 28 U.S.C. § 1409, and (iv) entry of this Order is (a) fair and reasonable, (b) consistent with the Bankruptcy Code, the Bankruptcy Rules, the applicable Federal Rules, and the Local Rules, (c) appropriate under the circumstances, and (d) in the best interests of the Debtors and their estates and creditors; and the Court having considered the Motion, the amended declaration filed in support of the Motion [Adv. Proc. Docket No. 305] (the "**Declaration**"), the amended schedule reflecting the Brenntag Enjoined Claims [Adv. Proc. Docket No. 317] (the "**Summary Schedule**"), and the objection to the relief requested in the Motion filed by the Official Committee of Talc Claimants [Adv. Proc. Docket No. 310]; and upon the record of the hearing to consider the relief requested in the Motion conducted on September 18, 2024 (the "**Hearing**"), the Court hereby finds and determines that:

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion or the Opinion, as applicable.

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. The findings of fact and conclusions of law set forth in the Court's bench ruling at the Hearing, the Opinion, and the Summary Judgment Order are incorporated into this Order by reference as if fully set forth herein.

C. Without immediate injunctive relief, it is expected that the Debtors will be irreparably harmed.

D. The legal and factual basis, and the parties' representations on the record, set forth in the Motion, the Declaration, and the Summary Schedule and at the Hearing establish just cause for the relief granted herein.

Based on the foregoing findings and conclusions, **IT IS HEREBY ORDERED that:**

1. For the avoidance of doubt, unless otherwise specified in this Order, to the extent the pending actions scheduled on **Exhibit 1** include Successor Liability Claims as defined in the Summary Judgment Order ("Successor Claims"), such Successor Claims are automatically stayed pursuant to section 362(a)(3) of the Bankruptcy Code during the pendency of the Chapter 11 Cases, absent further order of this Court. The balance of the claims included in the actions scheduled on **Exhibit 1** brought against Brenntag (and only Brenntag) as well as all claims pending against Brenntag (and only Brenntag) in the actions scheduled on **Exhibit 2** (hereinafter "**TRO Claims**"), are enjoined through and including October 15, 2024. Defendants are temporarily restrained from prosecuting, amending, or settling any such claims subject to the terms of this Order. Any dispute

regarding applicability of the automatic stay or this Temporary Restraining Order to a particular claim or action, or any allegations regarding violations of the automatic stay or this Temporary Restraining Order, shall be brought before this Court for resolution.

2. For the avoidance of doubt, in the event that all plaintiffs in an action scheduled on either Exhibit 1 or 2 dismiss all TRO Claims, including any claims pled on a basis other than Brenntag is a successor to one or more of the Debtors, without prejudice, the injunction set forth in Paragraph 1 of this Order shall automatically terminate with respect to such action; *provided*, *however*, that any claims against Brenntag that are dismissed in accordance with this Paragraph 2 shall not be re-filed while the injunction provided in Paragraph 1 of this Order (and any subsequent order(s) extending such injunction) remains in effect. For the avoidance of doubt, nothing in this Order (i) obligates any plaintiff to dismiss any TRO Claims, (ii) holds that dismissal of any or all TRO Claims is the sole basis upon which relief from this Order may be sought or had, or (iii) shall prejudice any rights to move in this Court for relief from this Order under any theory.

3. Prior to the October 15, 2024 hearing, counsel for each of the Debtors, the Committee, Brenntag, and any plaintiff in an action listed on the TRO Schedule that wishes to participate shall meet and confer in good faith to discuss whether the parties can reach agreement on a proposed form of order that extends the term of the injunction set forth in Paragraph 2 of this Order with respect to the actions listed on the TRO Schedule and provides the plaintiffs in such actions with the ability to pursue direct claims against Brenntag based on alleged exposure to talc/asbestos that occurred after February 27, 2004 while protecting the respective rights of all parties in interest.

4. The Debtors shall serve a copy of this Order, including Exhibits 1 and 2, on all parties to this Adversary Proceeding via regular mail within one (1) business day of entry of this Order.

5. Brenntag is authorized to file this Order on the docket of the actions listed on Exhibits 1 and 2 of this Order.

6. Pursuant to Federal Bankruptcy Rule 7065, the Debtors are relieved from posting bond under Federal Rule 65(c).

7. Any objections to the Court's entry of a preliminary injunction with respect to the TRO Claims shall be filed on or before **October 11, 2024 at 12:00pm** and served on counsel for the Debtors, counsel for the Committee, counsel for the FCR, counsel for Brenntag, counsel for NICO, counsel for DB US, and the Office of the United States Trustee by electronic mail. Any reply papers in support of such preliminary injunction or in response to any objections shall be filed on or before **October 14, 2024 at 12:00pm** and served on counsel for the Debtors, counsel for the Committee, counsel for the FCR, counsel for Brenntag, counsel for NICO, counsel for DB US, counsel for any objecting party, and the Office of the United States Trustee by electronic mail. Pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure (made applicable to this Adversary Proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure), a combined hearing to consider a preliminary injunction with respect to the TRO Claims listed and the trial on Counts II and III of the Amended Complaint shall be held on **October 15, 2024 at 11:00 a.m. (ET)** before the Honorable Chief Judge Michael B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, New Jersey 08608.

8. Notwithstanding anything to the contrary in this Order, any party to an action listed on Exhibit 1 or 2 of this Order may, without leave of this Court, take reasonable steps to perpetuate

the testimony of any person subject to this Order who is not expected to survive the duration of this Order or who otherwise is expected to be unable to provide testimony if such testimony is not perpetuated during the duration of this Order.  Notice shall be provided to the Debtors and Brenntag by notifying counsel for the Debtors and counsel for Brenntag appearing in the applicable action, respectively, of the perpetuation of such testimony.  The Debtors shall have the right to object to the notice on any grounds it would have if it were a party to the underlying proceeding and not subject to the terms of this Order, and the Debtors may raise any such objection with this Court.  The use of such testimony in any appropriate jurisdiction shall be subject to the applicable procedural and evidentiary rules of such jurisdiction, except that the Debtors waive objecting to the use of any such testimony based on lack of notice or lack of opportunity to cross-examine.  All parties reserve and do not waive any and all objections with respect to such testimony.  Defendants may not seek to perpetuate the testimony of any representatives—including, but not limited to, directors, officers, current and/or former employees, and agents—of the Debtors without the consent of the Debtors or an order of the Court.

9. The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

12. The terms and conditions of this Order shall be effective immediately upon its entry.

13. Nothing in this Order or the interim relief associated therewith shall be construed as a binding finding of fact or conclusion of law or preclude any party's ability to litigate these facts on a complete record, or otherwise prejudice the parties as to any further proceedings in any manner; *provided*, *however*, that the foregoing shall not apply to the relief set forth in Paragraph 1 hereof.

14. This Court shall have exclusive jurisdiction over this Order and any and all matters arising from or relating to the implementation, interpretation, or enforcement of this Order, including, without limitation, any determination regarding whether an action is subject to this Order, and any requests for relief from the injunctions set forth in this Order.