**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com

-and

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Chad J. Husnick, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2400
chad.husnick@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al.*, | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered)<br>**Hearing Date: December 16, 2024, at 10:00 a.m. (ET)**<br>**Obj. Deadline: December 9, 2024, at 4:00 p.m. (ET)**<br>**Oral Argument Waived Unless Objections Timely Filed** |

## NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN; (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH; (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO; AND (V) GRANTING RELATED RELIEF

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are Whittaker, Clark & Daniels, Inc. (4760), Brilliant National Services, Inc. (2113), L. A. Terminals, Inc. (6800), and Soco West, Inc. (3400). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

**PLEASE TAKE NOTICE** that on December 16, 2024, at 10:00 a.m. (ET), or as soon thereafter as counsel may be heard, the above-captioned debtors and debtors in possession (the "Debtors"), by and through their undersigned counsel, shall move (the "Motion") before the Honorable Chief Judge Michael B. Kaplan, Clarkson S. Fisher United States Courthouse, 402 East State Street, Second Floor, Courtroom 8, Trenton, New Jersey 08608 (the "Bankruptcy Court"), for entry of an order (the "Order"), substantially in the form submitted herewith, (a) approving the adequacy of the disclosure statement, (b) approving the solicitation procedures with respect to confirmation of the Debtors' proposed chapter 11 plan, (c) approving the forms of ballots and notices in connection therewith, (d) scheduling certain dates with respect thereto, and (e) granting related relief.

**PLEASE TAKE FURTHER NOTICE** that in support of the Motion, the Debtors shall rely on the accompanying Motion, which sets forth the relevant legal and factual bases upon which the relief requested should be granted.  A proposed Order granting the relief requested in the Motion is also submitted herewith.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested in the Motion shall: (a) be in writing; (b) state with particularity the basis of the objection; and (c) be filed with the Clerk of the Bankruptcy Court electronically by attorneys who regularly practice before the Bankruptcy Court in accordance with the (a) *Order (I) Establishing Certain Notice, Case Management, and Administrative Procedures and (II) Granting Related Relief* [Docket No. 67] (the "Case Management Order") and (b) *General Order Regarding Electronic Means for Filing, Signing, and Verification of Documents dated March 27, 2002* (the "General Order") and the *Commentary Supplementing Administrative Procedures* dated as of March 2004 (the "Supplemental Commentary") (the General Order, the Supplemental Commentary, and the

User's Manual for the Electronic Case Filing System can be found at www.njb.uscourts.gov, the official website for the Bankruptcy Court) and, by all other parties-in-interest, on CD-ROM in Portable Document Format (PDF), and shall be served in accordance with the Case Management Order, the General Order and the Supplemental Commentary, so as to be received no later than seven (7) days before the hearing date set forth above.

**PLEASE TAKE FURTHER NOTICE** that copies of all documents filed in these Chapter 11 Cases may be obtained free of charge by visiting the website of Stretto, Inc. at https://cases.stretto.com/whittaker/.  You may also obtain copies of any pleadings by visiting the Court's website at https://www.njb.uscourts.gov in accordance with the procedures and fees set forth therein.

**PLEASE TAKE FURTHER NOTICE** that, unless responses are timely and properly filed and served, the Motion shall be decided on the papers in accordance with D.N.J. LBR 9013-3(d), and the relief requested may be granted without further notice or hearing.

*[Remainder of Page Intentionally Left Blank]*

Dated:  October 28, 2024

/s/ Michael D. Sirota

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com

-and-

Chad J. Husnick, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:      chad.husnick@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com

-and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Chad J. Husnick, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2400
chad.husnick@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al.*, | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

# DEBTORS' MOTION FOR
## ENTRY OF AN ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN; (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH; (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO; AND (V) GRANTING RELATED RELIEF

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

TO: THE HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN UNITED STATES

BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY:

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state the following in support of this motion (the "Motion"):

**Relief Requested**

1.    The Debtors seek entry of an order, substantially in the form attached hereto

(the "Order"), granting the following relief:[2]

(a)    ***Disclosure Statement.***  Approving the *Disclosure Statement Relating to the Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* attached to the Order as Exhibit 1 (including all exhibits and schedules thereto, in each case, as may be amended, supplemented, or modified from time to time, that is prepared and distributed in accordance with the Bankruptcy Code, the Bankruptcy Rules, and any other applicable Law, to be approved pursuant to the Order, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code;

(b)    ***Solicitation and Voting Procedures.***    Approving procedures for: (i) soliciting, receiving, and tabulating votes to accept or reject the Plan; (ii) voting to accept or reject the Plan; and (iii) filing objections to the Plan (the "Solicitation and Voting Procedures"), substantially in the form attached to the Order as Exhibit 2 and approving the process by which attorneys for Holders of Tort Claims shall indicate whether such claimants shall vote via a Master Ballot (as defined herein) or a Claim Holder Ballot (as defined herein) (the "Solicitation Directive"), substantially in the form attached to the Order as Exhibit 3;

(c)    ***Ballots.***  Approving the forms of (a) the ballots to be used by Holders of Claims voting directly on the Plan (the "Claim Holder Ballots"), substantially in the forms attached to the Order as Exhibits 4(a) through 4(p), and (b) the master ballot to be used by attorneys of Holders of Tort Claims in classes B2, C2, D2, and E2 to tabulate votes solicited from such Holders of Tort Claims (the "Master Ballot" and, together with the Claim Holder Ballots, the "Ballots"), substantially in the form attached to the Order as Exhibit 5;

---

[2]    Capitalized terms used but not otherwise defined herein shall have the same meaning as set forth in the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* (the "Plan") or the Disclosure Statement Order, as applicable.

(d)     ***Cover Letter.***  Approving the letter (the "Cover Letter") that the Debtors will send to Holders of Claims entitled to vote to accept or reject the Plan urging such parties to vote in favor of the Plan, substantially in the form attached to the Order as Exhibit 6;

(e)     ***Non-Voting Status Notices.***  Approving the forms of notice applicable to Holders of Claims or Interests that are:  (i)  Unimpaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan; (ii)  Impaired under the Plan and who are, pursuant to section 1126(g) of the Bankruptcy Code, conclusively deemed to reject the Plan; and (iii)  subject to a pending objection by the Debtors and who are not entitled to vote the disputed portion of such Claims or Interests (each, a "Non-Voting Status Notice"), substantially in the forms attached to the Order as Exhibits 7, 8, and 9, respectively;

(f)     ***Confirmation Hearing Notice.***  Approving the form, manner, and scope of notice of the hearing to be held by the Court to consider Confirmation of the Plan (the "Confirmation Hearing Notice" and the "Confirmation Hearing," respectively, and, together with the Confirmation Hearing Notice, and the Non-Voting Status Notices, the "Confirmation Notices"), substantially in the form attached to the Order as Exhibit 10;

(g)     ***Plan Supplement Notice.***  Approving the notice of the filing of the Plan Supplement, substantially in the form attached to the Order as Exhibit 11 (the "Plan Supplement Notice");

(h)     ***Solicitation Packages.***  Finding that the solicitation materials and documents included in the solicitation packages that will be sent to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Packages") are in compliance with Bankruptcy Rules 2002(b) and 3017(d);

(i)     ***Plan Confirmation Schedule.***  Establishing the following dates and deadlines with respect to Confirmation of the Plan, subject to modification as necessary (collectively, the "Plan Confirmation Schedule"); and

(j)     granting related relief.

**Plan Confirmation Schedule**

| Event | Date | Description |
|---|---|---|
| Disclosure Statement Objection Deadline | December 9, 2024, at 4:00 p.m. (prevailing Eastern Time) | Deadline by which objections to the approval of the Disclosure Statement, including objection to the temporary allowance of Tort Claims in the amount of $1.00, must be filed with the Court and served so as to be actually received by the appropriate notice parties |
| Voting Record Date | December 9, 2024, at 4:00 p.m. (prevailing Eastern Time) | Date to determine which Holders of Claims are entitled to vote to accept or reject the Plan (the "Voting Record Date") |
| Disclosure Statement Hearing | December 16, 2024, at 10:00 a.m. (prevailing Eastern Time) | Date for the hearing to consider the approval of the Debtors' Disclosure Statement (the "Disclosure Statement Hearing Date") |
| Solicitation Deadline | Within **5** Business Days after entry of the Order | Deadline by which the Debtors must distribute Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline") |
| Publication Deadline | Within 5 Business Days following entry of the Order | Date by which the Debtors will submit the Publication Notice (the "Publication Deadline") |
| Plan Supplement Filing Deadline | February 17, 2025 | Date by which the Debtors shall file the Plan Supplement |
| Voting Deadline | February 24, 2025, at 4:00 p.m. (prevailing Eastern Time) | Deadline by which Holders of Claims may vote to accept or reject the Plan pursuant to Bankruptcy Rule 3017(c), and by which all Ballots must be properly executed, completed, and delivered, as specified in the Solicitation and Voting Procedures |
| Plan Objection Deadline | February 24, 2025, at 4:00 p.m. (prevailing Eastern Time) | Deadline by which parties in interest may file objections to Confirmation of the Plan (the "Plan Objection Deadline") |
| Deadline to File Voting Report | February 26, 2025 | Date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court |
| Confirmation Hearing Date | March 3, 2025, at [●] [a.m./p.m.] (prevailing Eastern Time), or such other time as may be scheduled by the Court | Date of the Confirmation Hearing (the "Confirmation Hearing Date") |

**Jurisdiction and Venue**

2.      The United States Bankruptcy Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11*, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.).  The Debtors confirm their consent to the Court entering a

4

final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The bases for the relief requested herein are sections 105, 502, 1125, 1126, and 1128 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (as amended and modified, the "<u>Bankruptcy Code</u>"), rules 2002, 3001, 3016, 3017, 3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rules 2002-1, 3016-1, 3018-1, 9013-1, and 9013-3 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "<u>Local Rules</u>").

## **Background**

5.      On April 26, 2023 (the "<u>Petition Date</u>"), each Debtor filed a voluntary petition for relief under the Bankruptcy Code.  The Debtors are managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On May 8, 2023, the Court entered an order [Docket No. 72] authorizing procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  On May 24, 2023, the United States Trustee for the District of New Jersey (the "<u>U.S. Trustee</u>") appointed an official committee of talc claimants pursuant to section 1102(a)(1) of the Bankruptcy Code (the "<u>Committee</u>") [Docket No. 121].

6.      On June 26, 2023, the Court entered an *Order (I) Appointing the Honorable Shelley C. Chapman (Ret.) as Future Claimants' Representative, Effective as of the Petition Date and (II) Granting Related Relief* [Docket No. 231], pursuant to which the Honorable Shelley C. Chapman (Ret.) was appointed to serve as Future Claimants' Representative

(the "FCR") in these Chapter 11 Cases.  No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases.

### Plan and Disclosure Statement[3]

7.      Substantially contemporaneously with this Motion, the Debtors filed the Plan and the Disclosure Statement with the Court.  The Debtors, along with the Settlement Parties, believe that Confirmation of the Plan will maximize value for the benefit of all stakeholders while fairly and equitably addressing all Claims, including current and future Tort Claims.

8.      As described in more detail in the Disclosure Statement and the Plan, the centerpiece of the Plan is the establishment of the tort claims trust (the "Tort Claims Trust") comprised of the Assigned Tort Claim Insurance Rights and a percentage of the Settlement Proceeds to provide distributions to Holders of Allowed Tort Claims.  The Plan also establishes:  (i) the environmental remediation trust (the "Environmental Remediation Trust") comprised of the Assigned Environmental Insurance Rights and a percentage of the Settlement Proceeds to provide distributions to Holders of Allowed Environmental Claims and Allowed Indirect Environmental Claims; and (ii) the general unsecured claims trust (the "GUC Trust") comprised of the Assigned GUC Insurance Rights and a percentage of the Settlement Proceeds to provide distributions to Holders of Allowed General Unsecured Claims.

9.      To effectuate the resolution of certain estate-owned causes of action and fund Distributions under the Plan, the Debtors have filed a motion seeking Court approval of a settlement agreement (the "Estate Claims Settlement") by and among the Debtors and the Settlement Parties.  As set forth in the *Debtors' Motion For Entry of an Order (I) Approving the*

---

[3]      The description of the Plan set forth herein is intended only as a summary.  Nothing in this summary description modifies the Plan, and reference should only be made to the Plan itself for the precise terms thereof, which terms control in the event of any inconsistency between the summary included herein and the Plan.

*Settlement Agreement Between the Debtors and the Contributing Parties, (II) Authorizing the Debtors to Perform All of Their Obligations Thereunder, and (III) Granting Related Relief*, [Docket No. 1297] (as amended, modified, or supplemented from time to time in accordance with the terms thereof, the "Estate Claims Settlement Motion").  The Settlement Parties, subject to final approval of the Estate Claims Settlement, will be released under the Estate Claims Settlement and the Plan.

10.     As set forth herein, the Debtors intend to solicit the votes of Holders of General Unsecured Claims, Tort Claims, and Environmental Claims and Indirect Environmental Claims.

a.    Class Identification for Other Claims or Interests

Subject to Article III.D of the Plan, the following chart represents the classification of certain Claims against, and Interests in, the Debtors pursuant to the Plan.

| Class | Claims | Status | Voting Rights |
|-------|--------|--------|---------------|
| Class A1 | Priority Claims | Unimpaired | Not Entitled to Vote (Presumed to Accept) |
| Class A2 | Debtor Intercompany Claims | Unimpaired / Impaired | Not Entitled to Vote (Presumed to Accept or Deemed to Reject) |
| Class A3 | Non-Debtor Intercompany Claims | Impaired | Not Entitled to Vote (Deemed to Reject) |
| Class A4 | Debtor Interests | Impaired | Not Entitled to Vote (Deemed to Reject) |

b.   Class Identification for Whittaker, Clark & Daniels, Inc.

| Class | Claims | Status | Voting Rights |
|-------|--------|--------|---------------|
| Class B1 | General Unsecured Claims | Impaired | Entitled to Vote |
| Class B2 | Tort Claims | Impaired | Entitled to Vote |
| Class B3 | Environmental Claims and Indirect Environmental Claims | Impaired | Entitled to Vote |
| Class B4 | Convenience Claims | Impaired | Entitled to Vote |

c.   Class Identification for Soco West, Inc.

| Class | Claims | Status | Voting Rights |
|---|---|---|---|
| Class C1 | General Unsecured Claims | Impaired | Entitled to Vote |
| Class C2 | Tort Claims | Impaired | Entitled to Vote |
| Class C3 | Environmental Claims and Indirect Environmental Claims | Impaired | Entitled to Vote |
| Class C4 | Convenience Claims | Impaired | Entitled to Vote |

d.   Class Identification for Brilliant National Services, Inc.

| Class | Claims | Status | Voting Rights |
|---|---|---|---|
| Class D1 | General Unsecured Claims | Impaired | Entitled to Vote |
| Class D2 | Tort Claims | Impaired | Entitled to Vote |
| Class D3 | Environmental Claims and Indirect Environmental Claims | Impaired | Entitled to Vote |
| Class D4 | Convenience Claims | Impaired | Entitled to Vote |

e.   Class Identification for L. A. Terminals, Inc.

| Class | Claims | Status | Voting Rights |
|---|---|---|---|
| Class E1 | General Unsecured Claims | Impaired | Entitled to Vote |
| Class E2 | Tort Claims | Impaired | Entitled to Vote |
| Class E3 | Environmental Claims and Indirect Environmental Claims | Impaired | Entitled to Vote |
| Class E4 | Convenience Claims | Impaired | Entitled to Vote |

11.    For the avoidance of doubt, the FCR is not entitled to vote on the Plan.  Based on the foregoing (and as discussed in greater detail herein), the Debtors are proposing to solicit votes to accept or reject the Plan from Holders of Claims in Classes B1, B2, B3, B4, C1, C2, C3, C4, D1, D2, D3, D4, E1, E2, E3, and E4 (collectively, the "Voting Classes").  The Debtors are **not** proposing to solicit votes from Holders of Claims and Interests in Classes A1, A2, A3, or A4 (each a "Non-Voting Class," and collectively, the "Non-Voting Classes").

12.     In addition, the Plan contains certain customary Debtor releases (as described more fully in Section III.O of the Disclosure Statement) for each of: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties, and (d) each Related Party of each Entity in clauses (a) through (c).

13.     The Disclosure Statement provides adequate information with respect to the Plan, ensuring that Holders of Claims entitled to vote on the Plan will receive information of a kind and in sufficient detail to make an informed judgment regarding acceptance or rejection of the Plan. The proposed schedule will move the Chapter 11 Cases forward in an expeditious manner, while providing for the procedural safeguards mandated under the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. The relief requested in this motion should be approved.

## Basis For Relief

**I.      The Court Should Approve the Disclosure Statement.**

**A.      The Standard for Approval of the Disclosure Statement.**

14.     Pursuant to section 1125 of the Bankruptcy Code, the proponent of a proposed chapter 11 plan must provide "adequate information" regarding that plan to holders of impaired claims and interests entitled to vote on the plan. 11 U.S.C. § 1125. Section 1125(a)(1) of the Bankruptcy Code provides, in relevant part, as follows:

> '[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan.

11 U.S.C. § 1125(a)(1).

15.     The primary purpose of a disclosure statement is to provide all material information that creditors and interest holders affected by a proposed plan need to make an informed decision regarding whether or not to vote for the plan.  Accordingly, a debtor's disclosure statement must provide information that is necessary to permit an informed judgment by impaired creditors who are entitled to vote on the plan.  *See, e.g.*, *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 321–22 (3d Cir. 2003) (providing that a disclosure statement must contain "adequate information to enable a creditor to make an informed judgment about the Plan") (internal quotations omitted); *Century Glove, Inc. v. First Am. Bank of N.Y.*, 860 F.2d 94, 100 (3d Cir. 1988) ("[Section] 1125 seeks to guarantee a minimum amount of information to the creditor asked for its vote."); *In re Monnier Bros.*, 755 F.2d 1336, 1342 (8th Cir. 1985) ("The primary purpose of a disclosure statement is to give the creditors the information they need to decide whether to accept the plan.").  The bottom-line requirement of a disclosure statement is that it must "provide 'adequate information' to enable 'impaired' classes of creditors and interest holders to make an informed judgment about the proposed plan and determine whether to vote in favor of or against that plan." *In re Phx. Petrol. Co.*, 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001). Congress intended that such informed judgments would be needed to both negotiate the terms of, and vote on, a chapter 11 plan.  *Century Glove, Inc.*, 860 F.2d at 100.

16.     "Adequate information" is a flexible standard, based on the facts and circumstances of each case.  11 U.S.C. § 1125(a)(1) ("'[A]dequate information' means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records . . . ."); *see Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("From the legislative history of § 1125 we discern that adequate information will be determined by the facts and circumstances of each

case."); *In re Lisanti Foods, Inc.*, 329 B.R. 491, 507 (Bankr. D.N.J. 2005) ("The information required will necessarily be governed by the circumstances of the case."); *Phx. Petrol.*, 278 B.R. at 393 ("The determination of what is adequate information is subjective[,] made on a case-by-case basis[,] . . . [and] is largely within the discretion of the bankruptcy court."); *In re River Vill. Assoc.*, 181 B.R. 795, 804 (E.D. Pa. 1995) ("[T]he Bankruptcy Court is thus given substantial discretion in considering the adequacy of a disclosure statement."); *First Am. Bank of N.Y. v. Century Glove, Inc.*, 81 B.R. 274, 279 (D. Del. 1988) (noting that adequacy of disclosure for a particular debtor will be determined based on how much information is available from outside sources); S. Rep. No. 95-989, at 121 (1978), reprinted in 1978 U.S.C.C.A.N. 5787, 5907 ("The information required will necessarily be governed by the circumstances of the case.").

17.    In making a determination as to whether a disclosure statement contains adequate information as required by section 1125 of the Bankruptcy Code, courts look for disclosures related to topics such as:

(a)    the events that led to the filing of a bankruptcy petition;

(b)    the relationship of the debtor with its affiliates;

(c)    a description of the available assets and their value;

(d)    the debtor's anticipated future performance;

(e)    the source of information stated in the disclosure statement;

(f)    the debtor's condition while in chapter 11;

(g)    claims asserted against the debtor;

(h)    the estimated return to creditors under a chapter 7 liquidation of the debtor;

(i)    the future management of the debtor;

(j)    the chapter 11 plan or a summary thereof;

(k)    financial information, valuations, and projections relevant to a creditor's decision to accept or reject the chapter 11 plan;

      (l)     information relevant to the risks posed to creditors under the plan;

      (m)     the actual or projected realizable value from recovery of preferential or otherwise avoidable transfers;

      (n)     litigation likely to arise in a nonbankruptcy context; and

      (o)     tax attributes of the debtor.

*See In re U.S. Brass Corp.*, 194 B.R. 420, 424–25 (Bankr. E.D. Tex. 1996); *see also In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 170–71 (Bankr. S.D. Ohio 1988) (listing the factors courts have considered in determining the adequacy of information provided in a disclosure statement); *In re Metrocraft Publ'g Serv., Inc.*, 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984) (same).  Disclosure regarding all topics is not necessary in every case.  *See U.S. Brass*, 194 B.R. at 424; *see also In re Lower Bucks Hosp.*, 488 B.R. 303, 317 (Bankr. E.D. Pa. 2013), *aff'd*, 571 F. App'x 139 (3d Cir. 2014) ("What constitutes 'adequate information' is determined on a case-by-case basis, with the ultimate determination within the discretion of the bankruptcy court."); *Phx. Petrol.*, 278 B.R. at 393 ("[C]ertain categories of information which may be necessary in one case may be omitted in another; no one list of categories will apply in every case.").

     **B.**     **The Disclosure Statement Contains Adequate Information in Accordance with Section 1125 of the Bankruptcy Code.**

     18.     The Disclosure Statement provides "adequate information" to Holders of Claims in the Voting Classes to make informed decisions about whether to vote to accept or reject the Plan. Specifically, the Disclosure Statement contains a number of categories of information that courts consider "adequate information," including, without limitation:

| Category | Description | Location in Disclosure Statement |
|---|---|---|
| Negotiations in the Chapter 11 Cases | A description of negotiation and settlement efforts during the pendency of the Chapter 11 Cases. | **Section VIII** |
| Key Components of the Plan | A summary of the key components of the Plan. | **Section IV** |

| Category | Description | Location in Disclosure Statement |
|---|---|---|
| Release Provisions | A description of the release, injunction, and exculpation provisions contained in the Plan. | **Section III.O** |
| Solicitation and Voting | A description of the procedures for soliciting votes to accept or reject the Plan and voting on the Plan. | **Section V** |
| Debtors' Corporate History, Structure, and Business Overview | An overview of the Debtors' corporate history, business operations, organizational structure, and capital structure. | **Section VI** |
| Events Leading to the Chapter 11 Filings | An overview of the litigation history that led the Debtors to seek to reorganize. | **Section VII** |
| Material Developments and Events of the Chapter 11 Cases | A summary of the material developments and events in the Chapter 11 Cases. | **Section VIII** |
| Risk Factors | Certain risks associated with the terms of the Restructuring Transactions in the Plan, as well as certain risks associated with forward-looking statements and an overall disclaimer as to the information provided by and set forth in the Disclosure Statement. | **Section IX** |
| Liquidation Analysis | An analysis of the liquidation value of the Debtors. | **Section X.K, Exhibit B** |
| Confirmation of the Plan | Confirmation procedures and statutory requirements for Confirmation and consummation of the Plan. | **Section X** |
| Certain United States Federal Income Tax Consequences of the Plan | A description of certain U.S. federal income tax law consequences of the Plan. | **Section XI** |
| Recommendation | A recommendation by the Debtors that Holders of Claims in the Voting Class should vote to accept the Plan. | **Section XII** |

19.     Based on the foregoing, the Disclosure Statement complies with all aspects of section 1125 of the Bankruptcy Code and addresses the information set forth above in a manner that provides adequate information to Holders of Claims entitled to vote on the Plan to make an informed judgment regarding whether to vote to accept or reject the Plan. Accordingly, the Disclosure Statement contains "adequate information" and therefore should be approved.

**C.     The Disclosure Statement Provides Sufficient Notice of the Injunction, Release, and Exculpation Provisions in the Plan.**

20.     Bankruptcy Rule 3016(c) requires that, if a plan provides for an injunction against conduct not otherwise enjoined under the Bankruptcy Code, the plan and disclosure statement must describe, in specific and conspicuous language, the acts to be enjoined and the entities subject to

13

the injunction.  Fed. R. Bankr. P. 3016(c).  Similarly, Bankruptcy Rule 2002(c) requires that such

disclosure be provided for in the notice of the hearing to consider confirmation of the chapter 11

plan.  *Id.* 2002(c).

21.    Article IX of the Plan describes in detail the parties subject to or providing a release

under the Plan, and the Claims and Causes of Action so released.  The language in Article IX of

the Plan is in bold, making it conspicuous to anyone who reads it.  Further, Section III.O of the

Disclosure Statement describes in detail the parties that are subject to or providing a release under

the Plan and the Claims and Causes of Action that are so released, and the parties entitled to

exculpation under the Plan, also in conspicuous, bold typeface.  Finally, the Ballots and the

Confirmation Hearing Notice describe in detail and in conspicuous, bold typeface the parties that

are subject to or providing a release under the Plan and the Claims and Causes of Action that are

so released under the Plan.  Accordingly, the Disclosure Statement complies with Bankruptcy

Rule 3016(c) by conspicuously describing the conduct and parties enjoined, released, channeled,

or exculpated by the Plan, and the Confirmation Hearing Notice complies with Bankruptcy

Rule 2002(c) by conspicuously describing the nature and entities subject to the Plan's release

provisions.

**D.    The Disclosure Statement Provides for Sufficient Notice of the Convenience
Claim Election.**

22.    The Plan provides treatment for Convenience Claims for Holders of General

Unsecured Claims, Tort Claims, or Environmental Claims that (a) hold Claims greater than a

minimum Distribution threshold ($100) but less than the Convenience Claim Threshold, or

(b) irrevocably elect on their applicable Ballot to have their Claims reduced to the Convenience

Claim Threshold and treated as Convenience Claims (the "Convenience Claim Election").  As set

forth in the Plan and described in the Disclosure Statement, the Plan provides that Holders of

Allowed Convenience Claims will receive a set percentage recovery on account of such Convenience Claim and those Holders of General Unsecured Claims, Environmental Claims, or Tort Claims, as applicable, who make the Convenience Claim Election will be treated as a Class B4, C4, D4, or E4 Convenience Claim.  Holders making the Convenience Claim Election will not be entitled to additional distributions on their General Unsecured Claims, Environmental Claims, or Tort Claims, and may not revoke their Convenience Claim Election.

## II.    The Court Should Approve the Solicitation and Voting Procedures, Including the Voting and Tabulation Procedures, the Solicitation Packages, and the Timeline for Soliciting Votes on the Plan.[4]

### A.    The Standard for Approval of Voting and Tabulation Procedures.

23.    Section 1126(c) of the Bankruptcy Code provides that:

> A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under section (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected the plan.

11 U.S.C. § 1126(c).

24.    Further, Bankruptcy Rule 3018(c) provides, in part, that "[a]n acceptance or rejection [of a plan] shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent and conform to the appropriate Official Form."  Fed. R. Bankr. P. 3018(c).  Consistent with these requirements, the Debtors

---

[4]    The description of the Solicitation Procedures set forth herein is intended only as a summary.  Nothing in this summary description modifies the Solicitation Procedures, and reference should only be made to the Solicitation Procedures themselves for the precise terms thereof, which terms control in the event of any inconsistency between the summary included herein and the Solicitation Procedures.

propose to use the Solicitation and Voting Procedures, which procedures include specific voting and tabulation requirements and processes, as follows.

**B.      The Completion of Ballots.**

25.      To facilitate the process of tabulating all votes received, the Debtors propose that a Ballot be counted in determining the acceptance or rejection of the Plan only if it satisfies certain criteria (the "Voting and Tabulation Procedures").   Specifically, the Voting and Tabulation Procedures provide that the Debtors may not count a Ballot if it is, among other things, filed after the Voting Deadline, illegible, submitted by or on behalf of a Holder of a Claim or an Interest that is not entitled to vote on the Plan, unsigned, or not clearly marked.   For the avoidance of doubt, the Voting and Tabulation Procedures specify that Holders of Tort Claims who neither filed a Tort Proof of Claim nor are listed on the Debtors' Schedules are not entitled to vote on the Plan (absent authorization otherwise provided by the Court).   Further, the Voting and Tabulation Procedures reiterate that the FCR is not entitled to vote on the Plan.   The Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the Voting Deadline, and any such waivers shall be documented in the Voting Report.   Additionally, as required by Local Rule 3018-1(c), the Notice and Claims Agent will retain all paper copies of Ballots and all solicitation-related correspondence for two years following the Effective Date, whereupon the Notice and Claims Agent may destroy and/or otherwise dispose of such materials.

**C.      Ballot Tabulation and Voting Procedures.**

26.      The proposed Voting and Tabulation Procedures set forth specific criteria with respect to the general tabulation of Ballots and voting procedures applicable to Holders of Claims entitled to vote on the Plan.   The Debtors believe that the proposed Voting and Tabulation Procedures will facilitate the Plan confirmation process.   Specifically, the procedures set forth

16

which Holders of Claims are entitled to vote and their Claim amounts for voting purposes, clarify

any obligations of Holders of Claims entitled to vote to accept or reject the Plan, and create a

straightforward process by which the Debtors can determine whether they have satisfied the

requirements of section 1126(c) of the Bankruptcy Code.  The Voting and Tabulation Procedures

are in the best interests of the Debtors' Estates, Holders of Claims and Interests, and other parties

in interest, and good cause supports the relief requested herein.

### D.    The Court Should Approve the Forms of the Ballots.

27.    In accordance with Bankruptcy Rule 3018(c), the Debtors have prepared and

customized the Ballots, and all votes to accept or reject the Plan must be cast by using an

appropriate Ballot.  Although based on Official Form B 314, the Ballots have been modified to

(a) address the particular circumstances of these Chapter 11 Cases and (b) include certain

additional information that is relevant and appropriate for Claims in the Voting Classes.

28.    Specifically, the Debtors have prepared a specialized form of Ballot (and a

corresponding Master Ballot), comparable to those used in mass tort-related chapter 11 cases, for

the Holders of Tort Claims.  The Debtors propose to distribute (a) a Master Ballot and Solicitation

Directive to attorneys known to represent four or more Holders of Tort Claims seeking to tabulate

votes from Holders of Tort Claims and (b) a Claim Holder Ballot to all known Holders of Tort

Claims not represented by an attorney described in subsection (a) of this paragraph or who are

voting directly on the Plan pursuant to their attorney's instructions via a completed Solicitation

Directive.[5]  The Debtors have also prepared specialized forms of Ballots for the Holders of General

---

[5]    In addition, the Debtor, through the Solicitation Agent, proposes to set up an online portal accessible on the
Debtors' restructuring website at https://cases.stretto.com/whittaker where claimants can access a Claim Holder
Ballot.  Instructions on how to utilize this portal are contained in the Confirmation Hearing Notice and Solicitation
Procedures.

Unsecured Claims, Environmental Claims, and Indirect Environmental Claims and propose to distribute such Claim Holder Ballots to Holders of General Unsecured Claims, Environmental Claims, and Indirect Environmental Claims to vote directly on the Plan.  The proposed Ballots are annexed as Exhibits 4(a) through 4(p), and 5 to the Order.  The forms of the Ballots comply with Bankruptcy Rule 3018(c) and should be approved.

29.     The Ballots will be distributed to Holders of General Unsecured Claims, Holders of Environmental Claims, and Holders of Indirect Environmental Claims, attorneys of Holders of Tort Claims in accordance with the Solicitation Procedures, or directly to Holders of Tort Claims who are either unrepresented by such attorneys or are represented, but such attorney has indicated that the relevant Holder of a Tort Claim must be solicited directly through a Solicitation Directive, as further discussed below.  The Ballots allow for attorneys of Holders of Tort Claims to submit ballots on behalf of their clients so long as they provide a power of attorney or other supporting documentation demonstrating the authority to vote on their client's behalf if requested by the Solicitation Agent.  Each Ballot also contains detailed instructions on how to complete it and how to make any applicable elections contained therein.  Accordingly, the Debtors submit that the proposed forms of Ballots substantially comply with Bankruptcy Rule 3018(c), while taking into account the particular circumstances of these Chapter 11 Cases, and should be approved.

**E.     The Court Should Approve the Form and Distribution of the Solicitation Packages and Cover Letter to Parties Entitled to Vote on the Plan.**

30.     Bankruptcy Rule 3017(d) specifies the materials to be distributed to holders of allowed claims upon approval of a disclosure statement, including the court-approved plan and disclosure statement and notice of the time within which acceptances and rejections of the plan may be filed or otherwise submitted.  Fed. R. Bankr. P. 3017(d).

31.    In accordance with this requirement, the Debtors propose to distribute the Solicitation Packages to provide Holders of Claims in the Voting Classes with the information they need to be able to make informed decisions with respect to how to vote on the Plan. Specifically, on or before the Solicitation Deadline, the Debtors will cause (a) complete Solicitation Packages to be distributed to Holders of Claims in the Voting Classes and the U.S. Trustee and (b) the Order (in electronic format) and the Confirmation Hearing Notice to be distributed to all parties on the 2002 List (as defined below) as of the Voting Record Date.  Each Solicitation Package will include the following materials:

a.    a copy of the Solicitation and Voting Procedures;

b.    the Cover Letter, in substantially the form annexed as Exhibit 6 to the Order;

c.    the approved Disclosure Statement (with all exhibits, including the Plan with its exhibits);

d.    the Order (without exhibits, except the Solicitation and Voting Procedures, as set forth above);

e.    the Confirmation Hearing Notice, in substantially the same form annexed as Exhibit 10 to the Order;

f.    solely to the attorneys who represent four (4) or more Holders of Tort Claims, a Solicitation Directive, a Master Ballot, and voting instructions;

g.    an appropriate Ballot, together with detailed voting instructions with respect thereto and a pre-addressed, postage prepaid return envelope (as applicable); and

h.    such other materials as the Court may direct.

32.    The Debtors request authorization to distribute one copy of each of the Plan, the Disclosure Statement, and the Order (without exhibits, except for the Solicitation and Voting Procedures) in electronic format (i.e., USB drive) to Holders of Claims in the Voting Classes. Only the Ballots, the Cover Letter, and the Confirmation Hearing Notice will be provided in paper format.  Distribution in this manner will translate into significant monetary savings for the Debtors'

Estates (the Plan, the Disclosure Statement, and the proposed Order collectively total hundreds of pages) by reducing printing and postage costs.  Bankruptcy courts have permitted debtors to transmit solicitation documents in electronic format in other large chapter 11 cases in the interest of saving printing and mailing costs.  *See, e.g.*, *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D.N.J. Apr. 29, 2024) (authorizing the debtors to distribute solicitation packages in electronic format by e-mail); *In re Rite Aid Corp.*, No. 23-18993 (MBK) (Bankr. D.N.J. Mar. 28, 2024) (same); *In re Cyxtera Techs., Inc.*, No. 23-14853 (JKS) (Bankr. D.N.J. Sept. 26, 2023) (same); *In re Bed Bath & Beyond Inc., et al.,* No. 23-13359 (VFP) (Bankr. D.N.J. Aug. 2, 2023) (same); *In re BlockFi Inc.,* No. 22-19361 (MBK) (Bankr. D.N.J. Aug. 2, 2023) (same).  Further, all documents will be available in print on request to the Solicitation Agent, which parties will be made aware of in the Confirmation Hearing Notice, and electronically, free of charge, at the Debtors' restructuring website:  https://cases.stretto.com/whittaker/.

33.  Notwithstanding the foregoing, the Debtors will distribute the entire Solicitation Package in paper format to Holders of Tort Claims who receive the Solicitation Package directly from the Solicitation Agent because (a) such Holder is not represented by counsel or (b) pursuant to a Solicitation Directive, such Holder's counsel requests that the Holder of the Tort Claim be sent the Solicitation Package by the Solicitation Agent.  Distribution in this manner ensures that the Holders of Tort Claims who receive the Solicitation Package from the Solicitation Agent can readily access the Solicitation Materials.

34.  In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors request authorization to accept Ballots via electronic, online transmissions through a customized online balloting portal on the Debtors' case website.  Parties entitled to vote online may cast an electronic Ballot and electronically sign and submit a Ballot

instantly by utilizing the online balloting portal (which allows a holder to submit an electronic signature). Instructions for electronic, online transmission of Ballots are set forth on the forms of Ballots. The encrypted Ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner, and the creditor's electronic signature will be deemed to be immediately legally valid and effective. Ballots submitted via the customized online balloting portal shall be deemed to contain an original signature.

35. Additionally, the Debtors will provide complete Solicitation Packages (excluding the Ballots), to all parties required to be notified pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 2002-1 (the "2002 List") as of the Voting Record Date. Any party that receives the materials in electronic format but would prefer paper format may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense). The Debtors will not mail Solicitation Packages or other solicitation materials to Holders of Claims that have already been paid in full during these Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court.

36. Further, the Debtors request that Stretto, Inc., the Solicitation Agent, be authorized (to the extent not authorized by another order of the Court) to assist the Debtors in (a) distributing the Solicitation Packages, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims against and Interests in the Debtors, (c) responding to inquiries from Holders of Claims, Holders of Interests, and other parties in interest relating to the Disclosure Statement, the Plan, the Solicitation Packages (including the Ballots), and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if

necessary, contacting creditors or Holders of Interests regarding the Plan.  The Solicitation and

Voting Procedures and the authorization of the Solicitation Agent's assistance therewith comply

with Bankruptcy Rule 3018(c) and should be approved.

> **F.  Distribution of Solicitation Packages to Attorneys Representing Holders of Tort Claims and the Solicitation Directive Is Appropriate and Should Be Approved.**

37.    The Debtors will cause the Solicitation Agent to distribute a single Solicitation

Package containing a Master Ballot to each attorney or law firm known by the Debtors to represent

at least four (4) individuals who may hold Tort Claims (each, a "<u>Firm</u>").  The Solicitation Package

sent to such Firm will include a Solicitation Directive by which each Firm will be instructed to

affirmatively indicate its preferred solicitation method of its clients who are Holders of Tort Claims

(each, a "<u>Client</u>"):

> a.    <u>No Solicitation Required</u>.  The Firm does not represent Clients with Claims against the Debtors and instructs the Solicitation Agent to remove the Firm from further service or distribution lists.
>
> b.    <u>Master Ballot Solicitation Method</u>.  In lieu of the Solicitation Agent soliciting votes from each of the Firm's Clients directly, the Firm will record the votes to accept or reject the Plan for each of its Clients on a single Master Ballot and submit the Master Ballot to the Solicitation Agent.  A Firm electing the Master Ballot Solicitation Method must either (i) provide the Disclosure Statement, via instructions detailing how to access electronic versions or in hard copy or electronic format, to its Clients, or (ii) request that, for informational purposes, the Solicitation Agent serve Solicitation Packages (without Ballots) on its Clients.
>
> c.    <u>Direct Solicitation Method</u>.  A Firm electing the Direct Solicitation Method will direct the Solicitation Agent to send Solicitation Packages (including Ballots) directly to each of its Clients at the address identified in the Client List (or, if no address is identified, the address listed on the applicable Proof of Claim or in the Schedules).  The Firm certifies that it does not have the authority to vote to accept or reject the Plan on behalf of its Clients, it has such authority but does not intend to exercise it, and/or it has less than four (4) Clients.  If a Firm does not submit a Solicitation Directive, the Solicitation Agent will provide service to its Clients via the Direct Solicitation Method; *provided* that if multiple Solicitation Packages are to be sent to a Firm on behalf of its Clients via the Direct Solicitation Method,

then the Solicitation Agent shall send a single copy of the full Solicitation Package and individualized ballots for each such client; *provided, further*, that the Debtors will reimburse such Firm for the actual postage and printing costs of any additional Solicitation Packages incurred by Firm, so long as the Firm seeking reimbursement submits reasonable evidence of postage and printing expenses incurred.

d.  <u>Mixed Solicitation Method</u>.  A Firm electing the Mixed Solicitation Method will record the votes to accept or reject the Plan for certain of its Clients and on a single Master Ballot and submit the Master Ballot to the Solicitation Agent as well as direct the Solicitation Agent to send Solicitation Packages (including Ballots) directly to each of its Clients at the address identified in the Client List (or, if no address is identified, the address listed on the applicable Proof of Claim or in the Schedules).  The Firm must still either (i) provide the Disclosure Statement, via instructions detailing how to access electronic versions or in hard copy or electronic format, to its Clients, or (ii) request that, for informational purposes, the Solicitation Agent serve Solicitation Packages (without Ballots) on its Clients who will vote via the Master Ballot.

In any event, a Firm receiving a Solicitation Package must submit a Solicitation Directive via the Attorney Portal within five (5) Business Days of receipt of the Solicitation Package.

38.     To ensure that a Firm has the requisite authority to collect and record the votes from Clients via a Master Ballot, the Firm must certify on the Solicitation Directive that (i) the Firm will collect and record the votes from Clients through customary and accepted practices, or that it has obtained (or will obtain) authority to procedurally cast each Client's vote or (ii) it has the authority under applicable law to vote to accept or reject the Plan on behalf of its Clients.  A Firm may request that their Clients receive Solicitation Packages for informational purposes (without a Ballot) and must provide to the Solicitation Agent such Clients' name and address through the Attorney Portal (as defined below), within five (5) Business Days of receiving the Solicitation Package.

39.     If a Firm who receives a Solicitation Package either (a) is unable to certify that such Firm has the authority to vote on the Plan on behalf of its Clients or (b) wishes any of its Clients cast his or her own Ballot on the Plan, the Firm shall provide the Solicitation Agent with a list

setting forth the name and address for each such Holder within five (5) Business Days of receiving the Solicitation Package; *provided* that such information must be provided in electronic format through the Solicitation Agent's attorney portal, which can be accessed by clicking the "E-Ballot" link at https://cases.stretto.com/whittaker/ and navigating to the "Submit Master Ballot" section (the "<u>Attorney Portal</u>").  A Firm may also choose to transmit Solicitation Packages to their Clients directly by furnishing a request to the Solicitation Agent for a specified amount of Solicitation Packages and applicable Claim Holder Ballots and providing its Clients' names and addresses through the Attorney Portal.  The Solicitation Agent will use commercially reasonable efforts to provide the Claim Holder Ballots for Holders of Tort Claims within five (5) Business Days after receipt of such request (or as soon as reasonably practicable thereafter).  If a Firm does not submit a Solicitation Directive, the Solicitation Agent will provide service to its Clients via the Direct Solicitation Method; *provided* that if multiple Solicitation Packages are to be sent to a Firm on behalf of its Clients via the Direct Solicitation Method, then the Solicitation Agent shall send a single copy of the full Solicitation Package and individualized ballots for each such client; *provided*, *further*, that the Debtors will reimburse such Firm for the actual postage and printing costs of any additional Solicitation Packages incurred by Firm, so long as the Firm seeking reimbursement submits reasonable evidence of postage expenses incurred.

40.    Providing Solicitation Packages to attorneys for Holders of Tort Claims reflects how most mass tort claims are asserted.  Often, an attorney has authority under applicable bankruptcy or nonbankruptcy law to make, and does make, numerous decisions for his or her client in respect of such claim, such as whether and how to vote on a chapter 11 plan.  The noticing of Holders of Tort Claims through the Firms and soliciting votes on the Plan through such Firms have been implemented in some asbestos and other mass tort chapter 11 cases.  *See, e.g.*, *In re Boy*

*Scouts of Am. and Del. BSA, LLC*, No. 20-10343 (LSS) (Bankr. D. Del. Sept. 30, 2021) [Docket

No. 6438] (permitting noticing of mass tort claimants on counsel to such claimants); *In re Imerys*

*Talc Am., Inc.*, No. 19-10289 (LSS) (Bankr. D. Del. Jan. 27, 2021) [Docket No. 2863] (same);

*In re Kaiser Gypsum Co., Inc*., No. 16-31602 (JCW) (Bankr. W.D.N.C. Oct. 23, 2019) [Docket

No. 1875].[6]   Providing Solicitation Packages directly to the Firms is consistent with general

practice and providing hundreds of Solicitation Packages to Holders of Tort Claims represented

by counsel is likely to substantially increase the cost of solicitation at the expense of the Tort

Claimants.   The Debtors believe that distribution of Solicitation Packages to Firms and the

Solicitation Directive as well as the other mechanisms contained in the Solicitation Procedures

adequately protect the interests of Holders of Tort Claims and should be approved under the

circumstances of these Chapter 11 Cases.

### G.      Tort Claims Should Be Temporarily Allowed Solely for Voting Purposes.

41.      The Debtors propose to temporarily allow Tort Claims for the limited purpose of

voting on the Plan.   To have his or her vote counted, the Holder of a Tort Claim, or his or her

attorney, will be required to certify, on information and belief, that the applicable Holder has a

Tort Claim as of the Voting Record Date (*i.e.*, December 9, 2024, at 4:00 p.m. (prevailing Eastern

Time)).

42.      Generally, only holders of claims allowed under section 502 of the Bankruptcy

Code are entitled to vote to accept or reject a chapter 11 plan.   *See* 11 U.S.C. § 1126(a) ("The

holder of a claim or interest allowed under section 502 of this title may accept or reject a plan.").

---

[6]      *See also In re Maremont Corp.*, No. 19-10118 (KJC) (Bankr. D. Del. Jan. 23, 2019) [Docket No. 30] (permitting
noticing of asbestos personal injury claimants on counsel to such claimants); *In re Oakfabco, Inc.*, No. 15-27062
(JBS) (Bankr. N.D. Ill. Jan. 15, 2019) [Docket No. 771] (same); *In re Duro Dyne Nat'l Corp.*, No. 18-27963
(MBK) (Bankr. D.N.J. Nov. 20, 2018) [Docket No. 287] (same); *In re Geo. V. Hamilton, Inc.*, No. 15-23704
(GLT) (Bankr. W.D. Pa. Jan. 12, 2018) [Docket No. 1612] (same); *In re Yarway Corp.*, No. 13-11025 (BLS)
(Bankr. D. Del. Jan. 27, 2015) [Docket No. 756] (same).

The following claims are not allowed claims under section 502(a) of the Bankruptcy Code, those
that are:  (a) listed on the Schedules as contingent, unliquidated, or disputed; (b) specified in Proofs
of Claim in an unliquidated or zero-dollar amount or as contingent or disputed; or (c) the subject
of pending objections.  However, Bankruptcy Rule 3018(a) provides that the "court after notice
and hearing may temporarily allow [any] claim or interest in an amount which the court deems
proper for the purpose of accepting or rejecting a plan."

43.    The Debtors propose that, with respect to Tort Claims, solely for the purpose of
voting, for which a Proof of Claim has been filed by the Voting Record Date or a Claim has been
listed on the Schedules, such Tort Claim, will be accorded one (1) vote and valued at one dollar
($1.00) for voting purposes only, and not for purposes of allowance or distribution;[7] *provided* that
if any party in interest with appropriate standing (including the Debtors) has filed an objection to
a Tort Claim on or before February 24, 2025, at 4:00 p.m. (prevailing Eastern Time) (such claim,
a "Disputed Claim"), such Disputed Claim be temporarily disallowed for voting purposes, except
as otherwise ordered by the Court prior to or concurrent with entry of an order confirming the Plan,
including pursuant to an order on any Rule 3018 Motion (as defined herein) filed regarding such
Tort Claim; *provided*, *further*, that if the objection seeks to reclassify or reduce the Allowed

---

[7]    *See, e.g.*, *In re Boy Scouts of Am.and Del. BSA, LLC*, No. 20-10343 (LSS) (Bankr. D. Del. Sept. 30, 2021) [Docket
No. 6438] (temporarily allowing claims for voting purposes only); *In re Imerys Talc Am., Inc.*, No. 19-10289
(LSS) (Bankr. D. Del. Jan. 27, 2021) [Docket No. 2863] (temporarily allowing mass tort personal injury claims
for voting purposes only); *In re Quigley Co.*, 346 B.R. 647, 654 (Bankr. S.D.N.Y. 2006) (estimating asbestos
personal injury claims for voting purposes using the values contained in asbestos trust distribution procedures is
appropriate because this approach "weigh[s] each vote based on the nature and impairment of each claimant's
injury . . . more accurately aligns the voting strength with the ultimate claim value . . . and prevents the holders
of relatively small claims from disenfranchising the more severely impaired who hold larger claims."); *In re Oakfabco, Inc.*, No. 15-27062 (JBS) (Bankr. N.D. Ill. Jan. 15, 2019) [Docket No. 771] (temporarily allowing
asbestos personal injury claims for voting purposes only); *In re Duro Dyne Nat'l Corp.*, No. 18-27963 (MBK)
(Bankr. D.N.J. Nov. 20, 2018) [Docket No. 287] (same); *In re OldCo, LLC, Successor by Merger to Coltec Indus.,
Inc.*, No. 17-30140 (JCW) (Bankr. W.D.N.C. Feb. 3, 2017) [Docket No. 51] (same); *In re Yarway Corp.*, No. 13-11025 (BLS) (Bankr. D. Del. Jan. 27, 2015) [Docket No. 756] (same); *In re Specialty Prods. Holding Corp.*, No.
10-11780 (PJW) (Bankr. D. Del. Oct. 21, 2014) [Docket No. 5112] (same); *In re Geo V. Hamilton, Inc.*, No. 15-23704 (GLT) (Bankr. W.D. Pa. Jan. 12, 2018) [Docket No. 612] (same).

amount of such Tort Claim, then such Tort Claim is temporarily Allowed for voting purposes in the reduced amount and/or as reclassified, except as may be otherwise ordered by the Court prior to or concurrent with entry of an order confirming the Plan.  Objections to Tort Claims, unless such objection is ruled upon, will have the effect of temporarily disallowing such Claims for voting purposes only, and not for purposes of allowance or distribution.

44.     Temporary allowance of claims based upon fixed values for voting purposes only, which values will not be binding on any claimant, the Debtors, the other Released Parties, or any other party for any purpose other than voting, will eliminate the need to make any individual determination (whether by estimation or otherwise) regarding Tort Claims.  Temporary allowance of Tort Claims for voting purposes is fair and reasonable given the unique circumstances of these Chapter 11 Cases.  Substantially all of the Tort Claims are contingent, unliquidated, and disputed. It would be time-consuming and impractical to hold hearings to estimate the value of each Tort Claim for purposes of voting.  Further, holding estimation hearings for Tort Claims would delay administration of this case and the ultimate distribution of funds by the Tort Claims Trust to Holders of Tort Claims.  The proposed temporary allowance of Tort Claims for voting purposes addresses these issues in a way that adequately considers the particular circumstances of these Chapter 11 Cases and is consistent with similar mass tort chapter 11 cases.  The Debtors believe that the temporary allowance of Tort Claims for voting purposes is appropriate and should be approved.

**H.     The Court Should Approve the Notice of Confirmation Hearing.**

45.     The Confirmation Hearing Notice will include the following:  (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Order, and all other materials in the Solicitation Package (excluding Ballots) from the Solicitation Agent and/or the Court's website via PACER; (b) notice of the Voting Deadline;

(c) notice of the date by which the Debtors will file the Plan Supplement; (d) notice of the Plan

Objection Deadline; (e) notice of the Confirmation Hearing Date and information related thereto;

and (f) as described above, notice of the Plan's release provisions and the effect thereof.

46.    Bankruptcy Rule 2002(*l*) permits the Court to "order notice by publication if it finds

that notice by mail is impracticable or that it is desirable to supplement the notice." Fed R. Bankr.

P. 2002(l).  Therefore, in addition to the foregoing distribution of the Confirmation Hearing Notice,

the Debtors will publish the Publication Notice on the Publication Deadline, or as soon as

reasonably practicable thereafter, on one occasion each in *The New York Times* (national edition),

the *Wall Street Journal*, and any other such publications the Debtors deem appropriate, on or as

soon as reasonably practicable after the Publication Deadline.

47.    The Publication Notice will provide sufficient notice of, among other things, the

entry of the Order, the Voting Deadline, the Plan Objection Deadline, and the Confirmation

Hearing to parties who did not otherwise receive notice thereof by mail.  Additionally, service and

publication of the Confirmation Hearing Notice complies with the requirements of Bankruptcy

Rule 2002 and should be approved.

**I.      The Court Should Approve the Plan Supplement Notice.**

48.    The Plan defines "Plan Supplement" to mean the compilation of documents and

forms of documents, agreements, schedules, and exhibits to the Plan (in each case, as may be

altered, amended, modified, or supplemented from time to time in accordance with the terms

hereof, and consistent with the Bankruptcy Code and Bankruptcy Rules) to be Filed by the Debtors

no later than seven days before the deadline set by the Order to object to the Plan or such later date

as may be approved by the Bankruptcy Court on notice to parties in interest in these Chapter 11

Cases.  The Debtors shall have the right to alter, amend, modify, or supplement the documents

contained in the Plan Supplement through and up to the Effective Date as set forth in the Plan.

49.      To ensure that all Holders of Claims and Interests receive notice of the Debtors'

filing of the Plan Supplement, the Debtors propose to send the Plan Supplement Notice on the date

the Debtors file the Plan Supplement, or as soon as practicable thereafter.  Accordingly, the Plan

Supplement Notice should be approved.

**J.      The Court Should Approve the Form of Notices to Non-Voting Classes.**

50.      As discussed above, the Non-Voting Classes are ***not*** entitled to vote on the Plan.

As a result, they will ***not*** receive Solicitation Packages; instead, the Debtors propose that such

parties receive a Non-Voting Status Notice.  Specifically, in lieu of the Solicitation Package, the

Debtors propose to provide the following to Holders of Claims and Interests in Non-Voting

Classes:

| Classes | Claims and Interests | Status |
|---------|---------------------|--------|
| A1 | Unimpaired— Not Entitled to Vote (Presumed to Accept) | Holders will receive a notice, substantially in the form attached to the Order as Exhibit 7, in lieu of a Solicitation Package. |
| A2, | Unimpaired / Impaired—Deemed to Reject – Not Entitled to Vote (Presumed to Accept / Deemed to Reject) | Holders will not receive any materials on account of Class A2 Debtor Intercompany Claims. |
| A3, A4 | Impaired – Not Entitled to Vote (Deemed to Reject) | Holders will receive a notice, substantially in the form attached to the Order as Exhibit 8, in lieu of a Solicitation Package. |
| N/A | Disputed Claims | Holders of Claims that are subject to a pending objection by the Debtors, if any, are not entitled to vote the disputed portion of their Claim.  As such, Holders of such Claims will receive a notice, substantially in the form attached to the Order as Exhibit 9 (which notice shall be served together with such objection). |

51.      Further the Debtors will not provide Holders of Class A2 Debtor Intercompany

Claims with a Solicitation Package or any other type of notice in connection with Solicitation.

Intercompany Claims will either be Reinstated, converted to equity, otherwise set off, settled,

distributed, contributed, canceled, or released.  Thus, Holders of Debtor Intercompany Claims will

not be entitled to vote to accept or reject the Plan.  Nevertheless, the Debtors are requesting a waiver from any requirement to serve such Holders.

52.     Each of the Non-Voting Status Notices will include, among other things: (a) instructions as to how to view or obtain copies of the Disclosure Statement (including the Plan and the other exhibits thereto), the Order, and all other materials in the Solicitation Package (excluding Ballots) from the Solicitation Agent's website free of charge and/or the Court's website via PACER; (b) a disclosure regarding the settlement, release, exculpation, and injunction language set forth in Article IX of the Plan; (c) notice of the Plan Objection Deadline; (d) the Confirmation Hearing Notice; and (e) information related thereto.

53.     The Debtors believe that the mailing of Non-Voting Status Notices in lieu of Solicitation Packages satisfies the requirements of Bankruptcy Rule 3017(d).  Accordingly, unless the Court orders otherwise, the Debtors do not intend to distribute Solicitation Packages to Holders of Claims or Interests in the Non-Voting Classes.

54.     The Debtors further request that they not be required to mail Solicitation Packages, Non-Voting Status Notices, or other solicitation materials to:  (a) Holders of Claims that have already been paid in full during the Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; (b) any party to whom a notice of the hearing regarding the Court's approval of the Disclosure Statement (the "Disclosure Statement Hearing Notice") was sent but was subsequently returned as undeliverable; or (c) holders of Class A2 Debtor Intercompany Claims.

### K.     The Court Should Approve the Voting Record Date.

55.     Bankruptcy Rule 3017(d) provides that, for the purposes of soliciting votes in connection with the confirmation of a plan, "creditors and equity security holders shall include holders of stocks, bonds, debentures, notes, and other securities of record on the date the order

30

approving the disclosure statement is entered or another date fixed by the court, for cause, after notice and a hearing." Fed. R. Bankr. P. 3017(d). Bankruptcy Rule 3018(a) contains a similar provision regarding determination of the record date for voting purposes. *See* Fed. R. Bankr. P. 3018(a). Additionally, Bankruptcy Rule 3017(c) provides that before approving the disclosure statement, the Court must fix a time within which the holders of claims and interests may accept or reject a plan and may fix a date for the hearing on confirmation of a plan. *See* Fed. R. Bankr. P. 3017(c).

56. The Debtors request that the Court exercise its authority under Bankruptcy Rules 3017(c), 3017(d), and 3018(a) to establish, subject to the Court's availability, (i) December 9, 2024, as the Voting Record Date; (ii) December 26, 2024 (or as soon as reasonably practicable thereafter), as the Solicitation Deadline; and (iii) no less than seven days prior to the Confirmation Hearing at 4:00 p.m., prevailing Eastern Time, as the Voting Deadline. Moreover, the Debtors propose that, with respect to any transferred Claim or Interest, the transferee shall be entitled to receive a Solicitation Package and, if the holder of such Claim or Interest is entitled to vote with respect to the Plan, cast a Ballot on account of such Claim or Interest *only if*: (a) all actions necessary to effectuate the transfer of the Claim or Interest pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date; or (b) the transferee files by the Voting Record Date (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim or Interest is transferred after the Voting Record Date, the transferee of such Claim or Interest shall be bound by any vote on the Plan made by the Holder of such Claim or Interest as of the Voting Record Date.

57.    The Debtors request that, after distribution of Solicitation Packages to Holders of Claims entitled to vote on the Plan by the Solicitation Deadline, the Court require that all Holders of Claims entitled to vote on the Plan and Firms submitting a Master Ballot on behalf of their Clients, complete, execute, and return their respective Ballots (in accordance with the instructions on the Ballots) so that they are ***actually received*** by the Solicitation Agent on or before the Voting Deadline, which the Debtors have requested the Court establish as February 24, 2025, at 4:00 p.m., prevailing Eastern Time.

58.    The foregoing Plan Confirmation Schedule provides Holders of Claims entitled to vote on the Plan or their counsel sufficient time (approximately sixty days) within which to review the Solicitation Package and to vote on the Plan.  The foregoing timing and materials will afford Holders of Claims entitled to vote on the Plan sufficient time to review and analyze such materials and subsequently make an informed decision as to whether to vote to accept or reject the Plan before the Voting Deadline, consistent with the requirements of the applicable Bankruptcy Rules. *See* Fed. R. Bankr. P. 3017(d) (after approval of a disclosure statement, the debtor must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of such plan may be filed, and any other information that the court may direct to certain holders of claims).[8]  Further, the timing is sufficient given the Master Ballot and ability for certain attorneys (as described above) to complete the Master Ballot on behalf of multiple Holders of Tort Claims entitled to vote on the Plan.  The Voting Record Date and Voting Deadline comply with Bankruptcy Rule 3017(d) and, therefore, should be approved.

---

[8]    *See, e.g.*, *In re Imerys Talc Am., Inc.*, No. 19-10289 (LSS) (Bankr. D. Del. Jan. 27, 2021) [Docket No. 2863] (mass tort case approving 52-day solicitation period); *In re Oakfabco, Inc.*, No. 15-27062 (JBS) (Bankr. N.D. Ill. Jan. 15, 2019) [Docket No. 771] (asbestos-related case approving 42-day solicitation period); *In re Yarway Corp.*, No. 13-11025 (BLS) (Bankr. D. Del. Jan. 27, 2015) [Docket No. 756] (asbestos-related case approving 46-day solicitation period.

III.    **The Court Should Approve the Procedures for Filing Objections to Confirmation of the Plan.**

59.    Section 1128 of the Bankruptcy Code provides that "[a]fter notice, the court shall hold a hearing on confirmation of a plan" and provides that parties-in-interest can object to confirmation.  11 U.S.C. § 1128.  Bankruptcy Rule 2002(b) requires that parties be given at least twenty-eight (28) days' notice of the time fixed for filing objections and for the hearing to consider confirmation of a chapter 11 plan.  *See* Fed. R. Bankr. P. 2002(b).  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  Fed. R. Bankr. P. 3020(b)(1).  The Debtors request that the Court establish February 24, 2025, at 4:00 p.m., prevailing Eastern Time, as the Plan Objection Deadline.  The Debtors believe that the Plan Objection Deadline, which is sixty days following the Publication Deadline, provides all parties in interest reasonable time to object to Confirmation of the Plan and otherwise satisfies the requirements of Bankruptcy Rule 2002(b).

60.    The Debtors request that the Court direct the manner in which parties in interest may object to Confirmation of the Plan.  Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  Fed. R. Bankr. P. 3020(b)(1).  The Confirmation Hearing Notice will require that objections to Confirmation of the Plan or requests for modifications to the Plan, if any, must:

    (a)    be in writing;

    (b)    conform to the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court;

    (c)    state, with particularity, the legal and factual bases for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and

    (d)    be filed with the Court on or before the Plan Objection Deadline.

61.    The Debtors also request that they (and other parties in support of the Plan, including the Settlement Parties) be permitted to file a reply to any objections to Confirmation of the Plan and a memorandum in support of Confirmation before the Confirmation Hearing Date. Moreover, the Confirmation Hearing and any other Plan Confirmation Schedule dates may be adjourned or continued from time to time by the Court or the Debtors, without further notice other than adjournments announced in open court or as indicated in any notice of adjournment filed by the Debtors with the Court.

62.    The Debtors believe that such dates and procedures will afford the Court, the Debtors, and other parties in interest reasonable time to consider any objections and proposed modifications prior to the Confirmation Hearing and, therefore, should be approved.

### Non-Substantive Modifications

63.    The Debtors request authorization to make non-material changes to the Disclosure Statement, Plan, Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Voting and Tabulation Procedures, and related documents without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials (including the appendices thereto) in the Solicitation Packages before distribution.

### Waiver of Memorandum of Law

64.    The Debtors respectfully request that the Court waive the requirement to file a separate memorandum of law pursuant to D.N.J. LBR 9013-1(a)(3) because the legal basis upon which the Debtors rely is set forth herein and the Motion does not raise any novel issues of law.

**No Prior Request**

65.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

66.     The Debtors have provided notice of this Motion to the following parties or their respective counsel: (a) the U.S. Trustee for the District of New Jersey; (b) the Committee; (c) the FCR; (d) Top Counsel List (as defined in the Creditor Matrix Motion); (e) NICO and counsel thereto; (f) the Office of the United States Attorney for the District of New Jersey; (g) the Internal Revenue Service; (h) the Securities Exchange Commission; (i) the Environmental Protection Agency; (j) the offices of the attorneys general in states where the Debtors conduct their business operations; and (k) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors submit that no other or further notice is required.

*[Remainder of Page Intentionally Left Blank]*

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, in substantially the form submitted herewith, granting the relief requested herein and such other relief as is just and proper under the circumstances.

Dated:  October 28, 2024

/s/ Michael D. Sirota
_____
**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com

-and-

Chad J. Husnick, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:      chad.husnick@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

## Exhibit A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com

-and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Chad J. Husnick, P.C. (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2400
chad.husnick@kirkland.com

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

| | |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al*., | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

| (Page 2) | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN; (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH; (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO; AND (V) GRANTING RELATED RELIEF |

**ORDER (I) APPROVING THE ADEQUACY OF THE
DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND
VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE
DEBTORS' PROPOSED CHAPTER 11 PLAN; (III) APPROVING THE FORMS OF
BALLOTS AND NOTICES IN CONNECTION THEREWITH; (IV) SCHEDULING
CERTAIN DATES WITH RESPECT THERETO; AND (V) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered three (3) through thirteen (13), is

hereby **ORDERED**.

(Page 3)

| | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN; (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH; (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO; AND (V) GRANTING RELATED RELIEF |

Upon the *Debtors' Motion For Entry of an Order (I) Approving the Adequacy of the Disclosure Statement (II) Approving the Solicitation and Voting Procedures with Respect to Confirmation of the Debtors' Proposed Chapter 11 Plan; (III) Approving the Forms of Ballots and Notices in Connection Therewith; (IV) Scheduling Certain Dates with Respect Thereto; and (V) Granting Related Relief* (the "Motion"),[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) approving the adequacy of the disclosure statement; (b) approving the solicitation procedures with respect to confirmation of the debtors' proposed chapter 11 plan; (c) approving the forms of ballots and notices in connection therewith; (d) scheduling certain dates with respect thereto; and (e) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on September 18, 2012 (Simandle, C.J.); and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion was appropriate under the circumstances and no other notice need

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion, the Plan, or the Disclosure Statement, as applicable.

| (Page 4) | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al.* |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN; (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH; (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO; AND (V) GRANTING RELATED RELIEF |

be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth herein.

## I.      Approval of the Disclosure Statement.

2.      The Disclosure Statement, attached hereto as **Exhibit 1**, is hereby approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

3.      The Disclosure Statement (including all applicable schedules and exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the injunction, exculpation, and release provisions contained in Article IX of the Plan, in satisfaction of the requirements of Bankruptcy Rules 2002(c)(3) and 3016(c).

## II.      Approval of the Solicitation and Voting Procedures.

4.      The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures attached hereto as **Exhibit 2**, which are hereby approved in their entirety.  The Solicitation Agent is hereby authorized to send the Solicitation Directive to attorneys known to represent four (4) or more Holders of Tort Claims in accordance with the Solicitation and Voting Procedures.  For the avoidance of doubt, this Order

(Page 5)

| | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al.* |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN; (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH; (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO; AND (V) GRANTING RELATED RELIEF |

establishes the value of each Tort Claim for voting purposes under Rule 3018 as $1.00, which

value shall not be subject to challenge after the date hereof.

**III.    Approval of the Materials and Timeline for Soliciting Votes and the Procedures for Confirming the Plan.**

        **A.    Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

    5.    The Plan Confirmation Schedule is hereby approved as follows (subject to

modification as necessary) with respect to the solicitation of votes to accept, and voting on, the

Plan and confirming the Plan:

| Event | Date | Description |
|---|---|---|
| Disclosure Statement Objection Deadline | December 9, 2024, at 4:00 p.m. (prevailing Eastern Time) | Deadline by which objections to the approval of the Disclosure Statement, including objection to the temporary allowance of Tort Claims in the amount of $1.00, must be filed with the Court and served so as to be actually received by the appropriate notice parties |
| Voting Record Date | December 9, 2024, at 4:00 p.m. (prevailing Eastern Time) | Date to determine which Holders of Claims are entitled to vote to accept or reject the Plan (the "Voting Record Date") |
| Disclosure Statement Hearing | December 16, 2024, at 10:00 a.m. (prevailing Eastern Time) | Date for the hearing to consider the approval of the Debtors' Disclosure Statement |
| Solicitation Deadline | Within **5** Business Days after entry of the Order | Deadline by which the Debtors must distribute Solicitation Packages, including Ballots, to Holders of Claims entitled to vote to accept or reject the Plan (the "Solicitation Deadline") |
| Publication Deadline | Within 5 Business Days following entry of the Order | Date by which the Debtors will submit the Publication Notice (the "Publication Deadline") |
| Plan Supplement Filing Deadline | February 17, 2025 | Date by which the Debtors shall file the Plan Supplement |
| Voting Deadline | February 24, 2025, at 4:00 p.m. (prevailing Eastern Time) | Deadline by which Holders of Claims may vote to accept or reject the Plan pursuant to Bankruptcy Rule 3017(c), and by which all Ballots must be properly executed, completed, and delivered, as specified in the Solicitation and Voting Procedures |

(Page 6)
Debtors:            WHITTAKER, CLARK & DANIELS, INC., *et al*.
Case No.            23-13575 (MBK)
Caption of Order:   ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT;
                    (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH
                    RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11
                    PLAN; (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN
                    CONNECTION THEREWITH; (IV) SCHEDULING CERTAIN DATES WITH
                    RESPECT THERETO; AND (V) GRANTING RELATED RELIEF

| Event | Date | Description |
|-------|------|-------------|
| Plan Objection Deadline | February 24, 2025, at 4:00 p.m. (prevailing Eastern Time) | Deadline by which parties in interest may file objections to Confirmation of the Plan (the "Plan Objection Deadline") |
| Deadline to File Voting Report | February 26, 2025 | Date by which the report tabulating the voting on the Plan (the "Voting Report") shall be filed with the Court |
| Confirmation Hearing Date | March 3, 2025, at [●] [a.m./p.m.] (prevailing Eastern Time), or such other time as may be scheduled by the Court | Date of the Confirmation Hearing (the "Confirmation Hearing Date") |

6.      The Voting Deadline provides sufficient time for Holders of Claims entitled to vote on the Plan to make an informed judgment as to whether to vote to accept or reject the Plan.  The Debtors may adjourn the Confirmation Hearing and any related dates and deadlines from time to time without notice to the parties in interest other than announcement of such adjournment in open court and/or filing a notice of adjournment with the Court and serving such notice as provided in the Case Management Order.

**B.      Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

7.      The Debtors shall cause the Solicitation Package to be distributed to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date on or before the Solicitation Deadline; *provided* that the Debtors shall distribute the Confirmation Hearing Notice by no later than five (5) days after entry of this Order.  Such service satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.  In addition to the Disclosure Statement and exhibits thereto, including the Plan and this Order (without exhibits, except the Solicitation and Voting Procedures), the Solicitation Packages to be transmitted on or

(Page 7)

| | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al.* |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN; (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH; (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO; AND (V) GRANTING RELATED RELIEF |

before the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date shall include the following, the form of each of which is hereby approved:

    a.  a copy of the Solicitation and Voting Procedures annexed as **Exhibit 2** to this Order;

    b.  a cover letter, in substantially the form annexed hereto as **Exhibit 6** hereto, describing the contents of the Solicitation Package and urging the Holders of Claims eligible to vote to accept the Plan (the "Voting Classes") to do so;

    c.  the approved Disclosure Statement, annexed hereto as **Exhibit 1** (and exhibits thereto, including the Plan);

    d.  this Order (without exhibits, except the Solicitation and Voting Procedures, as set forth above);

    e.  the *Notice of (I) Hearing to Consider Confirmation of the Chapter 11 Plan of Whittaker, Clark & Daniels Inc. and its Debtor Affiliates, and (II) Related Voting and Objection Deadlines* (the "Confirmation Hearing Notice"), in substantially the form annexed as **Exhibit 10** hereto;

    f.  if to a law firm known to the Debtors to represent Holders of Tort Claims (a "Firm"), a Solicitation Directive (as defined in the Solicitation and Voting Procedures), annexed hereto as **Exhibit 3**;

    g.  solely to the attorneys who represent four (4) or more Holders of Tort Claims, a Master Ballot and voting instructions, substantially in the form annexed hereto as **Exhibit 5**; [3]

    h.  an appropriate Ballot, substantially in the form annexed hereto as **Exhibits 4(a)** through **p** ,together with detailed voting instructions with respect thereto and a pre-addressed, postage prepaid return envelope (as applicable); and

    i.  such other materials as the Court may direct.

---

[3]  The Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicate Claims against the Debtors is only entitled to submit one Ballot on account of such Claim.

(Page 8)

| | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN; (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH; (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO; AND (V) GRANTING RELATED RELIEF |

8.      The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

9.      The Debtors are authorized, but not required, to distribute the Plan, the Disclosure Statement, and this Order to Holders of Claims entitled to vote on the Plan in electronic format. The Ballots, the Cover Letter, and the Confirmation Hearing Notice will ***only*** be provided in paper form.  On or before the Solicitation Deadline, the Debtors shall provide (a) complete Solicitation Packages to the U.S. Trustee and (b) the Order (in electronic format) and the Confirmation Hearing Notice to all parties on the 2002 List as of the Voting Record Date.

10.      Any party that receives materials in electronic format, but would prefer to receive materials in paper format, may contact the Solicitation Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

11.      The Solicitation Agent is authorized to assist the Debtors in (a) distributing the Solicitation Packages, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims entitled to vote on the Plan, (c) responding to inquiries from Holders of Claims, Holders of Interests, and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for

| (Page 9) | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN; (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH; (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO; AND (V) GRANTING RELATED RELIEF |

objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors regarding the Plan.

12.     The Solicitation Agent is also authorized to accept Ballots via electronic online transmission through a customized online portal on the Debtors' case website.  The encrypted Ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot Form submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

**C.     Approval of the Confirmation Hearing Notice.**

13.     The Confirmation Hearing Notice, in the form attached hereto as **Exhibit 10** filed by the Debtors and served upon parties in interest in the Chapter 11 Cases by no later than four (4) business days after entry of this Order, constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.  The Debtors shall publish the Confirmation Hearing Notice (in a format modified for publication) one time each in *The New York Times* (national edition), the *Wall Street Journal*, and any other such publications the Debtors deem appropriate, on or as soon as reasonably practicable after the Publication Deadline.

14.     The Confirmation Hearing Notice provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the release provisions contained in Article IX of the Plan and the effect thereof.

| | |
|---|---|
| (Page 10) | |
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN; (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH; (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO; AND (V) GRANTING RELATED RELIEF |

### D.      Approval of Notice of Filing of the Plan Supplement.

15.      The Debtors shall send notice of the filing of the Plan Supplement, the initial version of which will be filed and served by the Notice and Claims Agent no later than seven (7) days prior to the Voting Deadline (or such later date as may be approved by the Court on notice to parties in interest in the Chapter 11 Cases), substantially in the form attached hereto as **Exhibit 11**, on the date the Plan Supplement is filed pursuant to the terms of the Plan.

### E.      Approval of the Form of Notices to Non-Voting Classes.

16.      Except to the extent that the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, the Solicitation Agent shall mail (first-class postage prepaid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

| Classes | Claims and Interests | Status |
|---|---|---|
| A1 | Unimpaired— Not Entitled to Vote (Presumed to Accept) | Holders will receive a notice, substantially in the form attached to the Order as Exhibit 7, in lieu of a Solicitation Package. |
| A2 | Unimpaired / Impaired—Deemed to Reject – Not Entitled to Vote (Presumed to Accept / Deemed to Reject) | Holders will not receive any materials on account of Class A2 Debtor Intercompany Claims. |
| A3, A4 | Impaired – Not Entitled to Vote (Deemed to Reject) | Holders will receive a notice, substantially in the form attached to the Order as Exhibit 8, in lieu of a Solicitation Package. |

(Page 11)

| | | |
|---|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al*. | |
| Case No. | 23-13575 (MBK) | |
| Caption of Order: | ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN; (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH; (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO; AND (V) GRANTING RELATED RELIEF | |

| Classes | Claims and Interests | Status |
|---|---|---|
| N/A | Disputed Claims | Holders of Claims that are subject to a pending objection by the Debtors, if any, are not entitled to vote the disputed portion of their Claim.  As such, Holders of such Claims will receive a notice, substantially in the form attached to the Order as <u>Exhibit 9</u> (which notice shall be served together with such objection). |

17.    The Debtors are not required to provide the Holders of Class A2 Debtor Intercompany Claims with a Solicitation Package, or any other type of notice in connection with solicitation.

18.    The Debtors are not required to mail Solicitation Packages or other solicitation materials to: (a) Holders of Claims that have already been paid in full during the Debtors' Chapter 11 Cases or that are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court; or (b) any party to whom the Disclosure Statement Hearing Notice was sent but was subsequently returned as undeliverable.

**F.    Approval of the Procedures for Filing Objections to Confirmation of the Plan.**

19.    Objections to Confirmation of the Plan may not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order.  Specifically, all objections to Confirmation of the Plan or requests for modifications to the Plan, if any, ***must***: (a) be in writing; (b) conform to the Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (c) state the name and address of the objecting party and the nature and amount of the Claims against or Interests in the Estates or property of the Debtors; (d) state, with particularity, the legal and factual bases for the objection; and (e) be filed with the Court on or before the Plan Objection Deadline.

| | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al.* |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN; (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH; (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO; AND (V) GRANTING RELATED RELIEF |

## IV.    Miscellaneous.

20.    The Debtors are authorized to make non-substantive changes to the Disclosure Statement, Plan, Confirmation Hearing Notice, Solicitation Packages, Non-Voting Status Notices, Ballots, Publication Notice, Cover Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Voting and Tabulation Procedures, and related documents without further order of the Court, including formatting changes, changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan, and any other materials (including any appendices thereto) in the Solicitation Packages before distribution.

21.    The Debtors reserve the right to modify the Plan, in accordance with the terms thereof, without further order of the Court in accordance with Article XI of the Plan; *provided* that the U.S. Trustee shall be provided notice of any non-typographical and grammatical changes.

22.    Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

23.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.    The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

25.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

26.    Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

| (Page 13) | |
|---|---|
| Debtors: | WHITTAKER, CLARK & DANIELS, INC., *et al.* |
| Case No. | 23-13575 (MBK) |
| Caption of Order: | ORDER (I) APPROVING THE ADEQUACY OF THE DISCLOSURE STATEMENT; (II) APPROVING THE SOLICITATION AND VOTING PROCEDURES WITH RESPECT TO CONFIRMATION OF THE DEBTORS' PROPOSED CHAPTER 11 PLAN; (III) APPROVING THE FORMS OF BALLOTS AND NOTICES IN CONNECTION THEREWITH; (IV) SCHEDULING CERTAIN DATES WITH RESPECT THERETO; AND (V) GRANTING RELATED RELIEF |

27.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

28.     The requirement set forth in D.N.J. LBR 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

29.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

**Disclosure Statement**

[Filed Separately]

## Exhibit 2

**Form of Solicitation and Voting Procedures**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com

-and –

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Chad J. Husnick, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2400
chad.husnick@kirkland.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone: (201) 489-3000
msirota@coleschotz.com
wusatine@coleschotz.com
fyudkin@coleschotz.com

*Co-Counsel for Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al.*, | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## SOLICITATION AND VOTING PROCEDURES

On [●], 2024, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (the "Debtors") to solicit votes on the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and its Debtors Affiliates* (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and its Debtor Affiliates* (the "Disclosure Statement") as containing

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

[2] Capitalized terms used but not otherwise defined herein shall have the same meaning as set forth in the Plan or the Disclosure Statement Order, as applicable.

"adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the Solicitation Packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) granting related relief.

A.      **The Voting Record Date.**

The Court has established **December 9, 2024**, as the record date for purposes of determining which holders of Claims (each, a "Holder") are entitled to vote to accept or reject the Plan (the "Voting Record Date").

B.      **The Voting Deadline.**

The Court has established **February 24, 2025, at 4:00 p.m.**, prevailing Eastern Time, as the voting deadline (the "Voting Deadline") for the Plan.  The Debtors may extend the Voting Deadline, in their discretion, without further order of the Court.  To be counted as votes to accept or reject the Plan, all Ballots (as defined herein) must be properly executed, completed, and delivered in accordance with the instructions provided on or with the applicable Ballot so that they are ***actually received*** no later than the Voting Deadline by Stretto, Inc. (the "Solicitation Agent"). Notwithstanding any other provision of these Solicitation and Voting Procedures (as defined herein), only Holders of Claims listed on the Schedules and/or who have filed a Proof of Claim will be eligible to vote to accept or reject the Plan.  Votes of putative claimants not listed on the Schedules and who did not file a Proof of Claim will not be Allowed for purposes of voting to accept or reject the Plan.  For the avoidance of doubt, the Future Claimants' Representative and Holders of Future Demands are not eligible to vote to accept or reject the Plan.

C.      **Form, Content, and Manner of Notices.**

1.      **The Solicitation Package.**

The    following    materials    shall    constitute    the    solicitation    package (the "Solicitation Package"):

    a.      a copy of these procedures (the "Solicitation and Voting Procedures"), appended as Exhibit 2 to the Disclosure Statement Order;

    b.      a cover letter (the "Cover Letter"), in substantially the form annexed as Exhibit 6 to the Disclosure Statement Order, describing the contents of the Solicitation Package;

    c.      the approved Disclosure Statement, annexed as Exhibit 1 to the Disclosure Statement Order (with all exhibits, including the Plan with its exhibits);

    d.      the Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures, as set forth above);

    e.      the *Notice of (I) Hearing to Consider Confirmation of the Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates and (II) Related*

2

*Voting and Objection Deadlines*, in substantially the form annexed as Exhibit 10 to the Disclosure Statement Order (the "Confirmation Hearing Notice");

f.  if to a law firm known to the Debtors to represent four or more Holders of Tort Claims (a "Firm"), a Solicitation Directive (as defined herein) substantially in the form attached to the Disclosure Statement Order as Exhibit 3;

g.  an appropriate ballot (i) to be used by Holders of Claims voting directly on the Plan (the "Claim Holder Ballots"), substantially in the forms attached to the Disclosure Statement Order as Exhibits 4(a) through (p), or (ii) the master ballot to be used by attorneys of Holders of Tort Claims to tabulate votes solicited from such Holders of Tort Claims (the "Master Ballot" and, together with the Claim Holder Ballot, the "Ballots"), substantially in the form attached to the Disclosure Statement Order as Exhibit 5, and a pre-addressed, postage prepaid return envelope (as applicable); and

h.  any additional documents that the Court has ordered to be made available to Holders of Claims in the Voting Classes.

## 2.  Distribution of the Solicitation Package.

The Solicitation Package shall provide the Plan, the Disclosure Statement, and the Disclosure Statement Order (without exhibits except the Solicitation and Voting Procedures) in electronic format (*i.e.*, flash drive format). Only the Ballot, the Cover Letter, and the Confirmation Hearing Notice will be provided in paper format.

Any party that receives the materials in electronic format but would prefer paper format may contact the Solicitation Agent by: (a) writing to Whittaker, Clark & Daniels, Inc., et al., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (b) emailing WhittakerInquiries@stretto.com and requesting paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense); or (c) calling the Debtors' restructuring hotline at (833) 653-6464 (US toll free) or +1 (303) 802-1420 (international).

The Debtors shall serve, or cause to be served, all of the materials in the Solicitation Package (excluding the Ballots) on the U.S. Trustee and all parties required to be notified under Bankruptcy Rule 2002 (the "2002 List") as of the Voting Record Date. In addition, the Debtors shall mail, or cause to be mailed, the Solicitation Package to all Holders of Claims in the Voting Classes within three (3) Business Days after entry of the Disclosure Statement Order, who are entitled to vote, as described in Section 3 below.

For purposes of serving the Solicitation Packages, the Debtors may rely on the address information for the Voting Classes provided on the Solicitation Directive and compiled, updated, and maintained by the Solicitation Agent as of the Voting Record Date. The Debtors and the Solicitation Agent are not required to conduct any additional research for updated addresses based

3

on undeliverable Solicitation Packages (including Ballots) or Non-Voting Status Notices (as defined herein).

To avoid duplication and reduce expenses, the Debtors will use commercially reasonable efforts to ensure that each Holder of a Claim entitled to vote on the Plan receives no more than one Solicitation Package (and, therefore, one Ballot) and is only entitled to submit one Ballot on account of such Holder's Claim.

### 3.    Special Voting Procedures Relating to Tort Claims.

Notwithstanding anything to the contrary herein, the Solicitation Agent will cause Solicitation Packages to be served with respect to Holders of Tort Claims as follows:

a.    **To Firms representing Holders of Tort Claims:**

(i)    A single Solicitation Package containing a Master Ballot will be served upon each Firm Known[3] by the Debtors to represent at least four (4) Holders of Tort Claims.

(ii)    Such Solicitation Package will include a directive by which each Firm shall indicate (1) any and all clients of the Firm who it represents in the capacity as Holders of Tort Claims (each, a "Client"), and (2) its preferred solicitation method of its Clients (such directive, the "Solicitation Directive").  On the Solicitation Directive, each Firm will elect one of the following solicitation method for its Clients:

A.    No Solicitation Required.  The Firm does not represent Clients with Tort Claims against the Debtors and instructs the Solicitation Agent to remove the Firm from further service or distribution lists.

B.    Master Ballot Solicitation Method.  In lieu of the Solicitation Agent soliciting votes from each of the Firm's Clients directly, the Firm will record the votes to accept or reject the Plan for each of its Clients on a single Master Ballot and submit the Master Ballot to the Solicitation Agent.  A Firm electing the Master Ballot Solicitation Method must either (i) provide the Disclosure Statement, via instructions detailing how to access electronic versions or in hard copy or electronic format, to its Clients, or (ii) request that, for informational purposes, the Solicitation Agent serve Solicitation Packages (without Ballots) on its Clients.

C.    Direct Solicitation Method.  A Firm electing the Direct Solicitation Method will direct the Solicitation Agent to send

---

[3]    "Known" means, where such Entity's or Person's information:  (1) is listed on (a) the Debtors' books and records, (b) the claims register maintained in the chapter 11 case, or (c) the Schedules; or (2) is otherwise furnished to the Debtors.

Solicitation Packages (including Ballots) directly to each of its Clients at the address identified in the Client List (or, if no address is provided, to the address listed on the applicable Proof of Claim, or if neither is available, to the address indicated in the Schedules). By electing this method, the Firm certifies that it does not have the authority to vote to accept or reject the Plan on behalf of its Clients, it has such authority but does not intend to exercise it, and/or it has less than four (4) Clients.  If a Firm does not submit a Solicitation Directive, the Solicitation Agent will provide service to its Clients via the Direct Solicitation Method; *provided* that if multiple Solicitation Packages are to be sent to a Firm on behalf of its Clients via the Direct Solicitation Method, then the Solicitation Agent shall send a single copy of the full Solicitation Package and individualized ballots for each such client; *provided*, *further*, that the Debtors will reimburse such Firm for the actual postage and printing costs of any additional Solicitation Packages incurred by Firm, so long as the Firm seeking reimbursement shall submit reasonable evidence of postage expenses incurred.

D.  <u>Mixed Solicitation Method</u>.   A Firm electing the Mixed Solicitation Method will record the votes to accept or reject the Plan and submit the Master Ballot to the Solicitation Agent for certain of its Clients on a single Master Ballot as well as direct the Solicitation Agent to send Solicitation Packages (including Ballots) directly to each of its Clients at the address identified in the Client List (or, if no address is provided, to the address listed on the applicable Proof of Claim, or if neither is available, to the address indicated in the Schedules).  The Firm must still either (i) provide the Disclosure Statement, via instructions detailing how to access electronic versions or in hard copy or electronic format, to its Clients, or (ii) request that, for informational purposes, the Solicitation Agent serve Solicitation Packages (without Ballots) on its Clients who will vote via the Master Ballot.

(iii)  A Firm electing the Master Ballot Solicitation Method or the Mixed Ballot Solicitation Method must certify on the Solicitation Directive, that (A) the Firm will collect and record the votes from Clients through customary and accepted practices, or that it has obtained (or will obtain) authority to procedurally cast each Client's vote (provided that the Firm complies with the voting procedures set forth herein and each Client indicates an informed decision on such vote) or (B) it has the authority under applicable law to vote to accept or reject the Plan on behalf of its Clients (with a valid power of attorney or other supporting documentation provided to the Solicitation Agent).

5

(iv)    A Firm electing the Master Ballot Solicitation Method or the Mixed Ballot Solicitation Method shall also affirm for the Solicitation Agent that service of one Solicitation Package and one applicable Master Ballot on which the Firm must record the votes on the Plan for each of its Clients in accordance with the Firm's customary and accepted practices is adequate notice for due process.

(v)    All Firms must submit a Solicitation Directive through the Solicitation Agent's attorney portal, which can be accessed by clicking the "Submit Master Ballot" link at https://cases.stretto.com.whittaker/ (the "Attorney Portal") within five (5) Business Days of receipt of the Solicitation Package.

(vi)    If a Firm that receives a Solicitation Package either (A) is unable to certify with respect to any Holder of a Tort Claim represented by such Firm that such Firm has the authority to vote on the Plan on behalf of such Holder or (B) wishes any Holder of a Tort Claim represented by such Firm to cast his or her own Ballot on the Plan, such attorney shall furnish the Solicitation Agent with a list setting forth the name and address for each such Holder within five (5) Business Days of receiving the Solicitation Package (the "Client List"); such information must be provided in a Microsoft Excel through the Attorney Portal.

(vii)    A Firm may request that its Clients receive Solicitation Packages for informational purposes (without a Ballot).  If so requested, such Firm must provide to the Solicitation Agent a Client List through the Attorney Portal, within five (5) Business Days of receiving the Solicitation Package.

(b)    **To individuals and entities holding Tort Claims:**

(i)    **Transmittal by the Solicitation Agent**.  If either (A) an individual who holds or asserts a Tort Claim requests a Solicitation Package by written notice to the Solicitation Agent and provides a mailing address therewith, or (B) a Firm who represents or purports to represent a Holder of a Tort Claim furnishes the name and address of such Holder to the Solicitation Agent through the Attorney Portal pursuant to Section I.A.1.a.a(A)(1)(a)(v) above, then the Solicitation Agent will cause a Solicitation Package to be mailed, together with a Claim Holder Ballot, directly to each such individual who holds or asserts such Tort Claim(s) within five (5) Business Days after receiving such request (or as soon as reasonably practicable thereafter).

(ii)    **Transmittal by an Attorney**.  An attorney, or a Firm, may choose to transmit Solicitation Packages to his or her clients directly.  If an attorney chooses to do so, such attorney or Firm must, within ten (10) Business Days of receiving the Solicitation Package, furnish a request to the Solicitation Agent for a specified number of Solicitation Packages and

6

Claim Holder Ballots by providing a Client List through the Attorney Portal. The Solicitation Agent will use commercially reasonable efforts to provide the Claim Holder Ballots for Holders of Tort Claims to such attorney within five (5) Business Days after receipt of such request (or as soon as reasonably practicable thereafter). The Debtors will reimburse such attorney for the actual postage incurred by the attorney. Attorneys seeking reimbursement shall submit reasonable evidence of postage expenses incurred in order to obtain such reimbursement.

(iii)    **Attorneys Representing Fewer than Four Holders of Tort Claims**. Notwithstanding other provisions of these Solicitation and Voting Procedures to the contrary, the Solicitation Agent shall cause a Solicitation Package (including, among other things, an appropriate Ballot) to be mailed to the attorney of record for an individual Holder of a Tort Claim who the Debtors know represents three or fewer Holders of Tort Claims. If such attorney of record has the authority to procedurally cast their Client's vote, then it is permitted to do so provided that it certifies on each such Claim Holder Ballot that (A) the attorney collected and recorded the Client's vote through customary and accepted practices, or that it has obtained authority to procedurally cast the Client's vote (provided that the attorney complies with the voting procedures set forth herein and each Client indicates an informed decision on such vote) or (B) such attorney has the authority under applicable law to vote to accept or reject the Plan on behalf of the Client (with a valid power of attorney or other supporting documentation provided to the Solicitation Agent).

(iv)    **Individual Holders of Tort Claims Against the Debtors**. Notwithstanding other provisions of these Solicitation and Voting Procedures to the contrary, the Solicitation Agent shall cause a Solicitation Package (including, among other things, an appropriate Ballot) to be mailed directly to individual Holders of Tort Claims who the Debtors reasonably believe are not represented by an attorney. In addition, any Holder of a Tort Claim who is not represented by an attorney and/or does not receive a Solicitation Package, including from their attorney, may submit a Ballot through the online portal accessible on the Debtors' restructuring website at https://cases.stretto.com/whittaker/. The Confirmation Hearing Notice will contain further instructions, outlining how a Holder of a Tort Claim may submit a Ballot through this online portal if any such Holder believes they may be entitled to vote on the Plan and has not received a Solicitation Package.

(v)    In the event that the Solicitation Agent receives both a Master Ballot and a Claim Holder Ballot on account of the same Tort Claim, the Claim Holder Ballot will be given effect.

4.      **Establishing Claim Amounts of Certain Unliquidated Claims for Voting Purposes.**

a.      Solely for the purposes of voting, each Claim within Classes B2, C2, D2, and E2 (Tort Claims) is Allowed as described herein:

i.    If a Claim is deemed Allowed under the Plan, such claim is allowed for voting purposes in the deemed Allowed amount set forth in the Plan.

ii.   Notwithstanding anything to the contrary herein, each Claim in Class B2, C2, D2, and E2 (Tort Claims) shall be accorded one (1) vote and be valued at one dollar ($1.00) for voting purposes only, and not for purposes of allowance or distribution. Pursuant to Bankruptcy Rule 3018, the entry of an order by the Court approving these Solicitation Procedures conclusively establishes the allowed amount for voting purposes for each Tort Claim.

iii.  Each claimant who holds or has filed more than one (1) non-duplicative Claim within a particular Class shall be treated as if such claimant has only one (1) Claim in such Class in the aggregate dollar amount of such Claims.

iv.   If a Proof of Claim has been validly amended by a later Proof of Claim that is filed on or prior to the Voting Record Date, the later filed amended Claim shall entitle the Holder of such Claim to vote in a manner consistent with these tabulation rules, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such earlier filed Claim. Except as otherwise ordered by the Court, any amendments to Proofs of Claim after the Voting Record Date shall not be considered for purposes of these tabulation rules.

v.    Parties in interest shall have until fourteen days prior to the Voting Deadline to object to Proofs of Claims for purposes of voting on the Plan, February 10, 2025, at 4:00 p.m. (prevailing Eastern Time) (the "Voting Claims Objection Deadline"). Any such objection that remains pending as of the Confirmation Hearing date will be heard on an emergency basis at the Confirmation Hearing.

vi.   If any party in interest with appropriate standing has filed an objection to a Claim on or before the Voting Claims Objection Deadline, such Claim subject to an allowance dispute (a "Disputed Claim") is temporarily disallowed for voting purposes, except as ordered by the Court prior to or concurrent with entry of an order confirming the Plan, including pursuant to an order on any rule 3018 motion filed regarding such Claim; *provided* that if the objection seeks to reclassify or reduce the allowed amount of such Claim, then such Claim is temporarily

8

allowed for voting purposes in the reduced amount and/or as reclassified, except as may be otherwise ordered by the Court prior to or concurrent with entry of an order confirming the Plan.

5.      **Non-Voting Status Notices for Unimpaired Classes and Classes Deemed to Reject the Plan.**

Certain Holders of Claims or Interests that are not classified in accordance with section 1123(a)(1) of the Bankruptcy Code, or who are not entitled to vote because they are Unimpaired or otherwise presumed to accept the Plan under section 1126(f) of the Bankruptcy Code, will receive only the *Notice of Non-Voting Status of Unimpaired Claims or Interests Conclusively Presumed to Accept the Plan*, substantially in the form annexed as Exhibit 7 to the Disclosure Statement Order.  Certain Holders of Claims or Interests who are not entitled to vote because they are deemed to reject the Plan under section 1126(g) of the Bankruptcy Code will receive the *Notice of Non-Voting Status to Holders of Impaired Claims or Interests Conclusively Deemed to Reject the Plan*, substantially in the form annexed as Exhibit 8 to the Disclosure Statement Order.  Certain Holders of Disputed Claims or Interests not entitled to vote because their respective Claims or Interests are subject to dispute will receive the *Notice of Non-Voting Status with Respect to Disputed Claims and Interests* annexed as Exhibit 9 to the Disclosure Statement Order (each non-voting status notice described in this subsection, a "Non-Voting Status Notice").  Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (excluding Ballots).

D.      **Voting and Tabulation Procedures.**

1.      **Holders of Claims Entitled to Vote.**

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a.      Holders of Claims (except Tort Claims) who, on or before the Voting Record Date, have filed a Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Claims Objection Deadline and/or (ii) is not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Court prior to the Voting Claims Objection Deadline, pending a Resolution Event (as defined in the Non-Voting Status Notice); *provided* that a holder of a Claim (except a Tort Claim) that is the subject of a pending objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection;

b.      Holders of Claims (except Tort Claims) who have filed a Proof of Claim after the Voting Record Date but prior to the applicable Bar Date that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Deadline and (ii) is not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Court prior to the Voting Deadline, pending a Resolution Event; *provided* that a holder of a Claim (except a Tort Claim) that is the subject of a pending

9

objection on a "reduce and allow" basis shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection

c.  Holders of Claims (except Tort Claims) that are listed in the Schedules; *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a Filed Proof of Claim prior to the deadline for filing Proofs of Claim) shall be disallowed for voting purposes (unless the applicable Bar Date has not yet expired, in which case such scheduled claims shall be allowed to vote in the amount of $1.00);

d.  Holders of Class B2, C2, D2, and E2 (Tort Claims) that are listed in the Schedules (regardless of their scheduled status as contingent, disputed, or unliquidated), not otherwise Disputed, and which Filed a Proof of Claim regardless of whether such Holder was listed in the Schedules prior to the Voting Deadline shall be allowed for voting purposes only in the amount of one dollar ($1.00);

e.  Holders of Class B2, C2, D2, and E2 (Tort Claims) that arise (i) in an order entered by the Court, or (ii) in a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been Filed;

f.  Holders of Disputed Claims that have been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

g.  the assignee of any Claim that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (a) through (d) above; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(c) and such transfer is reflected on the Claims Register on the Voting Record Date;

2.  **Filed and Scheduled Claims.** The Claim amount established herein shall control for voting purposes only and shall not constitute the Allowed amount of any Claim. Moreover, any amounts filled in on Ballots by the Debtors through the Solicitation Agent, as applicable, are not binding for purposes of allowance and distribution. Notwithstanding anything to the contrary in the foregoing, in tabulating votes, the following hierarchy shall be used to determine the amount of the Claim associated with each claimant's vote:

a.  the Claim amount set forth in (i) an order of the Court or (ii) a document executed by the Debtors pursuant to authority granted by the Court;

b.  the Claim amount Allowed (temporarily or otherwise) pursuant to a Resolution Event under these Solicitation and Voting Procedures;

10

c.     for a Holder of a Class B1, C1, D1, or E1 (General Unsecured Claim), Class B3, C3, D3, or E3 (Environmental Claim or Indirect Environmental Claim), or Class B4, C4, D4, or E4 (Convenience Claims), the Claim amount contained in a Proof of Claim that has been Filed by the deadline for filing Proofs of Claim (or deemed timely Filed by the Court under applicable law), except for any amounts asserted on account of any interest accrued after the Petition Date; *provided* that any Ballot cast by a holder of a Claim (except a Tort Claim) who files a Proof of Claim in respect of (a) a Claim in a wholly unliquidated amount that is not the subject of an objection will count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count as a Ballot for a Claim in the amount of $1.00 solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code, and (b) a partially liquidated and partially unliquidated Claim, such Claim will be Allowed for voting purposes only in the liquidated amount; *provided, further*, that to the extent the Claim amount contained in the Proof of Claim is different from the Claim amount set forth in a document filed with the Court as referenced in subparagraph (a) above, the Claim amount in the document filed with the Court shall supersede the Claim amount set forth on the respective Proof of Claim for voting purposes;

d.     for a Holder of a Class B2, C2, D2, or E2 (Tort Claim) that is not the subject of an objection, will count toward satisfying the numerosity requirement of section 1126(c) of the Bankruptcy Code and will count in the amount of one dollar ($1.00) solely for the purposes of satisfying the dollar amount provisions of section 1126(c) of the Bankruptcy Code;

e.     the Claim amount listed in the Schedules (to the extent such Claim is not superseded by a Filed Proof of Claim by the Voting Deadline); *provided* that such Claim is not scheduled as contingent, disputed, or unliquidated and/or has not been paid; *provided, further*, that, for the avoidance of doubt, a Tort Claim listed in the Schedules as contingent, disputed, or unliquidated shall be allowed to vote in the amount of one dollar ($1.00);

f.     in the absence of any of the foregoing, such Claim shall be disallowed for voting purposes unless otherwise ordered by the Court; and

g.     claims Filed in the amount of $0.00 will be disallowed for voting purposes.

**3.     Voting and Ballot Tabulation Procedures.**

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for

11

completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules:

a. except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is submitted on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors shall be entitled to reject such Ballot as invalid and, therefore, not count it in connection with Confirmation of the Plan;

b. the Debtors will file with the Court by no later than two (2) Business Days before the Confirmation  Hearing a voting report (the "Voting Report"). The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures, or lacking necessary information, received via facsimile, or damaged (in each case, an "Irregular Ballot").  The Voting Report shall indicate the Debtors' intentions with regard to each Irregular Ballot;

c. the method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each Holder.  Except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the properly executed Ballot;

d. no Ballot should be sent to the Debtors, the Debtors' agents (other than the Solicitation Agent), or the Debtors' financial or legal advisors, and if so sent will not be counted;

e. if multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last properly executed Ballot received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

f. Holders must vote all of their Claims within the Voting Class either to accept or reject the Plan and may not split any votes.  Accordingly, a Ballot (other than a Master Ballot) that partially rejects and partially accepts the Plan will not be counted.

g. a person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing;

h. the Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report or a supplemental Voting Report, as applicable;

12

i.  neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification;

j.  unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Holder of Claims, or the respective Firm in the case of Tort Claims, as applicable, prior to the Voting Deadline or such Ballots will not be counted;

k.  in the event a designation of lack of good faith is requested by a party in interest under section 1126(c) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

l.  subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report;

m.  if an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein;

n.  the following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in the Voting Class; (iii) any unsigned Ballot or Ballot lacking an original signature (for the avoidance of doubt, a Ballot cast via the online balloting portal or a Master Ballot received from a Firm representing a Holder of a Tort Claim by electronic mail will be deemed to contain an original signature); (iv) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; (v) any ballot marked to reject the Plan but also marked to make the Convenience Claim Election; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein;

o.  for the avoidance of doubt, Tort Claims that both (i) are not listed on the Schedules and (ii) have not Filed a Proof of Claim are not eligible to vote to accept or reject the Plan;

p.  for the further avoidance of doubt, the Future Claimants' Representative is not eligible to vote to accept or reject the Plan;

q.  after the Voting Deadline, no Ballot may be withdrawn or modified without the prior written consent of the Debtors;

r.  where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan.  In the event that (i) a Ballot, (ii) a group of Ballots within a Voting Class received from a single creditor, or (iii) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted; and

s.  for purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Voting Class will be aggregated and treated as if such creditor held one Claim in the Voting Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided* that if separate affiliated entities hold Claims in a particular Voting Class, these Claims will not be aggregated and will not be treated as if such creditor held one Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

**E.  Amendments to the Plan and Solicitation and Voting Procedures.**

The Debtors reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, Plan (including, for the avoidance of doubt, the Plan Supplement), Ballots, Confirmation Hearing Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Package before their distribution; *provided* that all such modifications shall be made in accordance with the terms of the document being modified and the Plan.

### Exhibit 3

**Form of Solicitation Directive**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al.*, | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## SOLICITATION DIRECTIVE

I hereby direct that distribution of Solicitation Packages in connection with the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan")[2] be implemented as set forth below with respect to the Claims of my Clients, as set forth in this solicitation directive (this "Solicitation Directive").

Enclosed herewith is an Excel spreadsheet that lists the name and Claim Number of each Claim of each Client to which this Solicitation Directive applies in the precise format as set forth below in the "Client List Formatting Instructions" (the "Client List").

**Box 1 ☐    No Solicitation Required**.  I do not represent any Clients asserting Claims against the Debtors.  By signing below, I hereby certify and authorize Stretto, Inc, the Debtors' claims, noticing, and solicitation agent in these chapter 11 cases (the "Solicitation Agent") to remove me from any further service or distribution lists relating to Claims in the above captioned chapter 11 case.

**Box 2 ☐    Master Ballot Solicitation Method**.  I certify that (a) I will expend reasonable efforts to collect and record the votes of each of my Clients through customary and accepted practices (*e.g.*, by email, telephone, or other standard communications); (b) with respect to those Claims for which I submit votes, I have obtained (or will obtain) authority to procedurally cast votes for each of my Clients with respect to Claims; or (c) I have the authority under applicable law to vote to accept or reject the Plan on behalf of each of my Clients with respect to those Claims for which I hereby submit votes (and I will provide the Solicitation Agent with a valid power of attorney or other documentation to that effect, upon request).    Accordingly, in lieu of the Solicitation Agent soliciting votes from each of my Clients directly, I will record the votes to accept or reject the Plan for each of my Clients on a single master ballot (a "Master Ballot") that I

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan, the Disclosure Statement, or the Solicitation and Voting Procedures, as applicable.

will submit to the Solicitation Agent.  I understand that by electing this procedure I must meet all applicable standards to receive informed consent from my Clients.  I understand that if I elect this procedure I shall either (i) provide the Disclosure Statement, via instructions detailing how to access electronic versions or in hard copy or electronic format, to my Clients, or (ii) request that, for informational purposes, the Solicitation Agent serve Solicitation Packages (without Ballots) on my Clients.

By signing below, I hereby certify that:  (i) I have authority under applicable law or I will expend reasonable efforts to collect or otherwise receive duly valid and enforceable authorizations or instructions to vote to accept or reject the Plan on behalf of my Clients on the Client List in accordance with my Firm's customary practices; (ii) no Solicitation Packages need to be provided to any of my Clients on the Client List unless I have made the informational service election below; and (iii) I represent each of my Clients set forth on the Client List that I am submitting to the Solicitation Agent contemporaneously with this Solicitation Directive.

☐ <u>Informational Service Election</u>.  Although I have authority to record the votes of my Clients pursuant to the Master Ballot Solicitation Method set forth above, I request that the Solicitation Agent serve copies of the Solicitation Packages (without Ballots) on each of my Clients at the addresses identified in the Client List (or, if no address is identified, the address listed on the applicable Proof of Claim or in the Schedules).

I understand that if I do not provide addresses for my Clients and the Proofs of Claim filed on behalf of those Clients list my Firm's address, my Firm will receive a separate, individually mailed Solicitation Package (without a Ballot) for each such Client.

If you have made this election, please indicate the number of Clients that you represent:  _____.

**Box 3 ☐    Direct Solicitation Method**.  I do not have authority to vote to accept or reject the Plan on behalf of my Clients or I have such authority but do not intend to exercise it, and/or I have less than four (4) Clients.  Accordingly, I hereby direct the Solicitation Agent to send Solicitation Packages (including Ballots) directly to each of my Clients at the addresses identified in the Client List (or, if no address is identified, the address listed on the applicable Proof of Claim or in the Schedules).  I understand and will advise my Clients that completed Ballots must be submitted to the Solicitation Agent individually by my Clients under this procedure.  I also understand that if I do not provide addresses for my Clients and the Proofs of Claim filed on behalf of those Clients list my Firm's address, my Firm will receive a separate, individually mailed Solicitation Package (including a Ballot) for each such Client.  Further, I understand that in the event that no address is set forth on the Client List for a Client and the Client has no Proof of Claim on file, the Solicitation Agent will (a) request the Client's address from me and (b) upon receipt of such address, use its reasonable efforts to solicit the Client's vote on the Plan by mailing a Solicitation Package (including a Ballot) directly to such Client.  If, however, I do not provide the Client's address after receiving such a request, the Solicitation Agent will not be responsible for mailing the Solicitation Package (including a Ballot) directly to the Client.

If you have made this election, please indicate the number of Clients that you represent:  _____.

2

**Box 4** ☐    **Mixed Solicitation Method**.  I do not have authority to vote to accept or reject the Plan on behalf of certain of my Clients or I have such authority but do not intend to exercise it with respect to Certain of my Clients, and/or I have less than four (4) Clients.  However, I do intend to complete a Master Ballot on behalf of certain other Clients of my Firm.  Accordingly, I hereby direct the Solicitation Agent to send Solicitation Packages (including Ballots) directly to those of my Clients *for whom I am not completing a Master Ballot* at the addresses identified in the Client List (or, if no address is identified, the address listed on the applicable Proof of Claim or in the Schedules).  I understand and will advise my Clients that completed Ballots must be submitted to the Solicitation Agent individually by my Clients under this procedure.  I also understand that if I do not provide addresses for my Clients and the Proofs of Claim filed on behalf of those Clients list my Firm's address, my Firm will receive a separate, individually mailed Solicitation Package (including a Ballot) for each such Client.  Further, I understand that in the event that no address is set forth on the Client List for a Client and the Client has no Proof of Claim on file, the Solicitation Agent will (a) request the Client's address from me and (b) upon receipt of such address, use its reasonable efforts to solicit the Client's vote on the Plan by mailing a Solicitation Package (including a Ballot) directly to such Client.  If, however, I do not provide the Client's address after receiving such a request, the Solicitation Agent will not be responsible for mailing the Solicitation Package (including a Ballot) directly to the Client.

I further hereby certify that:  (i) I have authority under applicable law or I will expend reasonable efforts to collect or otherwise receive duly valid and enforceable authorizations or instructions to vote to accept or reject the Plan on behalf of certain of my Clients on the Client List in accordance with my Firm's customary practices; (ii) no Solicitation Packages need to be provided to those of my Clients on the Client List indicated to be voting via Master Ballot unless I have made the informational service election below; and (iii) I represent each of my Clients set forth on the Client List that I am submitting to the Solicitation Agent contemporaneously with this Solicitation Directive.

☐    <u>Informational Service Election</u>.  Although I have authority to record the votes of certain of my Clients pursuant to the Mixed Solicitation Method set forth above, I request that the Solicitation Agent serve copies of the Solicitation Packages (without Ballots) on certain of my Clients indicated to be voting via Master Ballot at the addresses identified in the Client List (or, if no address is identified, the address listed on the applicable Proof of Claim or in the Schedules).

I understand that if I do not provide addresses for my Clients and the Proofs of Claim filed on behalf of those Clients list my Firm's address, my Firm will receive a separate, individually mailed Solicitation Package (without a Ballot) for each such Client.

If you have made this election, please indicate the number of Clients that you represent:

If you have made this election, please indicate the number of Clients that you represent needing Solicitation Packages (with Ballots): _____ .

If you have made this election, please indicate the number of Clients that you represent needing Solicitation Packages (without Ballots): _____ .

3

**By signing below, I hereby certify that I represent each of the Clients set forth on the Client List which I am submitting to the Solicitation Agent contemporaneously with this Solicitation Directive**

| | |
|---|---|
| Name of Attorney: | |
| | (Print or Type) |
| Signature: | |
| Name of Law Firm: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |
| | |

**Instructions for Returning This Solicitation Directive**

This Solicitation Directive must be returned so that it is actually received by the Solicitation Agent within five (5) Business Days of your receipt of the Solicitation Package either (a) via the Attorney Portal, (b) by email at WhittakerInquiries@stretto.com, or (c) by mail (with the Client List in a physical printed copy) at the following addresses: (i) if by first class mail—Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; or (ii) if by hand delivery or overnight courier— Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602.

---

**In any event, to ensure prompt solicitation, unless your Solicitation Directive is <u>actually received</u> by the Solicitation Agent on or before February 24, 2025 at 4:00 p.m. (Prevailing Eastern Time), the Solicitation Agent will, by default, solicit votes on the Plan from your Clients according to the Direct Solicitation Method described above.**

---

**Requirements for the Client Lists**

As indicated above, you must provide the names of Clients and the Claim Number (if any) with respect to each Claim held by each Client in the precise electronic format dictated by the Solicitation Agent. You must also provide the address of each Client, if known, unless you choose the Master Ballot Solicitation Method (or the Mixed Solicitation Method and such Client's vote is recorded on the Master Ballot) and you do not make the Informational Service Election. You are encouraged to utilize the template for the Client List provided with the notice sent by the Solicitation Agent.

Client Lists must be returned so as to be received no later than February 24, 2025 at 4:00 p.m. (prevailing Eastern Time), via the Attorney Portal. If you have any technical questions or need to arrange for special delivery of your Client List, please contact the Solicitation Agent at WhittakerInquiries@stretto.com.

---

**The Debtors encourage Firms to submit Master Ballots and accompanying Client Lists (setting forth the Clients' votes) via the Attorney Portal, encrypted email, or other secured method of electronic transmission. Firms with any questions about such secured transmission methods should contact the Solicitation Agent at <u>WhittakerInquiries@stretto.com</u>.**

---

Each Client List, Master Ballot and the contents thereof (including attachments) shall be confidential, provided, for the avoidance of doubt, that nothing herein shall prohibit the public disclosure of the Voting Report prepared on the basis thereof.

**To the extent that a Client appears on the Client List of more than one Firm, the Solicitation Agent will use reasonable efforts to inform such multiple Firms of the duplicative and/or conflicting representation. It is the sole obligation and responsibility of the Firms to coordinate with each other, resolve the conflicting representation, and for the appropriate Firm to submit the vote on behalf of such Client together with an email to <u>TeamWhittaker@stretto.com</u> copying all affected Firms confirming such resolution. If the Firms are unsuccessful in reaching consensus regarding which Firm is voting on behalf of the Client and the Solicitation Agent receives multiple consistent votes on account of such**

5

Client (*i.e.*, multiple votes to accept the Plan or multiple votes to reject the Plan), the Solicitation Agent is authorized to treat such votes as duplicative and count them only once for numerosity purposes.  If, however, the Firms are unsuccessful in reaching consensus regarding which Firm is voting on behalf of the Client and the Solicitation Agent receives multiple inconsistent votes on account of such Client (*i.e.*, a vote to accept the Plan and a vote to reject the Plan), the Solicitation Agent is authorized to invalidate both such inconsistent votes.  If after the submission of inconsistent votes, the applicable Firms timely reach a consensus regarding which vote should be counted, one of the applicable Firms may email <u>TeamWhittaker@stretto.com</u>, copying all other affected Firms, and direct the Solicitation Agent as to which vote should be counted.  The Solicitation Agent is entitled to rely upon any such email.  For the avoidance of doubt, if the Solicitation Agent timely receives a vote from a Client directly that is inconsistent with a corresponding vote cast by their Firm, the vote cast by the Client will control.  Notwithstanding anything to the contrary herein, neither the Debtors nor the Solicitation Agent are obligated to attempt to cure any inconsistent votes.

## Client List Formatting Instructions

Unless you elect that No Solicitation is Required, the Solicitation Directive requires that you submit a Client List to the Solicitation Agent.  The Client List should be submitted in an Excel file format and should be formatted to include each of the following fields (in the order listed below); *provided*, *however*, that if you choose the Master Ballot Solicitation Method (or you choose the Mixed Solicitation Method, solely with respect to the Clients whose votes will be cast via Master Ballot) and you do not make the Informational Service Election, then you may omit the lines for Client Mailing Address and Client Email Address:

1.    Client Claim Number *Required Field*

2.    Client Name *Required Field*

3.    Debtor Entity Filed Against *Required Field*

4.    Client Mailing Address (Line 1)

5.    Client Mailing Address (Line 2)

6.    Client Mailing Address (Line 3)

7.    Client Mailing Address (City)

8.    Client Mailing Address (State)

9.    Client Mailing Address (Postal Code)

10.   Client Mailing Address (Country)

11.   Client Email Address

12.   Vote Cast via Master Ballot? *Required Field*

13.   Informational Service Election

**Please ensure that columns are no greater than 45 characters wide.**

For your convenience, a sample template is set forth below.

| Claim Number | Name | Debtor Filed Against | Mailing Address Line 1 | Mailing Address Line 2 | Mailing Address Line 3 | City | State | Postal Code | Country | Email Address | Vote Cast Via Master Ballot? | Informational Service Election |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | |

7

## **Exhibit 4(a)**

**Class B1 Claim Holder Ballot**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al.*, | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**CLASS B1**
**WHITTAKER, CLARK & DANIELS, INC.**
**GENERAL UNSECURED CLAIMS BALLOT**
**FOR ACCEPTING OR REJECTING THE CHAPTER 11 PLAN OF**
**WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR AFFILIATES**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IF YOU ARE A HOLDER OF A CLASS B1 GENERAL UNSECURED CLAIM, PLEASE COMPLETE, DATE, AND SIGN THIS BALLOT AND RETURN IT TO THE NOTICE AND CLAIMS AGENT.**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE FEBRUARY 24, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). DO NOT RETURN THIS BALLOT TO THE DEBTORS.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement for Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order"). The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this ballot (this "Ballot") because our records indicate that you are a direct Holder of a Class B1 General Unsecured Claim as of **December 9, 2024** (the "Voting Record Date"). Accordingly,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

you have the right to vote to accept or reject the Plan as provided in Item 2 below on account of your Class B1 General Unsecured Claim.

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS B1**

**AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A CLASS B1 GENERAL UNSECURED CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**

**ON THE EFFECTIVE DATE, LIABILITY FOR ALL GENERAL UNSECURED CLAIMS AGAINST WHITTAKER, CLARK & DANIELS, INC. SHALL AUTOMATICALLY, AND WITHOUT FURTHER ACT, DEED, OR COURT ORDER, BE RESOLVED SOLELY IN ACCORDANCE WITH AND TO THE EXTENT SET FORTH IN THE APPLICABLE PLAN DOCUMENTS AND THE CONFIRMATION ORDER. EACH ALLOWED GENERAL UNSECURED CLAIM AGAINST WHITTAKER, CLARK & DANIELS, INC. SHALL BE RESOLVED AND RECEIVE DISTRIBUTIONS, IF ANY, IN ACCORDANCE WITH THE TERMS, PROVISIONS, AND PROCEDURES OF THE PLAN AND THE GUC TRUST AGREEMENT. THE GUC TRUST SHALL BE FUNDED IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE VII.C. OF THE PLAN. THE SOLE RECOURSE OF A HOLDER OF A GENERAL UNSECURED CLAIM AGAINST WHITTAKER, CLARK & DANIELS, INC. SHALL BE TO THE GUC TRUST.**

---

If you are the Holder of a Class B1 General Unsecured Claim (and entitled to vote) as of the Voting Record Date, please use this Ballot to cast your vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or any information thereon is incorrect, please contact the Notice and Claims Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials). If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by: (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

**Item 1**.          **Amount of Claim.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class B1 (General Unsecured Claims) in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

| |
|---|
| ☐ $_____[●]_____ |

**Item 2**.          **Important information regarding releases under the Plan**

**IMPORTANT INFORMATION REGARDING THE RELEASES**:

> **ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Article IX.C of the Plan provides for a release by the Debtors (the "<u>Debtor Releases</u>"):

> **Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their Estates (as applicable) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof), any Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions, the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the Plan Supplement, or any contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of Confirmation, pursuit of Consummation, administration and implementation of the Plan, including the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

> **Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the**

Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise) of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA (the "<u>Preserved Rights</u>").  For the avoidance of doubt, nothing contained in this Plan, including this <u>Article IX.C</u>, shall (a) release, compromise, impair, or in any way affect any Assigned Insurance Rights or (b) be raised as or constitute a defense to the assertion of Preserved Rights.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding that the Debtor Release is:  (1) in exchange for the good and valuable considerations provided by the Released Parties, including without limitation, the Released Parties' contributions to facilitating and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Definitions related to the Debtor Releases:

"*Released Claims*" means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.

"*Released Parties*" means, collectively, and in each case solely in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties; and (d) each Related Party of each Entity in clauses (a) through (c).

Article IX.E of the Plan contains an injunction:

Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties:  (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct

and indirect **Affiliates**, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or **Consummation** of the **Plan**. Each **Holder** of an **Allowed Claim** or **Allowed Interest**, as applicable, by accepting, or being eligible to accept, **Distributions** under or **Reinstatement** of such **Claim** or **Interest**, as applicable, pursuant to the **Plan**, shall be deemed to have consented to the injunction provisions set forth in this **Article IX.E.**

No **Person** or **Entity** may commence or pursue a **Claim** or **Cause of Action**, as applicable, of any kind against the **Debtors**, the **Wind-Down Debtors**, the **Exculpated Parties**, or the **Released Parties**, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a **Claim** or **Cause of Action** subject to <u>Article IX</u> hereof without the **Bankruptcy Court** (i) first determining, after notice and a hearing, that such **Claim** or **Cause of Action**, as applicable, represents a colorable **Claim** or **Cause of Action** of any kind, (ii) specifically finding that such **Claim** or **Cause of Action** was not released pursuant to this <u>Article IX</u> or the **Estate Claims Settlement**, as applicable, and (iii) specifically authorizing such **Person** or **Entity** to bring such a **Claim** or **Cause of Action**, as applicable, against any such **Debtor**, **Wind-Down Debtor**, **Exculpated Party**, or **Released Party**, as applicable.

<u>Item 3</u>.        **Vote on Plan and Optional Convenience Claim Election.**

You may vote to accept or reject the **Plan**. You must check the applicable box below to "accept" or "reject" the **Plan** in order to have your vote in each relevant **Voting Class** counted.

Please note that you are voting either to accept or reject the **Plan**. If you do not indicate that you either accept or reject the **Plan** by checking the applicable box below, your vote will not be counted. If you indicate that you both accept and reject the **Plan** by checking both boxes below or vote to reject the **Plan** but make the **Convenience Claim Election**, your vote will not be counted.

Holders of Class B1 General Unsecured Claims valued greater than the Convenience Claim Threshold (*i.e.*, $[●]) may irrevocably elect to have their **Claims** treated instead as a Class B4 Convenience Claim and, if applicable, have such **Claims** reduced to the Convenience Claim Threshold and be treated as a Class B4 Convenience Claim (the "<u>Convenience Claim Election</u>").

Holders of Class B1 General Unsecured Claims that would like to make the **optional** Convenience Claim Election and elect to have their Class B1 General Unsecured Claims treated as a Class B4 Convenience Claim, including, if applicable, reducing their **Claims** to the Convenience Claim Threshold should check the box contained below and return this **Ballot** indicating they would like to accept the Convenience Claim Election. Holders of Class B1 General Unsecured Claims who **do not** make the Convenience Claim Election will be subject to the treatment of Class B1 General Unsecured Claims under the **Plan** and receive **Distributions**, if any, in accordance with the GUC Trust Agreement and the **Plan**.

Holders of Class B4 Convenience Claims are entitled to **Allowance** of their Class B4 Convenience Claim and a one-time **Cash** payment of [●]% their Allowed Class B4 Convenience Claim (the "<u>Convenience Claim Recovery</u>"). The Convenience Claim Recovery will be paid in full and final satisfaction of Class B1 General Unsecured Claims who make the Convenience Claim Election. Holders of Allowed Class B4 Convenience Claims and Holders making the Convenience Claim Election will not be entitled to any additional **Distributions** under the **Plan**.

**ONCE A CONVENIENCE CLAIM ELECTION IS MADE, SUCH CLAIM WILL BE CONSIDERED A HOLDER OF A CLASS B4 CONVENIENCE CLAIM AND THE CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT. YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

**IF YOU AS A HOLDER OF A CLASS B1 GENERAL UNSECURED CLAIMS CHECKS THE BOX UNDER THE CONVENIENCE CLAIM ELECTION, YOU MUST VOTE TO ACCEPT THE PLAN ON ACCOUNT OF ALL YOUR CLAIMS TO MAKE THE CONVENIENCE CLAIM ELECTION**

The Holder of the Class B1 General Unsecured Claim set forth in Item 1 above votes to (*please check <u>one and only one box</u>*):

☐ **ACCEPT** (vote FOR) the Plan          ☐ **REJECT** (vote AGAINST) the Plan

The Holder of the Class B1 General Unsecured Claim set forth in Item 1 above indicates below whether they would like to make the optional Convenience Claim Election (*please check the box only if you would like to make the Convenience Claim Election and vote FOR the Plan*):

☐ **ACCEPT OPTIONAL CONVENIENCE CLAIM ELECTION AND THE PLAN** (make the optional Convenience Claim Election including, if applicable, the reduction of the Holder's Class B1 General Unsecured Claim to the Convenience Claim Threshold of $[●])

<u>**Your vote on the Plan will be applied in the same manner and amount against each applicable Debtor in the relevant Voting Class.**</u>

<u>**Item 4**</u>.          **Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)     as of the Voting Record Date, the undersigned is:  (i) the Holder of the Class B1 General Unsecured Claim being voted pursuant to this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the B1 General Unsecured Claim being voted pursuant to this Ballot;

(b)     the Holder (or authorized signatory) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     the Holder (or authorized signatory) has cast the same vote with respect to all its Class B1 General Unsecured Claims; and

(d)     no other Ballots with respect to the amount of the Class B1 General Unsecured Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class B1 General Unsecured Claims, then any such earlier Ballots are hereby revoked.

6

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE METHODS BELOW.**

**By first class mail:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**By overnight courier, or hand delivery:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

7

> **If you would like to coordinate hand delivery of your Ballot, please email TeamWhittaker@stretto.com and provide the anticipated date and time of your delivery.**

<div align="center">

**OR**

</div>

> **By electronic, online submission:**
>
> Please visit https://cases.stretto.com/whittaker/ and click on the "E-Ballot" section of the website and follow the instructions to submit your Ballot.
>
> **IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:
>
> **Unique E-Ballot Password:**      _____

**The Notice and Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Ballot using the E-Ballot portal should **NOT** also submit a paper Ballot.

> **THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025. THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE. IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

| Class B1 – General Unsecured Claims |
|---|

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.      The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2.      To ensure that your Ballot is counted, you *must either*, (a) complete and submit this hard copy Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website at https://cases.stretto.com/whittaker/.

3.      Use of Hard Copy Ballot.  To ensure that your vote is counted, you must complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 above has been confirmed; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 above; (c) provide the information required by Item 4 above; and (d) sign, date, and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

4.      Use of Online Ballot Portal.  To ensure that your electronic Ballot is counted, please follow the instructions provided on the Debtors' case administration website at https://cases.stretto.com/whittaker/.  You will need to enter your unique E-Ballot password indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots will not be accepted by facsimile or electronic means (other than through the online portal).

5.      If a Ballot is received by the Solicitation Agent after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline.  Additionally, the following Ballots will NOT be counted:

>      any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

>      any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

>      any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

>      any Ballot submitted by facsimile, telecopy or electronic mail (other than through the Solicitation Agent's online portal);

>       any unsigned Ballot;

>      any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

>      any Ballot not cast in accordance with the procedures approved in the Order.

6.      The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation

Agent <u>actually receives</u> the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.  If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.  You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan on account of your Class B1 General Unsecured Claim or, if the Convenience Claim Election is made, your Class B4 Convenience Claim.

10. This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11. <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

**<u>PLEASE MAIL YOUR BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:  (833) 653-6464 (US TOLL-FREE) OR +1 (303) 802-1420 (INTERNATIONAL).**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED.</u>**

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

## **Exhibit 4(b)**

**Class B2 Claim Holder Ballot**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al.*, | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**CLASS B2**
**WHITTAKER, CLARK & DANIELS, INC. TORT CLAIMS BALLOT**
**FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN OF**
**WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR AFFILIATES**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IF YOU ARE A HOLDER OF A CLASS B2 TORT CLAIM, PLEASE COMPLETE, DATE, AND SIGN THIS BALLOT AND RETURN IT TO THE NOTICE AND CLAIMS AGENT.**
>
> **THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE FEBRUARY 24, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). DO NOT RETURN THIS BALLOT TO THE DEBTORS.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement for Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order"). The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this ballot (this "Ballot") because our records indicate that you are a direct Holder of a Class B2 Tort Claim as of **December 9, 2024** (the "Voting Record Date"). Accordingly, you have the right to vote to accept or reject the Plan as provided in Item 2 below on account of your Class B2 Tort Claim.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

> **IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS B2**
>
> **AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A CLASS B2 TORT CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**
>
> **ON THE EFFECTIVE DATE, LIABILITY FOR ALL TORT CLAIMS AGAINST WHITTAKER, CLARK & DANIELS, INC. SHALL AUTOMATICALLY, AND WITHOUT FURTHER ACT, DEED, OR COURT ORDER, BE RESOLVED SOLELY IN ACCORDANCE WITH AND TO THE EXTENT SET FORTH IN THE APPLICABLE PLAN DOCUMENTS AND THE CONFIRMATION ORDER. EACH ALLOWED TORT CLAIM AGAINST WHITTAKER, CLARK & DANIELS, INC. SHALL BE RESOLVED AND RECEIVE DISTRIBUTIONS, IF ANY, IN ACCORDANCE WITH THE TERMS, PROVISIONS, AND PROCEDURES OF THE TORT CLAIMS TRUST AGREEMENT AND THE TORT CLAIMS TRUST DISTRIBUTION PROCEDURES. THE TORT CLAIMS TRUST SHALL BE FUNDED IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE VII.C. OF THE PLAN. THE SOLE RECOURSE OF A HOLDER OF A TORT CLAIM AGAINST WHITTAKER, CLARK & DANIELS, INC. SHALL BE TO THE TORT CLAIMS TRUST.**

If you are the Holder of a Class B2 Tort Claim (and entitled to vote) as of the Voting Record Date, please use this Ballot to cast your vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or any information thereon is incorrect, please contact the Notice and Claims Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials). If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by: (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

<u>**Item 1**</u>.        **Amount of Claim.**

**Please confirm that the information contained in Item 1 below regarding the amount of your Class B2 Tort Claim is correct (solely for voting purposes).** Please note that each Class B2 Tort Claim has been allowed in the amount of $1.00 for voting purposes only, and not for distribution, allowance, or any other purpose.

<center>2</center>

☐ $___**1.00**___

**Item 2**.        **Important information regarding releases under the Plan**

**IMPORTANT INFORMATION REGARDING THE RELEASES**:

**ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Article IX.C of the Plan provides for a release by the Debtors (the "Debtor Releases"):

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their Estates (as applicable) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof), any Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions, the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the Plan Supplement, or any contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of Confirmation, pursuit of Consummation, administration and implementation of the Plan, including the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise) of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA (the "Preserved Rights").  For the avoidance of doubt, nothing contained in this Plan, including this Article IX.C, shall (a) release, compromise, impair, or in any way affect any Assigned Insurance Rights or (b) be raised as or constitute a defense to the assertion of Preserved Rights.**

3

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding that the Debtor Release is:  (1) in exchange for the good and valuable considerations provided by the Released Parties, including without limitation, the Released Parties' contributions to facilitating and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Definitions related to the Debtor Releases:

"*Released Claims*" means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.

"*Released Parties*" means, collectively, and in each case solely in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties; and (d) each Related Party of each Entity in clauses (a) through (c).

Article IX.E of the Plan contains an injunction:

Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties:  (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, Distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.

4

**No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action subject to <u>Article IX</u> hereof without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim or Cause of Action of any kind, (ii) specifically finding that such Claim or Cause of Action was not released pursuant to this <u>Article IX</u> or the Estate Claims Settlement, as applicable, and (iii) specifically authorizing such Person or Entity to bring such a Claim or Cause of Action, as applicable, against any such Debtor, Wind-Down Debtor, Exculpated Party, or Released Party, as applicable.**

<u>Item 3</u>.         **Vote on Plan.**

You may vote to accept or reject the Plan.  You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote in each relevant Voting Class counted.

Please note that you are voting either to accept or reject the Plan.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes below or vote to reject the Plan but make the Convenience Claim Election, your vote will not be counted.

Holders of Class B2 Tort Claims valued greater than the Convenience Claim Threshold (*i.e.*, $[●]) may irrevocably elect to have their Claims treated instead as a Class B4 Convenience Claim and, if applicable, have such Claims reduced to the Convenience Claim Threshold and be treated as a Class B4 Convenience Claim (the "<u>Convenience Claim Election</u>").

Holders of Class B2 Tort Claims that would like to make the **<u>optional</u>** Convenience Claim Election and elect to have their Class B2 Tort Claims treated as a Class B4 Convenience Claim, including, if applicable, reducing their Claims to the Convenience Claim Threshold should check the box contained below and return this Ballot indicating they would like to accept the Convenience Claim Election.  Holders of Class B2 Tort Claims who **<u>do not</u>** make the Convenience Claim Election will be subject to the treatment of Class B2 Tort Claims under the Plan and receive Distributions, if any, in accordance with the Tort Claims Trust Agreement, Tort Claims Distribution Procedures, and the Plan.

Holders of Class B4 Convenience Claims are entitled to Allowance of their Class B4 Convenience Claim and a one-time Cash payment of [●]% their Allowed Class B4 Convenience Claim (the "<u>Convenience Claim Recovery</u>").  The Convenience Claim Recovery will be paid in full and final satisfaction of Class B2 Tort Claims who make the Convenience Claim Election.  Holders of Allowed Class B4 Convenience Claims and Holders making the Convenience Claim Election will not be entitled to any additional Distributions under the Plan.

**ONCE A CONVENIENCE CLAIM ELECTION IS MADE, SUCH CLAIM WILL BE CONSIDERED A HOLDER OF A CLASS B4 CONVENIENCE CLAIM AND THE CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT.  YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

---

**IF YOU AS A HOLDER OF A CLASS B2 TORT CLAIM CHECKS THE BOX UNDER THE CONVENIENCE CLAIM ELECTION, YOU MUST VOTE TO ACCEPT THE PLAN ON ACCOUNT OF ALL YOUR CLAIMS TO MAKE THE CONVENIENCE CLAIM ELECTION**

---

The Holder of the Class B2 Tort Claim set forth in Item 1 above votes to (*please check <u>one and only one box</u>*):

5


| | |
|---|---|
| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |

The Holder of the Class B2 Tort Claim set forth in Item 1 above indicates below whether they would like to make the optional Convenience Claim Election (*please check the box only if you would like to make the Convenience Claim Election and vote FOR the Plan*)

| |
|---|
| ☐ **ACCEPT OPTIONAL CONVENIENCE CLAIM ELECTION AND THE PLAN** (make the optional Convenience Claim Election including, if applicable, the reduction of the Holder's Class B2 Tort Claim to the Convenience Claim Threshold of $[●]) |

**Your vote on the Plan will be applied in the same manner and amount against each applicable Debtor in the relevant Voting Class.**

**Item 4. Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a) as of the Voting Record Date, the undersigned is: (i) the Holder of the Class B2 Tort Claim being voted pursuant to this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class B2 Tort Claim being voted pursuant to this Ballot;

(b) the Holder (or authorized signatory) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c) the Holder (or authorized signatory) has cast the same vote with respect to all its Class B2 Tort Claim; and

(d) no other Ballots with respect to the amount of the Class B2 Tort Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class B2 Tort Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |
| | |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE METHODS BELOW.**

**By first class mail:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**By overnight courier, or hand delivery:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**If you would like to coordinate hand delivery of your Ballot, please email TeamWhittaker@stretto.com and provide the anticipated date and time of your delivery.**

**OR**

---

**By electronic, online submission:**

Please visit https://cases.stretto.com/whittaker/ and click on the "E-Ballot" section of the website, and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:**  You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot Password:**                _____

---

**The Notice and Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Ballot using the E-Ballot portal should **NOT** also submit a paper Ballot.

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.  THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE.  IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

---

| Class B2 – Tort Claims |
| --- |

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.  The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2.  To ensure that your Ballot is counted, you *must either*, (a) complete and submit this hard copy Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website at https://cases.stretto.com/whittaker/.

3.  Use of Hard Copy Ballot.  To ensure that your vote is counted, you must complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 above has been confirmed; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 above; (c) provide the information required by Item 4 above; and (d) sign, date, and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

4.  Use of Online Ballot Portal.  To ensure that your electronic Ballot is counted, please follow the instructions provided on the Debtors' case administration website at https://cases.stretto.com/whittaker/.  You will need to enter your unique E-ballot password indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots will not be accepted by facsimile or electronic means (other than through the online portal).

5.  If a Ballot is received by the Solicitation Agent after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline.  Additionally, the following Ballots will NOT be counted:

    >   any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

    >   any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

    >   any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

    >   any Ballot submitted by facsimile, telecopy or electronic mail (other than through the Solicitation Agent's online portal);

    >    any unsigned Ballot;

    >   any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

    >   any Ballot not cast in accordance with the procedures approved in the Order.

6.  The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation

9

Agent <u>actually receives</u> the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.      You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan on account of your Class B2 Tort Claim or, if the Convenience Claim Election is made, your Class B4 Convenience Claim.

10.     This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.     <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

<div align="center"><u>**PLEASE MAIL YOUR BALLOT PROMPTLY**</u></div>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:  (833) 653-6464 (US TOLL-FREE) OR +1 (303) 802-1420 (INTERNATIONAL).**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED.</u>**

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

**<u>Exhibit 4(c)</u>**

**Class B3 Claim Holder Ballot**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al.*, | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**CLASS B3**
**WHITTAKER, CLARK & DANIELS, INC.**
**ENVIRONMENTAL CLAIM AND INDIRECT ENVIRONMENTAL CLAIMS**
**BALLOT FOR ACCEPTING OR REJECTING THE CHAPTER 11 PLAN OF**
**WHITTAKER, CLARK & DANIELS, INC.  AND  ITS DEBTOR  AFFILIATES**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IF YOU ARE A HOLDER OF A CLASS B3 ENVIRONMENTAL CLAIM OR INDIRECT ENVIRONMENTAL CLAIM, PLEASE COMPLETE, DATE, AND SIGN THIS BALLOT AND RETURN IT TO THE NOTICE AND CLAIMS AGENT.**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE FEBRUARY 24, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE").  DO NOT RETURN THIS BALLOT TO THE DEBTORS.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement for Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement").  The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order").  The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this ballot (this "Ballot") because our records indicate that you are a direct Holder of a Class B3 Environmental Claim or Indirect Environmental Claim as of **December 9, 2024**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

(the "Voting Record Date").  Accordingly, you have the right to vote to accept or reject the Plan as provided in Item 2 below on account of your Class B3 Environmental Claim or Indirect Environmental Claim.

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS B3**

**AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A CLASS B3 ENVIRONMENTAL CLAIM OR INDIRECT ENVIRONMENTAL CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**

**ON THE EFFECTIVE DATE, LIABILITY FOR ALL ENVIRONMENTAL CLAIMS AND INDIRECT ENVIRONMENTAL CLAIMS AGAINST WHITTAKER, CLARK & DANIELS, INC. SHALL AUTOMATICALLY, AND WITHOUT FURTHER ACT, DEED, OR COURT ORDER, BE RESOLVED SOLELY IN ACCORDANCE WITH AND TO THE EXTENT SET FORTH IN THE APPLICABLE PLAN DOCUMENTS AND THE CONFIRMATION ORDER.  EACH ALLOWED ENVIRONMENTAL CLAIM AND INDIRECT ENVIRONMENTAL CLAIM AGAINST WHITTAKER, CLARK & DANIELS, INC. SHALL BE RESOLVED AND RECEIVE DISTRIBUTIONS, IF ANY, IN ACCORDANCE WITH THE TERMS, PROVISIONS, AND PROCEDURES OF THE PLAN AND THE ENVIRONMENTAL REMEDIATION TRUST AGREEMENT.  THE ENVIRONMENTAL REMEDIATION TRUST SHALL BE FUNDED IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE VII.C. OF THE PLAN.  THE SOLE RECOURSE OF A HOLDER OF AN ENVIRONMENTAL CLAIM OR INDIRECT ENVIRONMENTAL CLAIM AGAINST WHITTAKER, CLARK & DANIELS, INC. SHALL BE TO THE ENVIRONMENTAL REMEDIATION TRUST.**

---

If you are the Holder of a Class B3 Environmental Claim or Indirect Environmental Claim (and entitled to vote) as of the Voting Record Date, please use this Ballot to cast your vote to accept or reject the Plan.  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or any information thereon is incorrect, please contact the Notice and Claims Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials).  If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by:  (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent ***immediately*** at the address, telephone number, or email address set forth above.

2

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

<u>Item 1</u>.         **Amount of Claim.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class B3 (Environmental Claim or Indirect Environmental Claim) in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

☐ $_____|●|_____

<u>Item 2</u>.         **Important information regarding releases under the Plan**

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES</u>:**

**ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Article IX.C of the Plan provides for a release by the Debtors (the "<u>Debtor Releases</u>"):

> **Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their Estates (as applicable) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof), any Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions, the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the Plan Supplement, or any contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of Confirmation, pursuit of Consummation, administration and implementation of the Plan, including the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**
> **Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, or any other document, instrument, or agreement (including those set forth in**

3

the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise) of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA (the "Preserved Rights").  For the avoidance of doubt, nothing contained in this Plan, including this Article IX.C, shall (a) release, compromise, impair, or in any way affect any Assigned Insurance Rights or (b) be raised as or constitute a defense to the assertion of Preserved Rights.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding that the Debtor Release is:  (1) in exchange for the good and valuable considerations provided by the Released Parties, including without limitation, the Released Parties' contributions to facilitating and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Definitions related to the Debtor Releases:

"*Released Claims*" means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.

"*Released Parties*" means, collectively, and in each case solely in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties; and (d) each Related Party of each Entity in clauses (a) through (c).

Article IX.E of the Plan contains an injunction:

Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties:  (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.

4

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, Distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.**

**No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action subject to <u>Article IX</u> hereof without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim or Cause of Action of any kind, (ii) specifically finding that such Claim or Cause of Action was not released pursuant to this <u>Article IX</u> or the Estate Claims Settlement, as applicable, and (iii) specifically authorizing such Person or Entity to bring such a Claim or Cause of Action, as applicable, against any such Debtor, Wind-Down Debtor, Exculpated Party, or Released Party, as applicable.**

<u>**Item 3**</u>.            **Vote on Plan.**

You may vote to accept or reject the Plan. You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote in each relevant Voting Class counted.

Please note that you are voting either to accept or reject the Plan. If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted. If you indicate that you both accept and reject the Plan by checking both boxes below or vote to reject the Plan but make the Convenience Claim Election, your vote will not be counted.

Holders of Class B3 Environmental Claims and Indirect Environmental Claims valued greater than the Convenience Claim Threshold (*i.e.*, $[●]) may irrevocably elect to have their Claims treated instead as a Class B4 Convenience Claim and, if applicable, have such Claims reduced to the Convenience Claim Threshold and be treated as a Class B4 Convenience Claim (the "<u>Convenience Claim Election</u>").

Holders of Class B3 Environmental Claims and Indirect Environmental Claims that would like to make the **<u>optional</u>** Convenience Claim Election and elect to have their Class B3 Environmental Claims and Indirect Environmental Claims treated as a Class B4 Convenience Claim, including, if applicable, reducing their Claims to the Convenience Claim Threshold should check the box contained below and return this Ballot indicating they would like to accept the Convenience Claim Election. Holders of Class B3 Environmental Claims and Indirect Environmental Claims who **<u>do not</u>** make the Convenience Claim Election will be subject to the treatment of Class B3 Environmental Claims and Indirect Environmental Claims under the Plan and receive Distributions, if any, in accordance with the Environmental Remediation Trust Agreement and the Plan.

Holders of Class B4 Convenience Claims are entitled to Allowance of their Class B4 Convenience Claim and a one-time Cash payment of [●]% their Allowed Class B4 Convenience Claim (the "<u>Convenience Claim Recovery</u>"). The Convenience Claim Recovery will be paid in full and final satisfaction of Class B3 Environmental Claims and Indirect Environmental Claims who make the Convenience Claim Election. Holders of Allowed Class B4 Convenience Claims and Holders making the Convenience Claim Election will not be entitled to any additional Distributions under the Plan.

**ONCE A CONVENIENCE CLAIM ELECTION IS MADE, SUCH CLAIM WILL BE CONSIDERED A HOLDER OF A CLASS B4 CONVENIENCE CLAIM AND THE CLAIM SHALL**

**NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT.  YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

---

**IF YOU AS A HOLDER OF A CLASS B3 ENVIRONMENTAL CLAIM OR INDIRECT ENVIRONMENTAL CLAIM CHECKS THE BOX UNDER THE CONVENIENCE CLAIM ELECTION, YOU MUST VOTE TO ACCEPT THE PLAN ON ACCOUNT OF ALL YOUR CLAIMS TO MAKE THE CONVENIENCE CLAIM ELECTION.**

---

The Holder of the Class B3 Environmental Claims and Indirect Environmental Claim set forth in Item 1 above votes to (*please check one and only one box*):

---

☐  **ACCEPT** (vote FOR) the Plan          ☐  **REJECT** (vote AGAINST) the Plan

---

The Holder of the Class B3 Environmental Claims and Indirect Environmental Claim set forth in Item 1 above indicates below whether they would like to make the optional Convenience Claim Election (*please check the box only if you would like to make the Convenience Claim Election and vote FOR the Plan*):

---

☐  **ACCEPT OPTIONAL CONVENIENCE CLAIM ELECTION AND THE PLAN** (make the optional Convenience Claim Election including, if applicable, the reduction of the Holder's Class B3 Environmental Claims and Indirect Environmental Claim to the Convenience Claim Threshold of $[●])

---

**Your vote on the Plan will be applied in the same manner and amount against each applicable Debtor in the relevant Voting Class.**

**Item 4**.        **Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

    (a)    as of the Voting Record Date, the undersigned is:  (i) the Holder of the Class B3 Environmental Claim or Indirect Environmental Claim being voted pursuant to this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class B3 Environmental Claim or Indirect Environmental Claim being voted pursuant to this Ballot;

    (b)    the Holder (or authorized signatory) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

    (c)    the Holder (or authorized signatory) has cast the same vote with respect to all its Class B3 Environmental Claims or Indirect Environmental Claims; and

    (d)    no other Ballots with respect to the amount of the Class B3 Environmental Claim or Indirect Environmental Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class B3 Environmental Claims or Indirect Environmental Claims, then any such earlier Ballots are hereby revoked.

| Name of Holder: | |
|---|---|
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |
| | |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE METHODS BELOW.**

**By first class mail:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**By overnight courier, or hand delivery:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

7

---

**If you would like to coordinate hand delivery of your Ballot, please email TeamWhittaker@stretto.com and provide the anticipated date and time of your delivery.**

---

<p style="text-align:center"><strong>OR</strong></p>

---

**By electronic, online submission:**

Please visit https://cases.stretto.com/whittaker/]and click on the "E-Ballot" section of the website, and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot Password:**               _____

---

**The Notice and Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Ballot using the E-Ballot portal should **NOT** also submit a paper Ballot.

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.  THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE.  IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

---

| Class B3 – Environmental Claims and Indirect Environmental Claims |
| --- |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.      The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2.      To ensure that your Ballot is counted, you *must either*, (a) complete and submit this hard copy Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website at https://cases.stretto.com/whittaker/.

3.      Use of Hard Copy Ballot.  To ensure that your vote is counted, you must complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 above has been confirmed; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 above; (c) provide the information required by Item 4 above; and (d) sign, date, and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

4.      Use of Online Ballot Portal.  To ensure that your electronic Ballot is counted, please follow the instructions provided on the Debtors' case administration website at https://cases.stretto.com/whittaker/.  You will need to enter your unique E-ballot password indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots will not be accepted by facsimile or electronic means (other than through the online portal).

5.      If a Ballot is received by the Solicitation Agent after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline.  Additionally, the following Ballots will NOT be counted:

>       any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

>       any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

>       any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

>       any Ballot submitted by facsimile, telecopy or electronic mail (other than through the Solicitation Agent's online portal);

>       any unsigned Ballot;

>       any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

>       any Ballot not cast in accordance with the procedures approved in the Order.

6.      The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation

9

Agent <u>actually receives</u> the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.      You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan on account of your Class B3 Environmental Claim or Indirect Environmental Claim or, if the Convenience Claim Election is made, your Class B4 Convenience Claim.

10.     This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.     <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

<div align="center"><u>**PLEASE MAIL YOUR BALLOT PROMPTLY**</u></div>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:  AT (833) 653-6464 (US TOLL FREE) OR +1 (303) 802-1420 (INTERNATIONAL).**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED.</u>**

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

### Exhibit 4(d)

**Class B4 Claim Holder Ballot**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al*., | Case No. 23-13575 (MBK) |
| Debtors[1] | (Jointly Administered) |

**CLASS B4**
**WHITTAKER, CLARK & DANIELS, INC. CONVENIENCE CLAIMS**
**BALLOT FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11**
**PLAN OF WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR AFFILIATES**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IF YOU ARE A HOLDER OF A CLASS B4 CONVENIENCE CLAIM, PLEASE COMPLETE, DATE, AND SIGN THIS BALLOT AND RETURN IT TO THE NOTICE AND CLAIMS AGENT.**
>
> **THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE FEBRUARY 24, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). DO NOT RETURN THIS BALLOT TO THE DEBTORS.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement for Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order"). The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this ballot (this "Ballot") because our records indicate that you are a direct Holder of a Class B4 Convenience Claim as of **December 9, 2024** (the "Voting Record Date"). Accordingly, you have

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

the right to vote to accept or reject the Plan as provided in Item 2 below on account of your Class B4 Convenience Claim.

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS B4**

**AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A CLASS B4 CONVENIENCE CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**

**IN FULL AND FINAL SATISFACTION, COMPROMISE, SETTLEMENT, AND RELEASE OF ITS CONVENIENCE CLAIMS, EACH HOLDER OF A CONVENIENCE CLAIM AGAINST WHITTAKER, CLARK & DANIELS, INC. SHALL RECEIVE A [●]% RECOVERY ON ACCOUNT OF SUCH CONVENIENCE CLAIM.**

---

If you are the Holder of a Class B4 Convenience Claim (and entitled to vote) as of the Voting Record Date, please use this Ballot to cast your vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or any information thereon is incorrect, please contact the Notice and Claims Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials). If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by: (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

**Item 1.**        **Amount of Claim.**

**Please confirm that the information contained in Item 1 below regarding the amount of your Class B4 Convenience Claim is correct (solely for voting purposes).**

☐ $_____[●]_____

**Item 2.**      **Important information regarding releases under the Plan**

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

---

**ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

---

Article IX.C of the Plan provides for a release by the Debtors (the "Debtor Releases"):

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their Estates (as applicable) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof), any Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions, the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the Plan Supplement, or any contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of Confirmation, pursuit of Consummation, administration and implementation of the Plan, including the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise) of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA (the "Preserved Rights"). For the avoidance of doubt, nothing contained in this Plan, including this Article IX.C, shall (a) release, compromise, impair, or in any way affect any Assigned Insurance Rights or (b) be raised as or constitute a defense to the assertion of Preserved Rights.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable considerations provided by the**

**Released Parties, including without limitation, the Released Parties' contributions to facilitating and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.**

Definitions related to the Debtor Releases:

"*Released Claims*" **means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.**

"*Released Parties*" **means, collectively, and in each case solely in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties; and (d) each Related Party of each Entity in clauses (a) through (c).**

Article IX.E of the Plan contains an injunction:

**Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties:  (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, Distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.**

**No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in**

4

connection with, relating to, or arising out of a Claim or Cause of Action subject to <u>Article IX</u> hereof without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim or Cause of Action of any kind, (ii) specifically finding that such Claim or Cause of Action was not released pursuant to this <u>Article IX</u> or the Estate Claims Settlement, as applicable, and (iii) specifically authorizing such Person or Entity to bring such a Claim or Cause of Action, as applicable, against any such Debtor, Wind-Down Debtor, Exculpated Party, or Released Party, as applicable

<u>**Item 3**</u>.          **Vote on Plan.**

You may vote to accept or reject the Plan.  You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote in each relevant Voting Class counted.

Please note that you are voting either to accept or reject the Plan.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes below, your vote will not be counted.

The Holder of the Class B4 Convenience Claim set forth in Item 1 above votes to (*please check <u>one and only one box</u>*):

| | |
|---|---|
| ☐  **<u>ACCEPT</u>** (vote FOR) the Plan | ☐  **<u>REJECT</u>** (vote AGAINST) the Plan |

<u>**Your vote on the Plan will be applied in the same manner and amount against each applicable Debtor in the relevant Voting Class.**</u>

<u>**Item 4**</u>.          **Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)      as of the Voting Record Date, the undersigned is:  (i) the Holder of the Class B4 Convenience Claim being voted pursuant to this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class B4 Convenience Claim being voted pursuant to this Ballot;

(b)      the Holder (or authorized signatory) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)      the Holder (or authorized signatory) has cast the same vote with respect to all its Class B4 Convenience Claim; and

(d)      no other Ballots with respect to the amount of the Class B4 Convenience Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class B4 Convenience Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |
| | |

---

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE METHODS BELOW.**

**By first class mail:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**By overnight courier, or hand delivery:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**If you would like to coordinate hand delivery of your Ballot, please email TeamWhittaker@stretto.com and provide the anticipated date and time of your delivery.**

6

**OR**

---

**By electronic, online submission:**

Please visit https://cases.stretto.com/whittaker/ and click on the "E-Ballot" section of the website, and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot Password:**                    _____

---

**The Notice and Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Ballot using the E-Ballot portal should **NOT** also submit a paper Ballot.

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025. THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE. IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

---

| Class B4 – Convenience Claims |
|---|

**<u>INSTRUCTIONS FOR COMPLETING THIS BALLOT</u>**

1.    The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "<u>Ballot Instructions</u>") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2.    To ensure that your Ballot is counted, you *must either*, (a) complete and submit this hard copy Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website at https://cases.stretto.com/whittaker/.

3.    <u>Use of Hard Copy Ballot</u>.  To ensure that your vote is counted, you <u>must</u> complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 above has been confirmed; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 above; (c) provide the information required by Item 4 above; <u>and</u> (d) sign, date, and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

4.    <u>Use of Online Ballot Portal</u>.  To ensure that your electronic Ballot is counted, please follow the instructions provided on the Debtors' case administration website at https://cases.stretto.com/whittaker/.  You will need to enter your unique E-ballot password indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  <u>Ballots will not be accepted by facsimile or electronic means (other than through the online portal)</u>.

5.    If a Ballot is received by the Solicitation Agent <u>after</u> the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline.  Additionally, the following Ballots will <u>NOT</u> be counted:

>    any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

>    any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

>    any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

>    any Ballot submitted by facsimile, telecopy or electronic mail (other than through the Solicitation Agent's online portal);

>    any unsigned Ballot;

>    any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

>    any Ballot not cast in accordance with the procedures approved in the Order.

6.    The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation

Agent <u>actually receives</u> the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.     If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.     You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan on account of your Class B4 Convenience Claim.

10.    This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.    <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

<div align="center"><u>**PLEASE MAIL YOUR BALLOT PROMPTLY**</u></div>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:  AT (833) 653-6464 (US TOLL FREE) OR +1 (303) 802-1420 (INTERNATIONAL).**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED.</u>**

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

**<u>Exhibit 4(e)</u>**

**Class C1 Claim Holder Ballot**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al.*, | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## CLASS C1
## SOCO WEST, INC.
## GENERAL UNSECURED CLAIMS BALLOT
## FOR ACCEPTING OR REJECTING THE CHAPTER 11 PLAN OF
## WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR AFFILIATES

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IF YOU ARE A HOLDER OF A CLASS C1 GENERAL UNSECURED CLAIM, PLEASE COMPLETE, DATE, AND SIGN THIS BALLOT AND RETURN IT TO THE NOTICE AND CLAIMS AGENT.**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE FEBRUARY 24, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). DO NOT RETURN THIS BALLOT TO THE DEBTORS.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement for Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order"). The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this ballot (this "Ballot") because our records indicate that you are a direct Holder of a Class C1 General Unsecured Claim as of **December 9, 2024** (the "Voting Record Date"). Accordingly,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

you have the right to vote to accept or reject the Plan as provided in Item 2 below on account of your Class C1 General Unsecured Claim.

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS C1**

**AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A CLASS C1 GENERAL UNSECURED CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**

**ON THE EFFECTIVE DATE, LIABILITY FOR ALL GENERAL UNSECURED CLAIMS AGAINST SOCO WEST, INC. SHALL AUTOMATICALLY, AND WITHOUT FURTHER ACT, DEED, OR COURT ORDER, BE RESOLVED SOLELY IN ACCORDANCE WITH AND TO THE EXTENT SET FORTH IN THE APPLICABLE PLAN DOCUMENTS AND THE CONFIRMATION ORDER.   EACH ALLOWED GENERAL UNSECURED CLAIM AGAINST SOCO WEST, INC. SHALL BE RESOLVED AND RECEIVE DISTRIBUTIONS, IF ANY, IN ACCORDANCE WITH THE TERMS, PROVISIONS, AND PROCEDURES OF THE PLAN AND THE GUC TRUST AGREEMENT.   THE GUC TRUST SHALL BE FUNDED IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE VII.C. OF THE PLAN.   THE SOLE RECOURSE OF A HOLDER OF A GENERAL UNSECURED CLAIM AGAINST SOCO WEST, INC. SHALL BE TO THE GUC TRUST.**

---

If you are the Holder of a Class C1 General Unsecured Claim (and entitled to vote) as of the Voting Record Date, please use this Ballot to cast your vote to accept or reject the Plan.  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or any information thereon is incorrect, please contact the Notice and Claims Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials).  If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by:  (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

**Item 1.**        **Amount of Claim.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class C1 (General Unsecured Claims) in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

☐ $_____[●]_____

**Item 2.**        **Important information regarding releases under the Plan**

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

**ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Article IX.C of the Plan provides for a release by the Debtors (the "<u>Debtor Releases</u>"):

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their Estates (as applicable) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof), any Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions, the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the Plan Supplement, or any contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of Confirmation, pursuit of Consummation, administration and implementation of the Plan, including the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise)**

of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA (the "<u>Preserved Rights</u>").  For the avoidance of doubt, nothing contained in this Plan, including this <u>Article IX.C</u>, shall (a) release, compromise, impair, or in any way affect any Assigned Insurance Rights or (b) be raised as or constitute a defense to the assertion of Preserved Rights.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding that the Debtor Release is:  (1) in exchange for the good and valuable considerations provided by the Released Parties, including without limitation, the Released Parties' contributions to facilitating and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Definitions related to the Debtor Releases:

"*Released Claims*" means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.

"*Released Parties*" means, collectively, and in each case solely in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties; and (d) each Related Party of each Entity in clauses (a) through (c).

Article IX.E of the Plan contains an injunction:

Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties:  (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct

4

and indirect **Affiliates**, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or **Consummation** of the **Plan**. Each **Holder** of an **Allowed Claim** or **Allowed Interest**, as applicable, by accepting, or being eligible to accept, **Distributions** under or **Reinstatement** of such **Claim** or **Interest**, as applicable, pursuant to the **Plan**, shall be deemed to have consented to the injunction provisions set forth in this **Article IX.E.**

No **Person** or **Entity** may commence or pursue a **Claim** or **Cause of Action**, as applicable, of any kind against the **Debtors**, the **Wind-Down Debtors**, the **Exculpated Parties**, or the **Released Parties**, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a **Claim** or **Cause of Action** subject to <u>Article IX</u> hereof without the **Bankruptcy Court** (i) first determining, after notice and a hearing, that such **Claim** or **Cause of Action**, as applicable, represents a colorable **Claim** or **Cause of Action** of any kind, (ii) specifically finding that such **Claim** or **Cause of Action** was not released pursuant to this <u>Article IX</u> or the **Estate Claims Settlement**, as applicable, and (iii) specifically authorizing such **Person** or **Entity** to bring such a **Claim** or **Cause of Action**, as applicable, against any such **Debtor**, **Wind-Down Debtor**, **Exculpated Party**, or **Released Party**, as applicable.

<u>**Item 3**</u>.       **Vote on Plan.**

You may vote to accept or reject the **Plan**. You must check the applicable box below to "accept" or "reject" the **Plan** in order to have your vote in each relevant **Voting Class** counted.

Please note that you are voting either to accept or reject the **Plan**. If you do not indicate that you either accept or reject the **Plan** by checking the applicable box below, your vote will not be counted. If you indicate that you both accept and reject the **Plan** by checking both boxes below or vote to reject the **Plan** but make the **Convenience Claim Election**, your vote will not be counted.

Holders of Class C1 General Unsecured Claims valued greater than the Convenience Claim Threshold (*i.e.*, \$[●]) may irrevocably elect to have their **Claims** treated instead as a Class C4 **Convenience Claim** and, if applicable, have such **Claims** reduced to the Convenience Claim Threshold and be treated as a Class B4 Convenience Claim (the "<u>Convenience Claim Election</u>").

Holders of Class C1 General Unsecured Claims that would like to make the **optional** Convenience Claim Election and elect to have their Class C1 General Unsecured Claims treated as a Class C4 Convenience Claim, including, if applicable, reducing their **Claims** to the Convenience Claim Threshold should check the box contained below and return this Ballot indicating they would like to accept the Convenience Claim Election. Holders of Class C1 General Unsecured Claims who **do not** make the Convenience Claim Election will be subject to the treatment of Class C1 General Unsecured Claims under the **Plan** and receive **Distributions**, if any, in accordance with the **GUC Trust Agreement** and the **Plan**.

Holders of Class C4 Convenience Claims are entitled to Allowance of their Class C4 Convenience Claim and a one-time Cash payment of [●]% their Allowed Class C4 Convenience Claim (the "<u>Convenience Claim Recovery</u>"). The Convenience Claim Recovery will be paid in full and final satisfaction of Class C1 General Unsecured Claims who make the Convenience Claim Election. Holders of Allowed Class C4 Convenience Claims and Holders making the Convenience Claim Election will not be entitled to any additional **Distributions** under the **Plan**.

**ONCE A CONVENIENCE CLAIM ELECTION IS MADE, SUCH CLAIM WILL BE CONSIDERED A HOLDER OF A CLASS C4 CONVENIENCE CLAIM AND THE CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT. YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

**IF YOU AS A HOLDER OF A CLASS C1 GENERAL UNSECURED CLAIMS CHECKS THE BOX UNDER THE CONVENIENCE CLAIM ELECTION, YOU MUST VOTE TO ACCEPT THE PLAN ON ACCOUNT OF ALL YOUR CLAIMS TO MAKE THE CONVENIENCE CLAIM ELECTION**

The Holder of the Class C1 General Unsecured Claim set forth in Item 1 above votes to (*please check one and only one box*):

☐ **ACCEPT** (vote FOR) the Plan           ☐ **REJECT** (vote AGAINST) the Plan

The Holder of the Class C1 General Unsecured Claim set forth in Item 1 above indicates below whether they would like to make the optional Convenience Claim Election (*please check the box only if you would like to make the Convenience Claim Election and vote FOR the Plan*):

☐ **ACCEPT OPTIONAL CONVENIENCE CLAIM ELECTION AND THE PLAN** (make the optional Convenience Claim Election including, if applicable, the reduction of the Holder's Class C1 General Unsecured Claim to the Convenience Claim Threshold of $[●])

**Your vote on the Plan will be applied in the same manner and amount against each applicable Debtor in the relevant Voting Class.**

**Item 4**.          **Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)      as of the Voting Record Date, the undersigned is: (i) the Holder of the Class C1 General Unsecured Claim being voted pursuant to this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class C1 General Unsecured Claim being voted pursuant to this Ballot;

(b)      the Holder (or authorized signatory) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)      the Holder (or authorized signatory) has cast the same vote with respect to all its Class C1 General Unsecured Claims; and

(d)      no other Ballots with respect to the amount of the Class C1 General Unsecured Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class C1 General Unsecured Claims, then any such earlier Ballots are hereby revoked.

| Name of Holder: | |
|---|---|
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE METHODS BELOW.**

**By first class mail:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**By overnight courier, or hand delivery:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**If you would like to coordinate hand delivery of your Ballot, please email TeamWhittaker@stretto.com and provide the anticipated date and time of your delivery.**

**OR**

---

**By electronic, online submission:**

Please visit https://cases.stretto.com/whittaker/ and click on the "E-Ballot" section of the website, and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot Password:** _____

---

**The Notice and Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Ballot using the E-Ballot portal should **NOT** also submit a paper Ballot.

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025. THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE. IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

---

| Class C1 – General Unsecured Claims |
| --- |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.      The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2.      To ensure that your Ballot is counted, you *must either*, (a) complete and submit this hard copy Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website at https://cases.stretto.com/whittaker/.

3.      Use of Hard Copy Ballot.  To ensure that your vote is counted, you must complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 above has been confirmed; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 above; (c) provide the information required by Item 4 above; and (d) sign, date, and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

4.      Use of Online Ballot Portal.  To ensure that your electronic Ballot is counted, please follow the instructions provided on the Debtors' case administration website at https://cases.stretto.com/whittaker/.  You will need to enter your unique E-ballot password indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots will not be accepted by facsimile or electronic means (other than through the online portal).

5.      If a Ballot is received by the Solicitation Agent after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline.  Additionally, the following Ballots will NOT be counted:

> any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

> any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

> any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

> any Ballot submitted by facsimile, telecopy or electronic mail (other than through the Solicitation Agent's online portal);

> any unsigned Ballot;

> any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

> any Ballot not cast in accordance with the procedures approved in the Order.

6.      The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation

9

Agent <u>actually receives</u> the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.      You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.      and may not be used for any purpose other than to vote to accept or reject the Plan on account of your Class C1 General Unsecured Claim or, if the Convenience Claim Election is made, your Class C4 Convenience Claim.

10.     This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.     <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

<u>**PLEASE MAIL YOUR BALLOT PROMPTLY**</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:  AT (833) 653-6464 (US TOLL FREE) OR +1 (303) 802-1420 (INTERNATIONAL).**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED.</u>**

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

## **Exhibit 4(f)**

**Class C2 Claim Holder Ballot**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al.*, | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**CLASS C2
SOCO WEST, INC. TORT CLAIMS BALLOT FOR
ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN OF
WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR AFFILIATES**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IF YOU ARE A HOLDER OF A CLASS C2 TORT CLAIM, PLEASE COMPLETE, DATE, AND SIGN THIS BALLOT AND RETURN IT TO THE NOTICE AND CLAIMS AGENT.**
>
> **THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE FEBRUARY 24, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). DO NOT RETURN THIS BALLOT TO THE DEBTORS.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement for Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order"). The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this ballot (this "Ballot") because our records indicate that you are a direct Holder of a Class C2 Tort Claim as of **December 9, 2024** (the "Voting Record Date"). Accordingly, you have the right to vote to accept or reject the Plan as provided in Item 2 below on account of your Class C2 Tort Claim.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS C2**

**AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A CLASS C2 TORT CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**

**ON THE EFFECTIVE DATE, LIABILITY FOR ALL TORT CLAIMS AGAINST SOCO WEST, INC. SHALL AUTOMATICALLY, AND WITHOUT FURTHER ACT, DEED, OR COURT ORDER, BE RESOLVED SOLELY IN ACCORDANCE WITH AND TO THE EXTENT SET FORTH IN THE APPLICABLE PLAN DOCUMENTS AND THE CONFIRMATION ORDER. EACH ALLOWED TORT CLAIM AGAINST SOCO WEST, INC. SHALL BE RESOLVED IN ACCORDANCE WITH THE TERMS, PROVISIONS, AND PROCEDURES OF THE TORT CLAIMS TRUST AGREEMENT AND THE TORT CLAIMS TRUST DISTRIBUTION PROCEDURES. THE TORT CLAIMS TRUST SHALL BE FUNDED IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE VII.C. OF THE PLAN. THE SOLE RECOURSE OF A HOLDER OF A TORT CLAIM AGAINST SOCO WEST, INC. SHALL BE TO THE TORT CLAIMS TRUST.**

---

If you are the Holder of a Class C2 Tort Claim (and entitled to vote) as of the Voting Record Date, please use this Ballot to cast your vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or any information thereon is incorrect, please contact the Notice and Claims Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials). If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by: (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent ***immediately*** at the address, telephone number, or email address set forth above.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

**Item 1.        Amount of Claim.**

**Please confirm that the information contained in Item 1 below regarding the amount of your Class C2 Tort Claim is correct (solely for voting purposes).** Please note that each Class C2 Tort Claim has been allowed in the amount of $1.00 for voting purposes only, and not for distribution, allowance, or any other purpose.

☐ $_____1.00_____

**Item 2.**       **Important information regarding releases under the Plan**

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

Article IX.C of the Plan provides for a release by the Debtors (the "Debtor Releases"):

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their Estates (as applicable) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof), any Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions, the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the Plan Supplement, or any contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of Confirmation, pursuit of Consummation, administration and implementation of the Plan, including the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise) of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA (the "Preserved Rights"). For the avoidance of doubt, nothing contained in this Plan, including this Article IX.C, shall (a) release, compromise, impair, or in any way affect any Assigned Insurance Rights or (b) be raised as or constitute a defense to the assertion of Preserved Rights.**

3

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable considerations provided by the Released Parties, including without limitation, the Released Parties' contributions to facilitating and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.**

Definitions related to the Debtor Releases:

**"*Released Claims*" means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.**

**"*Released Parties*" means, collectively, and in each case solely in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties; and (d) each Related Party of each Entity in clauses (a) through (c).**

Article IX.E of the Plan contains an injunction:

**Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties: (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, Distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.**

4

**No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action subject to <u>Article IX</u> hereof without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim or Cause of Action of any kind, (ii) specifically finding that such Claim or Cause of Action was not released pursuant to this <u>Article IX</u> or the Estate Claims Settlement, as applicable, and (iii) specifically authorizing such Person or Entity to bring such a Claim or Cause of Action, as applicable, against any such Debtor, Wind-Down Debtor, Exculpated Party, or Released Party, as applicable.**

<u>**Item 3**</u>.          **Vote on Plan.**

You may vote to accept or reject the Plan.  You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote in each relevant Voting Class counted.

Please note that you are voting either to accept or reject the Plan.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes below or vote to reject the Plan but make the Convenience Claim Election, your vote will not be counted.

Holders of Class C2 Tort Claims valued greater than the Convenience Claim Threshold (*i.e.*, $[●]) may irrevocably elect to have their Claims treated instead as a Class C4 Convenience Claim and, if applicable, have such Claims reduced to the Convenience Claim Threshold and be treated as a Class C4 Convenience Claim (the "<u>Convenience Claim Election</u>").

Holders of Class C2 Tort Claims that would like to make the **<u>optional</u>** Convenience Claim Election and elect to have their Class C2 Tort Claims treated as a Class C4 Convenience Claim, including, if applicable, reducing their Claims to the Convenience Claim Threshold should check the box contained below and return this Ballot indicating they would like to accept the Convenience Claim Election.  Holders of Class C2 Tort Claims who **<u>do not</u>** make the Convenience Claim Election will be subject to the treatment of Class C2 Tort Claims under the Plan and receive Distributions, if any, in accordance with the Tort Claims Trust Agreement, Tort Claims Distribution Procedures, and the Plan.

Holders of Class C4 Convenience Claims are entitled to Allowance of their Class C4 Convenience Claim and a one-time Cash payment of [●]% their Allowed Class C4 Convenience Claim (the "<u>Convenience Claim Recovery</u>").  The Convenience Claim Recovery will be paid in full and final satisfaction of Class C2 Tort Claims who make the Convenience Claim Election.  Holders of Allowed Class C4 Convenience Claims and Holders making the Convenience Claim Election will not be entitled to any additional Distributions under the Plan.

**ONCE A CONVENIENCE CLAIM ELECTION IS MADE, SUCH CLAIM WILL BE CONSIDERED A HOLDER OF A CLASS B4 CONVENIENCE CLAIM AND THE CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT.  YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

| |
|---|
| **IF YOU AS A HOLDER OF A CLASS C2 TORT CLAIM CHECKS THE BOX UNDER THE CONVENIENCE CLAIM ELECTION, YOU MUST VOTE TO ACCEPT THE PLAN ON ACCOUNT OF ALL YOUR CLAIMS TO MAKE THE CONVENIENCE CLAIM ELECTION** |

The Holder of the Class C2 Tort Claim set forth in Item 1 above votes to (*please check <u>one and only one box</u>*):

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
|---|---|

The Holder of the Class C2 Tort Claim set forth in Item 1 above indicates below whether they would like to make the optional Convenience Claim Election (*please check the box only if you would like to make the Convenience Claim Election and vote FOR the Plan*):

| ☐ **ACCEPT OPTIONAL CONVENIENCE CLAIM ELECTION AND THE PLAN** (make the optional Convenience Claim Election including, if applicable, the reduction of the Holder's Class C2 Tort Claim to the Convenience Claim Threshold of $[●]) |
|---|

**Your vote on the Plan will be applied in the same manner and amount against each applicable Debtor in the relevant Voting Class.**

**Item 4.**      **Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)      as of the Voting Record Date, the undersigned is: (i) the Holder of the Class C2 Tort Claim being voted pursuant to this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class C2 Tort Claim being voted pursuant to this Ballot;

(b)      the Holder (or authorized signatory) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)      the Holder (or authorized signatory) has cast the same vote with respect to all its Class C2 Tort Claim; and

(d)      no other Ballots with respect to the amount of the Class C2 Tort Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class C2 Tort Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |
| | |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE METHODS BELOW.**

**By first class mail:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**By overnight courier, or hand delivery:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**If you would like to coordinate hand delivery of your Ballot, please email TeamWhittaker@stretto.com and provide the anticipated date and time of your delivery.**

**OR**

---

**By electronic, online submission:**

Please visit https://cases.stretto.com/whittaker/ and click on the "E-Ballot" section of the website, and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:**  You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot Password:**                    _____

---

**The Notice and Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Ballot using the E-Ballot portal should **NOT** also submit a paper Ballot.

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.  THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE.  IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

---

| Class C2 – Tort Claims |
|---|

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.      The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2.      To ensure that your Ballot is counted, you *must either*, (a) complete and submit this hard copy Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website at https://cases.stretto.com/whittaker/.

3.      Use of Hard Copy Ballot.  To ensure that your vote is counted, you must complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 above has been confirmed; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 above; (c) provide the information required by Item 4 above; and (d) sign, date, and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

4.      Use of Online Ballot Portal.  To ensure that your electronic Ballot is counted, please follow the instructions provided on the Debtors' case administration website at https://cases.stretto.com/whittaker/.  You will need to enter your unique E-ballot password indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots will not be accepted by facsimile or electronic means (other than through the online portal).

5.      If a Ballot is received by the Solicitation Agent after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline.  Additionally, the following Ballots will NOT be counted:

>      any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

>      any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

>      any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

>      any Ballot submitted by facsimile, telecopy or electronic mail (other than through the Solicitation Agent's online portal);

>       any unsigned Ballot;

>      any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

>      any Ballot not cast in accordance with the procedures approved in the Order.

6.      The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation

Agent <u>actually receives</u> the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.      You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan on account of your Class C2 Tort Claim or, if the Convenience Claim Election is made, your Class C4 Convenience Claim.

10.     This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.     <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

**<u>PLEASE MAIL YOUR BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:  AT (833) 653-6464 (US TOLL FREE) OR +1 (303) 802-1420 (INTERNATIONAL)**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED.</u>**

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

## **Exhibit 4(g)**

**Class C3 Claim Holder Ballot**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al*., | Case No. 23-13575 (MBK) |
| Debtors[1] | (Jointly Administered) |

**CLASS C3**
**SOCO WEST, INC.**
**ENVIRONMENTAL CLAIMS AND INDIRECT ENVIRONMENTAL CLAIMS**
**BALLOT FOR ACCEPTING OR REJECTING THE CHAPTER 11 PLAN OF**
**WHITTAKER, CLARK & DANIELS, INC.  AND  ITS  DEBTOR  AFFILIATES**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IF YOU ARE A HOLDER OF A CLASS C3 ENVIRONMENTAL CLAIM OR INDIRECT ENVIRONMENTAL CLAIM, PLEASE COMPLETE, DATE, AND SIGN THIS BALLOT AND RETURN IT TO THE NOTICE AND CLAIMS AGENT.**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE FEBRUARY 24, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). DO NOT RETURN THIS BALLOT TO THE DEBTORS.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement for Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order"). The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this ballot (this "Ballot") because our records indicate that you are a direct Holder of a Class C3 Environmental Claim or Indirect Environmental Claim as of **December 9, 2024**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

(the "Voting Record Date"). Accordingly, you have the right to vote to accept or reject the Plan as provided in Item 2 below on account of your Class C3 Environmental Claim or Indirect Environmental Claim.

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS C3**

**AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A CLASS C3 ENVIRONMENTAL CLAIM OR INDIRECT ENVIRONMENTAL CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**

**ON THE EFFECTIVE DATE, LIABILITY FOR ALL ENVIRONMENTAL CLAIMS AND INDIRECT ENVIRONMENTAL CLAIMS AGAINST SOCO WEST, INC. SHALL AUTOMATICALLY, AND WITHOUT FURTHER ACT, DEED, OR COURT ORDER, BE RESOLVED SOLELY IN ACCORDANCE WITH AND TO THE EXTENT SET FORTH IN THE APPLICABLE PLAN DOCUMENTS AND THE CONFIRMATION ORDER. EACH ALLOWED ENVIRONMENTAL CLAIM AND INDIRECT ENVIRONMENTAL CLAIM AGAINST SOCO WEST, INC. SHALL BE RESOLVED AND RECEIVE DISTRIBUTIONS, IF ANY, IN ACCORDANCE WITH THE TERMS, PROVISIONS, AND PROCEDURES OF THE PLAN AND THE ENVIRONMENTAL REMEDIATION TRUST AGREEMENT. THE ENVIRONMENTAL REMEDIATION TRUST SHALL BE FUNDED IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE VII.C. OF THE PLAN. THE SOLE RECOURSE OF A HOLDER OF AN ENVIRONMENTAL CLAIM OR INDIRECT ENVIRONMENTAL CLAIM AGAINST SOCO WEST, INC. SHALL BE TO THE ENVIRONMENTAL REMEDIATION TRUST.**

---

If you are the Holder of a Class C3 Environmental Claim or Indirect Environmental Claim (and entitled to vote) as of the Voting Record Date, please use this Ballot to cast your vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or any information thereon is incorrect, please contact the Notice and Claims Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials). If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by: (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

**Item 1**.       **Amount of Claim.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class C3 (Environmental Claim or Indirect Environmental Claim) in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

☐ $_____[●]_____

**Item 2**.       **Important information regarding releases under the Plan**

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

**ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Article IX.C of the Plan provides for a release by the Debtors (the "Debtor Releases"):

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their Estates (as applicable) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof), any Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions, the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the Plan Supplement, or any contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of Confirmation, pursuit of Consummation, administration and implementation of the Plan, including the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise) of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another**

3

Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA (the "<u>Preserved Rights</u>").  For the avoidance of doubt, nothing contained in this Plan, including this <u>Article IX.C</u>, shall (a) release, compromise, impair, or in any way affect any Assigned Insurance Rights or (b) be raised as or constitute a defense to the assertion of Preserved Rights.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding that the Debtor Release is:  (1) in exchange for the good and valuable considerations provided by the Released Parties, including without limitation, the Released Parties' contributions to facilitating and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Definitions related to the Debtor Releases:

"*Released Claims*" means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.

"*Released Parties*" means, collectively, and in each case solely in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties; and (d) each Related Party of each Entity in clauses (a) through (c).

Article IX.E of the Plan contains an injunction:

Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties:  (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to

**interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, Distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.**

**No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action subject to <u>Article IX</u> hereof without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim or Cause of Action of any kind, (ii) specifically finding that such Claim or Cause of Action was not released pursuant to this <u>Article IX</u> or the Estate Claims Settlement, as applicable, and (iii) specifically authorizing such Person or Entity to bring such a Claim or Cause of Action, as applicable, against any such Debtor, Wind-Down Debtor, Exculpated Party, or Released Party, as applicable.**

<u>**Item 3**</u>.        **Vote on Plan.**

You may vote to accept or reject the Plan.  You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote in each relevant Voting Class counted.

Please note that you are voting either to accept or reject the Plan.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes below or vote to reject the Plan but make the Convenience Claim Election, your vote will not be counted.

Holders of Class C3 Environmental Claims and Indirect Environmental Claims valued greater than the Convenience Claim Threshold (*i.e.*, $[●]) may irrevocably elect to have their Claims treated instead as a Class C4 Convenience Claim and, if applicable, have such Claims reduced to the Convenience Claim Threshold and be treated as a Class C4 Convenience Claim (the "<u>Convenience Claim Election</u>").

Holders of Class C3 Environmental Claims and Indirect Environmental Claims that would like to make the **<u>optional</u>** Convenience Claim Election and elect to have their Class C3 Environmental Claims and Indirect Environmental Claims treated as a Class C4 Convenience Claim, including, if applicable, reducing their Claims to the Convenience Claim Threshold should check the box contained below and return this Ballot indicating they would like to accept the Convenience Claim Election.  Holders of Class C3 Environmental Claims and Indirect Environmental Claims who **<u>do not</u>** make the Convenience Claim Election will be subject to the treatment of Class C3 Environmental Claims and Indirect Environmental Claims under the Plan and receive Distributions, if any, in accordance with the Environmental Remediation Trust Agreement and the Plan.

Holders of Class C4 Convenience Claims are entitled to Allowance of their Class C4 Convenience Claim and a one-time Cash payment of [●]% their Allowed Class C4 Convenience Claim (the "<u>Convenience Claim Recovery</u>").  The Convenience Claim Recovery will be paid in full and final satisfaction of Class C3 Environmental Claims and Indirect Environmental Claims who make the Convenience Claim Election.  Holders of Allowed Class B4 Convenience Claims and Holders making the Convenience Claim Election will not be entitled to any additional Distributions under the Plan.

**ONCE A CONVENIENCE CLAIM ELECTION IS MADE, SUCH CLAIM WILL BE CONSIDERED A HOLDER OF A CLASS C4 CONVENIENCE CLAIM AND THE CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT.  YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

> **IF YOU AS A HOLDER OF A CLASS C3 ENVIRONMENTAL CLAIM OR INDIRECT ENVIRONMENTAL CLAIM CHECKS THE BOX UNDER THE CONVENIENCE CLAIM ELECTION, YOU MUST VOTE TO ACCEPT THE PLAN ON ACCOUNT OF ALL YOUR CLAIMS TO MAKE THE CONVENIENCE CLAIM ELECTION**

The Holder of the Class C3 Environmental Claims and Indirect Environmental Claim set forth in Item 1 above indicates below whether they would like to make the optional Convenience Claim Election (*please check the box only if you would like to make the Convenience Claim Election and vote FOR the Plan*):

> ☐  **ACCEPT** (vote FOR) the Plan            ☐  **REJECT** (vote AGAINST) the Plan

The Holder of the Class C3 Environmental Claims or Indirect Environmental Claim set forth in Item 1 above indicates below whether they would like to make the optional Convenience Claim Election (*please check the box only if you would like to make the Convenience Claim Election*):

> ☐  **ACCEPT OPTIONAL CONVENIENCE CLAIM ELECTION AND THE PLAN** (make the optional Convenience Claim Election including, if applicable, the reduction of the Holder's Class C3 Environmental Claims and Indirect Environmental Claim to the Convenience Claim Threshold of $[●])

**<u>Your vote on the Plan will be applied in the same manner and amount against each applicable Debtor in the relevant Voting Class.</u>**

<u>Item 4</u>.        Certifications.

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)     as of the Voting Record Date, the undersigned is:  (i) the Holder of the Class C3 Environmental Claim or Indirect Environmental Claim being voted pursuant to this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class C3 Environmental Claim or Indirect Environmental Claim being voted pursuant to this Ballot;

(b)     the Holder (or authorized signatory) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     the Holder (or authorized signatory) has cast the same vote with respect to all its Class C3 Environmental Claims or Indirect Environmental Claims; and

(d)     no other Ballots with respect to the amount of the Class C3 Environmental Claim or Indirect Environmental Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class C3 Environmental Claims or Indirect Environmental Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |
| | |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE METHODS BELOW.**

**By first class mail:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**By overnight courier, or hand delivery:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

---

**If you would like to coordinate hand delivery of your Ballot, please email TeamWhittaker@stretto.com and provide the anticipated date and time of your delivery.**

---

<div align="center">

**OR**

</div>

---

**By electronic, online submission:**

Please visit https://cases.stretto.com/whittaker/ and click on the "E-Ballot" section of the website, and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot Password:**         _____

---

**The Notice and Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Ballot using the E-Ballot portal should **NOT** also submit a paper Ballot.

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025. THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE. IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

---

| Class C3 – Environmental Claims and Indirect Environmental Claims |
|---|

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1.    The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2.    To ensure that your Ballot is counted, you *must either*, (a) complete and submit this hard copy Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website at https://cases.stretto.com/whittaker/.

3.    Use of Hard Copy Ballot.  To ensure that your vote is counted, you must complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 above has been confirmed; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 above; (c) provide the information required by Item 4 above; and (d) sign, date, and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

4.    Use of Online Ballot Portal.  To ensure that your electronic Ballot is counted, please follow the instructions provided on the Debtors' case administration website at https://cases.stretto.com/whittaker/.  You will need to enter your unique E-ballot password indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots will not be accepted by facsimile or electronic means (other than through the online portal).

5.    If a Ballot is received by the Solicitation Agent after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline.  Additionally, the following Ballots will NOT be counted:

> &gt;    any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

> &gt;    any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

> &gt;    any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

> &gt;    any Ballot submitted by facsimile, telecopy or electronic mail (other than through the Solicitation Agent's online portal);

> &gt;    any unsigned Ballot;

> &gt;    any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

> &gt;    any Ballot not cast in accordance with the procedures approved in the Order.

6.    The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation

9

Agent <u>actually receives</u> the originally executed Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service. In all cases, Holders should allow sufficient time to assure timely delivery.

7.    If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.    You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote. Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan on account of your Class C3 Environmental Claim or Indirect Environmental Claim or, if the Convenience Claim Election is made, your Class C4 Convenience Claim.

10.   This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.   <u>Please be sure to sign and date your Ballot</u>. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

## <u>PLEASE MAIL YOUR BALLOT PROMPTLY</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT: AT (833) 653-6464 (US TOLL FREE) OR +1 (303) 802-1420 (INTERNATIONAL)**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED.</u>**

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

**<u>Exhibit 4(h)</u>**

**Class C4 Claim Holder Ballot**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>WHITTAKER, CLARK & DANIELS, INC., *et al*.,<br><br>                Debtors.[1] | Chapter 11<br><br>Case No. 23-13575 (MBK)<br><br>(Jointly Administered) |

**CLASS C4**
**SOCO WEST, INC. CONVENIENCE CLAIMS BALLOT FOR**
**ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN OF**
**WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR AFFILIATES**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IF YOU ARE A HOLDER OF A CLASS C4 CONVENIENCE CLAIM, PLEASE COMPLETE, DATE, AND SIGN THIS BALLOT AND RETURN IT TO THE NOTICE AND CLAIMS AGENT.**
>
> **THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE FEBRUARY 24, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). DO NOT RETURN THIS BALLOT TO THE DEBTORS.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement for Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order"). The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this ballot (this "Ballot") because our records indicate that you are a direct Holder of a Class C4 Convenience Claim as of **December 9, 2024** (the "Voting Record Date"). Accordingly, you have

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

the right to vote to accept or reject the Plan as provided in Item 2 below on account of your Class C4 Convenience Claim.

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS C4**

**AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A CLASS C4 CONVENIENCE CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**

**IN FULL AND FINAL SATISFACTION, COMPROMISE, SETTLEMENT, AND RELEASE OF ITS CONVENIENCE CLAIMS, EACH HOLDER OF A CONVENIENCE CLAIM AGAINST SOCO WEST, INC. SHALL RECEIVE A [●]% RECOVERY ON ACCOUNT OF SUCH CONVENIENCE CLAIM.**

---

If you are the Holder of a Class C4 Convenience Claim (and entitled to vote) as of the Voting Record Date, please use this Ballot to cast your vote to accept or reject the Plan.  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or any information thereon is incorrect, please contact the Notice and Claims Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials).  If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by:  (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

<u>**Item 1**</u>.        **Amount of Claim.**

**Please confirm that the information contained in Item 1 below regarding the amount of your Class C4 Convenience Claim is correct (solely for voting purposes).**



2

**Item 2**.          **Important information regarding releases under the Plan**

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

> **ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Article IX.C of the Plan provides for a release by the Debtors (the "Debtor Releases"):

      **Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their Estates (as applicable) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof), any Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions, the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the Plan Supplement, or any contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of Confirmation, pursuit of Consummation, administration and implementation of the Plan, including the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

      **Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise) of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA (the "Preserved Rights"). For the avoidance of doubt, nothing contained in this Plan, including this Article IX.C, shall (a) release, compromise, impair, or in any way affect any Assigned Insurance Rights or (b) be raised as or constitute a defense to the assertion of Preserved Rights.**

      **Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable considerations provided by the Released Parties, including without limitation, the Released Parties' contributions to facilitating and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the**

**Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.**

Definitions related to the Debtor Releases:

"***Released Claims***" **means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.**

"***Released Parties***" **means, collectively, and in each case solely in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties; and (d) each Related Party of each Entity in clauses (a) through (c).**

Article IX.E of the Plan contains an injunction:

**Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties:  (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, Distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.**

**No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action subject to <u>Article IX</u> hereof without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or**

**Cause of Action, as applicable, represents a colorable Claim or Cause of Action of any kind, (ii) specifically finding that such Claim or Cause of Action was not released pursuant to this <u>Article IX</u> or the Estate Claims Settlement, as applicable, and (iii) specifically authorizing such Person or Entity to bring such a Claim or Cause of Action, as applicable, against any such Debtor, Wind-Down Debtor, Exculpated Party, or Released Party, as applicable.**

<u>**Item 3**</u>.       **Vote on Plan.**

You may vote to accept or reject the Plan.  You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote in each relevant Voting Class counted.

Please note that you are voting either to accept or reject the Plan.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted. If you indicate that you both accept and reject the Plan by checking both boxes below or vote to reject the Plan but make the Convenience Claim Election, your vote will not be counted.

The Holder of the Class C4 Convenience Claim set forth in Item 1 above votes to (*please check <u>one and only one box</u>*):

|  |  |
|---|---|
| ☐   **<u>ACCEPT</u>** (vote FOR) the Plan | ☐   **<u>REJECT</u>** (vote AGAINST) the Plan |

<u>**Your vote on the Plan will be applied in the same manner and amount against each applicable Debtor in the relevant Voting Class**</u>.

<u>**Item 4**</u>.       **Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)       as of the Voting Record Date, the undersigned is:  (i) the Holder of the Class C4 Convenience Claim being voted pursuant to this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class C4 Convenience Claim being voted pursuant to this Ballot;

(b)       the Holder (or authorized signatory) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)       the Holder (or authorized signatory) has cast the same vote with respect to all its Class C4 Convenience Claim; and

(d)       no other Ballots with respect to the amount of the Class C4 Convenience Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class C4 Convenience Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE METHODS BELOW.**

**By first class mail:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**By overnight courier, or hand delivery:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**If you would like to coordinate hand delivery of your Ballot, please email TeamWhittaker@stretto.com and provide the anticipated date and time of your delivery.**

6

**OR**

> **By electronic, online submission:**
>
> Please visit https://cases.stretto.com/whittaker/ and click on the "E-Ballot" section of the website, and follow the instructions to submit your Ballot.
>
> **IMPORTANT NOTE:**  You will need the following information to retrieve and submit your customized electronic Ballot:
>
> **Unique E-Ballot Password:**          _____

**The Notice and Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Ballot using the E-Ballot portal should **NOT** also submit a paper Ballot.

> **THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.  THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE.  IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

| Class C4 – Convenience Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2. To ensure that your Ballot is counted, you *must either*, (a) complete and submit this hard copy Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website at https://cases.stretto.com/whittaker/.

3. Use of Hard Copy Ballot. To ensure that your vote is counted, you must complete the Ballot and take the following steps: (a) make sure that the information required by Item 1 above has been confirmed; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 above; (c) provide the information required by Item 4 above; and (d) sign, date, and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

4. Use of Online Ballot Portal. To ensure that your electronic Ballot is counted, please follow the instructions provided on the Debtors' case administration website at https://cases.stretto.com/whittaker/. You will need to enter your unique E-ballot password indicated above. The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots will not be accepted by facsimile or electronic means (other than through the online portal).

5. If a Ballot is received by the Solicitation Agent after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline. Additionally, the following Ballots will NOT be counted:

> any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

> any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

> any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

> any Ballot submitted by facsimile, telecopy or electronic mail (other than through the Solicitation Agent's online portal);

> any unsigned Ballot;

> any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

> any Ballot not cast in accordance with the procedures approved in the Order.

6. The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation

Agent <u>actually receives</u> the originally executed Ballot. Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service. In all cases, Holders should allow sufficient time to assure timely delivery.

7.    If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.    You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote. Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan on account of your Class C4 Convenience Claim.

10.   This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.   <u>Please be sure to sign and date your Ballot</u>. If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder. In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

<div align="center"><u>**PLEASE MAIL YOUR BALLOT PROMPTLY**</u></div>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT: AT (833) 653-6464 (US TOLL FREE) OR +1 (303) 802-1420 (INTERNATIONAL).**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED.</u>**

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

**Exhibit 4(i)**

**Class D1 Claim Holder Ballot**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al*., | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**CLASS D1
BRILLIANT NATIONAL SERVICES, INC.
GENERAL UNSECURED CLAIMS BALLOT FOR
ACCEPTING OR REJECTING THE CHAPTER 11 PLAN OF
WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR AFFILIATES**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IF YOU ARE A HOLDER OF A CLASS D1 GENERAL UNSECURED CLAIM, PLEASE COMPLETE, DATE, AND SIGN THIS BALLOT AND RETURN IT TO THE NOTICE AND CLAIMS AGENT.**
>
> **THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE FEBRUARY 24, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). DO NOT RETURN THIS BALLOT TO THE DEBTORS.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement for Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order"). The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this ballot (this "Ballot") because our records indicate that you are a direct Holder of a Class D1 General Unsecured Claim as of **December 9, 2024** (the "Voting Record Date"). Accordingly,

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

you have the right to vote to accept or reject the Plan as provided in Item 2 below on account of your Class D1 General Unsecured Claim.

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS D1**

**AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A CLASS D1 GENERAL UNSECURED CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**

**ON THE EFFECTIVE DATE, LIABILITY FOR ALL GENERAL UNSECURED CLAIMS AGAINST BRILLIANT NATIONAL SERVICES, INC. SHALL AUTOMATICALLY, AND WITHOUT FURTHER ACT, DEED, OR COURT ORDER, BE RESOLVED SOLELY IN ACCORDANCE WITH AND TO THE EXTENT SET FORTH IN THE APPLICABLE PLAN DOCUMENTS AND THE CONFIRMATION ORDER.  EACH ALLOWED GENERAL UNSECURED CLAIM AGAINST BRILLIANT NATIONAL SERVICES, INC. SHALL BE RESOLVED AND RECEIVE DISTRIBUTIONS, IF ANY, IN ACCORDANCE WITH THE TERMS, PROVISIONS, AND PROCEDURES OF THE PLAN AND THE GUC TRUST AGREEMENT.  THE GUC TRUST SHALL BE FUNDED IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE VII.C. OF THE PLAN.  THE SOLE RECOURSE OF A HOLDER OF A GENERAL UNSECURED CLAIM AGAINST BRILLIANT NATIONAL SERVICES, INC. SHALL BE TO THE GUC TRUST.**

---

If you are the Holder of a Class D1 General Unsecured Claim (and entitled to vote) as of the Voting Record Date, please use this Ballot to cast your vote to accept or reject the Plan.  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or any information thereon is incorrect, please contact the Notice and Claims Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials).  If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by:  (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

**Item 1.**      **Amount of Claim.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class D1 (General Unsecured Claims) in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

> ☐ $_____ [●] _____

**Item 2.**      **Important information regarding releases under the Plan**

<u>**IMPORTANT INFORMATION REGARDING THE RELEASES**</u>:

> **ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Article IX.C of the Plan provides for a release by the Debtors (the "<u>Debtor Releases</u>"):

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their Estates (as applicable) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof), any Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions, the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the Plan Supplement, or any contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of Confirmation, pursuit of Consummation, administration and implementation of the Plan, including the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**
**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise)**

of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA (the "Preserved Rights"). For the avoidance of doubt, nothing contained in this Plan, including this Article IX.C, shall (a) release, compromise, impair, or in any way affect any Assigned Insurance Rights or (b) be raised as or constitute a defense to the assertion of Preserved Rights.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable considerations provided by the Released Parties, including without limitation, the Released Parties' contributions to facilitating and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Definitions related to the Debtor Releases:

"*Released Claims*" means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.

"*Released Parties*" means, collectively, and in each case solely in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties; and (d) each Related Party of each Entity in clauses (a) through (c).

Article IX.E of the Plan contains an injunction:

Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties: (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct

and indirect **Affiliates**, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or **Consummation** of the **Plan**. Each **Holder** of an **Allowed Claim** or **Allowed Interest**, as applicable, by accepting, or being eligible to accept, **Distributions** under or **Reinstatement** of such **Claim** or **Interest**, as applicable, pursuant to the **Plan**, shall be deemed to have consented to the injunction provisions set forth in this **Article IX.E.**

No **Person** or **Entity** may commence or pursue a **Claim** or **Cause of Action**, as applicable, of any kind against the **Debtors**, the **Wind-Down Debtors**, the **Exculpated Parties**, or the **Released Parties**, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a **Claim** or **Cause of Action** subject to <u>Article IX</u> hereof without the Bankruptcy Court (i) first determining, after notice and a hearing, that such **Claim** or **Cause of Action**, as applicable, represents a colorable **Claim** or **Cause of Action** of any kind, (ii) specifically finding that such **Claim** or **Cause of Action** was not released pursuant to this <u>Article IX</u> or the **Estate Claims Settlement**, as applicable, and (iii) specifically authorizing such **Person** or **Entity** to bring such a **Claim** or **Cause of Action**, as applicable, against any such **Debtor**, **Wind-Down Debtor**, **Exculpated Party**, or **Released Party**, as applicable.

<u>**Item 3**</u>.        **Vote on Plan.**

You may vote to accept or reject the **Plan**. You must check the applicable box below to "accept" or "reject" the **Plan** in order to have your vote in each relevant **Voting Class** counted.

Please note that you are voting either to accept or reject the **Plan**. If you do not indicate that you either accept or reject the **Plan** by checking the applicable box below, your vote will not be counted. If you indicate that you both accept and reject the **Plan** by checking both boxes below or vote to reject the **Plan** but make the **Convenience Claim Election**, your vote will not be counted.

Holders of **Class D1 General Unsecured Claims** valued greater than the **Convenience Claim Threshold** (*i.e.*, $[●]) may irrevocably elect to have their **Claims** treated instead as a **Class D4 Convenience Claim** and, if applicable, have such **Claims** reduced to the **Convenience Claim Threshold** and be treated as a **Class D4 Convenience Claim** (the "<u>Convenience Claim Election</u>").

Holders of **Class D1 General Unsecured Claims** that would like to make the **optional** **Convenience Claim Election** and elect to have their **Class C1 General Unsecured Claims** treated as a **Class D4 Convenience Claim**, including, if applicable, reducing their **Claims** to the **Convenience Claim Threshold** should check the box contained below and return this **Ballot** indicating they would like to accept the **Convenience Claim Election**. Holders of **Class D1 General Unsecured Claims** who **do not** make the **Convenience Claim Election** will be subject to the treatment of **Class D1 General Unsecured Claims** under the **Plan** and receive **Distributions**, if any, in accordance with the **GUC Trust Agreement** and the **Plan**.

Holders of **Class D4 Convenience Claims** are entitled to **Allowance** of their **Class D4 Convenience Claim** and a one-time **Cash** payment of [●]% their **Allowed Class D4 Convenience Claim** (the "<u>Convenience Claim Recovery</u>"). The **Convenience Claim Recovery** will be paid in full and final satisfaction of **Class D1 General Unsecured Claims** who make the **Convenience Claim Election**. Holders of **Allowed Class D4 Convenience Claims** and **Holders** making the **Convenience Claim Election** will not be entitled to any additional **Distributions** under the **Plan**.

**ONCE A CONVENIENCE CLAIM ELECTION IS MADE, SUCH CLAIM WILL BE CONSIDERED A HOLDER OF A CLASS D4 CONVENIENCE CLAIM AND THE CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT. YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

**IF YOU AS A HOLDER OF A CLASS D1 GENERAL UNSECURED CLAIMS CHECKS THE BOX UNDER THE CONVENIENCE CLAIM ELECTION, YOU MUST VOTE TO ACCEPT THE PLAN ON ACCOUNT OF ALL YOUR CLAIMS TO MAKE THE CONVENIENCE CLAIM ELECTION**

The Holder of the Class D1 General Unsecured Claim set forth in Item 1 above votes to (*please check one and only one box*):

|  | ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
|---|---|---|

The Holder of the Class D1 General Unsecured Claim set forth in Item 1 above indicates below whether they would like to make the optional Convenience Claim Election (*please check the box only if you would like to make the Convenience Claim Election and vote FOR the Plan*):

☐ **ACCEPT OPTIONAL CONVENIENCE CLAIM ELECTION AND THE PLAN** (make the optional Convenience Claim Election including, if applicable, the reduction of the Holder's Class D1 General Unsecured Claim to the Convenience Claim Threshold of $[●])

**Your vote on the Plan will be applied in the same manner and amount against each applicable Debtor in the relevant Voting Class.**

**Item 4**.     **Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)     as of the Voting Record Date, the undersigned is:  (i) the Holder of the Class D1 General Unsecured Claim being voted pursuant to this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class D1 General Unsecured Claim being voted pursuant to this Ballot;

(b)     the Holder (or authorized signatory) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     the Holder (or authorized signatory) has cast the same vote with respect to all its Class D1 General Unsecured Claims; and

(d)     no other Ballots with respect to the amount of the Class D1 General Unsecured Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class D1 General Unsecured Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE METHODS BELOW.**

> **By first class mail:**
> Whittaker, Clark & Daniels, Inc., et. al.,
> c/o Stretto, Inc.
> 410 Exchange, Suite 100
> Irvine, CA 92602
>
> **By overnight courier, or hand delivery:**
> Whittaker, Clark & Daniels, Inc., et. al.,
> c/o Stretto, Inc.
> 410 Exchange, Suite 100
> Irvine, CA 92602

> **If you would like to coordinate hand delivery of your Ballot, please email TeamWhittaker@stretto.com and provide the anticipated date and time of your delivery.**

<div align="center">

**OR**

</div>

> **By electronic, online submission:**
>
> Please visit https://cases.stretto.com/whittaker/ and click on the "E-Ballot" section of the website, and follow the instructions to submit your Ballot.
>
> **IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:
>
> **Unique E-Ballot Password:**    _____

**The Notice and Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Ballot using the E-Ballot portal should **NOT** also submit a paper Ballot.

> **THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.  THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE.  IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

| Class D1 – General Unsecured Claims |
|---|

**INSTRUCTIONS FOR COMPLETING THIS BALLOT**

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2. To ensure that your Ballot is counted, you *must either*, (a) complete and submit this hard copy Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website at https://cases.stretto.com/whittaker/.

3. Use of Hard Copy Ballot.  To ensure that your vote is counted, you must complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 above has been confirmed; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 above; (c) provide the information required by Item 4 above; and (d) sign, date, and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

4. Use of Online Ballot Portal.  To ensure that your electronic Ballot is counted, please follow the instructions provided on the Debtors' case administration website at https://cases.stretto.com/whittaker/.  You will need to enter your unique E-ballot password indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots will not be accepted by facsimile or electronic means (other than through the online portal).

5. If a Ballot is received by the Solicitation Agent after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline.  Additionally, the following Ballots will NOT be counted:

   > any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

   > any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

   > any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

   > any Ballot submitted by facsimile, telecopy or electronic mail (other than through the Solicitation Agent's online portal);

   > any unsigned Ballot;

   > any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

   > any Ballot not cast in accordance with the procedures approved in the Order.

6. The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation

Agent <u>actually receives</u> the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.      You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan on account of your Class D1 General Unsecured Claim or, if the Convenience Claim Election is made, your Class D4 Convenience Claim.

10.     This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.     <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

<u>**PLEASE MAIL YOUR BALLOT PROMPTLY**</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:  AT (833) 653-6464 (US TOLL FREE) OR +1 (303) 802-1420 (INTERNATIONAL).**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED.</u>**

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

**<u>Exhibit 4(j)</u>**

**Class D2 Claim Holder Ballot**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>WHITTAKER, CLARK & DANIELS, INC., *et al.*,<br><br>                           Debtors.[1] | Chapter 11<br><br>Case No. 23-13575 (MBK)<br><br>(Jointly Administered) |

**CLASS D2
BRILLIANT NATIONAL SERVICES, INC. TORT CLAIMS BALLOT
FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN OF
WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR AFFILIATES**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IF YOU ARE A HOLDER OF A CLASS D2 TORT CLAIM, PLEASE COMPLETE, DATE, AND SIGN THIS BALLOT AND RETURN IT TO THE NOTICE AND CLAIMS AGENT.**
>
> **THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE FEBRUARY 24, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). DO NOT RETURN THIS BALLOT TO THE DEBTORS.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement for Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order"). The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this ballot (this "Ballot") because our records indicate that you are a direct Holder of a Class D2 Tort Claim as of **December 9, 2024** (the "Voting Record Date"). Accordingly, you have the right to vote to accept or reject the Plan as provided in Item 2 below on account of your Class D2 Tort Claim.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS D2**

**AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A CLASS D2 TORT CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**

**ON THE EFFECTIVE DATE, LIABILITY FOR ALL TORT CLAIMS AGAINST BRILLIANT NATIONAL SERVICES, INC. SHALL AUTOMATICALLY, AND WITHOUT FURTHER ACT, DEED, OR COURT ORDER, BE RESOLVED SOLELY IN ACCORDANCE WITH AND TO THE EXTENT SET FORTH IN THE APPLICABLE PLAN DOCUMENTS AND THE CONFIRMATION ORDER.  EACH ALLOWED TORT CLAIM AGAINST BRILLIANT NATIONAL SERVICES, INC. SHALL BE RESOLVED IN ACCORDANCE WITH THE TERMS, PROVISIONS, AND PROCEDURES OF THE TORT CLAIMS TRUST AGREEMENT AND THE TORT CLAIMS TRUST DISTRIBUTION PROCEDURES.  THE TORT CLAIMS TRUST SHALL BE FUNDED IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE VII.C. OF THE PLAN.  THE SOLE RECOURSE OF A HOLDER OF A TORT CLAIM AGAINST BRILLIANT NATIONAL SERVICES, INC. SHALL BE TO THE TORT CLAIMS TRUST.**

---

If you are the Holder of a Class D2 Tort Claim (and entitled to vote) as of the Voting Record Date, please use this Ballot to cast your vote to accept or reject the Plan.  This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan.  If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or any information thereon is incorrect, please contact the Notice and Claims Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials).  If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by:  (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan.  You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan.  If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent ***immediately*** at the address, telephone number, or email address set forth above.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

**Item 1**.        **Amount of Claim.**

**Please confirm that the information contained in Item 1 below regarding the amount of your Class D2 Tort Claim is correct (solely for voting purposes)**.  Please note that each Class D2 Tort Claim has been allowed in the amount of $1.00 for voting purposes only, and not for distribution, allowance, or any other purpose.

☐ $_____1.00_____

**Item 2.**        **Important information regarding releases under the Plan**

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

> **ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Article IX.C of the Plan provides for a release by the Debtors (the "Debtor Releases"):

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their Estates (as applicable) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof), any Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions, the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the Plan Supplement, or any contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of Confirmation, pursuit of Consummation, administration and implementation of the Plan, including the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise) of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA (the "Preserved Rights").  For the avoidance of doubt, nothing contained in this Plan, including this Article IX.C, shall (a) release, compromise, impair, or in any way affect any Assigned Insurance Rights or (b) be raised as or constitute a defense to the assertion of Preserved Rights.**

3

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding that the Debtor Release is:  (1) in exchange for the good and valuable considerations provided by the Released Parties, including without limitation, the Released Parties' contributions to facilitating and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.**

Definitions related to the Debtor Releases:

**"*Released Claims*" means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.**

**"*Released Parties*" means, collectively, and in each case solely in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties; and (d) each Related Party of each Entity in clauses (a) through (c).**

Article IX.E of the Plan contains an injunction:

**Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties:  (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, Distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.**

**No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action subject to <u>Article IX</u> hereof without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim or Cause of Action of any kind, (ii) specifically finding that such Claim or Cause of Action was not released pursuant to this <u>Article IX</u> or the Estate Claims Settlement, as applicable, and (iii) specifically authorizing such Person or Entity to bring such a Claim or Cause of Action, as applicable, against any such Debtor, Wind-Down Debtor, Exculpated Party, or Released Party, as applicable.**

<u>**Item 3**</u>.        **Vote on Plan.**

You may vote to accept or reject the Plan.  You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote in each relevant Voting Class counted.

Please note that you are voting either to accept or reject the Plan.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes below or vote to reject the Plan but make the Convenience Claim Election, your vote will not be counted.

Holders of Class D2 Tort Claims valued greater than the Convenience Claim Threshold (*i.e.*, $[●]) may irrevocably elect to have their Claims treated instead as a Class D4 Convenience Claim and, if applicable, have such Claims reduced to the Convenience Claim Threshold and be treated as a Class D4 Convenience Claim (the "<u>Convenience Claim Election</u>").

Holders of Class D2 Tort Claims that would like to make the **<u>optional</u>** Convenience Claim Election and elect to have their Class D2 Tort Claims treated as a Class D4 Convenience Claim, including, if applicable, reducing their Claims to the Convenience Claim Threshold should check the box contained below and return this Ballot indicating they would like to accept the Convenience Claim Election.  Holders of Class D2 Tort Claims who **<u>do not</u>** make the Convenience Claim Election will be subject to the treatment of Class D2 Tort Claims under the Plan and receive Distributions, if any, in accordance with the Tort ClaimsTrust Agreement, Tort Claims Distribution Procedures, and the Plan.

Holders of Class D4 Convenience Claims are entitled to Allowance of their Class D4 Convenience Claim and a one-time Cash payment of [●]% their Allowed Class D4 Convenience Claim (the "<u>Convenience Claim Recovery</u>").  The Convenience Claim Recovery will be paid in full and final satisfaction of Class D2 Tort Claims who make the Convenience Claim Election.  Holders of Allowed Class D4 Convenience Claims and Holders making the Convenience Claim Election will not be entitled to any additional Distributions under the Plan.

**ONCE A CONVENIENCE CLAIM ELECTION IS MADE, SUCH CLAIM WILL BE CONSIDERED A HOLDER OF A CLASS D4 CONVENIENCE CLAIM AND THE CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT.  YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

| |
|---|
| **IF YOU AS A HOLDER OF A CLASS D2 TORT CLAIM CHECKS THE BOX UNDER THE CONVENIENCE CLAIM ELECTION, YOU MUST VOTE TO ACCEPT THE PLAN ON ACCOUNT OF ALL YOUR CLAIMS TO MAKE THE CONVENIENCE CLAIM ELECTION** |

The Holder of the Class D2 Tort Claim set forth in Item 1 above votes to (*please check <u>one and only one</u> box*):

5

| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |
|---|---|

The Holder of the Class D2 Tort Claim set forth in Item 1 above indicates below whether they would like to make the optional Convenience Claim Election (*please check the box only if you would like to make the Convenience Claim Election and vote FOR the Plan*):

| ☐ **ACCEPT OPTIONAL CONVENIENCE CLAIM ELECTION AND THE PLAN** (make the optional Convenience Claim Election including, if applicable, the reduction of the Holder's Class D2 Tort Claim to the Convenience Claim Threshold of $[●]) |
|---|

**Your vote on the Plan will be applied in the same manner and amount against each applicable Debtor in the relevant Voting Class.**

**Item 4**.        **Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)      as of the Voting Record Date, the undersigned is:  (i) the Holder of the Class D2 Tort Claim being voted pursuant to this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class D2 Tort Claim being voted pursuant to this Ballot;

(b)      the Holder (or authorized signatory) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)      the Holder (or authorized signatory) has cast the same vote with respect to all its Class D2 Tort Claim; and

(d)      no other Ballots with respect to the amount of the Class D2 Tort Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class D2 Tort Claims, then any such earlier Ballots are hereby revoked.

6

Name of Holder: _____

(Print or Type)

Signature: _____

Name of Signatory: _____

(If other than the Holder)

Title: _____

Address: _____

_____

_____

Telephone
Number: _____

Email: _____

Date Completed: _____

_____

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE METHODS BELOW.**

**By first class mail:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**By overnight courier, or hand delivery:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**If you would like to coordinate hand delivery of your Ballot, please email TeamWhittaker@stretto.com and provide the anticipated date and time of your delivery.**

**OR**

---

**By electronic, online submission:**

Please visit https://cases.stretto.com/whittaker/ and click on the "E-Ballot" section of the website, and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:**  You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot Password:**                   _____

---

**The Notice and Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Ballot using the E-Ballot portal should **NOT** also submit a paper Ballot.

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.  THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE.  IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

---

| Class D2 – Tort Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.    The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2.    To ensure that your Ballot is counted, you *must either*, (a) complete and submit this hard copy Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website at https://cases.stretto.com/whittaker/.

3.    Use of Hard Copy Ballot.  To ensure that your vote is counted, you must complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 above has been confirmed; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 above; (c) provide the information required by Item 4 above; and (d) sign, date, and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

4.    Use of Online Ballot Portal.  To ensure that your electronic Ballot is counted, please follow the instructions provided on the Debtors' case administration website at https://cases.stretto.com/whittaker/.  You will need to enter your unique E-ballot password indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots will not be accepted by facsimile or electronic means (other than through the online portal).

5.    If a Ballot is received by the Solicitation Agent after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline.  Additionally, the following Ballots will NOT be counted:

>    any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

>    any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

>    any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

>    any Ballot submitted by facsimile, telecopy or electronic mail (other than through the Solicitation Agent's online portal);

>    any unsigned Ballot;

>    any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

>    any Ballot not cast in accordance with the procedures approved in the Order.

6.    The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation

Agent <u>actually receives</u> the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.    If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.    You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.    The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan on account of your Class D2 Tort Claim or, if the Convenience Claim Election is made, your Class D4 Convenience Claim.

10.    This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.    <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

<u>**PLEASE MAIL YOUR BALLOT PROMPTLY**</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:  AT (833) 653-6464 (US TOLL FREE) OR +1 (303) 802-1420 (INTERNATIONAL).**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED.</u>**

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

## **Exhibit 4(k)**

**Class D3 Claim Holder Ballot**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re:<br><br>WHITTAKER, CLARK & DANIELS, INC., *et al.*,<br><br>                       Debtors.[1] | Chapter 11<br><br>Case No. 23-13575 (MBK)<br><br>(Jointly Administered) |

**CLASS D3**
**BRILLIANT NATIONAL SERVICES, INC.**
**ENVIRONMENTAL CLAIMS AND INDIRECT ENVIRONMENTAL CLAIMS**
**BALLOT FOR ACCEPTING OR REJECTING THE CHAPTER 11 PLAN OF**
**WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR AFFILIATES**

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IF YOU ARE A HOLDER OF A CLASS D3 ENVIRONMENTAL CLAIM OR INDIRECT ENVIRONMENTAL CLAIM, PLEASE COMPLETE, DATE, AND SIGN THIS BALLOT AND RETURN IT TO THE NOTICE AND CLAIMS AGENT.**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE FEBRUARY 24, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). DO NOT RETURN THIS BALLOT TO THE DEBTORS.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement for Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order"). The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this ballot (this "Ballot") because our records indicate that you are a direct Holder of a Class D3 Environmental Claim or Indirect Environmental Claim as of **December 9, 2024** (the "Voting

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

Record Date"). Accordingly, you have the right to vote to accept or reject the Plan as provided in Item 2 below on account of your Class D3 Environmental Claim or Indirect Environmental Claim.

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS D3**

**AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A CLASS D3 ENVIRONMENTAL CLAIM OR INDIRECT ENVIRONMENTAL CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**

**ON THE EFFECTIVE DATE, LIABILITY FOR ALL ENVIRONMENTAL CLAIMS AND INDIRECT ENVIRONMENTAL CLAIMS AGAINST BRILLIANT NATIONAL SERVICES, INC. SHALL AUTOMATICALLY, AND WITHOUT FURTHER ACT, DEED, OR COURT ORDER, BE RESOLVED SOLELY IN ACCORDANCE WITH AND TO THE EXTENT SET FORTH IN THE APPLICABLE PLAN DOCUMENTS AND THE CONFIRMATION ORDER. EACH ALLOWED ENVIRONMENTAL CLAIM AND INDIRECT ENVIRONMENTAL CLAIM AGAINST BRILLIANT NATIONAL SERVICES, INC. SHALL BE RESOLVED AND RECEIVE DISTRIBUTIONS, IF ANY, IN ACCORDANCE WITH THE TERMS, PROVISIONS, AND PROCEDURES OF THE PLAN AND THE ENVIRONMENTAL REMEDIATION TRUST AGREEMENT. THE ENVIRONMENTAL REMEDIATION TRUST SHALL BE FUNDED IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE VII.C. OF THE PLAN. THE SOLE RECOURSE OF A HOLDER OF AN ENVIRONMENTAL CLAIM OR INDIRECT ENVIRONMENTAL CLAIM AGAINST BRILLIANT NATIONAL SERVICES, INC. SHALL BE TO THE ENVIRONMENTAL REMEDIATION TRUST.**

---

If you are the Holder of a Class D3 Environmental Claim or Indirect Environmental Claim (and entitled to vote) as of the Voting Record Date, please use this Ballot to cast your vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or any information thereon is incorrect, please contact the Notice and Claims Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials). If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by: (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent ***immediately*** at the address, telephone number, or email address set forth above.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

**Item 1.**       **Amount of Claim.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class D3 (Environmental Claim or Indirect Environmental Claim) in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

> ☐ $_____**[●]**_____

**Item 2.**       **Important information regarding releases under the Plan**

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

> **ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Article IX.C of the Plan provides for a release by the Debtors (the "Debtor Releases"):

> **Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their Estates (as applicable) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof), any Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions, the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the Plan Supplement, or any contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of Confirmation, pursuit of Consummation, administration and implementation of the Plan, including the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

> **Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise)**

3

of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA (the "Preserved Rights"). For the avoidance of doubt, nothing contained in this Plan, including this Article IX.C, shall (a) release, compromise, impair, or in any way affect any Assigned Insurance Rights or (b) be raised as or constitute a defense to the assertion of Preserved Rights.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable considerations provided by the Released Parties, including without limitation, the Released Parties' contributions to facilitating and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Definitions related to the Debtor Releases:

"Released Claims" means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.

"Released Parties" means, collectively, and in each case solely in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties; and (d) each Related Party of each Entity in clauses (a) through (c).

Article IX.E of the Plan contains an injunction:

Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties: (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct

and indirect **Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, Distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.**

**No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action subject to <u>Article IX</u> hereof without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim or Cause of Action of any kind, (ii) specifically finding that such Claim or Cause of Action was not released pursuant to this <u>Article IX</u> or the Estate Claims Settlement, as applicable, and (iii) specifically authorizing such Person or Entity to bring such a Claim or Cause of Action, as applicable, against any such Debtor, Wind-Down Debtor, Exculpated Party, or Released Party, as applicable.**

<u>**Item 3**</u>.      **Vote on Plan.**

You may vote to accept or reject the Plan. You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote in each relevant Voting Class counted.

Please note that you are voting either to accept or reject the Plan. If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted. If you indicate that you both accept and reject the Plan by checking both boxes below or vote to reject the Plan but make the Convenience Claim Election, your vote will not be counted.

Holders of Class D3 Environmental Claims and Indirect Environmental Claims valued greater than the Convenience Claim Threshold (*i.e.*, $[●]) may irrevocably elect to have their Claims treated instead as a Class D4 Convenience Claim and, if applicable, have such Claims reduced to the Convenience Claim Threshold and be treated as a Class D4 Convenience Claim (the "<u>Convenience Claim Election</u>").

Holders of Class D3 Environmental Claims and Indirect Environmental Claims that would like to make the **optional** Convenience Claim Election and elect to have their Class D3 Environmental Claims and Indirect Environmental Claims treated as a Class D4 Convenience Claim, including, if applicable, reducing their Claims to the Convenience Claim Threshold should check the box contained below and return this Ballot indicating they would like to accept the Convenience Claim Election. Holders of Class D3 Environmental Claims and Indirect Environmental Claims who **do not** make the Convenience Claim Election will be subject to the treatment of Class D3 Environmental Claims and Indirect Environmental Claims under the Plan and receive Distributions, if any, in accordance with the Environmental Remediation Trust Agreement and the Plan.

Holders of Class D4 Convenience Claims are entitled to Allowance of their Class D4 Convenience Claim and a one-time Cash payment of [●]% their Allowed Class D4 Convenience Claim (the "<u>Convenience Claim Recovery</u>"). The Convenience Claim Recovery will be paid in full and final satisfaction of Class D3 Environmental Claims and Indirect Environmental Claims who make the Convenience Claim Election. Holders of Allowed Class D4 Convenience Claims and Holders making the Convenience Claim Election will not be entitled to any additional Distributions under the Plan.

**ONCE A CONVENIENCE CLAIM ELECTION IS MADE, SUCH CLAIM WILL BE CONSIDERED A HOLDER OF A CLASS D4 CONVENIENCE CLAIM AND THE CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE**

CONVENIENCE CLAIM RECOVERY AMOUNT.   YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.

> **IF YOU AS A HOLDER OF A CLASS D3 ENVIRONMENTAL CLAIM OR INDIRECT ENVIRONMENTAL CLAIM CHECKS THE BOX UNDER THE CONVENIENCE CLAIM ELECTION, YOU MUST VOTE TO ACCEPT THE PLAN ON ACCOUNT OF ALL YOUR CLAIMS TO MAKE THE CONVENIENCE CLAIM ELECTION**

The Holder of the Class D3 Environmental Claims and Indirect Environmental Claim set forth in Item 1 above votes to (*please check one and only one box*):

> ☐ **ACCEPT** (vote FOR) the Plan       ☐ **REJECT** (vote AGAINST) the Plan

The Holder of the Class D3 Environmental Claims or Indirect Environmental Claim set forth in Item 1 above indicates below whether they would like to make the optional Convenience Claim Election (*please check the box only if you would like to make the Convenience Claim Election and vote FOR the Plan*):

> ☐ **ACCEPT OPTIONAL CONVENIENCE CLAIM ELECTION AND THE PLAN** (make the optional Convenience Claim Election including, if applicable, the reduction of the Holder's Class D3 Environmental Claims and Indirect Environmental Claim to the Convenience Claim Threshold of $[●])

**Your vote on the Plan will be applied in the same manner and amount against each applicable Debtor in the relevant Voting Class.**

**Item 4.**       **Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)       as of the Voting Record Date, the undersigned is:  (i) the Holder of the Class D3 Environmental Claim or Indirect Environmental Claim being voted pursuant to this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class D3 Environmental Claim or Indirect Environmental Claim being voted pursuant to this Ballot;

(b)       the Holder (or authorized signatory) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)       the Holder (or authorized signatory) has cast the same vote with respect to all its Class D3 Environmental Claims or Indirect Environmental Claims; and

(d)       no other Ballots with respect to the amount of the Class D3 Environmental Claim or Indirect Environmental Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class D3 Environmental Claim or Indirect Environmental Claims, then any such earlier Ballots are hereby revoked.

6

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE METHODS BELOW.**

**By first class mail:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**By overnight courier, or hand delivery:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**If you would like to coordinate hand delivery of your Ballot, please email TeamWhittaker@stretto.com and provide the anticipated date and time of your delivery.**

**OR**

**By electronic, online submission:**

Please visit https://cases.stretto.com/whittaker/ and click on the "E-Ballot" section of the website, and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot Password:** _____

**The Notice and Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Ballot using the E-Ballot portal should **NOT** also submit a paper Ballot.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025. THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE. IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

| Class D3 – Environmental Claims and Indirect Environmental Claims |
| --- |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.   The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2.   To ensure that your Ballot is counted, you *must either*, (a) complete and submit this hard copy Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website at https://cases.stretto.com/whittaker/.

3.   Use of Hard Copy Ballot.  To ensure that your vote is counted, you must complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 above has been confirmed; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 above; (c) provide the information required by Item 4 above; and (d) sign, date, and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

4.   Use of Online Ballot Portal.  To ensure that your electronic Ballot is counted, please follow the instructions provided on the Debtors' case administration website at https://cases.stretto.com/whittaker/.  You will need to enter your unique E-ballot password indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots will not be accepted by facsimile or electronic means (other than through the online portal).

5.   If a Ballot is received by the Solicitation Agent after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline.  Additionally, the following Ballots will NOT be counted:

> any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

> any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

> any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

> any Ballot submitted by facsimile, telecopy or electronic mail (other than through the Solicitation Agent's online portal);

> any unsigned Ballot;

> any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

> any Ballot not cast in accordance with the procedures approved in the Order.

6.   The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation

Agent <u>actually receives</u> the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.  If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.  You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.  The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan on account of your Class D3 Environmental Claim or Indirect Environmental Claim or, if the Convenience Claim Election is made, your Class D4 Convenience Claim.

10.  This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.  <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class. Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

## <u>PLEASE MAIL YOUR BALLOT PROMPTLY</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:  AT (833) 653-6464 (US TOLL FREE) OR +1 (303) 802-1420 (INTERNATIONAL).**

---

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED</u>.**

---

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

**Exhibit 4(l)**

**Class D4 Claim Holder Ballot**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>WHITTAKER, CLARK & DANIELS, INC., *et al*.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13575 (MBK)<br><br>(Jointly Administered) |

**CLASS D4**
**BRILLIANT NATIONAL SERVICES, INC. CONVENIENCE CLAIMS**
**BALLOT FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN**
**OF WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR AFFILIATES**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IF YOU ARE A HOLDER OF A CLASS D4 CONVENIENCE CLAIM, PLEASE COMPLETE, DATE, AND SIGN THIS BALLOT AND RETURN IT TO THE NOTICE AND CLAIMS AGENT.**
>
> **THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE FEBRUARY 24, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). DO NOT RETURN THIS BALLOT TO THE DEBTORS.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement for Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order"). The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this ballot (this "Ballot") because our records indicate that you are a direct Holder of a Class D4 Convenience Claim as of **December 9, 2024** (the "Voting Record Date"). Accordingly, you have

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

the right to vote to accept or reject the Plan as provided in Item 2 below on account of your Class D4 Convenience Claim.

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS D4**

**AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A CLASS D4 CONVENIENCE CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**

**IN FULL AND FINAL SATISFACTION, COMPROMISE, SETTLEMENT, AND RELEASE OF ITS CONVENIENCE CLAIMS, EACH HOLDER OF A CONVENIENCE CLAIM AGAINST BRILLIANT NATIONAL SERVICES, INC. SHALL RECEIVE A [●]% RECOVERY ON ACCOUNT OF SUCH CONVENIENCE CLAIM.**

---

If you are the Holder of a Class D4 Convenience Claim (and entitled to vote) as of the Voting Record Date, please use this Ballot to cast your vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or any information thereon is incorrect, please contact the Notice and Claims Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials). If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by: (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

**Item 1.**      **Amount of Claim.**

**Please confirm that the information contained in Item 1 below regarding the amount of your Class D4 Convenience Claim is correct (solely for voting purposes).**

---

☐ $_____[●]_____

---

Item 2.        Important information regarding releases under the Plan

IMPORTANT INFORMATION REGARDING THE RELEASES:

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION
PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN
CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

Article IX.C of the Plan provides for a release by the Debtors (the "Debtor Releases"):

Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b)
of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each
Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from
any and all Claims and Causes of Action, whether known or unknown, including any derivative
Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their
Estates (as applicable) would have been legally entitled to assert in their own right (whether
individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor
or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity
could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from
in whole or in part, the Debtors (including the management, ownership, or operation thereof), any
Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court
restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as
counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions,
the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the
Plan Supplement, or any contract, instrument, release, or other agreement or document (including
any legal opinion requested by any Entity regarding any transaction, contract instrument, document,
or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or
the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the
Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of
Confirmation, pursuit of Consummation, administration and implementation of the Plan, including
the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under
the Plan or any other related agreement, or upon any other related act or omission, transaction,
agreement, event, or other occurrence taking place on or before the Effective Date.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not
release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the
Confirmation Order, or any other document, instrument, or agreement (including those set forth in
the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims
to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the
Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise)
of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another
Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA
(the "Preserved Rights").  For the avoidance of doubt, nothing contained in this Plan, including this
Article IX.C, shall (a) release, compromise, impair, or in any way affect any Assigned Insurance
Rights or (b) be raised as or constitute a defense to the assertion of Preserved Rights.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant
to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding
that the Debtor Release is:  (1) in exchange for the good and valuable considerations provided by the
Released Parties, including without limitation, the Released Parties' contributions to facilitating and
implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the

3

**Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.**

Definitions related to the Debtor Releases:

"*Released Claims*" means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.

"*Released Parties*" means, collectively, and in each case solely in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties; and (d) each Related Party of each Entity in clauses (a) through (c).

Article IX.E of the Plan contains an injunction:

Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties: (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, Distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.

No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action subject to <u>Article IX</u> hereof without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or

4

Cause of Action, as applicable, represents a colorable Claim or Cause of Action of any kind, (ii) specifically finding that such Claim or Cause of Action was not released pursuant to this <u>Article IX</u> or the Estate Claims Settlement, as applicable, and (iii) specifically authorizing such Person or Entity to bring such a Claim or Cause of Action, as applicable, against any such Debtor, Wind-Down Debtor, Exculpated Party, or Released Party, as applicable.

<u>Item 3</u>.        **Vote on Plan.**

You may vote to accept or reject the Plan.  You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote in each relevant Voting Class counted.

Please note that you are voting either to accept or reject the Plan.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes below, your vote will not be counted.

The Holder of the Class D4 Convenience Claim set forth in Item 1 above votes to (*please check <u>one and only one box</u>*):

| | |
|---|---|
| ☐  **<u>ACCEPT</u>** (vote FOR) the Plan | ☐  **<u>REJECT</u>** (vote AGAINST) the Plan |

**<u>Your vote on the Plan will be applied in the same manner and amount against each applicable Debtor in the relevant Voting Class</u>.**

<u>Item 4</u>.        **Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)    as of the Voting Record Date, the undersigned is:  (i) the Holder of the Class D4 Convenience Claim being voted pursuant to this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class D4 Convenience Claim being voted pursuant to this Ballot;

(b)    the Holder (or authorized signatory) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)    the Holder (or authorized signatory) has cast the same vote with respect to all its Class D4 Convenience Claim; and

(d)    no other Ballots with respect to the amount of the Class D4 Convenience Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class D4 Convenience Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE METHODS BELOW.**

**By first class mail:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**By overnight courier, or hand delivery:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**If you would like to coordinate hand delivery of your Ballot, please email TeamWhittaker@stretto.com and provide the anticipated date and time of your delivery.**

**OR**

---

**By electronic, online submission:**

Please visit https://cases.stretto.com/whittaker/ and click on the "E-Ballot" section of the website, and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot Password:** _____

---

**The Notice and Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Ballot using the E-Ballot portal should **NOT** also submit a paper Ballot.

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025. THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE. IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

---

| Class D4 – Convenience Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.      The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2.      To ensure that your Ballot is counted, you *must either*, (a) complete and submit this hard copy Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website at https://cases.stretto.com/whittaker/.

3.      Use of Hard Copy Ballot.  To ensure that your vote is counted, you must complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 above has been confirmed; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 above; (c) provide the information required by Item 4 above; and (d) sign, date, and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

4.      Use of Online Ballot Portal.  To ensure that your electronic Ballot is counted, please follow the instructions provided on the Debtors' case administration website at https://cases.stretto.com/whittaker/.  You will need to enter your unique E-ballot password indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots will not be accepted by facsimile or electronic means (other than through the online portal).

5.      If a Ballot is received by the Solicitation Agent after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline.  Additionally, the following Ballots will NOT be counted:

>      any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

>      any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

>      any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

>      any Ballot submitted by facsimile, telecopy or electronic mail (other than through the Solicitation Agent's online portal);

>      any unsigned Ballot;

>      any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

>      any Ballot not cast in accordance with the procedures approved in the Order.

6.      The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation

Agent <u>actually receives</u> the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.      You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan on account of your Class D4 Convenience Claim.

10.     This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.     <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

<div align="center"><b><u>PLEASE MAIL YOUR BALLOT PROMPTLY</u></b></div>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:  AT (833) 653-6464 (US TOLL FREE) OR +1 (303) 802-1420 (INTERNATIONAL).**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED.</u>**

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

**Exhibit 4(m)**

**Class E1 Claim Holder Ballot**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al*., | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

### CLASS E1 L. A. TERMINALS, INC.
### GENERAL UNSECURED CLAIMS BALLOT FOR
### ACCEPTING OR REJECTING THE CHAPTER 11 PLAN OF
### WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR AFFILIATES

---

**PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**

**IF YOU ARE A HOLDER OF A CLASS E1 GENERAL UNSECURED CLAIM, PLEASE COMPLETE, DATE, AND SIGN THIS BALLOT AND RETURN IT TO THE NOTICE AND CLAIMS AGENT.**

**THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE FEBRUARY 24, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). DO NOT RETURN THIS BALLOT TO THE DEBTORS.**

---

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement for Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order"). The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this ballot (this "Ballot") because our records indicate that you are a direct Holder of a Class E1 General Unsecured Claim as of **December 9, 2024** (the "Voting Record Date"). Accordingly,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

you have the right to vote to accept or reject the Plan as provided in Item 2 below on account of your Class E1 General Unsecured Claim.

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS E1**

**AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A CLASS E1 GENERAL UNSECURED CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**

**ON THE EFFECTIVE DATE, LIABILITY FOR ALL GENERAL UNSECURED CLAIMS AGAINST L. A. TERMINALS, INC. SHALL AUTOMATICALLY, AND WITHOUT FURTHER ACT, DEED, OR COURT ORDER, BE RESOLVED SOLELY IN ACCORDANCE WITH AND TO THE EXTENT SET FORTH IN THE APPLICABLE PLAN DOCUMENTS AND THE CONFIRMATION ORDER. EACH ALLOWED GENERAL UNSECURED CLAIM AGAINST L. A. TERMINALS, INC. SHALL BE RESOLVED AND RECEIVE DISTRIBUTIONS, IF ANY, IN ACCORDANCE WITH THE TERMS, PROVISIONS, AND PROCEDURES OF THE PLAN AND THE GUC TRUST AGREEMENT. THE GUC TRUST SHALL BE FUNDED IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE VII.C. OF THE PLAN. THE SOLE RECOURSE OF A HOLDER OF A GENERAL UNSECURED CLAIM AGAINST L. A. TERMINALS, INC. SHALL BE TO THE GUC TRUST.**

---

If you are the Holder of a Class E1 General Unsecured Claim (and entitled to vote) as of the Voting Record Date, please use this Ballot to cast your vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or any information thereon is incorrect, please contact the Notice and Claims Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials). If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by: (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent **immediately** at the address, telephone number, or email address set forth above.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

<u>**Item 1**</u>.        **Amount of Claim.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of a Class E1 (General Unsecured Claims) in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

> ☐ $_____[●]_____

<u>**Item 2**</u>.        **Important information regarding releases under the Plan**

<u>**IMPORTANT INFORMATION REGARDING THE RELEASES**</u>:

> **ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Article IX.C of the Plan provides for a release by the Debtors (the "<u>Debtor Releases</u>"):

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their Estates (as applicable) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof), any Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions, the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the Plan Supplement, or any contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of Confirmation, pursuit of Consummation, administration and implementation of the Plan, including the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise) of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another**

3

Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA (the "Preserved Rights").  For the avoidance of doubt, nothing contained in this Plan, including this Article IX.C, shall (a) release, compromise, impair, or in any way affect any Assigned Insurance Rights or (b) be raised as or constitute a defense to the assertion of Preserved Rights.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding that the Debtor Release is:  (1) in exchange for the good and valuable considerations provided by the Released Parties, including without limitation, the Released Parties' contributions to facilitating and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Definitions related to the Debtor Releases:

"*Released Claims*" means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.

"*Released Parties*" means, collectively, and in each case solely in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties; and (d) each Related Party of each Entity in clauses (a) through (c).

Article IX.E of the Plan contains an injunction:

Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties:  (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to

interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, Distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.

No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action subject to Article IX hereof without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim or Cause of Action of any kind, (ii) specifically finding that such Claim or Cause of Action was not released pursuant to this Article IX or the Estate Claims Settlement, as applicable, and (iii) specifically authorizing such Person or Entity to bring such a Claim or Cause of Action, as applicable, against any such Debtor, Wind-Down Debtor, Exculpated Party, or Released Party, as applicable

**Item 3.**        **Vote on Plan.**

You may vote to accept or reject the Plan.  You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote in each relevant Voting Class counted.

Please note that you are voting either to accept or reject the Plan.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes below or vote to reject the Plan but make the Convenience Claim Election, your vote will not be counted.

Holders of Class E1 General Unsecured Claims valued greater than the Convenience Claim Threshold (*i.e.*, $[●]) may irrevocably elect to have their Claims treated instead as a Class E4 Convenience Claim and, if applicable, have such Claims reduced to the Convenience Claim Threshold and be treated as a Class E4 Convenience Claim (the "Convenience Claim Election").

Holders of Class E1 General Unsecured Claims that would like to make the **optional** Convenience Claim Election and elect to have their Class E1 General Unsecured Claims treated as a Class E4 Convenience Claim, including, if applicable, reducing their Claims to the Convenience Claim Threshold should check the box contained below and return this Ballot indicating they would like to accept the Convenience Claim Election.  Holders of Class E1 General Unsecured Claims who **do not** make the Convenience Claim Election will be subject to the treatment of Class E1 General Unsecured Claims under the Plan and receive Distributions, if any, in accordance with the GUC Trust Agreement and the Plan.

Holders of Class E4 Convenience Claims are entitled to Allowance of their Class E4 Convenience Claim and a one-time Cash payment of [●]% their Allowed Class E4 Convenience Claim (the "Convenience Claim Recovery").  The Convenience Claim Recovery will be paid in full and final satisfaction of Class E1 General Unsecured Claims who make the Convenience Claim Election.  Holders of Allowed Class E4 Convenience Claims and Holders making the Convenience Claim Election will not be entitled to any additional Distributions under the Plan.

**ONCE A CONVENIENCE CLAIM ELECTION IS MADE, SUCH CLAIM WILL BE CONSIDERED A HOLDER OF A CLASS E4 CONVENIENCE CLAIM AND THE CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT.  YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

**IF YOU AS A HOLDER OF A CLASS E1 GENERAL UNSECURED CLAIMS CHECKS THE BOX UNDER THE CONVENIENCE CLAIM ELECTION, YOU MUST VOTE TO ACCEPT THE PLAN ON ACCOUNT OF ALL YOUR CLAIMS TO MAKE THE CONVENIENCE CLAIM ELECTION**

The Holder of the Class E1 General Unsecured Claim set forth in Item 1 above votes to (*please check <u>one and only one box</u>*):

☐ **<u>ACCEPT</u>** (vote FOR) the Plan          ☐ **<u>REJECT</u>** (vote AGAINST) the Plan

The Holder of the Class E1 General Unsecured Claim set forth in Item 1 above indicates below whether they would like to make the optional Convenience Claim Election (*please check the box only if you would like to make the Convenience Claim Election and vote FOR the Plan*):

☐ **<u>ACCEPT OPTIONAL CONVENIENCE CLAIM ELECTION AND THE PLAN</u>** (make the optional Convenience Claim Election including, if applicable, the reduction of the Holder's Class E1 General Unsecured Claim to the Convenience Claim Threshold of $[●])

**<u>Your vote on the Plan will be applied in the same manner and amount against each applicable Debtor in the relevant Voting Class.</u>**

**<u>Item 4</u>.       Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)     as of the Voting Record Date, the undersigned is:  (i) the Holder of the Class E1 General Unsecured Claim being voted pursuant to this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class E1 General Unsecured Claim being voted pursuant to this Ballot;

(b)     the Holder (or authorized signatory) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     the Holder (or authorized signatory) has cast the same vote with respect to all its Class E1 General Unsecured Claims; and

(d)     no other Ballots with respect to the amount of the Class E1 General Unsecured Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class E1 General Unsecured Claims, then any such earlier Ballots are hereby revoked.

| Name of Holder: | |
|---|---|
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |
| | |

IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE METHODS BELOW.**

**By first class mail:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**By overnight courier, or hand delivery:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

7

**If you would like to coordinate hand delivery of your Ballot, please email TeamWhittaker@stretto.com and provide the anticipated date and time of your delivery.**

**OR**

**By electronic, online submission:**

Please visit https://cases.stretto.com/whittaker/ and click on the "E-Ballot" section of the website, and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot Password:**      _____

**The Notice and Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Ballot using the E-Ballot portal should **NOT** also submit a paper Ballot.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025. THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE. IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

| Class E1 – General Unsecured Claims |
| --- |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.      The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2.      To ensure that your Ballot is counted, you *must either*, (a) complete and submit this hard copy Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website at https://cases.stretto.com/whittaker/.

3.      Use of Hard Copy Ballot.  To ensure that your vote is counted, you must complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 above has been confirmed; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 above; (c) provide the information required by Item 4 above; and (d) sign, date, and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

4.      Use of Online Ballot Portal.  To ensure that your electronic Ballot is counted, please follow the instructions provided on the Debtors' case administration website at https://cases.stretto.com/whittaker/.  You will need to enter your unique E-ballot password indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots will not be accepted by facsimile or electronic means (other than through the online portal).

5.      If a Ballot is received by the Solicitation Agent after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline.  Additionally, the following Ballots will NOT be counted:

>      any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

>      any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

>      any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

>      any Ballot submitted by facsimile, telecopy or electronic mail (other than through the Solicitation Agent's online portal);

>      any unsigned Ballot;

>      any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

>      any Ballot not cast in accordance with the procedures approved in the Order.

6.      The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation

Agent <u>actually receives</u> the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.      You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan on account of your Class E1 General Unsecured Claim or, if the Convenience Claim Election is made, your Class E4 Convenience Claim.

10.     This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.     <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

**<u>PLEASE MAIL YOUR BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:  AT (833) 653-6464 (US TOLL FREE) OR +1 (303) 802-1420 (INTERNATIONAL).**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED</u>.**

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

**<u>Exhibit 4(n)</u>**

**Class E2 Claim Holder Ballot**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al*., | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**CLASS E2 L. A. TERMINALS, INC. TORT CLAIMS BALLOT**
**FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN OF**
**WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR AFFILIATES**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IF YOU ARE A HOLDER OF A CLASS E2 TORT CLAIM, PLEASE COMPLETE, DATE, AND SIGN THIS BALLOT AND RETURN IT TO THE NOTICE AND CLAIMS AGENT.**
>
> **THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE FEBRUARY 24, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). DO NOT RETURN THIS BALLOT TO THE DEBTORS.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement for Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order"). The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this ballot (this "Ballot") because our records indicate that you are a direct Holder of a Class E2 Tort Claim as of **December 9, 2024** (the "Voting Record Date"). Accordingly, you have the right to vote to accept or reject the Plan as provided in Item 2 below on account of your Class E2 Tort Claim.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS E2**

**AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A CLASS E2 TORT CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**

**ON THE EFFECTIVE DATE, LIABILITY FOR ALL TORT CLAIMS AGAINST L. A. TERMINALS, INC. SHALL AUTOMATICALLY, AND WITHOUT FURTHER ACT, DEED, OR COURT ORDER, BE RESOLVED SOLELY IN ACCORDANCE WITH AND TO THE EXTENT SET FORTH IN THE APPLICABLE PLAN DOCUMENTS AND THE CONFIRMATION ORDER. EACH ALLOWED TORT CLAIM AGAINST L. A. TERMINALS, INC. SHALL BE RESOLVED IN ACCORDANCE WITH THE TERMS, PROVISIONS, AND PROCEDURES OF THE TORT CLAIMS TRUST AGREEMENT AND THE TORT CLAIMS TRUST DISTRIBUTION PROCEDURES. THE TORT CLAIMS TRUST SHALL BE FUNDED IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE VII.C. OF THE PLAN. THE SOLE RECOURSE OF A HOLDER OF A TORT CLAIM AGAINST L. A. TERMINALS, INC. SHALL BE TO THE TORT CLAIMS TRUST.**

If you are the Holder of a Class E2 Tort Claim (and entitled to vote) as of the Voting Record Date, please use this Ballot to cast your vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or any information thereon is incorrect, please contact the Notice and Claims Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials). If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by: (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

<u>**Item 1**</u>.        **Amount of Claim.**

**Please confirm that the information contained in Item 1 below regarding the amount of your Class E2 Tort Claim is correct (solely for voting purposes).** Please note that each Class E2 Tort Claim has

2

been allowed in the amount of $1.00 for voting purposes only, and not for distribution, allowance, or any other purpose.

☐ $_____1.00_____

<u>Item 2</u>.        **Important information regarding releases under the Plan**

**<u>IMPORTANT INFORMATION REGARDING THE RELEASES</u>:**

**ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Article IX.C of the Plan provides for a release by the Debtors (the "<u>Debtor Releases</u>"):

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their Estates (as applicable) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof), any Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions, the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the Plan Supplement, or any contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of Confirmation, pursuit of Consummation, administration and implementation of the Plan, including the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise) of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA (the "<u>Preserved Rights</u>"). For the avoidance of doubt, nothing contained in this Plan, including this**

3

**Article IX.C,** shall **(a)** release, compromise, impair, or in any way affect any Assigned Insurance Rights or **(b)** be raised as or constitute a defense to the assertion of Preserved Rights.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding that the Debtor Release is:  **(1)** in exchange for the good and valuable considerations provided by the Released Parties, including without limitation, the Released Parties' contributions to facilitating and implementing the Plan; **(2)** a good faith settlement and compromise of the Claims released by the Debtor Release; **(3)** in the best interests of the Debtors and all Holders of Claims and Interests; **(4)** fair, equitable, and reasonable; **(5)** given and made after due notice and opportunity for hearing; and **(6)** a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Definitions related to the Debtor Releases:

"*Released Claims*" means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.

"*Released Parties*" means, collectively, and in each case solely in its capacity as such:  **(a)** the Debtors; **(b)** the Wind-Down Debtors; **(c)** the Settlement Parties; and **(d)** each Related Party of each Entity in clauses (a) through (c).

Article IX.E of the Plan contains an injunction:

Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties:  **(1)** commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; **(2)** enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; **(3)** creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; **(4)** asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and **(5)** commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, Distributions under or

Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.

No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action subject to <u>Article IX</u> hereof without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim or Cause of Action of any kind, (ii) specifically finding that such Claim or Cause of Action was not released pursuant to this <u>Article IX</u> or the Estate Claims Settlement, as applicable, and (iii) specifically authorizing such Person or Entity to bring such a Claim or Cause of Action, as applicable, against any such Debtor, Wind-Down Debtor, Exculpated Party, or Released Party, as applicable.

<u>Item 3</u>.        **Vote on Plan.**

You may vote to accept or reject the Plan. You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote in each relevant Voting Class counted.

Please note that you are voting either to accept or reject the Plan. If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted. If you indicate that you both accept and reject the Plan by checking both boxes below or vote to reject the Plan but make the Convenience Claim Election, your vote will not be counted.

Holders of Class E2 Tort Claims valued greater than the Convenience Claim Threshold (*i.e.*, $[●]) may irrevocably elect to have their Claims treated instead as a Class E4 Convenience Claim and, if applicable, have such Claims reduced to the Convenience Claim Threshold and be treated as a Class E4 Convenience Claim (the "<u>Convenience Claim Election</u>").

Holders of Class E2 Tort Claims that would like to make the **optional** Convenience Claim Election and elect to have their Class E2 Tort Claims treated as a Class E4 Convenience Claim, including, if applicable, reducing their Claims to the Convenience Claim Threshold should check the box contained below and return this Ballot indicating they would like to accept the Convenience Claim Election. Holders of Class E2 Tort Claims who **do not** make the Convenience Claim Election will be subject to the treatment of Class E2 Tort Claims under the Plan and receive Distributions, if any, in accordance with the Tort ClaimsTrust Agreement, Tort Claims Distribution Procedures, and the Plan.

Holders of Class E4 Convenience Claims are entitled to Allowance of their Class E4 Convenience Claim and a one-time Cash payment of [●]% their Allowed Class E4 Convenience Claim (the "<u>Convenience Claim Recovery</u>"). The Convenience Claim Recovery will be paid in full and final satisfaction of Class E2 Tort Claims who make the Convenience Claim Election. Holders of Allowed Class E4 Convenience Claims and Holders making the Convenience Claim Election will not be entitled to any additional Distributions under the Plan.

**ONCE A CONVENIENCE CLAIM ELECTION IS MADE, SUCH CLAIM WILL BE CONSIDERED A HOLDER OF A CLASS E4 CONVENIENCE CLAIM AND THE CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT. YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

> **IF YOU AS A HOLDER OF A CLASS E2 TORT CLAIM CHECKS THE BOX UNDER THE CONVENIENCE CLAIM ELECTION, YOU MUST VOTE TO ACCEPT THE PLAN ON ACCOUNT OF ALL YOUR CLAIMS TO MAKE THE CONVENIENCE CLAIM ELECTION**

The Holder of the Class E2 Tort Claim set forth in Item 1 above votes to (*please check <u>one and only one box</u>*):

| | |
|---|---|
| ☐ **ACCEPT** (vote FOR) the Plan | ☐ **REJECT** (vote AGAINST) the Plan |

The Holder of the Class E2 Tort Claim set forth in Item 1 above indicates below whether they would like to make the optional Convenience Claim Election (*please check the box only if you would like to make the Convenience Claim Election and vote FOR the Plan*):

> ☐ **ACCEPT OPTIONAL CONVENIENCE CLAIM ELECTION AND THE PLAN** (make the optional Convenience Claim Election including, if applicable, the reduction of the Holder's Class E2 Tort Claim to the Convenience Claim Threshold of $[●])

**<u>Your vote on the Plan will be applied in the same manner and amount against each applicable Debtor in the relevant Voting Class.</u>**

**<u>Item 4</u>.        Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)      as of the Voting Record Date, the undersigned is:  (i) the Holder of the Class E2 Tort Claim being voted pursuant to this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class E2 Tort Claim being voted pursuant to this Ballot;

(b)      the Holder (or authorized signatory) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)      the Holder (or authorized signatory) has cast the same vote with respect to all its Class E2 Tort Claim; and

(d)      no other Ballots with respect to the amount of the Class E2 Tort Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class E2 Tort Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |
| | |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE METHODS BELOW.**

**By first class mail:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**By overnight courier, or hand delivery:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**If you would like to coordinate hand delivery of your Ballot, please email TeamWhittaker@stretto.com and provide the anticipated date and time of your delivery.**

**OR**

---

**By electronic, online submission:**

Please visit https://cases.stretto.com/whittaker/ and click on the "E-Ballot" section of the website, and follow the instructions to submit your Ballot.

**IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:

**Unique E-Ballot Password:** _____

---

**The Notice and Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Ballot using the E-Ballot portal should **NOT** also submit a paper Ballot.

---

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025. THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE. IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

---

| Class E2 – Tort Claims |
| --- |

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.      The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2.      To ensure that your Ballot is counted, you *must either*, (a) complete and submit this hard copy Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website at https://cases.stretto.com/whittaker/.

3.      Use of Hard Copy Ballot.  To ensure that your vote is counted, you must complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 above has been confirmed; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 above; (c) provide the information required by Item 4 above; and (d) sign, date, and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

4.      Use of Online Ballot Portal.  To ensure that your electronic Ballot is counted, please follow the instructions provided on the Debtors' case administration website at https://cases.stretto.com/whittaker/.  You will need to enter your unique E-ballot password indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots will not be accepted by facsimile or electronic means (other than through the online portal).

5.      If a Ballot is received by the Solicitation Agent after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline.  Additionally, the following Ballots will NOT be counted:

>      any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

>      any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

>      any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

>      any Ballot submitted by facsimile, telecopy or electronic mail (other than through the Solicitation Agent's online portal);

>      any unsigned Ballot;

>      any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

>      any Ballot not cast in accordance with the procedures approved in the Order.

6.      The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation

Agent <u>actually receives</u> the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.     If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.     You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.     The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan on account of your Class E2 Tort Claim, or if the Convenience Claim Election is made, your Class E4 Convenience Claim.

10.    This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.    <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

<u>**PLEASE MAIL YOUR BALLOT PROMPTLY**</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:  AT (833) 653-6464 (US TOLL FREE) OR +1 (303) 802-1420 (INTERNATIONAL).**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED</u>.**

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

**Exhibit 4(o)**

**Class E3 Claim Holder Ballot**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al*., | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**CLASS E3 L. A. TERMINALS, INC.**
**ENVIRONMENTAL CLAIMS AND INDIRECT ENVIRONMENTAL CLAIMS**
**BALLOT FOR ACCEPTING OR REJECTING THE CHAPTER 11 PLAN OF**
**WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR AFFILIATES**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IF YOU ARE A HOLDER OF A CLASS E3 ENVIRONMENTAL CLAIM OR INDIRECT ENVIRONMENTAL CLAIM, PLEASE COMPLETE, DATE, AND SIGN THIS BALLOT AND RETURN IT TO THE NOTICE AND CLAIMS AGENT.**
>
> **THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE FEBRUARY 24, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). DO NOT RETURN THIS BALLOT TO THE DEBTORS.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement for Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order"). The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this ballot (this "Ballot") because our records indicate that you are a direct Holder of a Class E3 Environmental Claim or Indirect Environmental Claim as of **December 9, 2024**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

(the "Voting Record Date"). Accordingly, you have the right to vote to accept or reject the Plan as provided in Item 2 below on account of your Class E3 Environmental Claim or Indirect Environmental Claim.

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS E3**

**AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A CLASS E3 ENVIRONMENTAL CLAIM OR INDIRECT ENVIRONMENTAL CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**

**ON THE EFFECTIVE DATE, LIABILITY FOR ALL ENVIRONMENTAL CLAIMS AND INDIRECT ENVIRONMENTAL CLAIMS AGAINST L. A. TERMINALS, INC. SHALL AUTOMATICALLY, AND WITHOUT FURTHER ACT, DEED, OR COURT ORDER, BE RESOLVED SOLELY IN ACCORDANCE WITH AND TO THE EXTENT SET FORTH IN THE APPLICABLE PLAN DOCUMENTS AND THE CONFIRMATION ORDER. EACH ALLOWED ENVIRONMENTAL CLAIM AND INDIRECT ENVIRONMENTAL CLAIM AGAINST L. A. TERMINALS, INC. SHALL BE RESOLVED AND RECEIVE DISTRIBUTIONS, IF ANY, IN ACCORDANCE WITH THE TERMS, PROVISIONS, AND PROCEDURES OF THE PLAN AND THE ENVIRONMENTAL REMEDIATION TRUST AGREEMENT. THE ENVIRONMENTAL REMEDIATION TRUST SHALL BE FUNDED IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE VII.C. OF THE PLAN. THE SOLE RECOURSE OF A HOLDER OF AN ENVIRONMENTAL CLAIM OR INDIRECT ENVIRONMENTAL CLAIM AGAINST L. A. TERMINALS, INC. SHALL BE TO THE ENVIRONMENTAL REMEDIATION TRUST.**

---

If you are the Holder of a Class E3 Environmental Claim or Indirect Environmental Claim (and entitled to vote) as of the Voting Record Date, please use this Ballot to cast your vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or any information thereon is incorrect, please contact the Notice and Claims Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials). If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by: (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent ***immediately*** at the address, telephone number, or email address set forth above.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

**Item 1.**        **Amount of Claim.**

The undersigned hereby certifies that, as of the Voting Record Date, the undersigned was the Holder of Class E3 (Environmental Claim or Indirect Environmental Claim) in the following aggregate principal amount (*please fill in the amount if not otherwise completed*):

> ☐ $_____|●|_____

**Item 2.**        **Important information regarding releases under the Plan**

**IMPORTANT INFORMATION REGARDING THE RELEASES:**

> **ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Article IX.C of the Plan provides for a release by the Debtors (the "Debtor Releases"):

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their Estates (as applicable) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof), any Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions, the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the Plan Supplement, or any contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of Confirmation, pursuit of Consummation, administration and implementation of the Plan, including the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise)**

of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA (the "<u>Preserved Rights</u>").  For the avoidance of doubt, nothing contained in this Plan, including this <u>Article IX.C</u>, shall (a) release, compromise, impair, or in any way affect any Assigned Insurance Rights or (b) be raised as or constitute a defense to the assertion of Preserved Rights.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding that the Debtor Release is:  (1) in exchange for the good and valuable considerations provided by the Released Parties, including without limitation, the Released Parties' contributions to facilitating and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.

Definitions related to the Debtor Releases:

"*Released Claims*" means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.

"*Released Parties*" means, collectively, and in each case solely in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties; and (d) each Related Party of each Entity in clauses (a) through (c).

Article IX.E of the Plan contains an injunction:

Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties:  (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct

**and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, Distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.**

**No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action subject to <u>Article IX</u> hereof without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim or Cause of Action of any kind, (ii) specifically finding that such Claim or Cause of Action was not released pursuant to this <u>Article IX</u> or the Estate Claims Settlement, as applicable, and (iii) specifically authorizing such Person or Entity to bring such a Claim or Cause of Action, as applicable, against any such Debtor, Wind-Down Debtor, Exculpated Party, or Released Party, as applicable.**

<u>**Item 3**</u>.      **Vote on Plan.**

You may vote to accept or reject the Plan. You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote in each relevant Voting Class counted.

Please note that you are voting either to accept or reject the Plan. If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted. If you indicate that you both accept and reject the Plan by checking both boxes below or vote to reject the Plan but make the Convenience Claim Election, your vote will not be counted.

Holders of Class E3 Environmental Claims and Indirect Environmental Claims valued greater than the Convenience Claim Threshold (*i.e.*, $[●]) may irrevocably elect to have their Claims treated instead as a Class E4 Convenience Claim and, if applicable, have such Claims reduced to the Convenience Claim Threshold and be treated as a Class E4 Convenience Claim (the "<u>Convenience Claim Election</u>").

Holders of Class E3 Environmental Claims and Indirect Environmental Claims that would like to make the **<u>optional</u>** Convenience Claim Election and elect to have their Class E3 Environmental Claims and Indirect Environmental Claims treated as a Class E4 Convenience Claim, including, if applicable, reducing their Claims to the Convenience Claim Threshold should check the box contained below and return this Ballot indicating they would like to accept the Convenience Claim Election. Holders of Class E3 Environmental Claims and Indirect Environmental Claims who **<u>do not</u>** make the Convenience Claim Election will be subject to the treatment of Class E3 Environmental Claims and Indirect Environmental Claims under the Plan and receive Distributions, if any, in accordance with the Environmental Remediation Trust Agreement and the Plan.

Holders of Class E4 Convenience Claims are entitled to Allowance of their Class E4 Convenience Claim and a one-time Cash payment of [●]% their Allowed Class E4 Convenience Claim (the "<u>Convenience Claim Recovery</u>"). The Convenience Claim Recovery will be paid in full and final satisfaction of Class E3 Environmental Claims and Indirect Environmental Claims who make the Convenience Claim Election. Holders of Allowed Class E4 Convenience Claims and Holders making the Convenience Claim Election will not be entitled to any additional Distributions under the Plan.

**ONCE A CONVENIENCE CLAIM ELECTION IS MADE, SUCH CLAIM WILL BE CONSIDERED A HOLDER OF A CLASS E4 CONVENIENCE CLAIM AND THE CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE**

**CLAIM RECOVERY AMOUNT.  YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

> **IF YOU AS A HOLDER OF A CLASS E3 ENVIRONMENTAL CLAIM OR INDIRECT ENVIRONMENTAL CLAIM CHECKS THE BOX UNDER THE CONVENIENCE CLAIM ELECTION, YOU MUST VOTE TO ACCEPT THE PLAN ON ACCOUNT OF ALL YOUR CLAIMS TO MAKE THE CONVENIENCE CLAIM ELECTION**

The Holder of the Class E3 Environmental Claims and Indirect Environmental Claim set forth in Item 1 above votes to (*please check <u>one and only one box</u>*):

> ☐  **ACCEPT** (vote FOR) the Plan          ☐  **REJECT** (vote AGAINST) the Plan

The Holder of the Class E3 Environmental Claims or Indirect Environmental Claim in Item 1 above indicates below whether they would like to make the optional Convenience Claim Election (*please check the box only if you would like to make the Convenience Claim Election and vote FOR the Plan*):

> ☐  **ACCEPT OPTIONAL CONVENIENCE CLAIM ELECTION AND THE PLAN** (make the optional Convenience Claim Election including, if applicable, the reduction of the Holder's Class E3 Environmental Claims and Indirect Environmental Claim to the Convenience Claim Threshold of $[●])

**Your vote on the Plan will be applied in the same manner and amount against each applicable Debtor in the relevant Voting Class.**

**Item 4.**          **Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)     as of the Voting Record Date, the undersigned is:  (i) the Holder of the Class E3 Environmental Claim or Indirect Environmental Claim being voted pursuant to this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class E3 Environmental Claim or Indirect Environmental Claim being voted pursuant to this Ballot;

(b)     the Holder (or authorized signatory) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)     the Holder (or authorized signatory) has cast the same vote with respect to all its Class E3 Environmental Claims or Indirect Environmental Claims; and

(d)     no other Ballots with respect to the amount of the Class E3 Environmental Claim or Indirect Environmental Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class E3 Environmental Claims or Indirect Environmental Claims, then any such earlier Ballots are hereby revoked.

6

| | |
|---|---|
| Name of Holder: | |
| | (Print or Type) |
| Signature: | |
| Name of Signatory: | |
| | (If other than the Holder) |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |
| | |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.**

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE METHODS BELOW.**

**By first class mail:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**By overnight courier, or hand delivery:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

> **If you would like to coordinate hand delivery of your Ballot, please email TeamWhittaker@stretto.com and provide the anticipated date and time of your delivery.**

<div align="center">**OR**</div>

> **By electronic, online submission:**
>
> Please visit https://cases.stretto.com/whittaker/ and click on the "E-Ballot" section of the website, and follow the instructions to submit your Ballot.
>
> **IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:
>
> **Unique E-Ballot Password:** _____

**The Notice and Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Ballot using the E-Ballot portal should **NOT** also submit a paper Ballot.

> **THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025. THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE. IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

| Class E3 – Environmental Claims and Indirect Environmental Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1. The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2. To ensure that your Ballot is counted, you *must either*, (a) complete and submit this hard copy Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website at https://cases.stretto.com/whittaker/.

3. Use of Hard Copy Ballot. To ensure that your vote is counted, you must complete the Ballot and take the following steps: (a) make sure that the information required by Item 1 above has been confirmed; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 above; (c) provide the information required by Item 4 above; and (d) sign, date, and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

4. Use of Online Ballot Portal. To ensure that your electronic Ballot is counted, please follow the instructions provided on the Debtors' case administration website at https://cases.stretto.com/whittaker/. You will need to enter your unique E-ballot password indicated above. The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots will not be accepted by facsimile or electronic means (other than through the online portal).

5. If a Ballot is received by the Solicitation Agent after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline. Additionally, the following Ballots will NOT be counted:

> any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

> any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

> any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

> any Ballot submitted by facsimile, telecopy or electronic mail (other than through the Solicitation Agent's online portal);

> any unsigned Ballot;

> any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

> any Ballot not cast in accordance with the procedures approved in the Order.

6. The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation

9

Agent <u>actually receives</u> the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.   If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.   You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.   The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan on account of your Class E3 Environmental Claim or Indirect Environmental Claim, or if the Convenience Claim Election is made, your Class E4 Convenience Claim.

10.  This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.  <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

**<u>PLEASE MAIL YOUR BALLOT PROMPTLY</u>**

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:  AT (833) 653-6464 (US TOLL FREE) OR +1 (303) 802-1420 (INTERNATIONAL).**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED.</u>**

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

**<u>Exhibit 4(p)</u>**

**<u>Class E4 Claim Holder Ballot</u>**

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al.*, | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**CLASS E4**
**L. A. TERMINALS, INC. CONVENIENCE CLAIMS BALLOT**
**FOR ACCEPTING OR REJECTING THE JOINT CHAPTER 11 PLAN OF**
**WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR AFFILIATES**

> **PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING BALLOTS CAREFULLY *BEFORE* COMPLETING THIS BALLOT.**
>
> **IF YOU ARE A HOLDER OF A CLASS E4 CONVENIENCE CLAIM, PLEASE COMPLETE, DATE, AND SIGN THIS BALLOT AND RETURN IT TO THE NOTICE AND CLAIMS AGENT.**
>
> **THIS BALLOT MUST BE ACTUALLY RECEIVED BY THE NOTICE AND CLAIMS AGENT ON OR BEFORE FEBRUARY 24, 2025 AT 4:00 P.M. (PREVAILING EASTERN TIME) (THE "VOTING DEADLINE"). DO NOT RETURN THIS BALLOT TO THE DEBTORS.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement for Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order"). The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this ballot (this "Ballot") because our records indicate that you are a direct Holder of a Class E4 Convenience Claim as of **December 9, 2024** (the "Voting Record Date"). Accordingly, you have

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

the right to vote to accept or reject the Plan as provided in Item 2 below on account of your Class E4 Convenience Claim.

---

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASS E4**

**AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A CLASS E4 CONVENIENCE CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**

**IN FULL AND FINAL SATISFACTION, COMPROMISE, SETTLEMENT, AND RELEASE OF ITS CONVENIENCE CLAIMS, EACH HOLDER OF A CONVENIENCE CLAIM AGAINST L.A. TERMINALS, INC. SHALL RECEIVE A [●]% RECOVERY ON ACCOUNT OF SUCH CONVENIENCE CLAIM.**

---

If you are the Holder of a Class E4 Convenience Claim (and entitled to vote) as of the Voting Record Date, please use this Ballot to cast your vote to accept or reject the Plan. This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan. If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot or any information thereon is incorrect, please contact the Notice and Claims Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials). If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by: (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you vote to accept or reject the Plan. You may wish to seek legal advice concerning the Plan and classification and treatment of your Claim under the Plan.*

This Ballot may not be used for any purpose other than for casting votes to accept or reject the Plan and making certain certifications with respect to the Plan. If you believe you have received this Ballot in error, or if you believe you have received the wrong ballot, please contact the Solicitation Agent *immediately* at the address, telephone number, or email address set forth above.

**THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

**Item 1.** **Amount of Claim.**

**Please confirm that the information contained in Item 1 below regarding the amount of your Class E4 Convenience Claim is correct (solely for voting purposes).**

---

☐ $_____[●]_____

---

2

**Item 2**.         **Important information regarding releases under the Plan**

## IMPORTANT INFORMATION REGARDING THE RELEASES:

> **ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Article IX.C of the Plan provides for a release by the Debtors (the "Debtor Releases"):

       **Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their Estates (as applicable) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof), any Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions, the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the Plan Supplement, or any contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of Confirmation, pursuit of Consummation, administration and implementation of the Plan, including the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

       **Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise) of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA (the "Preserved Rights").  For the avoidance of doubt, nothing contained in this Plan, including this Article IX.C, shall (a) release, compromise, impair, or in any way affect any Assigned Insurance Rights or (b) be raised as or constitute a defense to the assertion of Preserved Rights.**

       **Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding that the Debtor Release is:  (1) in exchange for the good and valuable considerations provided by the Released Parties, including without limitation, the Released Parties' contributions to facilitating and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the**

**Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.**

Definitions related to the Debtor Releases:

> **"*Released Claims*" means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.**

> **"*Released Parties*" means, collectively, and in each case solely in its capacity as such:  (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties; and (d) each Related Party of each Entity in clauses (a) through (c).**

Article IX.E of the Plan contains an injunction:

> **Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties:  (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.**

> **Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.  Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, Distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.**

> **No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action subject to <u>Article IX</u> hereof without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or**

**Cause of Action, as applicable, represents a colorable Claim or Cause of Action of any kind, (ii) specifically finding that such Claim or Cause of Action was not released pursuant to this <u>Article IX</u> or the Estate Claims Settlement, as applicable, and (iii) specifically authorizing such Person or Entity to bring such a Claim or Cause of Action, as applicable, against any such Debtor, Wind-Down Debtor, Exculpated Party, or Released Party, as applicable.**

<u>**Item 3**</u>.        **Vote on Plan.**

You may vote to accept or reject the Plan.  You must check the applicable box below to "accept" or "reject" the Plan in order to have your vote in each relevant Voting Class counted.

Please note that you are voting either to accept or reject the Plan.  If you do not indicate that you either accept or reject the Plan by checking the applicable box below, your vote will not be counted.  If you indicate that you both accept and reject the Plan by checking both boxes below, your vote will not be counted.

The Holder of the Class E4 Convenience Claim set forth in Item 1 above votes to (*please check <u>one and only one box</u>*):

| ☐  <u>**ACCEPT**</u> (vote FOR) the Plan | ☐  <u>**REJECT**</u> (vote AGAINST) the Plan |
|---|---|

<u>**Your vote on the Plan will be applied in the same manner and amount against each applicable Debtor in the relevant Voting Class.**</u>

<u>**Item 4**</u>.        **Certifications.**

By signing this Ballot, the undersigned certifies to the Court and the Debtors that:

(a)      as of the Voting Record Date, the undersigned is:  (i) the Holder of the Class E4 Convenience Claim being voted pursuant to this Ballot; or (ii) an authorized signatory for an Entity that is a Holder of the Class E4 Convenience Claim being voted pursuant to this Ballot;

(b)      the Holder (or authorized signatory) has received a copy of the Disclosure Statement and the Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein;

(c)      the Holder (or authorized signatory) has cast the same vote with respect to all its Class E4 Convenience Claim; and

(d)      no other Ballots with respect to the amount of the Class E4 Convenience Claim identified in Item 1 have been cast or, if any other Ballots have been cast with respect to such Class E4 Convenience Claims, then any such earlier Ballots are hereby revoked.

| | |
|---|---|
| Name of Holder: | |
| | *(Print or Type)* |
| Signature: | |
| Name of Signatory: | |
| | *(If other than the Holder)* |
| Title: | |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |
| | |

---

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.**

---

**PLEASE COMPLETE, SIGN, AND DATE THIS BALLOT AND RETURN IT PROMPTLY IN THE ENVELOPE PROVIDED OR BY *ONLY ONE* OF THE METHODS BELOW.**

**By first class mail:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**By overnight courier, or hand delivery:**
Whittaker, Clark & Daniels, Inc., et. al.,
c/o Stretto, Inc.
410 Exchange, Suite 100
Irvine, CA 92602

**If you would like to coordinate hand delivery of your Ballot, please email TeamWhittaker@stretto.com and provide the anticipated date and time of your delivery.**

**OR**

> **By electronic, online submission:**
>
> Please visit https://cases.stretto.com/whittaker/ and click on the "E-Ballot" section of the website, and follow the instructions to submit your Ballot.
>
> **IMPORTANT NOTE:** You will need the following information to retrieve and submit your customized electronic Ballot:
>
> **Unique E-Ballot Password:** _____

**The Notice and Claims Agent's E-Ballot portal is the sole manner in which Ballots will be accepted via electronic or online transmission. Ballots submitted by facsimile, email, or other means of electronic transmission will not be counted.**

Parties that submit their Ballot using the E-Ballot portal should **NOT** also submit a paper Ballot.

> **THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025. THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* YOUR BALLOT ON OR BEFORE THE VOTING DEADLINE. IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

| Class E4 – Convenience Claims |
|---|

## INSTRUCTIONS FOR COMPLETING THIS BALLOT

1.  The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement.  Capitalized terms used in the Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Disclosure Statement, as applicable, copies of which also accompany the Ballot.

2.  To ensure that your Ballot is counted, you *must either*, (a) complete and submit this hard copy Ballot or (b) vote through the Debtors' online balloting portal accessible through the Debtors' case website at https://cases.stretto.com/whittaker/.

3.  Use of Hard Copy Ballot.  To ensure that your vote is counted, you must complete the Ballot and take the following steps:  (a) make sure that the information required by Item 1 above has been confirmed; (b) clearly indicate your decision either to accept or reject the Plan in the boxes provided in Item 3 above; (c) provide the information required by Item 4 above; and (d) sign, date, and return an original of your Ballot to the address set forth on the enclosed pre-addressed envelope.

4.  Use of Online Ballot Portal.  To ensure that your electronic Ballot is counted, please follow the instructions provided on the Debtors' case administration website at https://cases.stretto.com/whittaker/.  You will need to enter your unique E-ballot password indicated above.  The online balloting portal is the sole manner in which Ballots will be accepted via electronic or online transmission.  Ballots will not be accepted by facsimile or electronic means (other than through the online portal).

5.  If a Ballot is received by the Solicitation Agent after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline.  Additionally, the following Ballots will NOT be counted:

    >  any Ballot that is illegible or contains insufficient information to permit the identification of the claimant;

    >  any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan;

    >  any Ballot that is properly completed, executed and timely filed, but (a) does not indicate an acceptance or rejection of the Plan, (b) indicates both an acceptance and rejection of the Plan, or (c) partially accepts and partially rejects the Plan;

    >  any Ballot submitted by facsimile, telecopy or electronic mail (other than through the Solicitation Agent's online portal);

    >  any unsigned Ballot;

    >  any Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

    >  any Ballot not cast in accordance with the procedures approved in the Order.

6.  The method of delivery of Ballots to the Solicitation Agent is at the election and risk of each Holder of a Claim.  Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation

Agent <u>actually receives</u> the originally executed Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that Holders use an overnight or hand delivery service.  In all cases, Holders should allow sufficient time to assure timely delivery.

7.      If multiple Ballots are received from the same Holder of a Claim with respect to the same Claim prior to the Voting Deadline, the last Ballot timely received will supersede and revoke any earlier received Ballots.

8.      You must vote all of your Claims within a particular Class either to accept or reject the Plan and may <u>not</u> split your vote.  Further, if a Holder has multiple Claims within the same Class, the Debtors may, in their discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

9.      The Ballot is not a letter of transmittal and may not be used for any purpose other than to vote to accept or reject the Plan on account of your Class E4 Convenience Claim.

10.     This Ballot does <u>not</u> constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

11.     <u>Please be sure to sign and date your Ballot</u>.  If you are signing a Ballot in your capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity, you must indicate such capacity when signing and, if required or requested by the Solicitation Agent, the Debtors, or the Court, must submit proper evidence to the requesting party to so act on behalf of such Holder.  In addition, please provide your name and mailing address if it is different from that set forth on the attached mailing label or if no such mailing label is attached to the Ballot.

If you hold Claims in more than one Class under the Plan you may receive more than one Ballot coded for each different Class.  Each Ballot votes only your Claims indicated on that Ballot, so please complete and return each Ballot you received.

<div align="center"><u>**PLEASE MAIL YOUR BALLOT PROMPTLY**</u></div>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:  AT (833) 653-6464 (US TOLL FREE) OR +1 (303) 802-1420 (INTERNATIONAL).**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED.</u>**

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

**<u>Exhibit 5</u>**

**Master Ballot**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al.*, | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**CLASS B2, C2, D2, AND E2 CLAIMS MASTER BALLOT**
**FOR ACCEPTING OR REJECTING THE CHAPTER 11 PLAN OF**
**WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR AFFILIATES**

- IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT OR THE VOTING PROCEDURES, PLEASE CONTACT THE DEBTORS' SOLICITATION AGENT, STRETTO, INC. (THE "SOLICITATION AGENT") AT WhittakerInquiries@STRETTO.COM AND REFERENCE "WHITTAKER, CLARK & DANIELS" IN THE SUBJECT LINE, OR CALL (833) 653-646 (US TOLL-FREE) or +1 (303) 802-1420 (INTERNATIONAL) AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM.

- PLEASE READ AND FOLLOW THE ENCLOSED VOTING INSTRUCTIONS CAREFULLY BEFORE COMPLETING THIS MASTER BALLOT. THIS BALLOT IS BEING SUBMITTED TO YOU TO SOLICIT YOUR VOTE ON THE DEBTORS' PLAN.

- THIS MASTER BALLOT MUST BE **ACTUALLY RECEIVED** BY THE SOLICITATION AGENT BEFORE **4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025** (THE "VOTING DEADLINE").

- IF THE COURT CONFIRMS THE PLAN, IT WILL BIND HOLDERS OF CLAIMS AND INTERESTS REGARDLESS OF WHETHER THEY HAVE VOTED.

- NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS INCLUDED IN THE MATERIALS MAILED WITH THIS MASTER BALLOT.

PLEASE CAREFULLY READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT RELATING TO THE *CHAPTER 11 PLAN OF WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR AFFILIATES* (AS MAY BE MODIFIED, AMENDED, OR SUPPLEMENTED FROM TIME TO TIME, THE "PLAN")[2] BEFORE COMPLETING THIS MASTER

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan, the Disclosure Statement, or the Disclosure Statement Motion, as applicable.

BALLOT.  THIS MASTER BALLOT PERMITS YOU TO VOTE ON THE PLAN FOR YOUR CLIENTS, WHICH IS SUBJECT TO BANKRUPTCY COURT APPROVAL AND WHICH CONTEMPLATES THE CREATION OF A WIND-DOWN TRUST FOR THE PRIMARY PURPOSE OF LIQUIDATING THE WIND-DOWN TRUST'S ASSETS, RECONCILING CLAIMS ASSERTED AGAINST THE DEBTORS OR WIND-DOWN DEBTORS AND DISTRIBUTING THE PROCEEDS THEREOF IN ACCORDANCE WITH THE PLAN.

The above-captioned debtors and debtors in possession (the "Debtors") are soliciting votes with respect to the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Plan") as set forth in the *Disclosure Statement Relating to the Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (together with all schedules and exhibits thereto, and as may be modified, amended, or supplemented from time to time, the "Disclosure Statement"). The United States Bankruptcy Court for the District of New Jersey (the "Court") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [●], 2024 [Docket No. [●]] (the "Order").  The Court's approval of the Disclosure Statement does not indicate the Court's approval of the Plan.

You are receiving this master ballot (this "Master Ballot") because our records indicate that, as of December 9, 2024 (the "Voting Record Date"), you represent at least four (4) or more clients that may hold Tort Claims against the Debtors ("Clients").  **THIS MASTER BALLOT IS TO BE USED BY COUNSEL ONLY FOR VOTING ON BEHALF OF INDIVIDUAL HOLDERS OF TORT CLAIMS IN B2, C2, D2, and E2 (TORT CLAIMS).**  You must complete the Solicitation Directive included with your Solicitation Package and return your Solicitation Directive such that it is received by the Solicitation Agent within five (5) Business Days of your receipt of the Solicitation Package, providing (1) the roster of the names and Claim Numbers of the Clients you represent who are Holders of Tort Claims; (2) mailing and email address information for any Clients casting individual Claim Holder Ballots and for any Clients whose votes will be recorded via this Master Ballot for whom you are making the Informational Service Election; and (3) indicating whether your law firm intends to complete this Master Ballot on behalf of some or all of your Clients, or if you intend for some or all of your Clients to receive individual Claim Holder Ballots.  With respect to any Holder of a Tort Claim you represent, if you:  (1) are unable to certify that you have the authority to vote on the Plan on behalf of such Holder, or (2) wish such Holder to cast his or her own Ballot on the Plan, then:

1.  if you choose for the Solicitation Agent to transmit the Solicitation Packages to your Clients**, you must furnish the Solicitation Agent with a list setting forth the name and address for each such Client (the "Client List");** *provided* **that such information must be provided in electronic format as an excel file through the Solicitation Agent's attorney portal (the "Attorney Portal"), which can be accessed by clicking the "Submit Master Ballot" link at https://cases.stretto.com/whittaker/ within five (5) Business Days of receiving the Solicitation Package;** *provided, further,* **that if it is not possible to provide such information through the Attorney Portal, within five (5) Business Days of receiving the Solicitation Package please contact the Solicitation Agent at WhittakerInquiries@stretto.com; or**

2.  if you chose to transmit Solicitation Packages to your Clients directly**, you must, within five (5) Business Days of receiving the Solicitation Package, furnish a request to the Solicitation Agent for a specified number of Solicitation Packages and B2, C2, D2, or E2 Claim Holder Ballots by providing each such Client's name and Claim Number (a) via the Attorney Portal, (b) by email at WhittakerInquiries@stretto.com, or (c) by mail (with the Client List physically printed and included) at the following addresses:**

**(i) if by first class mail—Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; or (ii) if by hand delivery or overnight courier—Whittaker, Clark & Daniels, Inc. Ballot, c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602.  The Solicitation Agent will use commercially reasonable efforts to provide the B2, C2, D2, and E2 Claim Holder Ballots for Holders of Tort Claims to you within five (5) Business Days after receipt of such written request (or as soon as reasonably practicable thereafter).  The Debtors will reimburse you for the actual postage incurred by you.  If you wish to seek reimbursement, you must submit reasonable evidence of postage expenses incurred in order to obtain such reimbursement.**

**If the Plan is confirmed by the Bankruptcy Court, it will be binding on your Clients whether or not they vote or if they vote to reject the Plan.**  To have your Clients' votes counted, you must complete, sign, and return this Master Ballot to the Solicitation Agent by the Voting Deadline.

In addition, you must either (i) provide the Disclosure Statement to your Clients via detailed instructions on how to access electronic versions or provide the Disclosure Statement to your Clients as a hard copy or in electronic format, or (ii) if you have requested that, for informational purposes, the Solicitation Agent serve Solicitation Packages (without Ballots) on your Clients, provide a Client List to the Solicitation Agent within five (5) Business Days of receiving the Solicitation Package.

<div style="border:1px solid black;padding:10px;">

**IMPORTANT NOTICE REGARDING TREATMENT FOR CLASSES B2, C2, D2, AND E2**

**AS DESCRIBED IN MORE DETAIL IN THE DISCLOSURE STATEMENT AND THE PLAN, IF THE PLAN IS CONFIRMED, AND THE EFFECTIVE DATE OCCURS, EACH HOLDER OF A B2, C2, D2, OR E2 TORT CLAIM SHALL RECEIVE ON THE EFFECTIVE DATE THE FOLLOWING TREATMENT:**

**ON THE EFFECTIVE DATE, LIABILITY FOR ALL TORT CLAIMS AGAINST WHITTAKER, CLARK & DANIELS, INC., SOCO WEST, INC., BRILLIANT NATIONAL SERVICES, INC., AND L. A. TERMINALS, INC., SHALL AUTOMATICALLY, AND WITHOUT FURTHER ACT, DEED, OR COURT ORDER, BE RESOLVED SOLELY IN ACCORDANCE WITH AND TO THE EXTENT SET FORTH IN THE APPLICABLE PLAN DOCUMENTS AND THE CONFIRMATION ORDER.  EACH ALLOWED TORT CLAIM AGAINST THE DEBTORS SHALL BE RESOLVED IN ACCORDANCE WITH THE TERMS, PROVISIONS, AND PROCEDURES OF THE TORT CLAIMS TRUST AGREEMENT AND THE TORT CLAIMS TRUST DISTRIBUTION PROCEDURES.  THE TORT CLAIMS TRUST SHALL BE FUNDED IN ACCORDANCE WITH THE PROVISIONS OF ARTICLE VII.C. OF THE PLAN.  THE SOLE RECOURSE OF A HOLDER OF A TORT CLAIM AGAINST THE DEBTORS SHALL BE TO THE TORT CLAIMS TRUST.**

</div>

This Master Ballot may not be used for any purpose other than casting votes to accept or reject the Plan.  If you believe you have received this Master Ballot in error, or if you believe that you have received the wrong Ballot, or any information thereon is incorrect, please contact the Solicitation Agent immediately at the address or telephone number set forth below.

Your rights are described in the Disclosure Statement, which is included in the solicitation package (the "Solicitation Package") you are receiving with this Ballot (as well as the Plan, the Order, and certain other materials).  If you received the Solicitation Package in electronic format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may obtain them (a) for a fee via PACER at https://www.njb.uscourts.gov/ or (b) at no charge from the Solicitation Agent by:  (i) accessing the Solicitation Agent's website at https://cases.stretto.com/whittaker/; (ii) writing to Whittaker, Clark & Daniels, Inc., c/o Stretto, Inc., 410 Exchange, Suite 100, Irvine, CA 92602; (iii) emailing

WhittakerInquiries@stretto.com; or (iv) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

*You should carefully and thoroughly review the Disclosure Statement and Plan before you complete this Master Ballot.*

The Court can confirm the Plan and bind your Clients if the Plan is accepted by the Holders of at least two-thirds in amount and more than one-half in number of the Claims in at least one Impaired Class and if the Plan otherwise satisfies the applicable requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class rejecting the Plan, (b) provides that at least one Impaired Class accepts the Plan without including the votes of insiders in accordance with section 1129(a)(10) of the Bankruptcy Code, and (c) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.  If the Plan is confirmed by the Bankruptcy Court, it will be binding on you and your Clients whether or not you or they vote to accept or reject the Plan.

Please be advised that the Plan also contains estate releases, injunction, and exculpation provisions.  For a full description of these provisions, see Article III.N of the Disclosure Statement and Article IX of the Plan, which sets forth the terms of each of these provisions.

Please ensure that you have read and understood the attorney certifications before signing the Master Ballot.

Notwithstanding anything to the contrary set forth herein, any documentation other than the Solicitation Directive required to be submitted by an attorney to the Solicitation Agent electronically through the Attorney Portal may alternatively be submitted to the Solicitation Agent in Microsoft Excel or similar format on a USB drive, CD ROM, or via e-mail, to the address set forth in Section C(3)(a)(vi) of the Solicitation and Voting Procedures so that it is actually received by the Solicitation Agent within five (5) business days of receiving a copy of the Solicitation Package.

To have the votes of your Clients reflected on this Master Ballot counted, this Master Ballot must be completed, signed, and returned to the Solicitation Agent so that it is actually received no later than the Voting Deadline (4:00 p.m. (prevailing Eastern Time) on February 24, 2025), at the appropriate address listed below:

A.      Attorney Portal.  **If by Attorney Portal, please submit at https://cases.stretto.com/whittaker/.  Please note that the Debtors encourage attorneys to submit Master Ballots and accompanying Client Lists (setting forth the Clients' votes) via Attorney Portal, encrypted email, or other secured means of electronic transmission.  Law firms with any questions about the Attorney Portal should contact the Solicitation Agent at WhittakerInquiries@stretto.com.**

B.      Email.  **If by email, please send to  WhittakerInquiries@stretto.com.  Please note that the Debtors encourage attorneys to submit Master Ballots and accompanying Client Lists (setting forth the Clients' votes) via Attorney Portal, encrypted email, or other secured method of electronic transmission.  Law firms with any questions about such secured transmission methods should contact the Solicitation Agent at  WhittakerInquiries@stretto.com.**

Please note that email is an acceptable means of transmitting Master Ballots only.  Any Clients voting directly that wish to transmit their vote electronically to the Solicitation Agent must use the

Notice and Claim Agent's dedicated online "E-Ballot" portal, available at https://cases.stretto.com/whittaker/.

C.      Standard Mail, Overnight Mail, or Hand Delivery.

    **If by standard mail:**

                    **Whittaker, Clark & Daniels, Inc., et al.,**
                    **c/o Stretto, Inc.**
                    **410 Exchange, Suite 100**
                    **Irvine, CA 92602**

    **If by overnight mail or hand delivery, please deliver to:**

                    **Whittaker, Clark & Daniels, Inc. et al.,**
                    **c/o Stretto, Inc.**
                    **410 Exchange, Suite 100**
                    **Irvine, CA 92602**

    **If you plan to hand-deliver your Master Ballot to the Notice and Claim Agent's office, please email TeamWhittaker@stretto.com at least twenty-four (24) hours in advance to arrange delivery.**

---

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS MASTER BALLOT**

**PLEASE COMPLETE ALL OF THE SECTIONS BELOW.  IF THIS MASTER BALLOT HAS NOT BEEN PROPERLY COMPLETED, THE VOTES OF YOUR CLIENTS MAY NOT BE COUNTED.**

**<u>Item 1</u>.        Required Exhibit List of Clients.**

Please include the Voting Exhibit described in the Ballot Instructions attached to this Master Ballot, in the precise, readily accessible format provided by the Solicitation Agent, with respect to each Client for whom you are submitting a vote to accept or reject the Plan.  For the votes of your Clients to be counted, the Voting Exhibit must be in the format and include all of the information set forth in the Ballot Instructions attached to this Master Ballot.  The Voting Exhibit must be saved in a Microsoft Excel filetype.

**<u>Item 2</u>.        Summary of Votes with Respect to the Plan and Optional Convenience Claim Election.**

Please summarize the votes of your Clients below.  To the extent there are inconsistencies between the summary below and the votes as recorded on the Voting Exhibit, the votes on the Voting Exhibit shall control and govern.

Holders of Class B2, C2, D2, and E2 Tort Claims valued greater than the Convenience Claim Threshold (*i.e.*, $[●]) may irrevocably elect to have their Claims treated instead as a Class B4, C4, D4, or E4 Convenience Claim (as applicable) and, if applicable, have such Claims reduced to the Convenience Claim Threshold and be treated as a Class B4, C4, D4, or E4 Convenience Claim (the "<u>Convenience Claim Election</u>").

Holders of Class B2, C2, D2, and E2 Tort Claims that would like to make the **optional** Convenience Claim Election and elect to have their Class B2, C2, D2, and E2 Tort Claims treated as a Class B4, C4, D4, or E4 Convenience Claim, including, if applicable, reducing their Claims to the Convenience Claim Threshold should check the box contained below and return this Ballot indicating they would like to accept the Convenience Claim Election. Holders of Class B2, C2, D2, and E2 Tort Claims who **do not** make the Convenience Claim Election will be subject to the treatment of Class B2, C2, D2, and E2 Tort Claims under the Plan and receive Distributions, if any, in accordance with the Tort Claims Trust Agreement, Tort Claims Distribution Procedures, and the Plan.

Holders of Class B4, C4, D4, or E4 Convenience Claims are entitled to Allowance of their Class B4, C4, D4, or E4 Convenience and a one-time Cash payment of [●]% their Allowed Class Class B4, C4, D4, or E4 Convenience Claim (the "Convenience Claim Recovery"). The Convenience Claim Recovery will be paid in full and final satisfaction of Class B2, C2, D2, and E2 Tort Claims who make the Convenience Claim Election. Holders of Allowed Class B4 Convenience Claims and Holders making the Convenience Claim Election will not be entitled to any additional Distributions under the Plan.

**ONCE A CONVENIENCE CLAIM ELECTION IS MADE, SUCH CLAIM WILL BE CONSIDERED A HOLDER OF A CLASS B4, C4, D4, OR E4 CONVENIENCE CLAIM AND THE CLAIM SHALL NOT BE ENTITLED TO ANY OTHER DISTRIBUTION OTHER THAN THE CONVENIENCE CLAIM RECOVERY AMOUNT. YOU MAY NOT REVOKE YOUR CONVENIENCE CLAIM ELECTION.**

---

**IF YOU ELECT TO CHECK THE BOX UNDER THE CONVENIENCE CLAIM ELECTION BELOW FOR YOUR CLIENTAS WHOE IS A HOLDER OF A CLASS B2, C2, D2, OR E2 TORT CLAIM, YOUR CLIENT MUST VOTE TO ACCEPT THE PLAN ON ACCOUNT OF ALL THEIR CLAIMS TO MAKE THE CONVENIENCE CLAIM ELECTION**

---

The undersigned certifies that (*check one box only*):

---

A. □          ALL **of the Clients listed on the Voting Exhibit required in Item 1** ACCEPT (*i.e.*, VOTE IN FAVOR OF) **the Plan**

B. □          ALL **of the Clients listed on the Voting Exhibit required in Item 1** REJECT (*i.e.*, VOTE AGAINST) **the Plan.**

C. □          CERTAIN **of the Clients listed on the Voting Exhibit required in Item 1** ACCEPT (*i.e.*, VOTE IN FAVOR OF) **the Plan, while** OTHER **Clients** REJECT (*i.e.*, VOTE AGAINST) **the Plan.**

---

The Holders of the B2, C2, D2, and E2 Tort Claims set forth above indicate below whether they would like to make the optional Convenience Claim Election (*please check the box only if you would like to make the Convenience Claim Election*):

---

□    **ACCEPT** (make the optional Convenience Claim Election including, if applicable, the reduction of the Holder's Class B2 Tort Claim to the Convenience Claim Threshold of $[●])

□    **ACCEPT** (make the optional Convenience Claim Election including, if applicable, the reduction of the Holder's Class C2 Tort Claim to the Convenience Claim Threshold of $[●])

□    **ACCEPT** (make the optional Convenience Claim Election including, if applicable, the reduction of the Holder's Class D2 Tort Claim to the Convenience Claim Threshold of $[●])

---

☐  **ACCEPT** (make the optional Convenience Claim Election including, if applicable, the reduction of the Holder's Class E2 Tort Claim to the Convenience Claim Threshold of $[●])

☐  <u>CERTAIN</u> **of the Clients listed on the Voting Exhibit required in Item 1** ACCEPT (*i.e.*, make the optional Convenience Claim Election)**, while** <u>OTHER</u> **Clients** REJECT (*i.e.*, do not make the optional convenience class election)**.**

<u>**Item 3**</u>.      **Certification.**

By signing this Master Ballot, the undersigned certifies to the Court and the Debtors that:

(a)      the undersigned has been provided with the Solicitation Package, including a copy of the Disclosure Statement, the Plan and all other exhibits thereto, the Order without exhibits, and a Confirmation Hearing Notice;

(b)      each of the individuals set forth on the Exhibit attached hereto is a Client holding a Tort Claim under the Plan;

(c)      each of the Clients set forth on the Exhibit is represented by the undersigned and, through the execution and filing of this Master Ballot with the Solicitation Agent, the undersigned either (i) has collected and recorded the votes of the Clients voting via this Master Ballot through customary and accepted practices, or has obtained authority to procedurally cast each Client's vote, and the undersigned has complied with the voting procedures set forth in the Order, and each of the Clients has indicated an informed decision on such vote; or (ii) has the authority under applicable law to vote to accept or reject the Plan on behalf of the Clients, and the undersigned has provided a valid power of attorney to the Solicitation Agent;

(d)      the undersigned has met all applicable standards to receive informed consent from each of the Clients set forth on the Exhibit with respect to his, her, or its vote on this Master Ballot; and

(e)      the undersigned has either (i) provided the Disclosure Statement to the Clients, either via detailed instructions on how to access an electronic version or in hard copy or electronic format, or (ii) requested that the Solicitation Agent serve Solicitation Packages (without Ballots) on each of the Clients set forth on the Exhibit.

The undersigned further acknowledges that the solicitation of votes on the Plan is subject to all terms and conditions set forth in the Disclosure Statement and Order, and the procedures for the solicitation of votes to accept or reject the Plan contained therein.

| Name of Attorney: | |
|---|---|
| | (Print or Type) |
| Signature: | |
| Name of Law Firm: | |
| | (Print or Type) |
| Address: | |
| | |
| | |
| Telephone Number: | |
| Email: | |
| Date Completed: | |

**IF THE NOTICE AND CLAIMS AGENT DOES NOT *ACTUALLY RECEIVE* THIS BALLOT ON OR BEFORE FEBRUARY 24, 2025, AT 4:00 P.M., PREVAILING EASTERN TIME, YOUR VOTE TRANSMITTED BY THIS BALLOT MAY BE COUNTED TOWARD CONFIRMATION OF THE PLAN ONLY IN THE DISCRETION OF THE DEBTORS OR AS OTHERWISE PERMITTED BY THE COURT.**

**PLEASE COMPLETE, SIGN, AND DATE THIS MASTER BALLOT AND RETURN IT <u>PROMPTLY</u> THROUGH THE ATTORNEY PORTAL, BY EMAIL OR BY FIRST CLASS MAIL, OVERNIGHT COURIER, OR HAND DELIVERY IN THE RETURN ENVELOPE PROVIDED TO:**

> **By first class mail:**
> Whittaker, Clark & Daniels, Inc., et al.,
> c/o Stretto, Inc.
> 410 Exchange, Suite 100
> Irvine, CA 92602
>
> **By overnight courier, or hand delivery:**
> Whittaker, Clark & Daniels, Inc., et al.,
> c/o Stretto, Inc.
> 410 Exchange, Suite 100
> Irvine, CA 92602
>
> **If you would like to coordinate hand delivery of your Ballot, please email <u>TeamWhittaker@stretto.com</u> and provide the anticipated date and time of your delivery.**

8

**MASTER BALLOTS SENT BY FACSIMILE, TELECOPY, OR OTHER ELECTRONIC MEANS (OTHER THAN THROUGH THE ATTORNEY PORTAL OR BY EMAIL TO <u>WHITTAKERINQUIRIES@STRETTO.COM</u>) WILL <u>NOT</u> BE ACCEPTED.**

> **THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.  THE NOTICE AND CLAIMS AGENT MUST *ACTUALLY RECEIVE* THE MASTER BALLOT ON OR BEFORE THE VOTING DEADLINE.  IF YOU HAVE ANY QUESTIONS REGARDING THIS MASTER BALLOT, PLEASE CONTACT THE NOTICE AND CLAIMS AGENT FOR FURTHER ASSISTANCE.**

| Classes B2, C2, D2, and E2 – Tort Claims |
|---|

**INSTRUCTIONS FOR COMPLETING THIS MASTER BALLOT**

The Debtors are soliciting the votes of Holders of Claims with respect to the Plan attached as Exhibit A to the Disclosure Statement. Capitalized terms used in the Master Ballot or in these instructions (the "Ballot Instructions") but not otherwise defined therein or herein shall have the meaning set forth in the Plan or Order, as applicable, copies of which also accompany the Master Ballot.

1. **Item 1 (Voting Exhibit).** The Master Ballot requires that you include with this Master Ballot the completed Voting Exhibit, in the precise, readily accessible electronic format provided by the Solicitation Agent, that lists the information set forth herein with respect to each of your Clients on the Client List; *provided, however*, that if you choose the Master Ballot Solicitation Method and you do not make the election to have the Solicitation Agent serve Solicitation Packages upon your Clients, then you may leave the "address" column blank. For each of the Clients for which you are casting votes to accept or reject the Plan on this Master Ballot, you must indicate whether the Client votes to accept or reject the Plan or abstains from voting by Master Ballot (including by not providing you with voting instructions). An example is as follows:

| Claim Number (if applicable) | Schedule Number (if applicable) | Class | Claim Amount | Name | Address (if applicable) | Vote on the Plan | Convenience Claim Election |
|---|---|---|---|---|---|---|---|
| | | | [$1] | [●] | | | |
| | | | [$1] | [●] | | | |

Please note that, except as otherwise set forth in the Order, each Claim has been allowed in the amount of $1.00 for voting purposes only, and not for distribution, allowance, or any other purpose.

If you have any technical questions or need to arrange for special delivery of your Exhibit, please contact the Solicitation Agent at WhittakerInquiries@stretto.com or by telephone at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).

2. **Item 2 (Voting Summary).** Item 2 above in the Master Ballot requires you to summarize the votes of your Clients on the Client List for the Solicitation Agent. If all of your Clients set forth in the Exhibit have voted in the same manner (*e.g.*, all such Clients have voted to accept the Plan or all such Clients have voted to reject the Plan), please check the applicable box marked "A" or "B" in Item 2 above in the Master Ballot. If certain of your Clients set forth in the Exhibit have voted to accept the Plan and others have voted to reject the Plan, please check the box marked "C" in Item 2 above in the Master Ballot. Please note that the Solicitation Agent will review the Exhibit to collect and record the individual votes of each of your Clients regardless of your answer in Item 2 above in the Master Ballot. In the event there is a discrepancy between your response to Item 2 and the individual votes of any of the Clients included in the Exhibit, the individual votes reflected in the Exhibit will govern and will supersede your response in Item 2 above in the Master Ballot; *provided* that, time-permitting, the Solicitation Agent may, but is not required to, make reasonable efforts to inform you of any such discrepancy and address such discrepancy prior to filing the Voting Report.

Each Client that votes must vote the entire amount of his or her Claim (i.e., $1.00) to accept (*i.e.*, vote in favor of) or reject (i.e., vote against) the Plan and may not split such vote. Accordingly, any vote within a single Class that attempts to partially accept and partially reject the Plan will not be counted.

If the Exhibit to this Master Ballot fails to designate either an acceptance or rejection of the Plan or designates both an acceptance and rejection of the Plan for any particular Client, the Solicitation Agent may, in its discretion, either contact the party submitting the Master Ballot to attempt to cure the defect or disregard the vote of that

10

particular Client such that it shall not be counted as either an acceptance or rejection of the Plan.

3. **Item 3 (Acknowledgements and Certifications).**  Item 3 above in the Master Ballot contains certain required certifications that you are making by signing and returning the Master Ballot.  Please ensure that you have read and understood the certifications prior to signing the Master Ballot and the certifications are correct for each Claim voted on the Master Ballot.  Provide your name, mailing address, and any remaining information requested in Item 3 above in the Master Ballot.

4. Sign and date the Master Ballot.

5. If additional space is required to respond to any item on the Master Ballot, please use additional sheets of paper clearly marked to indicate the applicable item of the Master Ballot to which you are responding.

6. Deliver the completed, executed Master Ballot so as to be actually received by the Solicitation Agent before the Voting Deadline.  Please note that the Debtors encourages law firms to submit Master Ballots and accompanying Client Lists (setting forth the Clients' votes) via the Attorney Portal or via encrypted email or other secured method of electronic transmission in the alternative.  Law firms with any questions about such secured transmission methods should contact the Solicitation Agent at: WhittakerInquiries@stretto.com.

7. If a Master Ballot is received by the Solicitation Agent after the Voting Deadline, it will not be counted, unless the Debtors have granted an extension of the Voting Deadline with respect to such Master Ballot.  Additionally, the following Master Ballots will NOT be counted:

   > any Master Ballot that contains insufficient information to permit the identification of the claimants;

   > any Master Ballot cast on behalf of a person or entity that does not hold a Tort Claim;

   > any Master Ballot submitted by facsimile, telecopy or other electronic means of transmission (other than by email to WhittakerInquiries@stretto.com);

   > any unsigned Master Ballot;

   > any Master Ballot sent to the Debtors, the Debtors' agents/representatives (other than the Solicitation Agent), any indenture trustee, or the Debtors' financial or legal advisors; and/or

   > any Master Ballot not cast in accordance with the procedures approved in the Order.

8. The method of delivery of Master Ballots to the Solicitation Agent is at the election and risk of each law firm. Except as otherwise provided herein, such delivery will be deemed made only when the Solicitation Agent actually receives the originally executed Master Ballot.  Instead of effecting delivery by first-class mail, it is recommended, though not required, that law firms use an overnight or hand delivery service.  In all cases, law firms should allow sufficient time to assure timely delivery.

9. This Master Ballot does not constitute, and shall not be deemed to be, (a) a Proof of Claim or (b) an assertion or admission of a Claim.

<u>**PLEASE MAIL YOUR BALLOT PROMPTLY**</u>

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT, THESE BALLOT INSTRUCTIONS, OR THE PROCEDURES FOR VOTING, PLEASE CALL THE SOLICITATION AGENT AT:  AT (833) 653-6464 (US TOLL FREE) OR +1 (303) 802-1420 (INTERNATIONAL).**

**IF THE NOTICE AND CLAIMS AGENT DOES NOT <u>ACTUALLY RECEIVE</u> THIS MASTER BALLOT ON OR BEFORE THE VOTING DEADLINE, WHICH IS 4:00 P.M. (PREVAILING EASTERN TIME) ON FEBRUARY 24, 2025, THEN <u>YOUR VOTE TRANSMITTED HEREBY WILL NOT BE COUNTED.</u>**

**NO PERSON HAS BEEN AUTHORIZED BY THE DEBTORS TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, ON BEHALF OF THE DEBTORS, REGARDING THE DEBTORS OR THE PLAN, OTHER THAN WHAT IS CONTAINED IN THE SOLICITATION PACKAGE MAILED HEREWITH.**

**ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

Article IX.C of the Plan provides for a release by the Debtors (the "<u>Debtor Releases</u>"):

**Notwithstanding anything contained in the Plan to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released by the Debtors, the Wind-Down Debtors, and their Estates from any and all Claims and Causes of Action, whether known or unknown, including any derivative Claims, asserted by or on behalf of the Debtors, that the Debtors, the Wind-Down Debtors, or their Estates (as applicable) would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor or other Entity, or that any Holder of any Claim against or Interest in the Debtors or other Entity could have asserted on behalf of the Debtors, based on or relating to or in any manner arising from in whole or in part, the Debtors (including the management, ownership, or operation thereof), any Securities issued by the Debtors and the ownership thereof, the Debtors' in or out-of-court restructuring efforts, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors), any intercompany transactions, the Chapter 11 Cases and any related adversary proceedings, the Disclosure Statement, the Plan, the Plan Supplement, or any contract, instrument, release, or other agreement or document (including any legal opinion requested by any Entity regarding any transaction, contract instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement, the Plan, or the Plan Supplement, Filing of the Chapter 11 Cases, pursuit of Confirmation, pursuit of Consummation, administration and implementation of the Plan, including the issuance or Distribution of Securities pursuant to the Plan, or the Distribution of property under the Plan or any other related agreement, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (a) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, or any other document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan; (b) the rights of any Holder of Allowed Claims to receive Distributions under the Plan; (c) any matters retained by the Debtors pursuant to the Retained Causes of Action; or (d) any rights, claims, and defenses (whether contractual or otherwise) of each Contributing Party (As defined in the Estate Claims Settlement Agreement) against another Contributing Party, including all rights, claims, and defenses under the 2003 MSPA and 2007 SPA (the "<u>Preserved Rights</u>").  For the avoidance of doubt, nothing contained in this Plan, including this <u>Article IX.C</u>, shall (a) release, compromise, impair, or in any way affect any Assigned Insurance Rights or (b) be raised as or constitute a defense to the assertion of Preserved Rights.**

**Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Debtor Release and shall constituted the Bankruptcy Court's finding that the Debtor Release is: (1) in exchange for the good and valuable considerations provided by the Released Parties, including without limitation, the Released Parties' contributions to facilitating and implementing the Plan; (2) a good faith settlement and compromise of the Claims released by the Debtor Release; (3) in the best interests of the Debtors and all Holders of Claims and Interests; (4) fair, equitable, and reasonable; (5) given and made after due notice and opportunity for hearing; and (6) a bar to any of the Debtors, the Wind-Down Debtors, or the Debtors' Estates asserting any Claim or Cause of Action released pursuant to the Debtor Release.**

Definitions related to the Debtor Releases:

**"*Released Claims*" means any Claims or Interests (other than DIP Claims) that have been released, satisfied, stayed, terminated, or are subject to compromise and settlement pursuant to the Plan.**

**"*Released Parties*" means, collectively, and in each case solely in its capacity as such: (a) the Debtors; (b) the Wind-Down Debtors; (c) the Settlement Parties; and (d) each Related Party of each Entity in clauses (a) through (c).**

Article IX.E of the Plan contains an injunction:

**Except as otherwise expressly provided in the Plan or the Confirmation Order or for obligations or Distributions issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold the Released Claims are permanently enjoined from and after the Effective Date, from taking any of the following actions against, as applicable, the Debtors, the Wind-Down Debtors, Exculpated Parties, or Released Parties: (1) commencing or continuing in any manner any action, suit, or other proceeding of any kind on account of or in connection with or with respect to any Released Claims; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any Released Claims; (3) creating, perfecting, or enforcing any Lien or Encumbrance of any kind against such Entities or the Estates of such Entities on account of or in connection with or with respect to any Released Claims; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from such Entities or against the property or the Estates of such Entities on account of or in connection with or with respect to any Released Claims unless such Entity has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Entity asserts, has, or intends to preserve any right of setoff pursuant to applicable Law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any Released Claims released or settled pursuant to the Plan, including, for the avoidance of doubt, any action to revive, reconstitute, reincorporate, or otherwise reform any Predecessor-in-Interest or any other previously dissolved or cancelled Affiliate of the Debtors for any purpose whatsoever.**

**Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, Distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in this Article IX.E.**

13

No Person or Entity may commence or pursue a Claim or Cause of Action, as applicable, of any kind against the Debtors, the Wind-Down Debtors, the Exculpated Parties, or the Released Parties, as applicable, that relates to or is reasonably likely to relate to any act or omission in connection with, relating to, or arising out of a Claim or Cause of Action subject to <u>Article IX</u> hereof without the Bankruptcy Court (i) first determining, after notice and a hearing, that such Claim or Cause of Action, as applicable, represents a colorable Claim or Cause of Action of any kind, (ii) specifically finding that such Claim or Cause of Action was not released pursuant to this <u>Article IX</u> or the Estate Claims Settlement, as applicable, and (iii) specifically authorizing such Person or Entity to bring such a Claim or Cause of Action, as applicable, against any such Debtor, Wind-Down Debtor, Exculpated Party, or Released Party, as applicable

14

**<u>Exhibit 6</u>**

**Form of Cover Letter**

# WHITTAKER, CLARK & DANIELS, INC.

## [●], 2024

<u>Via First Class Mail</u>

<u>RE</u>:      <u>**In re Whittaker, Clark & Daniels, Inc.,**</u>
            <u>**Chapter 11 Case No. 23-13575 (MBK)**</u>

TO ALL HOLDERS OF CLAIMS ENTITLED TO VOTE ON THE PLAN:

Whittaker, Clark & Daniels, Inc. and its affiliates debtors and debtors in possession in the above-captioned case (the "<u>Debtors</u>")[1] filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>") on April 26, 2023.

You have received this letter and the enclosed materials because you are entitled to vote on the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtors Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "<u>Plan</u>").[2] On [●], 2024, the Court entered an order (the "<u>Disclosure Statement Order</u>"):  (a) authorizing the Debtors to solicit acceptances for the Plan; (b)  approving the *Disclosure Statement Relating to the Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and its Debtor Affiliates* [Docket No. [●]] (the "<u>Disclosure Statement</u>") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages (the "<u>Solicitation Package</u>"); and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

---

**YOU ARE RECEIVING THIS LETTER BECAUSE YOU ARE ENTITLED TO VOTE ON THE PLAN.  THEREFORE, YOU SHOULD READ THIS LETTER CAREFULLY AND DISCUSS IT WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

---

In addition to this cover letter, the enclosed materials comprise your Solicitation Package, and were approved by the Court for distribution to Holders of Claims in connection with the solicitation of votes to accept or reject the Plan.  The Solicitation Package consists of the following:

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

[2]   Capitalized terms not otherwise defined herein have the same meanings as set forth in the Plan.

a.   this cover letter;

b.   the Confirmation Hearing Notice (in hard copy);

c.   hard copies or a USB flash drive or containing a copy of the (1) Disclosure Statement with all exhibits, including the Plan with its exhibits (to the extent such exhibits were filed with the Court before the distribution of the Solicitation Package) and (2) Disclosure Statement Order (without exhibits, except the Solicitation and Voting Procedures attached as Exhibit 2 thereto);

d.   solely to the attorneys of Holders of B2, C2, D2, and E2 Tort Claims, a Solicitation Directive and a Master Ballot and voting instructions;

e.   an appropriate Ballot, together with detailed voting instructions with respect thereto and a pre-addressed, postage prepaid return envelope (as applicable); and

f.   any other materials ordered by the Court to be included as part of the Solicitation Package.

The Debtors have approved the filing of the Plan and the solicitation of votes to accept the Plan.  The Debtors believe that the acceptance of the Plan is in the best interests of its estate and all other parties in interest.  Moreover, the Debtors believe that any alternative other than Confirmation of the Plan could result in extensive delays and increased administrative expenses, which, in turn, likely would result in smaller distributions (or no distributions) or recoveries on account of Claims asserted in these chapter 11 cases.

> **THE DEBTORS STRONGLY URGE YOU TO PROPERLY AND TIMELY SUBMIT YOUR BALLOT CASTING A VOTE TO ACCEPT THE PLAN.  THE VOTING DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON FEBRUARY 24, 2025.**

If you have any questions regarding the materials in the Solicitation Package please feel free to contact Stretto, Inc., the solicitation agent retained by the Debtors in these Chapter 11 Cases (the "Solicitation Agent"), by:  (a) emailing WhittakerInquiries@stretto.com; or (b) calling the Debtors' restructuring hotline at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).  Stretto, Inc. cannot and will not provide legal advice.  If you need legal advice, you should consult an attorney.

Copies of certain orders, notices, and pleadings, as well as other information regarding these chapter 11 cases, are available for inspection free of charge on the Debtors' website at https://cases.stretto.com/whittaker/.  You may also obtain copies of any pleadings filed in these Chapter 11 Case for a fee via PACER at:  https://www.njb.uscourts.gov/.

Sincerely,

_____

Mohsin Meghji
Chief Restructuring Officer
Brilliant National Services, Inc.

## **Exhibit 7**

**Form of Unimpaired Non-Voting Status Notice**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re:<br><br>WHITTAKER, CLARK & DANIELS, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-13575 (MBK)<br><br>(Jointly Administered) |

**NOTICE OF NON-VOTING STATUS TO HOLDERS OF
UNIMPAIRED CLAIMS CONCLUSIVELY PRESUMED TO ACCEPT THE PLAN**

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (the "Debtors") to solicit votes on the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtors Affiliates* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, *you are not entitled to vote on the Plan*. Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is Unimpaired and conclusively presumed to have accepted the Plan pursuant to section 1126(f) of the Bankruptcy Code, you are *not* entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **March 3, 2025 at [●] a.m./p.m.**, prevailing Eastern Time, before the Honorable Chief Judge Michael B. Kaplan, in the United States Bankruptcy Court for the District of New Jersey, located at 402 East State Street, Second Floor Courtroom 8, Trenton, New Jersey 08608. The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or filing a notice of adjournment with the court without further notice to parties in interest, and the Plan may

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

[2]   Capitalized terms not otherwise defined herein have the same meaning as set forth in the Plan.

be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing in accordance with the terms of the Plan, without further notice to interested parties.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to Confirmation of the Plan is **<u>February 24, 2025, at 4:00 p.m.</u>,** prevailing Eastern Time (the "<u>Plan Objection Deadline</u>").  All objections to the relief sought at the Confirmation Hearing ***must***: (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) conform to the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court on or before the Plan Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the solicitation agent retained by the Debtors in these Chapter 11 Cases (the "<u>Solicitation Agent</u>"), by:   (a) emailing <u>WhittakerInquiries@stretto.com</u>; (b) accessing the restructuring website at https://cases.stretto.com/whittaker/; or (c) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at <u>https://www.njb.uscourts.gov/</u>.

| |
|---|
| **ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.** |

Dated:  **[●]**, 2024

/s/ *Draft*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com

-and-

Chad J. Husnick, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:      chad.husnick@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**Exhibit 8**

**Form of Impaired Non-Voting Status Notice**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al.*, | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF NON-VOTING STATUS TO HOLDERS OF
## IMPAIRED CLAIMS CONCLUSIVELY DEEMED TO REJECT THE PLAN

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"):  (a) authorizing the above-captioned debtors and debtors in possession (the "Debtors") to solicit votes on the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtors Affiliates* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** because of the nature and treatment of your Claim under the Plan, ***you are not entitled to vote on the Plan***.  Specifically, under the terms of the Plan, as a Holder of a Claim (as currently asserted against the Debtors) that is Impaired and conclusively deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code, you are ***not*** entitled to vote on the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **March 3 2025 at [●] a.m./p.m.**, prevailing Eastern Time, before the Honorable Chief Judge Michael B. Kaplan, in the United States Bankruptcy Court for the District of New Jersey, located at 402 East State Street, Second Floor Courtroom 8, Trenton, New Jersey 08608.  The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or filing a notice of adjournment with the court without further notice to parties in interest, and the Plan may

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

[2]   Capitalized terms not otherwise defined herein have the same meaning as set forth in the Plan.

be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing in accordance with the terms of the Plan, without further notice to interested parties.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to Confirmation of the Plan is **February 24, 2025, at 4:00 p.m.,** prevailing Eastern Time (the "Plan Objection Deadline").  All objections to the relief sought at the Confirmation Hearing ***must***: (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) conform to the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court on or before the Plan Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the solicitation agent retained by the Debtors in these Chapter 11 Cases (the "Solicitation Agent"), by:  (a) emailing WhittakerInquiries@stretto.com; (b) accessing the restructuring website at https://cases.stretto.com/whittaker/; or (c) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at https://www.njb.uscourts.gov/.

| |
|---|
| **ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.** |

Dated:  **[●]**, 2024

_/s/ Draft_

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted _pro hac vice_)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com

-and-

Chad J. Husnick, P.C. (admitted _pro hac vice_)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:      chad.husnick@kirkland.com

_Co-Counsel to the Debtors_
_and Debtors in Possession_

**<u>Exhibit 9</u>**

**Form of Notice to Disputed Claim or Interest Holders**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al.*, | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF NON-VOTING STATUS WITH RESPECT TO DISPUTED CLAIMS

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (the "Debtors") to solicit votes on the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** you are receiving this notice because you are the Holder of a Claim or Interest that is subject to a pending objection by the Debtors. **You are not entitled to vote any disputed portion of your Claim or Interest on the Plan unless one or more of the following events have taken place before February 21, 2025 (the date that is two business days before the Voting Deadline)** (each, a "Resolution Event"):

1.  an order of the Court is entered allowing such Claim or Interest pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

2.  an order of the Court is entered temporarily allowing such Claim or Interest for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

3.  a stipulation or other agreement is executed between the Holder of such Claim or Interest and the Debtors temporarily allowing the Holder of such Claim or Interest to vote its Claim or Interest in an agreed upon amount; or

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are: Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400). The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

[2]    Capitalized terms not otherwise defined herein have the same meaning as set forth in the Plan.

4.      the pending objection to such Claim or Interest is voluntarily withdrawn by the objecting party.

Accordingly, this notice is being sent to you for informational purposes only.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **March 3, 2025 at [●] a.m./p.m.**, prevailing Eastern Time, before the Honorable Chief Judge Michael B. Kaplan, in the United States Bankruptcy Court for the District of New Jersey, located at 402 East State Street, Second Floor Courtroom 8, Trenton, New Jersey 08608.  The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or filing a notice of adjournment with the court without further notice to parties in interest, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing in accordance with the terms of the Plan, without further notice to interested parties.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to Confirmation of the Plan is **February 24, 2025, at 4:00 p.m.,** prevailing Eastern Time (the "Plan Objection Deadline").  All objections to the relief sought at the Confirmation Hearing ***must***:  (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) conform to the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court on or before the Plan Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the solicitation agent retained by the Debtors in these Chapter 11 Cases (the "Solicitation Agent") by:  (a) emailing WhittakerInquiries@stretto.com; (b) accessing the restructuring website at https://cases.stretto.com/whittaker/; or (c) calling the Solicitation Agent at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at https://www.njb.uscourts.gov/.

**PLEASE TAKE FURTHER NOTICE THAT** if a Disputed Claim is resolved, then no later than one business day thereafter, the Solicitation Agent shall distribute a Ballot, and a pre-addressed, postage pre-paid envelope to you, which must be returned to the Solicitation Agent no later than the Voting Deadline, which is on **February 24, 2025 at 4:00 p.m.**, prevailing Eastern Time.

**PLEASE TAKE FURTHER NOTICE THAT** if you have any questions about the status of any of your Claims or Interests, you should contact the Solicitation Agent in accordance with the instructions provided above.

---

**ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

---

2

Dated:  **[●]**, 2024

_/s/ Draft_
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted _pro hac vice_)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com

-and-

Chad J. Husnick, P.C. (admitted _pro hac vice_)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:      chad.husnick@kirkland.com

_Co-Counsel to the Debtors_
_and Debtors in Possession_

**<u>Exhibit 10</u>**

**Form of Confirmation Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al.*, | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

**NOTICE OF**
**HEARING TO CONSIDER**
**CONFIRMATION OF THE CHAPTER 11 PLAN OF**
**WHITTAKER, CLARK & DANIELS, INC. AND ITS DEBTOR  AFFILIATES**

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"):  (a) authorizing the above-captioned debtors and debtors in possession (the "Debtors") to solicit votes on the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **March 3, 2025, at [●] a.m./p.m.**, prevailing Eastern Time, subject to Court availability, before the Honorable Chief Judge Michael B. Kaplan, in the United States Bankruptcy Court for the District of New Jersey, located at 402 East State Street, Second Floor Courtroom 8, Trenton, New Jersey 08608.

> **PLEASE BE ADVISED**:  THE CONFIRMATION HEARING MAY BE CONTINUED FROM TIME TO TIME BY THE COURT OR THE DEBTORS **WITHOUT FURTHER NOTICE** OTHER THAN BY SUCH ADJOURNMENT BEING ANNOUNCED IN OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED WITH THE COURT AND SERVED ON ALL PARTIES ENTITLED TO NOTICE.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

[2]   Capitalized terms not otherwise defined herein have the same meaning as set forth in the Plan.

## I.     CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

**Voting Record Date**.  The voting record date was **December 9, 2024**, which was the date for determining which Holders of Claims in Classes B1, B2, B3, B4, C1, C2, C3, C4, D1, D2, D3, D4, E1, E2, E3, and E4 are entitled to vote on the Plan.

**Voting Deadline**.  The deadline for voting on the Plan is **February 24, 2025 at 4:00 p.m., prevailing Eastern Time** (the "Voting Deadline").  If you received a Solicitation Package, including a Ballot and intend to vote on the Plan you **must**:  (a) follow the instructions carefully; (b) complete **all** of the required information on the Ballot; and (c) execute and return your completed Ballot according to and as set forth in detail in the voting instructions so that it (or the Master Ballot submitted on your behalf, as applicable) is **actually received** by the Debtors' solicitation agent, Stretto, Inc. (the "Solicitation Agent") on or before the Voting Deadline.

*Failure to follow such instructions may disqualify your vote*.

## II.     CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

**Plan Objection Deadline**.   The deadline for filing objections to the Plan is **February 24, 2025, at 4:00 p.m.,** prevailing Eastern Time (the "Plan Objection Deadline").  All objections to the relief sought at the Confirmation Hearing **must**:  (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) conform to the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules for the District of New Jersey, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court on or before the Plan Objection Deadline.

---

**ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS.   THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

---

## III.     ADDITIONAL INFORMATION

**Obtaining Solicitation Materials**.  If you have any questions or if you would like to obtain additional solicitation materials (or paper copies of solicitation materials if you received a flash drive), please feel free to contact the Debtors' Solicitation Agent, by: (a) emailing WhittakerInquiries@stretto.com; or (b) calling the Debtors' restructuring hotline at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at:  https://www.njb.uscourts.gov/.

Please be advised that the Solicitation Agent is authorized to answer questions about, and provide additional copies of, solicitation materials, but may **not** advise you as to whether you should vote to accept or reject the Plan.

**The Plan Supplement**.  The Debtors will file the Plan Supplement (as defined in the Plan) on **February 17, 2025**, and will serve notice on all holders of Claims and Interests entitled to vote on the Plan, which will:  (a) inform parties that the Debtors filed the Plan Supplement; (b) list the information contained in the Plan Supplement; and (c) explain how parties may obtain copies of the Plan Supplement.

---

### BINDING NATURE OF THE PLAN:

**IF CONFIRMED, THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS OR INTERESTS TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY UNDER THE PLAN, HAS FILED A PROOF OF CLAIM OR INTEREST IN THESE CHAPTER 11 CASES, OR FAILED TO VOTE TO ACCEPT OR REJECT THE PLAN OR VOTED TO REJECT THE PLAN.**

---

Dated:  **[●]**, 2024

/s/ *Draft*

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com

-and-

Chad J. Husnick, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:      chad.husnick@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

<u>**Exhibit 11**</u>

**Form of Plan Supplement Notice**

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| In re: | Chapter 11 |
| WHITTAKER, CLARK & DANIELS, INC., *et al.*, | Case No. 23-13575 (MBK) |
| Debtors.[1] | (Jointly Administered) |

## NOTICE OF FILING OF PLAN SUPPLEMENT

**PLEASE TAKE NOTICE THAT** on [●], 2024, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order [Docket No. [●]] (the "Disclosure Statement Order"):  (a) authorizing the above-captioned debtors and debtors in possession (the "Debtors") to solicit votes on the *Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) approving the *Disclosure Statement Relating to the Chapter 11 Plan of Whittaker, Clark & Daniels, Inc. and Its Debtor Affiliates* [Docket No. [●]] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; and (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** as contemplated by the Plan and the Disclosure Statement Order, the Debtors filed the Plan Supplement with the Court on February 17, 2025 [Docket No. [●]].  The Plan Supplement contains the following documents (each as defined in the Plan): (a) the Schedule of Assumed Executory Contracts and Unexpired Leases; (b) the identity and terms of any documentation establishing the rights, obligations, and compensation of the Plan Administrator; (c) the Environmental Remediation Trust Agreement; (d) the GUC Trust Agreement; (e) the Tort Claims Trust Agreements; (f) the Tort Claims Trust Distribution Procedures; (g) identification of the Other Sites; (h) the Wind-Down Budget; (i) the Wind-Down Transactions Memorandum; and (j) any other necessary documentation related to the Wind-Down in accordance with **Article IV** of the Plan.  Notwithstanding the foregoing, subject to the terms of the Plan, the Debtors have the right to alter, amend, modify, or supplement the documents contained in, and exhibits to, the Plan Supplement through the Effective Date.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of the Debtors' federal tax identification numbers, are:  Whittaker, Clark & Daniels, Inc. (4760); Brilliant National Services, Inc. (2113); L. A. Terminals, Inc. (6800); and Soco West, Inc. (3400).  The location of the Debtors' principal place of business and the Debtors' service address in these chapter 11 cases is 100 First Stamford Place, Stamford, Connecticut 06902.

[2]   Capitalized terms not otherwise defined herein have the same meaning as set forth in the Plan.

**PLEASE TAKE FURTHER NOTICE THAT** the hearing at which the Court will consider Confirmation of the Plan (the "Confirmation Hearing") will commence on **March 3, 2025 at [●] a.m./p.m., prevailing Eastern Time**, before the Honorable Chief Judge Michael B. Kaplan, in the United States Bankruptcy Court for the District of New Jersey, located at 402 East State Street, Second Floor Courtroom 8, Trenton, New Jersey 08608.  The Confirmation Hearing may be continued from time to time by announcing such continuance in open court or filing a notice of adjournment with the court without further notice to parties in interest, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing in accordance with the terms of the Plan, without further notice to interested parties.

**PLEASE TAKE FURTHER NOTICE THAT** the deadline for filing objections to the Plan is **February 24, 2025, at 4:00 p.m.**, prevailing Eastern Time (the "Plan Objection Deadline").  All objections to the relief sought at the Confirmation Hearing ***must***: (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party; (c) conform to the Bankruptcy Code, Bankruptcy Rules, the Bankruptcy Local Rules, and any orders of the Court; (d) state, with particularity, the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed with the Court on or before the Plan Objection Deadline.

**PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Disclosure Statement Order, the Disclosure Statement, the Plan, the Plan Supplement, or related documents, you should contact Stretto, Inc., the solicitation agent retained by the Debtors in these Chapter 11 Cases (the "Solicitation Agent"), by: (a) emailing WhittakerInquiries@stretto.com; (b) accessing the restructuring website at https://cases.stretto.com/whittaker/; or (c) calling the Debtors' restructuring hotline at (833) 653-6464 (US toll-free) or +1 (303) 802-1420 (international).  You may also obtain copies of any pleadings filed in these Chapter 11 Cases for a fee via PACER at https://www.njb.uscourts.gov/.

---

**ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS.  THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.**

**THIS NOTICE IS BEING SENT TO YOU FOR INFORMATIONAL PURPOSES ONLY. IF YOU HAVE QUESTIONS WITH RESPECT TO YOUR RIGHTS UNDER THE PLAN OR ABOUT ANYTHING STATED HEREIN OR IF YOU WOULD LIKE TO OBTAIN ADDITIONAL INFORMATION, CONTACT THE SOLICITATION AGENT.**

---

Dated:  [●], 2024

/s/ Draft
_____

**COLE SCHOTZ P.C.**
Michael D. Sirota, Esq.
Warren A. Usatine, Esq.
Felice R. Yudkin, Esq.
Court Plaza North, 25 Main Street
Hackensack, New Jersey 07601
Telephone:  (201) 489-3000
Email:      msirota@coleschotz.com
            wusatine@coleschotz.com
            fyudkin@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:      joshua.sussberg@kirkland.com

-and-

Chad J. Husnick, P.C. (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:      chad.husnick@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*